## TABLE OF CONTENTS

| **Exhibit No.** | **Pages** |
|---|---|
| Exhibit A | 1-12 |
| Exhibit B | 13-25 |
| Exhibit C | 26-40 |

# EXHIBIT A

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/18/2018** at 02:42:24 PM
Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS;<br><br>   Plaintiffs,<br><br>vs.<br><br>EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50<br><br>   Defendants. | Case No.: 37-2018-00002844-CU-CR-CTL<br><br>**COMPLAINT** |

Plaintiffs JAMES RUTHERFORD, an individual, and THE ASSOCIATION 4 EQUAL ACCESS (collectively, "Plaintiffs"), bring this action against EVANS HOTELS, LLC, a California limited liability company ("Defendant"):

### INTRODUCTION

1.      Plaintiffs and/or their members are mobility impaired and require information about the accessibility of hotels and hotel rooms to make reservations. Defendant maintains its reservations systems, including but not limited to those offered to the public on its various websites,

**COMPLAINT**
1

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

such as Bahia.com, lodgtorreypines.com and catamaranresort.com (collectively, the "Websites") in such a way that they contain access barriers preventing Plaintiffs, and other mobility-impaired individuals, from gaining full and equal access to the reservations services offered by Defendant. Defendant's denial of full and equal access to its reservations services, and therefore its products and services offered thereby, is a violation of the rights of Plaintiffs under the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("Unruh Act").

2.      The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible.

3.      Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1)  et seq. ("ADA") is likewise a violation of the Unruh Act.  Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act.  Cal. Civ. Code § 51(f).

4.      For more than 27 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

5.      However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers. *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line … reservations systems" and "failed to provide accurate, reliable information about its accessible sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ#*

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**
2

*202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

6.      Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

7.      After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services.  In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs*.  28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

8.      The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register.  While the Final Rule generally took immediate effect, the hotel reservations component did not.  The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms."  Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**

3

9.      The ADA's hotel reservations requirements have now been in effect for <u>five years,</u> <u>nine months and counting</u>.  Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever.  So bad, that in 2017 the private start-up company AbiliTrek launched.  AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community**. AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience"  AbiliTrek Updates posted December 31, 2017.  https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/. (Emphasis added).

10.     Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

11.     As a result of Defendant's violations of law, and to correct them, Plaintiffs seek statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business and Plaintiff's claims arose in the State of California, County of San Diego, and Defendant's offending website is available throughout California.

13.     Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**
4

occurred in this District.

## PARTIES

14.     Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc.  Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects.  As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair.  Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles.  At the time of Plaintiff's attempt to make room reservations at Defendant's hotels and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

15.     Plaintiff ASSOCIATION 4 EQUAL ACCESS ("A4EA") is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities.   A4EA members continued to be discriminated against by Defendant's lack of ADA compliance.

16.     Claimant: PATRICIA FILARDI is an adult quadriplegic who uses a wheelchair for mobility.  She has a specially equipped van with a ramp that deploys out of the passenger side of her van.  She is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. She requires the use of a wheelchair at all times for mobility and life functions. At the time of her attempts to access the reservations systems offered by Defendant and prior to instituting this action, she suffered from a "qualified disability" under the ADA. She has a Disabled Person Parking Placard issued to her on a permanent basis. Claimant is a member of A4EA. Claimant has experienced the barriers to access described herein and has been denied access and deterred from seeking access thereby.  Despite possessing a meritorious claim for damages and injunctive relief Claimant does not assert such a claim at this time, but reserves her right to do so.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**

5

17.     Plaintiff RUTHERFORD is a member of A4EA.

18.     As a result of Plaintiff RUTHERFORD'S disability he requires an accessible room to utilize the goods, services and facilities provided by Defendant.

19.     Plaintiff RUTHERFORD is a tester in this litigation and a consumer who wishes to access Defendant's good and services.  Plaintiff is being deterred from patronizing the Defendant's hotels on particular occasions, but intends to return to the Websites for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

20.     Plaintiff A4EA's members are being deterred from patronizing the Defendant's hotels on particular occasions, but intend to return to the Websites for the dual purpose of availing themselves of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

21.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a California limited liability company with its principal place of business located in San Diego, California.  Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates hotels throughout Southern California.   Defendant's hotel locations constitute places of public accommodation.  Defendant's locations provide to the public important goods and/or services.   Defendant also provides to the public the Websites.  The Websites provide access to the array of services, including descriptions of its hotels, rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services.  The hotel locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and are likewise "business establishments" within the meaning of the Unruh Act.  The Websites are a service, privilege, and advantage of Defendant's hotel locations and services. The Websites are a service that is by and integrated with these locations.

## FACTUAL ALLEGATIONS

22.     As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Websites.

23.     Within the applicable limitations period, Plaintiffs visited the Websites, to view the

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit A
000007

accessible features in the hotel and guest rooms of the Defendant's hotels.

24.     Plaintiff RUTHERFORD desired to visit a hotel in the San Diego area to celebrate his birthday. He desired to do so with his fiancé, Claimant FILARDI. As a result of each of their disabilities, Plaintiffs required information about the features of the accessible rooms and the hotels to independently make a reservation. The information required by Plaintiffs was unavailable so Plaintiffs could not make a reservation for an accessible room or suite using the Websites in the same in the same manner as individuals who do not need accessible rooms.

25.     Plaintiffs were unable to independently identify the material accessible features of the hotel and guest rooms of the Bahia Resort Hotel, The Lodge Torrey Pines, and the Catamaran Resort (the "Subject Properties") owned and operated by Defendant. The description of the accessible rooms and features of the Subject Properties are substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiffs') information:

      a. Bahiahotel.com offers the Room Feature "Handicap Room". This term is not defined on the website. Further, a search of all rooms with this feature selected yielded multiple available rooms but failed to yield any rooms labeled as "Handicap Room". Plaintiff is not aware of what the Room Feature "Handicap Room" means in this context.

      b. Bahiahotel.com "The Bahia's Facts at a Glance" lists as an amenity "accessible rooms". Plaintiff is not aware of what the descriptor "accessible rooms" means in this context.

      c. Lodgetorreypines.com offers the Room Type "Accessible Roll In Shower". This room type is available with one king or two queen beds. Unlike other rooms, the number and type of beds in the Accessible Roll In Shower room is not part of the room type and is not determined during the reservation process. The room description provides no details regarding accessibility other than the statement "Accessible Roll In Shower". Plaintiff is not aware of what the descriptor "Accessible Roll In Shower" means in this context beyond the presence of a roll in shower. Plaintiff could not identify any accessible suites at the property.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**
7

Exhibit A
000008

d. Catamaranresort.com does not offer accessible rooms, or if it does, it does not provide any accessibility information about them. Catamaranresort.com includes a PDF map with the international symbol of accessibility in locations where it appears disabled parking is located on the hotel grounds.

e. The Websites, including the reservations aspect, do not adequately or accurately describe the inventory of accessible types of rooms and amenities available at each property.

f. The Websites, including the reservations aspect, do not indicate with any whether the Subject Properties offer accessible parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities.

g. The Websites do not permit reservation of accessible rooms in the same manner as other rooms including the identification of accessible features of rooms and of the Subject Properties in enough detail to reasonably permit Plaintiff and/or their members to assess independently whether a given hotel or guest room meets their accessibility needs.

26. An investigation performed on Plaintiffs' behalf confirmed the allegations made by Plaintiffs above.

27. Plaintiffs have been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations systems offered online on the Websites so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

28. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiffs' disabilities. Plaintiffs will amend the complaint, to provide

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**

8

proper notice regarding the scope of this lawsuit, after discovery. However, Defendant is hereby on notice that Plaintiffs seek to have all barriers related to their disabilities remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)

### (By Plaintiff Against All Defendants)

29.     Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

30.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

31.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

32.     Defendant through the Subject Properties provide lodging to the general public in California is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, et seq.

33.     The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

34.     Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

35.     The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, et seq. Plaintiffs are aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiffs from attempting to access and use Defendant's reservation

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit A
000010

services and hotels on several occasions. Therefore, Plaintiffs are entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

36.     Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION
### (Declaratory Relief on Behalf of Plaintiffs)

37.     Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

38.     An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendant denies, that by failing to provide a reservation service through the Websites that allows persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52

39.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly and so Plaintiffs requests relief as set forth below.

## PRAYER

**WHEREFORE, Plaintiffs prays pray for judgment against Defendant, as follows:**

1.     A preliminary and permanent injunction enjoining Defendant from further violations of the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's reservation services allow persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in

Exhibit A
000011

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

those hotels but Plaintiffs hereby expressly limits the injunctive relief to require that Defendant expend no more than $50,000 thereon;

2.    A declaration that at the commencement of this action Defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservation services found on the Websites allowed persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels, in violation of Title III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52.;

3.    Statutory damages pursuant to California Civil Code § 52(a), expressly limited such that the total amounts sought for each and every offense shall not exceed $24,999.00.

4.    For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);

5.    An order awarding Plaintiffs' post-judgement interest; and

6.    For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: January 18, 2018                    **MANNING LAW, APC**

By: _____
Joseph R. Manning Jr., Esq.

Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**
11

Exhibit A
000012

# EXHIBIT B

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES RUTHERFORD, an individual, and THE ASSOCIATION 4 EQUAL ACCESS; | Case No.: 37-2018-00002844-CU-CR-CTL |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| vs. | |
| EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50 | |
| Defendants. | |

Plaintiffs JAMES RUTHERFORD, an individual, and THE ASSOCIATION 4 EQUAL ACCESS (collectively, "Plaintiffs"), bring this action against EVANS HOTELS, LLC, a California limited liability company ("Defendant"):

## INTRODUCTION

1.      Plaintiffs and/or their members are mobility impaired and require information about the accessibility of hotels and hotel rooms to make reservations.  Defendant maintains its reservations systems, including but not limited to those offered to the public on its various websites,

**COMPLAINT**

1

Exhibit B
000014

such as Bahia.com, lodgtorreypines.com and catamaranresort.com (collectively, the "Websites") in such a way that they contain access barriers preventing Plaintiffs, and other mobility-impaired individuals, from gaining full and equal access to the reservations services offered by Defendant. Defendant's denial of full and equal access to its reservations services, and therefore its products and services offered thereby, is a violation of the rights of Plaintiffs under the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("Unruh Act").

2.      The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible.

3.      Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1)  et seq. ("ADA") is likewise a violation of the Unruh Act.  Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act.  Cal. Civ. Code § 51(f).

4.      For more than 27 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

5.      However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers.  *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line … reservations systems" and "failed to provide accurate, reliable information about its accessible sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ#*

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit B
000015

*202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

6.   Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

7.   After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services.  In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs.* 28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

8.   The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register.  While the Final Rule generally took immediate effect, the hotel reservations component did not.  The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms."  Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660

---

**COMPLAINT**

3

Exhibit B

000016

9.     The ADA's hotel reservations requirements have now been in effect for <u>five years, nine months and counting</u>.  Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever.  So bad, that in 2017 the private start-up company AbiliTrek launched.  AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community**. AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017.  https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/. (Emphasis added).

10.    Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

11.    As a result of Defendant's violations of law, and to correct them, Plaintiffs seek statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business and Plaintiff's claims arose in the State of California, County of San Diego, and Defendant's offending website is available throughout California.

13.    Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**
4

Exhibit B
000017

occurred in this District.

**PARTIES**

14.    Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc.  Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects.  As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair.  Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles.  At the time of Plaintiff's attempt to make room reservations at Defendant's hotels and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

15.    Plaintiff ASSOCIATION 4 EQUAL ACCESS ("A4EA") is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities.   A4EA members continued to be discriminated against by Defendant's lack of ADA compliance.

16.    Claimant:  PATRICIA FILARDI is an adult quadriplegic who uses a wheelchair for mobility.  She has a specially equipped van with a ramp that deploys out of the passenger side of her van.  She is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. She requires the use of a wheelchair at all times for mobility and life functions. At the time of her attempts to access the reservations systems offered by Defendant and prior to instituting this action, she suffered from a "qualified disability" under the ADA. She has a Disabled Person Parking Placard issued to her on a permanent basis.  Claimant is a member of A4EA.  Claimant has experienced the barriers to access described herein and has been denied access and deterred from seeking access thereby.  Despite possessing a meritorious claim for damages and injunctive relief Claimant does not assert such a claim at this time, but reserves her right to do so.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit B
000018

17.     Plaintiff RUTHERFORD is a member of A4EA.

18.     As a result of Plaintiff RUTHERFORD'S disability he requires an accessible room to utilize the goods, services and facilities provided by Defendant.

19.     Plaintiff RUTHERFORD is a tester in this litigation and a consumer who wishes to access Defendant's good and services.  Plaintiff is being deterred from patronizing the Defendant's hotels on particular occasions, but intends to return to the Websites for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

20.     Plaintiff A4EA's members are being deterred from patronizing the Defendant's hotels on particular occasions, but intend to return to the Websites for the dual purpose of availing themselves of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

21.     Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant is a California limited liability company with its principal place of business located in San Diego, California.  Plaintiffs are informed and believe, and thereon allege, that Defendant owns and operates hotels throughout Southern California.   Defendant's hotel locations constitute places of public accommodation.  Defendant's locations provide to the public important goods and/or services.   Defendant also provides to the public the Websites.  The Websites provide access to the array of services, including descriptions of its hotels, rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services.  The hotel locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C.  § 12181(7) and are likewise "business establishments" within the meaning of the Unruh Act.  The Websites are a service, privilege, and advantage of Defendant's hotel locations and services. The Websites are a service that is by and integrated with these locations.

## FACTUAL ALLEGATIONS

22.     As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Websites.

23.     Within the applicable limitations period, Plaintiffs visited the Websites, to view the

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT**

6

accessible features in the hotel and guest rooms of the Defendant's hotels.

24.     Plaintiff RUTHERFORD desired to visit a hotel in the San Diego area to celebrate his birthday.  He desired to do so with his fiancé, Claimant FILARDI.  As a result of each of their disabilities, Plaintiffs required information about the features of the accessible rooms and the hotels to independently make a reservation.  The information required by Plaintiffs was unavailable so Plaintiffs could not make a reservation for an accessible room or suite using the Websites in the same in the same manner as individuals who do not need accessible rooms.

25.     Plaintiffs were unable to independently identify the material accessible features of the hotel and guest rooms of the Bahia Resort Hotel, The Lodge Torrey Pines, and the Catamaran Resort (the "Subject Properties") owned and operated by Defendant.  The description of the accessible rooms and features of the Subject Properties are substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiffs') information:

    a.  Bahiahotel.com offers the Room Feature "Handicap Room".  This term is not defined on the website.  Further, a search of all rooms with this feature selected yielded multiple available rooms but failed to yield any rooms labeled as "Handicap Room".  Plaintiffs are not aware of what the Room Feature "Handicap Room" means in this context.

    b.  Bahiahotel.com "The Bahia's Facts at a Glance" lists as an amenity "accessible rooms".  Plaintiffs are not aware of what the descriptor "accessible rooms" means in this context.

    c.  Lodgetorreypines.com offers the Room Type "Accessible Roll In Shower".  This room type is available with one king or two queen beds.  Unlike other rooms, the number and type of beds in the Accessible Roll In Shower room is not part of the room type and is not determined during the reservation process.  The room description provides no details regarding accessibility other than the statement "Accessible Roll In Shower".  Plaintiffs are not aware of what the descriptor "Accessible Roll In Shower" means in this context beyond the presence of a roll in shower.  Plaintiffs could not identify any accessible suites at the property.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT**

7

Exhibit B
000020

d. Catamaranresort.com does not offer accessible rooms, or if it does, it does not provide any accessibility information about them. Catamaranresort.com includes a PDF map with the international symbol of accessibility in locations where it appears disabled parking is located on the hotel grounds.

e. The Websites, including the reservations aspect, do not adequately or accurately describe the inventory of accessible types of rooms and amenities available at each property.

f. The Websites, including the reservations aspect, do not indicate with any whether the Subject Properties offer accessible parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities.

g. The Websites do not permit reservation of accessible rooms in the same manner as other rooms including the identification of accessible features of rooms and of the Subject Properties in enough detail to reasonably permit Plaintiffs and/or their members to assess independently whether a given hotel or guest room meets their accessibility needs.

26. An investigation performed on Plaintiffs' behalf confirmed the allegations made by Plaintiffs above.

27. Plaintiffs have been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations systems offered online on the Websites so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

28. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiffs' disabilities. Plaintiffs will amend the complaint, to provide

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660

Exhibit B
000021

proper notice regarding the scope of this lawsuit, after discovery.  However, Defendant is hereby on notice that Plaintiffs seek to have all barriers related to their disabilities remedied.  See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).

### FIRST CAUSE OF ACTION

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)

### (By Plaintiffs Against All Defendants)

29.    Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

30.    California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

31.    The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

32.    Defendant through the Subject Properties provide lodging to the general public in California is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, et seq.

33.    The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

34.    Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

35.    The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, et seq. Plaintiffs are aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiffs from attempting to access and use Defendant's reservation

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit B
000022

services and hotels on several occasions. Therefore, Plaintiffs are entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

36.    Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION

### (Declaratory Relief on Behalf of Plaintiffs)

37.    Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

38.    An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendant denies, that by failing to provide a reservation service through the Websites that allows persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52

39.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly and so Plaintiffs requests relief as set forth below.

## PRAYER

**WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:**

1.    A preliminary and permanent injunction enjoining Defendant from further violations of the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's reservation services allow persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in the

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit B
000023

1 | hotels;

2 |     2.    A declaration that at the commencement of this action Defendant discriminated

3 | against persons with mobility impairments by failing to ensure that Defendant's reservation services

4 | found on the Website allowed persons with mobility impairments to independently identify

5 | accessible features of Defendant's hotel and independently reserve accessible rooms in the hotel, in

6 | violation of Title III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1)  et seq., and

7 | California's Unruh Act, California Civil Code §§ 51-52.;

8 |     3.    Statutory damages pursuant to California Civil Code § 52(a), for each and every

9 | violation of law;

10 |     4.    For attorneys' fees and expenses pursuant to all applicable laws including, without

11 | limitation, Civil Code § 52(a);

12 |     5.    An order awarding Plaintiffs' post-judgment interest; and

13 |     6.    For such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: February 16, 2018        **MANNING LAW, APC**

By: _____

      Joseph R. Manning Jr., Esq.

      Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT**

11

Exhibit B
000024

**PROOF OF SERVICE - CCP.1013A**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660.

On 2/16/18, I served the true copies of the foregoing document described as:

**FIRST AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

Ms. Julia De Beers, Esq.
Evans Hotels, LLC
998 West Mission Bay Drive
San Diego, California 92109

[X] BY United States Postal Service: The documents were mailed as set forth above by U.S. Mail and placed in sealed, addressed envelopes on the above date and deposited into a U.S. Postal Service Mail box on the date set forth above, with postage thereon fully prepaid at Newport Beach, California prior to the time for collection on that day.

[ ] BY Electronic Mail. I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best of my knowledge, the transmission was reported as complete and no error was reported that it was not completed.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this affidavit was executed on 2/16/18.

Linda Sanchez

**PROOF OF SERVICE**
1

Exhibit B
000025

# EXHIBIT C

000026

1  Nadia P. Bermudez, Bar No. 216555
   Patrick J. Goode II, Bar No. 299697
2  KLINEDINST PC
   501 West Broadway, Suite 600
3  San Diego, California  92101
   (619) 239-8131/FAX (619) 238-8707
4  nbermudez@klinedinstlaw.com
   pgoode@klinedinstlaw.com
5
   Attorneys for Defendant
6  EVANS HOTELS, LLC

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN DIEGO**

10

11 | JAMES RUTHERFORD, an individual,      Case No.    37-2018-00002844-CU-CR-CTL
   | THE ASSOCIATION 4 EQUAL
12 | ACCESS,                               **ANSWER TO FIRST AMENDED**
                                           **COMPLAINT**
13 |              Plaintiffs,
                                           Dept:               C-75
14 |        v.                             Judge:              Richard E. L. Strauss
                                           First Amended Complaint Filed:   1/18/18
15 | EVANS HOTELS, LLC, a California       Trial Date:         None set
   | limited liability company and DOES 1 to
16 | 50,

17 |              Defendants.

18

19        Defendant EVANS HOTELS LLC ("Evans Hotels" or "Defendant") answers the

20 unverified First Amended Complaint of JAMES RUTHERFORD, an individual, THE

21 ASSOCIATION 4EQUAL ACCESS ("Plaintiffs"):

22                              **GENERAL DENIAL**

23        Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

24 Defendant denies, generally and specifically, each, every, and all of the allegations of the First

25 Amended Complaint as a whole, and further generally and specifically denies that Plaintiffs have

26 sustained any loss, injury, or damage as a proximate result of any act, breach, or omission on the

27 part of Defendant.

28 / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1

000028

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## AFFIRMATIVE DEFENSES

Wherefore, having answered the Plaintiffs' First Amended Complaint, Evans Hotels raises the following defenses, including affirmative defenses.  By asserting these defenses Evans Hotels does not assume any burden that otherwise would be imposed upon Plaintiffs:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

As a first and separate affirmative defense, Evans Hotels alleges that the First Amended Complaint fails to state a claim sufficient to constitute a cause of action against Evans Hotels.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a second and separate affirmative defense, Evans Hotels alleges that the First Amended Complaint is barred by the statute of limitations set forth in California Code of Civil Procedure section 335.1 or 28 U.S.C. § 1658.

## THIRD AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

As a third and separate affirmative defense, Plaintiffs' claims are barred by the doctrine of res judicata/collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a fourth and separate affirmative defense, Plaintiffs lack standing to pursue any claim against Evans Hotels under the Americans with Disabilities Act.  Plaintiffs are not a subscriber to Evans Hotels, has not accessed any Evans Hotels content, and has not, and cannot have, experienced -- and has no "actual notice" of -- any discrimination or damages resulting from Evans Hotels' conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Constitutional Standing)

As a fifth and separate affirmative defense, Evans Hotels alleges that Plaintiffs are not a real party in interest and therefore has no constitutional standing to sue.  Plaintiffs are not a guest

2

000029

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   or customer of Evans Hotels, has not attempted to subscribe to any service and therefore has not,

2   and cannot have, suffered a concrete and particularized injury-in-First Amended Complaint

3   resulting from Evans Hotels' conduct.   To show standing, "a plaintiff has the burden of proving:

4   (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the

5   challenged conduct, and (3) that the injury likely will be redressed by a favorable decision."

6   (*Lugan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).) To satisfy the "injury in fact"

7   element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to

8   return to patronize the accommodation in question. (*Wilson v. Kayo Oil Co.*, 535 F.Supp.2d

9   1063, 1067, 1070 (S.D. Cal. 2007) (stating that "ADA plaintiff cannot manufacture standing to

10   sue in a federal court by simply claiming that he intends to return to the facility."))

## SIXTH AFFIRMATIVE DEFENSE

### (Nondiscriminatory Legitimate Business Reasons)

13          As a sixth and separate affirmative defense, Plaintiffs may not pursue a claim under the

14   Americans with Disabilities Act against Evans Hotels because Evans Hotels provides content

15   consistent with nondiscriminatory legitimate business reasons.  Evans Hotels makes its Internet-

16   based content available to all subscribers on the same basis and does not treat any subscribers

17   differently on the basis of their disability.

## SEVENTH AFFIRMATIVE DEFENSE

### (Private Club or Establishment Exemption)

20          As a seventh and separate affirmative defense, Plaintiffs may not pursue a claim under

21   the Americans with Disabilities Act against Evans Hotels because Evans Hotels is subject to

22   exemption.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration of Activities)

25          As an eighth and separate affirmative defense, Plaintiffs may not pursue a claim under

26   the Americans with Disabilities Act against Evans Hotels because the relief requested requires a

27   fundamental alteration of Evans Hotels' activities.  Requiring Evans Hotels to immediately

28   restructure its business would require Evans Hotels to achieve the impossible given current

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    technology, or significantly reduce the amount and quality of available content.

2                          **NINTH AFFIRMATIVE DEFENSE**

3                          **(Undue Burden or Hardship - Cost)**

4          As a ninth and separate affirmative defense, Plaintiffs may not pursue a claim under the

5    Americans with Disabilities Act against Evans Hotels because the relief requested would impose

6    undue economic burden or hardship on Evans Hotels.

7                          **TENTH AFFIRMATIVE DEFENSE**

8    **(Undue Burden or Hardship - Compliance with Conflicting Laws and Regulations)**

9          As a tenth and separate affirmative defense, Plaintiffs may not pursue a claim under the

10   Americans with Disabilities Act against Evans Hotels because the relief requested would impose

11   undue burden or hardship on Evans Hotels by having to comply with conflicting requirements.

12   Plaintiffs' demand that the Court order Evans Hotels to restructure its business regardless of

13   federal regulations or statutory guidelines imposes on Evans Hotels the undue burden of having

14   to comply with both federal regulations and Plaintiff's conflicting demands.

15                         **ELEVENTH AFFIRMATIVE DEFENSE**

16            **(Injunctive Relief - Vague, Overbroad, and Unduly Subjective)**

17         As an eleventh and separate affirmative defense, Plaintiffs are not entitled to the

18   injunctive relief they seek because it is too vague, overly broad, and unduly subjective for

19   enforcement by the Court.  Plaintiffs' request would leave Evans Hotels unable to comply with

20   Plaintiffs' request, which is subject to unreasonably subjective interpretation.

21                         **TWELFTH AFFIRMATIVE DEFENSE**

22                        **(Declaratory Relief Unavailable)**

23         As a twelfth and separate affirmative defense, Plaintiffs are not entitled to the declaratory

24   relief they seek because such relief is not available to Plaintiffs under the claims alleged in the

25   First Amended Complaint and/or declaratory relief is inappropriate because the dispute sought is

26   not ripe, there is no actual injury and/or the claims seek an advisory ruling.

27         ///

28         ///

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

As a thirteenth and separate affirmative defense, Plaintiffs are barred from recovering attorneys' fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Impracticability)

As a fourteenth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Evans Hotels because the relief requested is impracticable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Alternative Means)

As a fifteenth and separate affirmative defense, Plaintiffs may not pursue an injunction under the Americans with Disabilities Act requiring a specific design or alteration where Evans Hotels has an alternative design or service, which provides substantially equivalent accessibility. Defendant further alleges that there are accessible alternatives that are available in relation to the complained of conduct.  Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged non-compliance was de *minimis,* the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features. This defense is pled in the alternative and does not admit that any violation existed.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

As a sixteenth and separate affirmative defense, the First Amended Complaint and each cause of action alleged in the First Amended Complaint are barred by the doctrine of mootness to the extent that the denial of equal access to Defendant's services alleged in the First Amended Complaint, if any, have been or will have been remediated before the time that this action is finally adjudicated.

///

ANSWER TO FIRST AMENDED FIRST AMENDED COMPLAINT

000032

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Supplemental Jurisdiction)

As a seventeenth and separate affirmative defense, this Court will lack supplemental jurisdiction over the state law claims alleged in the First Amended Complaint in the event that the federal law claims for relief are dismissed, deemed moot or are otherwise no longer at issue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation, Equivalent Service)

As an eighteenth and separate affirmative defense, the First Amended Complaint and each cause of action alleged in the First Amended Complaint are barred to the extent that, with respect to any particular element of Defendant's services that departs from applicable standards, Defendant has provided "equivalent facilitation" or "equivalent service" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of Defendant's services.  Defendant alleges based upon information and belief that it and its agents, if any, accommodated or were ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. § 12182), such as through customer services and sales assistance.

## NINETEENTH AFFIRMATIVE DEFENSE

### (De Minimis Violation)

As a nineteenth and separate affirmative defense, the First Amended Complaint and each cause of action alleged in the First Amended Complaint are barred because the claimed violations are de minimis and non-actionable because they do not materially impair Plaintiffs' or the putative class members' use of Defendant's services or access to its products.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Denial of Access)

As a twentieth and separate affirmative defense, the First Amended Complaint and each cause of action alleged in the First Amended Complaint are barred because Defendant did not deny or interfere with Plaintiffs' access, or the access of any member of the purported class, to

the goods and/or services provided by Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a twenty-first and separate affirmative defense, to the extent Plaintiffs or members of the alleged class experienced any damages as a proximate result of Defendant's alleged actions or omissions, which Defendant denies, they have failed to mitigate or to reasonably attempt to mitigate their damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Excuse, Exemption, Justification)

As a twenty-second and separate affirmative defense, the First Amended Complaint and all purported claims for relief alleged in the First Amended Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes or regulations under which Plaintiffs have sued.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Third Party)

As a twenty-third and separate affirmative defense, the First Amended Complaint and all purported claims for relief alleged in the First Amended Complaint are barred in whole or in part because Plaintiffs' and the putative class members' injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a twenty-fourth and separate affirmative defense, the First Amended Complaint, and all purported claims for relief alleged in the First Amended Complaint are barred by the doctrine of unclean hands by reason of Plaintiffs' and the putative class members' conduct and actions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

As a twenty-fifth and separate affirmative defense, at all times relevant to this suit, Defendant's actions were taken in good faith and it had reasonable grounds for believing those

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

ANSWER TO FIRST AMENDED FIRST AMENDED COMPLAINT

000034

actions did not violate of any law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Third Party Responsible)

As a twenty-sixth and separate affirmative defense, Plaintiffs' claims are barred because Defendant does not operate or control the subject property or website, nor does it have the right to provide the injunctive relief sought in the First Amended Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

As a twenty-seventh and separate affirmative defense, Plaintiffs did not exercise ordinary care, caution and prudence in connection with the events alleged in the First Amended Complaint and Plaintiffs are therefore barred from recovery against Defendant, or alternatively, Plaintiffs should have their recovery, if any, proportionately reduced.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (No Request for Modification or Auxiliary Aid or Service)

As a twenty-eighth and separate affirmative defense, Plaintiffs' claims are barred because Plaintiffs failed to request a reasonable modification of policies, practices or procedures and/or Plaintiffs failed to request an auxiliary aid or service.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Indispensable Party)

As a twenty-ninth and separate affirmative defense, Plaintiffs' claims are barred because Plaintiffs have failed to name an indispensable party that operates and controls the circumstances that are alleged in the First Amended Complaint, without which the injunctive relief cannot be had.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Preemption)

As a thirtieth and separate affirmative defense, Federal law preempts some or all of Plaintiffs' claims asserted under State law.

///

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA  92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1

### THIRTIETH-FIRST AFFIRMATIVE DEFENSE

2

#### (Improper Defendant)

3    As a thirty-first and separate affirmative defense, Evans Hotels alleges that the improper

4  defendant was named in this action.

5

### THIRTIETH-FIRST AFFIRMATIVE DEFENSE

6

#### (Improper Defendant)

7    As a thirty-first and separate affirmative defense, Evans Hotels alleges that the improper

8  defendant was named in this action.

9

### THIRTY-SECOND AFFIRMATIVE DEFENSE

10

#### (Federal Jurisdiction)

11    As a thirty-second and separate affirmative defense, Evans Hotels alleges that this matter

12  is subject to federal jurisdiction.

13

### THIRTY-THIRD AFFIRMATIVE DEFENSE

14

#### (Additional Defenses)

15    As a thirty-third and separate affirmative defense, Defendant may have additional

16  defenses that cannot be articulated due to Plaintiffs' failure to particularize their claims, due to

17  Plaintiffs' failure to provide more specific information concerning the nature of their damage

18  claims and claims for certain costs for which Plaintiffs claim Defendant may share some

19  responsibility.  Defendant therefore reserves the right to assert additional defenses upon further

20  particularization of Plaintiffs' claims, upon the discovery of further information concerning the

21  alleged damage claims and claims for costs, and upon the development of other pertinent

22  information.  If removed, Plaintiffs' claims may be barred by any or all of the affirmative

23  defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.; however, the

24  extent to which Plaintiff's claims may be barred cannot be determined until Defendant has had an

25  opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative

26  defenses as though fully set forth herein.

27    WHEREFORE, Defendant respectfully prays for judgment as follows:

28    1.    That Plaintiffs' First Amended Complaint and each cause of action alleged

ANSWER TO FIRST AMENDED FIRST AMENDED COMPLAINT

1   therein, be dismissed with prejudice;

2       2.     That Plaintiffs take nothing by this action;

3       3.     That judgment be ordered in favor of Defendant;

4       4.     For reasonable attorneys' fees;

5       5.     For all costs of suit herein incurred; and

6       6.     For such other and further relief as the Court deems just and proper.

8                   KLINEDINST PC

10  DATED: February 22, 2018     By: _____

                                        Nadia P. Bermudez
                                        Patrick J. Goode II
                                        Attorneys for Defendant
                                        EVANS HOTELS, LLC

17198802v1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

10

000037

1  Nadia P. Bermudez, Bar No. 216555
   Patrick J. Goode II, Bar No. 299697
2  KLINEDINST PC
3  501 West Broadway, Suite 600
   San Diego, California  92101
4  (619) 239-8131/FAX (619) 238-8707
   nbermudez@klinedinstlaw.com
5  pgoode@klinedinstlaw.com

6  Attorneys for Defendant
7  EVANS HOTELS, LLC

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF SAN DIEGO**

10

11  JAMES RUTHERFORD, an individual,        Case No.   37-2018-00002844-CU-CR-CTL
    THE ASSOCIATION 4 EQUAL
12  ACCESS,                                 **PROOF OF SERVICE**

13              Plaintiffs,                 Dept:           C-75
                                            Judge:          Richard E. L. Strauss
14       v.                                 Complaint Filed: 1/18/18
                                            Trial Date:     None set
15
    EVANS HOTELS, LLC, a California
16  limited liability company and DOES 1 to
    50,
17
18              Defendants.

19

20       I declare that:

21       I am and was at the time of service of the papers herein, over the age of eighteen (18)
22  years and am not a party to the action. I am employed in the County of San Diego, and my
    business address is 501 West Broadway, Suite 600, San Diego, California.

23       On February 22, 2018, I caused to be served the following documents:

24               **ANSWER TO FIRST AMENDED COMPLAINT**

25  ☐   **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (f)): From fax
26  number (619) 238-8707 to the fax numbers listed below and/or on the attached service list.
    The facsimile machine I used complied with Rule 2.306 and no error was reported by the
27  machine.

28  ☐   **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1
PROOF OF SERVICE

000038

caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is fmcgee@klinedinstlaw.com. A copy of the sent email will be maintained with the original document(s) in our office. (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, Rule 2.251)

☐  **VIA ELECTRONIC FILING SERVICE:** Complying with Code of Civil Procedure section 1010.6, my electronic business address is fmcgee@klinedinstlaw.com and I caused such document(s) to be electronically served through the _____ system for the above-entitled case to those parties on the Service List maintained on its website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

☐  **VIA SHAREFILE:** Complying with Code of Civil Procedure section 1010.6 (a) (1) (c), I caused an electronic notice to be sent to the person(s) at the email address(es) listed below. This notice contained a secure link that permits the person(s) individual access to download the above listed documents. Notification is provided via counsel's secure ShareFile system's administrative email account, mail@sf-notifications.com. A copy of the sent email will be maintained with the documents in our office. (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, Rule 2.251) I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. This link will expire after 60 days and access will no longer be permitted to the documents. Pursuant to Code of Civil Procedure section 1010.6 (a) (2), the party(ies) have agreed to receive electronic service via this method.

☒  **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

☒  **VIA FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

☐  **VIA EXPRESS MAIL OR OTHER OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))**

☐  **VIA CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

| | |
|---|---|
| Joseph R. Manning, Jr.<br>Michael J. Manning<br>Tristan P. Jankowski<br>Craig G. Cote<br>Manning Law, APC<br>4667 MacArthur Boulevard, Suite 150<br>Newport Beach, CA  92660 | Attorneys for Plaintiffs, JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS<br><br>949-200-8755 / FAX: 866-843-8308<br><br>adapracticegroup@manninglawoffice.com |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

000039

1     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on

2   that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

3   cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

4     I declare under penalty of perjury under the laws of the State of California that the

5   foregoing is true and correct.

6     Executed on February 22, 2018, at San Diego, California.

7

8                                        Faith Ann McGee

9   17196768v1

10

11

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

---

3

PROOF OF SERVICE