Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com
pgoode@klinedinstlaw.com

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,<br><br>        Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50,<br><br>        Defendants. | Case No. '18CV0435 JLS NLS<br><br>**DECLARATION OF NADIA P. BERMUDEZ RE NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) AND DEMAND FOR JURY TRIAL**<br><br>Courtroom:<br>Judge:<br>Magistrate Judge:<br>Complaint Filed: 1/18/18<br>Trial Date: None set |

I, Nadia P. Bermudez, do hereby declare:

1.    I am an attorney at law duly licensed to appear before all courts in the State of and am a Shareholder with the law firm of Klinedinst PC, attorneys of record for Defendant EVANS HOTELS, LLC in the above-captioned action.

2.    I have personal knowledge of the following facts and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

/ / /

/ / /

1    1. Attached as Exhibit 1 is a true and correct copy of the Summons and

2 Complaint served on Defendant EVANS HOTEL, LLC on January 26, 2018. Attached

3 as Exhibit 2 is a true and correct copy of the First Amended Complaint served on

4 Defendant EVANS HOTEL, LLC on February 20, 2018.

5    2. Proofs of service have been filed with the state court.

6    3. Defendant is also filing a Notice of Removal in the state court action, a true

7 and correct copy of which is attached as Exhibit 3.

8    I declare under penalty of perjury under the laws of the United States of America

9 that the foregoing is true and correct.

10    Executed this 26th day of February, 2018 at San Diego, California.

By: _____

NADIA P. BERMUDEZ

17196862v1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# EXHIBIT 1

Exhibit 1
000001

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/18/2018** at 02:42:24 PM
Clerk of the Superior Court
By Valeria Contreras,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS; <br><br> Plaintiffs, <br><br> vs. <br><br> EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50 <br><br> Defendants. | Case No.: 37-2018-00002844-CU-CR-CTL <br><br> **COMPLAINT** |

Plaintiffs JAMES RUTHERFORD, an individual, and THE ASSOCIATION 4 EQUAL ACCESS (collectively, "Plaintiffs"), bring this action against EVANS HOTELS, LLC, a California limited liability company ("Defendant"):

## INTRODUCTION

1.     Plaintiffs and/or their members are mobility impaired and require information about the accessibility of hotels and hotel rooms to make reservations. Defendant maintains its reservations systems, including but not limited to those offered to the public on its various websites,

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 1
000002

such as Bahia.com, lodgtorreypines.com and catamaranresort.com (collectively, the "Websites") in such a way that they contain access barriers preventing Plaintiffs, and other mobility-impaired individuals, from gaining full and equal access to the reservations services offered by Defendant. Defendant's denial of full and equal access to its reservations services, and therefore its products and services offered thereby, is a violation of the rights of Plaintiffs under the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("Unruh Act").

2.　　　The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible.

3.　　　Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq. ("ADA") is likewise a violation of the Unruh Act. Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

4.　　　For more than 27 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

5.　　　However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers. *See e.g. Consent Decree in United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line ... reservations systems" and "failed to provide accurate, reliable information about its accessible sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ#*

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**

2

Exhibit 1
000003

*202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

6.     Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

7.     After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services. In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs.* 28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

8.     The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register. While the Final Rule generally took immediate effect, the hotel reservations component did not. The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms." Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**

3

Exhibit 1
000004

9.     The ADA's hotel reservations requirements have now been in effect for <u>five years,</u> <u>nine months and counting</u>. Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever. So bad, that in 2017 the private start-up company AbiliTrek launched. AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community**. AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017. https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/. (Emphasis added).

10.     Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

11.     As a result of Defendant's violations of law, and to correct them, Plaintiffs seek statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business and Plaintiff's claims arose in the State of California, County of San Diego, and Defendant's offending website is available throughout California.

13.     Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 1
000005

occurred in this District.

14.     Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc. Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects. As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair. Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles. At the time of Plaintiff's attempt to make room reservations at Defendant's hotels and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

15.     Plaintiff ASSOCIATION 4 EQUAL ACCESS ("A4EA") is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities.   A4EA members continued to be discriminated against by Defendant's lack of ADA compliance.

16.     Claimant: PATRICIA FILARDI is an adult quadriplegic who uses a wheelchair for mobility. She has a specially equipped van with a ramp that deploys out of the passenger side of her van. She is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. She requires the use of a wheelchair at all times for mobility and life functions. At the time of her attempts to access the reservations systems offered by Defendant and prior to instituting this action, she suffered from a "qualified disability" under the ADA. She has a Disabled Person Parking Placard issued to her on a permanent basis. Claimant is a member of A4EA. Claimant has experienced the barriers to access described herein and has been denied access and deterred from seeking access thereby. Despite possessing a meritorious claim for damages and injunctive relief Claimant does not assert such a claim at this time, but reserves her right to do so.

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**

5

Exhibit 1
000006

17. Plaintiff RUTHERFORD is a member of A4EA.

18. As a result of Plaintiff RUTHERFORD'S disability he requires an accessible room to utilize the goods, services and facilities provided by Defendant.

19. Plaintiff RUTHERFORD is a tester in this litigation and a consumer who wishes to access Defendant's good and services. Plaintiff is being deterred from patronizing the Defendant's hotels on particular occasions, but intends to return to the Websites for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

20. Plaintiff A4EA's members are being deterred from patronizing the Defendant's hotels on particular occasions, but intend to return to the Websites for the dual purpose of availing themselves of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

21. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a California limited liability company with its principal place of business located in San Diego, California. Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates hotels throughout Southern California. Defendant's hotel locations constitute places of public accommodation. Defendant's locations provide to the public important goods and/or services. Defendant also provides to the public the Websites. The Websites provide access to the array of services, including descriptions of its hotels, rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services. The hotel locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and are likewise "business establishments" within the meaning of the Unruh Act. The Websites are a service, privilege, and advantage of Defendant's hotel locations and services. The Websites are a service that is by and integrated with these locations.

## FACTUAL ALLEGATIONS

22. As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Websites.

23. Within the applicable limitations period, Plaintiffs visited the Websites, to view the

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

Exhibit 1
000007

accessible features in the hotel and guest rooms of the Defendant's hotels.

24. Plaintiff RUTHERFORD desired to visit a hotel in the San Diego area to celebrate his birthday. He desired to do so with his fiancé, Claimant FILARDI. As a result of each of their disabilities, Plaintiffs required information about the features of the accessible rooms and the hotels to independently make a reservation. The information required by Plaintiffs was unavailable so Plaintiffs could not make a reservation for an accessible room or suite using the Websites in the same in the same manner as individuals who do not need accessible rooms.

25. Plaintiffs were unable to independently identify the material accessible features of the hotel and guest rooms of the Bahia Resort Hotel, The Lodge Torrey Pines, and the Catamaran Resort (the "Subject Properties") owned and operated by Defendant. The description of the accessible rooms and features of the Subject Properties are substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiffs') information:

    a. Bahiahotel.com offers the Room Feature "Handicap Room". This term is not defined on the website. Further, a search of all rooms with this feature selected yielded multiple available rooms but failed to yield any rooms labeled as "Handicap Room". Plaintiff is not aware of what the Room Feature "Handicap Room" means in this context.

    b. Bahiahotel.com "The Bahia's Facts at a Glance" lists as an amenity "accessible rooms". Plaintiff is not aware of what the descriptor "accessible rooms" means in this context.

    c. Lodgetorreypines.com offers the Room Type "Accessible Roll In Shower". This room type is available with one king or two queen beds. Unlike other rooms, the number and type of beds in the Accessible Roll In Shower room is not part of the room type and is not determined during the reservation process. The room description provides no details regarding accessibility other than the statement "Accessible Roll In Shower". Plaintiff is not aware of what the descriptor "Accessible Roll In Shower" means in this context beyond the presence of a roll in shower. Plaintiff could not identify any accessible suites at the property.

Exhibit 1
000008

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

d. Catamaranresort.com does not offer accessible rooms, or if it does, it does not provide any accessibility information about them. Catamaranresort.com includes a PDF map with the international symbol of accessibility in locations where it appears disabled parking is located on the hotel grounds.

e. The Websites, including the reservations aspect, do not adequately or accurately describe the inventory of accessible types of rooms and amenities available at each property.

f. The Websites, including the reservations aspect, do not indicate with any whether the Subject Properties offer accessible parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities.

g. The Websites do not permit reservation of accessible rooms in the same manner as other rooms including the identification of accessible features of rooms and of the Subject Properties in enough detail to reasonably permit Plaintiff and/or their members to assess independently whether a given hotel or guest room meets their accessibility needs.

26. An investigation performed on Plaintiffs' behalf confirmed the allegations made by Plaintiffs above.

27. Plaintiffs have been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations systems offered online on the Websites so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

28. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiffs' disabilities. Plaintiffs will amend the complaint, to provide

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT**

8

Exhibit 1
000009

proper notice regarding the scope of this lawsuit, after discovery. However, Defendant is hereby on notice that Plaintiffs seek to have all barriers related to their disabilities remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)

### (By Plaintiff Against All Defendants)

29.     Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

30.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

31.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

32.     Defendant through the Subject Properties provide lodging to the general public in California is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, et seq.

33.     The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

34.     Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

35.     The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, et seq. Plaintiffs are aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiffs from attempting to access and use Defendant's reservation

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 1
000010

services and hotels on several occasions. Therefore, Plaintiffs are entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

36.     Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION

### (Declaratory Relief on Behalf of Plaintiffs)

37.     Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

38.     An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendant denies, that by failing to provide a reservation service through the Websites that allows persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52

39.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly and so Plaintiffs requests relief as set forth below.

### PRAYER

**WHEREFORE, Plaintiffs prays pray for judgment against Defendant, as follows:**

1.     A preliminary and permanent injunction enjoining Defendant from further violations of the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's reservation services allow persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 1
000011

those hotels but Plaintiffs hereby expressly limits the injunctive relief to require that Defendant expend no more than $50,000 thereon;

     2.     A declaration that at the commencement of this action Defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservation services found on the Websites allowed persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels, in violation of Title III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52.;

     3.     Statutory damages pursuant to California Civil Code § 52(a), expressly limited such that the total amounts sought for each and every offense shall not exceed $24,999.00.

     4.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);

     5.     An order awarding Plaintiffs' post-judgement interest; and

     6.     For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: January 18, 2018          **MANNING LAW, APC**

                         By: _____
                            Joseph R. Manning Jr., Esq.

                         Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 1
000012

# EXHIBIT 2

Exhibit 2
000013

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES RUTHERFORD, an individual, and THE ASSOCIATION 4 EQUAL ACCESS; <br><br> Plaintiffs, <br><br> vs. <br><br> EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50 <br><br> Defendants. | Case No.: 37-2018-00002844-CU-CR-CTL <br><br> **FIRST AMENDED COMPLAINT** |

Plaintiffs JAMES RUTHERFORD, an individual, and THE ASSOCIATION 4 EQUAL ACCESS (collectively, "Plaintiffs"), bring this action against EVANS HOTELS, LLC, a California limited liability company ("Defendant"):

## INTRODUCTION

1.     Plaintiffs and/or their members are mobility impaired and require information about the accessibility of hotels and hotel rooms to make reservations. Defendant maintains its reservations systems, including but not limited to those offered to the public on its various websites,

Exhibit 2
000014

such as Bahia.com, lodgtorreypines.com and catamaranresort.com (collectively, the "Websites") in such a way that they contain access barriers preventing Plaintiffs, and other mobility-impaired individuals, from gaining full and equal access to the reservations services offered by Defendant. Defendant's denial of full and equal access to its reservations services, and therefore its products and services offered thereby, is a violation of the rights of Plaintiffs under the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("Unruh Act").

2.  The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible.

3.  Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq. ("ADA") is likewise a violation of the Unruh Act. Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

4.  For more than 27 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

5.  However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers. *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line … reservations systems" and "failed to provide accurate, reliable information about its accessible sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ#*

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

Exhibit 2
000015

*202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

6. Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

7. After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services. In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs.* 28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

8. The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register. While the Final Rule generally took immediate effect, the hotel reservations component did not. The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms." Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

Exhibit 2
000016

9. The ADA's hotel reservations requirements have now been in effect for <u>five years, nine months and counting</u>. Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever. So bad, that in 2017 the private start-up company AbiliTrek launched. AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community**. AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017. <u>https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/</u>. (Emphasis added).

10. Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

11. As a result of Defendant's violations of law, and to correct them, Plaintiffs seek statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business and Plaintiff's claims arose in the State of California, County of San Diego, and Defendant's offending website is available throughout California.

13. Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 2
000017

occurred in this District.

**PARTIES**

14. Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc. Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects. As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair. Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles. At the time of Plaintiff's attempt to make room reservations at Defendant's hotels and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

15. Plaintiff ASSOCIATION 4 EQUAL ACCESS ("A4EA") is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities. A4EA members continued to be discriminated against by Defendant's lack of ADA compliance.

16. Claimant: PATRICIA FILARDI is an adult quadriplegic who uses a wheelchair for mobility. She has a specially equipped van with a ramp that deploys out of the passenger side of her van. She is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. She requires the use of a wheelchair at all times for mobility and life functions. At the time of her attempts to access the reservations systems offered by Defendant and prior to instituting this action, she suffered from a "qualified disability" under the ADA. She has a Disabled Person Parking Placard issued to her on a permanent basis. Claimant is a member of A4EA. Claimant has experienced the barriers to access described herein and has been denied access and deterred from seeking access thereby. Despite possessing a meritorious claim for damages and injunctive relief Claimant does not assert such a claim at this time, but reserves her right to do so.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**
5

Exhibit 2
000018

17. Plaintiff RUTHERFORD is a member of A4EA.

18. As a result of Plaintiff RUTHERFORD'S disability he requires an accessible room to utilize the goods, services and facilities provided by Defendant.

19. Plaintiff RUTHERFORD is a tester in this litigation and a consumer who wishes to access Defendant's good and services. Plaintiff is being deterred from patronizing the Defendant's hotels on particular occasions, but intends to return to the Websites for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

20. Plaintiff A4EA's members are being deterred from patronizing the Defendant's hotels on particular occasions, but intend to return to the Websites for the dual purpose of availing themselves of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

21. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant is a California limited liability company with its principal place of business located in San Diego, California. Plaintiffs are informed and believe, and thereon allege, that Defendant owns and operates hotels throughout Southern California. Defendant's hotel locations constitute places of public accommodation. Defendant's locations provide to the public important goods and/or services. Defendant also provides to the public the Websites. The Websites provide access to the array of services, including descriptions of its hotels, rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services. The hotel locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and are likewise "business establishments" within the meaning of the Unruh Act. The Websites are a service, privilege, and advantage of Defendant's hotel locations and services. The Websites are a service that is by and integrated with these locations.

## FACTUAL ALLEGATIONS

22. As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Websites.

23. Within the applicable limitations period, Plaintiffs visited the Websites, to view the

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

Exhibit 2
000019

accessible features in the hotel and guest rooms of the Defendant's hotels.

24.     Plaintiff RUTHERFORD desired to visit a hotel in the San Diego area to celebrate his birthday. He desired to do so with his fiancé, Claimant FILARDI. As a result of each of their disabilities, Plaintiffs required information about the features of the accessible rooms and the hotels to independently make a reservation. The information required by Plaintiffs was unavailable so Plaintiffs could not make a reservation for an accessible room or suite using the Websites in the same in the same manner as individuals who do not need accessible rooms.

25.     Plaintiffs were unable to independently identify the material accessible features of the hotel and guest rooms of the Bahia Resort Hotel, The Lodge Torrey Pines, and the Catamaran Resort (the "Subject Properties") owned and operated by Defendant. The description of the accessible rooms and features of the Subject Properties are substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiffs') information:

    a.  Bahiahotel.com offers the Room Feature "Handicap Room". This term is not defined on the website. Further, a search of all rooms with this feature selected yielded multiple available rooms but failed to yield any rooms labeled as "Handicap Room". Plaintiffs are not aware of what the Room Feature "Handicap Room" means in this context.

    b.  Bahiahotel.com "The Bahia's Facts at a Glance" lists as an amenity "accessible rooms". Plaintiffs are not aware of what the descriptor "accessible rooms" means in this context.

    c.  Lodgetorreypines.com offers the Room Type "Accessible Roll In Shower". This room type is available with one king or two queen beds. Unlike other rooms, the number and type of beds in the Accessible Roll In Shower room is not part of the room type and is not determined during the reservation process. The room description provides no details regarding accessibility other than the statement "Accessible Roll In Shower". Plaintiffs are not aware of what the descriptor "Accessible Roll In Shower" means in this context beyond the presence of a roll in shower. Plaintiffs could not identify any accessible suites at the property.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 2
000020

d. Catamaranresort.com does not offer accessible rooms, or if it does, it does not provide any accessibility information about them. Catamaranresort.com includes a PDF map with the international symbol of accessibility in locations where it appears disabled parking is located on the hotel grounds.

e. The Websites, including the reservations aspect, do not adequately or accurately describe the inventory of accessible types of rooms and amenities available at each property.

f. The Websites, including the reservations aspect, do not indicate with any whether the Subject Properties offer accessible parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities.

g. The Websites do not permit reservation of accessible rooms in the same manner as other rooms including the identification of accessible features of rooms and of the Subject Properties in enough detail to reasonably permit Plaintiffs and/or their members to assess independently whether a given hotel or guest room meets their accessibility needs.

26. An investigation performed on Plaintiffs' behalf confirmed the allegations made by Plaintiffs above.

27. Plaintiffs have been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations systems offered online on the Websites so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

28. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiffs' disabilities. Plaintiffs will amend the complaint, to provide

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

proper notice regarding the scope of this lawsuit, after discovery. However, Defendant is hereby on notice that Plaintiffs seek to have all barriers related to their disabilities remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)

### (By Plaintiffs Against All Defendants)

29.     Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

30.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

31.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

32.     Defendant through the Subject Properties provide lodging to the general public in California is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, et seq.

33.     The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

34.     Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

35.     The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, et seq. Plaintiffs are aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiffs from attempting to access and use Defendant's reservation

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

services and hotels on several occasions. Therefore, Plaintiffs are entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

36.     Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiffs request relief as set forth below.

# SECOND CAUSE OF ACTION

## (Declaratory Relief on Behalf of Plaintiffs)

37.     Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

38.     An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendant denies, that by failing to provide a reservation service through the Websites that allows persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52

39.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly and so Plaintiffs requests relief as set forth below.

## PRAYER

**WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:**

1.     A preliminary and permanent injunction enjoining Defendant from further violations of the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's reservation services allow persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in the

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 2
000023

hotels;

2.      A declaration that at the commencement of this action Defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservation services found on the Website allowed persons with mobility impairments to independently identify accessible features of Defendant's hotel and independently reserve accessible rooms in the hotel, in violation of Title III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52.;

3.      Statutory damages pursuant to California Civil Code § 52(a), for each and every violation of law;

4.      For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);

5.      An order awarding Plaintiffs' post-judgment interest; and

6.      For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: February 16, 2018          **MANNING LAW, APC**

By: _____
       Joseph R. Manning Jr., Esq.

       Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Exhibit 2
000024

**PROOF OF SERVICE - CCP.1013A**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660.

On 2/16/18, I served the true copies of the foregoing document described as:

**FIRST AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

Ms. Julia De Beers, Esq.
Evans Hotels, LLC
998 West Mission Bay Drive
San Diego, California 92109

[X] BY United States Postal Service: The documents were mailed as set forth above by U.S. Mail and placed in sealed, addressed envelopes on the above date and deposited into a U.S. Postal Service Mail box on the date set forth above, with postage thereon fully prepaid at Newport Beach, California prior to the time for collection on that day.

[ ] BY Electronic Mail. I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best of my knowledge, the transmission was reported as complete and no error was reported that it was not completed.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this affidavit was executed on 2/16/18.

_____
Linda Sanchez

**PROOF OF SERVICE**
1

Exhibit 2
000025

# EXHIBIT 3

Exhibit 3
000026

1  Nadia P. Bermudez, Bar No. 216555
   Patrick J. Goode II, Bar No. 299697
2  KLINEDINST PC
   501 West Broadway, Suite 600
3  San Diego, California 92101
   (619) 239-8131/FAX (619) 238-8707
4  nbermudez@klinedinstlaw.com
   pgoode@klinedinstlaw.com
5
   Attorneys for Defendant
6  EVANS HOTELS, LLC

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF SAN DIEGO**

10  JAMES RUTHERFORD, an individual,      Case No.    37-2018-00002844-CU-CR-CTL
    THE ASSOCIATION 4 EQUAL
11  ACCESS,                               **NOTICE OF FILING NOTICE OF
                                          REMOVAL**
12              Plaintiffs,
                                          Dept:          C-75
13       v.                               Judge:         Richard E. L. Strauss
                                          Complaint Filed: 1/18/18
14  EVANS HOTELS, LLC, a California       Trial Date:     None set
    limited liability company and DOES 1 to
15  50,

16              Defendants.

17

18  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19       NOTICE IS HEREBY GIVEN pursuant to 28 U.S.C. section 1446(d) that Defendant

20  EVANS HOTELS, LLC has on this day filed a Notice of Removal of the above-captioned action

21  in the United States District Court for the Southern District of California. A true and correct

22  copy of the Notice of Removal is attached hereto as **Exhibit 1**.

23                                        KLINEDINST PC

24

25  DATED: February 26, 2018              By: _____
                                              Nadia P. Bermudez
26                                            Patrick J. Goode II
                                              Attorneys for Defendant
27                                            EVANS HOTELS, LLC

28  17196789v1

                                        1
                    NOTICE OF FILING NOTICE OF REMOVAL

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Exhibit 3
000027

Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
nbermudez@klinedinstlaw.com
pgoode@klinedinstlaw.com

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,<br><br>            Plaintiffs,<br><br>     v.<br><br>EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50,<br><br>            Defendants. | Case No.<br><br>**CERTIFICATE OF SERVICE**<br><br>Trial Date:     None set |

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On **February 26, 2018**, I caused to be served the following documents:

**DECLARATION OF NADIA P. BERMUDEZ RE NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) AND DEMAND FOR JURY TRIAL**

1

☐ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at San Diego, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

☐ **BY SHAREFILE:** Pursuant to Federal Rules of Civil Procedure 5(b)(2)(E), the parties have agreed to accept service via ShareFile. I caused an electronic notice to be sent to the person(s) at the email address(es) listed below. This notice contained a secure link that permits the person(s) individual access to download the above listed documents. Notification is provided via counsel's secure ShareFile system's administrative email account, mail@sf-notifications.com. A copy of the sent email will be maintained with the documents in our office. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. This link will expire after 60 days and access will no longer be permitted to the documents.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Cal Express Attorney Service on the parties listed on the service list below at their designated business address.

    ☐   By personally delivering the copies;

    ☐   By leaving the copies at the attorney's office;

        ☐   With a receptionist, or with a person having charge thereof; or

        ☐   In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

    ☐   By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

2

| | |
|---|---|
| Joseph R. Manning, Jr.<br>Michael J. Manning<br>Tristan P. Jankowski<br>Craig G. Cote<br>Manning Law, APC<br>4667 MacArthur Boulevard, Suite 150<br>Newport Beach, CA  92660 | Attorneys for Plaintiffs, JAMES<br>RUTHERFORD, an individual, THE<br>ASSOCIATION 4 EQUAL ACCESS<br><br>949-200-8755 / FAX: 866-843-8308<br><br>adapracticegroup@manninglawoffice.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 26, 2018, at San Diego, California.

Faith Ann McGee

17203567v1

3

CERTIFICATE OF SERVICE