# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Rutherford, an individual, and The Association 4 Equal Access,<br><br>                              Plaintiffs,<br>v.<br><br>Evans Hotels, LLC a California limited liability company, and DOES 1 to 50,<br><br>                              Defendant. | Case No.: 18-cv-00435-JLS-BGS<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE** |

    IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on **April 25, 2018**, at **1:30 PM** before United States Magistrate Judge Bernard G. Skomal, United States District Court, 333 W. Broadway, Suite 1280, San Diego, California.

    **The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

    1.    **Purpose of Conference:**  The purpose of the Early Neutral Evaluation Conference ("ENE") is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record,

1

privileged and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

2. **Personal Appearance of Parties Is Required:** All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.

3. **Full Settlement Authority Required:** All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the ENE.[1]  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.  Other parties seeking permission to be excused from attending the ENE in person must follow the procedures outlined in Judge Skomal's Chambers' Rules.  (*See* Judge Skomal's Chambers' Rules at p. 3, section C.)  Failure of any of the above parties to appear at the ENE conference without the Court's permission will be grounds for sanctions.  The principal attorneys responsible for the litigation must

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

4. **Requests to Continue an ENE Conference:** Requests to continue ENEs are rarely granted. The Court will, however, consider formal motions to continue an ENE when extraordinary circumstances exist and the other party has no objection. If another party objects to the continuance, counsel for both parties must call chambers and discuss the matter with the research attorney/law clerk assigned to the case before any motion may be filed. **Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference. Requests to continue the ENE based on preexisting scheduling conflicts must be raised within 10 days of the Court's issuance of this Order.**

Based upon the Court's familiarity with these matters and in the interest of promoting the just, efficient and economical determination of this action, **IT IS ALSO HEREBY ORDERED**:

5. All formal discovery shall be stayed in this case until the completion of the Early Neutral Evaluation Conference set herein;

6. On or before **April 4, 2018**, Plaintiff's counsel shall lodge with Magistrate Judge Skomal's chambers and serve on opposing counsel a statement, not in excess of two pages, including:

(a) An itemized list of the specific issues on the subject **websites** which are the basis of the claimed violations under the Americans with Disabilities Act;

(b) A statement of the amount and category of damages claimed by Plaintiff in this action;

(c) The amount claimed for attorney's fees and costs; and,

(d) Plaintiff's demand for settlement of the case in its entirety.

7. On or before **April 11, 2018**, after service of Plaintiff's statement, or whether or not Plaintiff's statement is served, counsel for the parties **shall meet and confer by jointly visiting the websites which are the basis of the claimed violations**

**under the Americans with Disabilities Act** regarding settlement of (a) alleged website violations, and (b) damages, costs and attorney fee claims. Plaintiff's counsel shall be responsible to make arrangements for the conference. **The meet and confer obligation cannot be satisfied by the exchange of letters or emails.**

8. On or before **April 18, 2018**, counsel shall lodge with Magistrate Judge Skomal's chambers a <u>joint statement</u> advising the Court of the status of settlement negotiations and setting forth all issues in dispute, including property issues, Plaintiff's alleged damages, and the claim for attorney's fees and costs, along with a description of any settlement demands and/or offers exchanged. Additionally, the Joint Statement should indicate when the meet and confer regarding the websites which are the basis of the claimed violations took place.

9. The parties must also submit a short Early Neutral Evaluation Conference Statement about the case on a confidential basis, on or before **April 18, 2018**. The statement must be emailed to **efile_skomal@casd.uscourts.gov.**

10. <u>Monetary sanctions shall be imposed for failure to comply with this order</u>.

11. **Settlement Prior to ENE Conference:** The Court encourages the parties to work on settling the matter in advance of the ENE Conference. In the event that the parties resolve the matter prior to the day of the conference, the following procedures must be followed before the Court will vacate the ENE and excuse the parties from appearing:

A. The parties may file a Joint Motion to Dismiss and submit a proposed order to the assigned district judge. If a Joint Motion to Dismiss is filed, the Court will immediately vacate the ENE;

B. If the parties settle more than 24 hours before the conference but are not able to file a Joint Motion to Dismiss, they must file a Notice of Settlement containing the electronic signatures of counsel for all settling parties and must also identify a date by which the Joint Motion to Dismiss will be filed;

C. If the parties settle less than 24 hours before the conference, counsel for the settling parties must JOINTLY call chambers and inform the Court of the settlement and receive Court permission to not appear at the ENE.

In the event the case does not settle at the Early Neutral Evaluation Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference.

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

2. The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

3. The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and,

4. The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

Questions regarding this case may be directed to Judge Skomal's research attorney at (619) 557-2993. Please consult Judge Skomal's chambers rules, available on the Court's website, before contacting chambers with your questions.

**IT IS SO ORDERED.**

Dated: March 16, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

# **NOTICE OF RIGHT TO CONSENT TO TRIAL**
# **BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on form 1A available in the Clerk's office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff is responsible to obtain the consent of all parties, if they want to consent.

Be aware that your decision to consent or not to consent is entirely voluntary. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.