UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Rutherford, an individual, and The Association 4 Equal Access,<br><br>          Plaintiffs,<br><br>v.<br><br>Evans Hotels, LLC a California limited liability company, and DOES 1 to 50,<br><br>          Defendants. | Case No.: 18-cv-00435-JLS-BGS<br><br>**ORDER FOLLOWING EARLY NEUTRAL EVALUATION CONFERENCE, SETTING RULE 26 COMPLIANCE AND NOTICE OF CASE MANAGEMENT CONFERENCE** |

  On April 30, 2018, the Court held an Early Neutral Evaluation Conference. The case did not settle. Therefore, the Court discussed compliance with Federal Rules of Civil Procedure, Rule 26 immediately thereafter. Based thereon, **IT IS HEREBY ORDERED**:

  1. Any objections made to initial disclosure pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A)-(D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial disclosure will be resolved as required by Rule 26 and Judge Skomal's Chambers' Rules regarding discovery disputes.

  2. The Rule 26(f) conference shall be completed on or before **May 14, 2018**;

1

3. The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur before **May 30, 2018**;

4. A **Joint Discovery Plan** shall be filed on the CM/ECF system as well as lodged with Magistrate Judge Skomal by delivering the plan directly to chambers or by emailing it to efile_skomal@casd.uscourts.gov, on or before **May 30, 2018**. The plan must be one document and must explicitly cover the parties' views and proposals for each item identified in Fed.R.Civ.P. 26(f)(3). In addition, Judge Skomal requires the discovery plan to identify whether the parties will consent to jurisdiction of a Magistrate Judge. Agreements made in the Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order.

5. In cases involving significant document production or any electronic discovery, the parties must also include the process and procedure for "claw back" or "quick peek" agreements as contemplated by Fed. R. Evid. 502(d). The parties should also address whether an order providing for protection under Rule 502(e) is needed.

6. Finally, the parties must thoughtfully meet and confer about electronic discovery and include answers to the following questions in the Discovery Plan:

   a. Are there any preservation issues? If so, what are they and how are the parties addressing the issues;

   b. What form of production have the parties agreed to? Are there any disputes with respect to the parties' preferred form of production? What is the parties' positions respecting Metadata;

   c. Are there any proportionality issues? Specifically address Rule 26(b)(2)(B) relating to inaccessible electronically stored information ("ESI");

   d. What have the parties decided regarding the methodologies for identifying ESI for production? For instance, will the parties conduct key word searching, use predictive coding, or other advanced culling techniques.

7. A Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b) shall be held on **June 6, 2018**, at **10:00 AM**. The conference shall be

**telephonic, with attorneys only**. Counsel for Plaintiff shall coordinate and initiate the conference call. When all call participants are on the phone please call (619) 557-2993 to reach chambers.

Failure of any counsel or party to comply with this Order may result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated: April 30, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge