# PLAINTIFFS' EXHIBIT 1

_____

In The Case Of

*James Rutherford; and, The Association 4 Equal Access, Individually and on Behalf of All Others Similarly Situated,*

v.

*Evans Hotels, LLC,*

**18-cv-435 JLS (BGS)**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420
(805) 335–8455

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Ste. D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**MANNING LAW, APC**
Joseph R. Manning, Jr., Esq. (223381)
info@manninglawoffice.com
4667 MacArthur Boulevard, Ste. 150
Newport Beach, CA 92660
Telephone: (949) 200-8755
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**EVANS HOTELS, LLC,**<br><br>Defendant. | **Case No.:** 18-cv-435 JLS (BGS)<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **THE UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE §§ 51, ET SEQ.; AND,**<br><br>II. **AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12101, ET SEQ.**<br><br>**JURY TRIAL DEMANDED**<br><br>**HON. JANIS L. SAMMARTINO** |

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

Plaintiffs JAMES RUTHERFORD, an individual, and THE ASSOCIATION 4 EQUAL ACCESS (collectively, "Plaintiffs"), bring this class action against EVANS HOTELS, LLC, a California limited liability company ("Defendant"):

## INTRODUCTION

1. Plaintiffs and/or their members are mobility impaired and require information about the accessibility of hotels and hotel rooms to make reservations. Defendant maintains its reservations systems, including but not limited to those offered to the public on its various websites, such as Bahia.com, lodgtorreypines.com and catamaranresort.com (collectively, the "Websites") in such a way that they contain access barriers preventing Plaintiffs, and other mobility-impaired individuals, from gaining full and equal access to the reservations services offered by Defendant. Defendant's denial of full and equal access to its reservations services, and therefore its products and services offered thereby, is a violation of the rights of Plaintiffs under the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("Unruh Act").

2. The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible.

3. Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq. ("ADA") is likewise a violation of the Unruh Act. Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

4. For more than 27 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

5. However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers. *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line … reservations systems" and "failed to provide accurate, reliable information about its accessible sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ# 202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

6. Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

7. After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services. In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs*. 28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

8. The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register. While the Final Rule generally took immediate effect, the hotel reservations component did not. The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms." Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

9. The ADA's hotel reservations requirements have now been in effect for <u>five years, nine months and counting</u>. Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever. So bad, that in 2017 the private start-up company AbiliTrek launched. AbiliTrek describes its mission as follows:

   > AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community**. AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017. https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/. (Emphasis added).

10. Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

11. As a result of Defendant's violations of law, and to correct them, Plaintiffs seek statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business and Plaintiff's claims arose in the State of California, County of San Diego, and Defendant's offending website is available throughout California.

13. Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

14. Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc. Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects. As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair. Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles. At the time of Plaintiff's attempt to make room reservations at Defendant's hotels and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

15. Plaintiff ASSOCIATION 4 EQUAL ACCESS ("A4EA") is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities. A4EA members continued to be discriminated against by Defendant's lack of ADA compliance.

16. Claimant: PATRICIA FILARDI is an adult quadriplegic who uses a wheelchair for mobility. She has a specially equipped van with a ramp that deploys out of the passenger side of her van. She is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. She requires the use of a wheelchair at all times for mobility and life functions. At the time of her attempts to access the reservations systems offered by Defendant and prior to instituting this action, she suffered from a "qualified disability" under the ADA. She has a Disabled Person Parking Placard issued to her on a permanent basis. Claimant is a member of A4EA. Claimant has experienced the barriers to access described herein and has been denied access and deterred from seeking access thereby. Despite possessing a meritorious claim for damages and injunctive relief Claimant does not assert such a claim at this time, but reserves her right to do so.

17. Plaintiff RUTHERFORD is a member of A4EA.

18. As a result of Plaintiff RUTHERFORD'S disability he requires an accessible room to utilize the goods, services and facilities provided by Defendant.

19. Plaintiff RUTHERFORD is a tester in this litigation and a consumer who wishes to access Defendant's good and services. Plaintiff is being deterred from patronizing the Defendant's hotels on particular occasions, but intends to return to the Websites for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

20. Plaintiff A4EA's members are being deterred from patronizing the Defendant's hotels on particular occasions, but intend to return to the Websites for the dual purpose of availing themselves of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

21. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a California limited liability company with its principal place of business located in San Diego, California. Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates hotels throughout Southern California. Defendant's hotel locations constitute places of public accommodation. Defendant's locations provide to the public important goods and/or services. Defendant also provides to the public the Websites. The Websites provide access to the array of services, including descriptions of its hotels, rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services. The hotel locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and are likewise "business establishments" within the meaning of the Unruh Act. The Websites are a service, privilege, and advantage of Defendant's hotel locations and services. The Websites are a service that is by and integrated with these locations.

## FACTUAL ALLEGATIONS

22. As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Websites.

23. Within the applicable limitations period, Plaintiffs visited the Websites, to view the accessible features in the hotel and guest rooms of the Defendant's hotels.

24. Plaintiff RUTHERFORD desired to visit a hotel in the San Diego area to celebrate his birthday. He desired to do so with his fiancé, Claimant FILARDI. As a result of each of their disabilities, Plaintiffs required information about the features of the accessible rooms and the hotels to independently make a reservation. The information required by Plaintiffs was unavailable so Plaintiffs could not make a reservation for an accessible room or suite using the Websites in the same in the same manner as individuals who do not need

accessible rooms.

25. Plaintiffs were unable to independently identify the material accessible features of the hotel and guest rooms of the Bahia Resort Hotel, The Lodge Torrey Pines, and the Catamaran Resort (the "Subject Properties") owned and operated by Defendant. The description of the accessible rooms and features of the Subject Properties are substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiffs') information:

   a. Bahiahotel.com offers the Room Feature "Handicap Room". This term is not defined on the website. Further, a search of all rooms with this feature selected yielded multiple available rooms but failed to yield any rooms labeled as "Handicap Room". Plaintiff is not aware of what the Room Feature "Handicap Room" means in this context.

   b. Bahiahotel.com "The Bahia's Facts at a Glance" lists as an amenity "accessible rooms". Plaintiff is not aware of what the descriptor "accessible rooms" means in this context.

   c. Lodgetorreypines.com offers the Room Type "Accessible Roll In Shower". This room type is available with one king or two queen beds. Unlike other rooms, the number and type of beds in the Accessible Roll In Shower room is not part of the room type and is not determined during the reservation process. The room description provides no details regarding accessibility other than the statement "Accessible Roll In Shower". Plaintiff is not aware of what the descriptor "Accessible Roll In Shower" means in this context beyond the presence of a roll in shower. Plaintiff could not identify any accessible suites at the property.

   d. Catamaranresort.com does not offer accessible rooms, or if it does, it does not provide any accessibility information about them. Catamaranresort.com includes a PDF map with the international symbol of accessibility in locations where it appears disabled parking is located on

the hotel grounds.

e. The Websites, including the reservations aspect, do not adequately or accurately describe the inventory of accessible types of rooms and amenities available at each property.

f. The Websites, including the reservations aspect, do not indicate with any whether the Subject Properties offer accessible parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities.

g. The Websites do not permit reservation of accessible rooms in the same manner as other rooms including the identification of accessible features of rooms and of the Subject Properties in enough detail to reasonably permit Plaintiff and/or their members to assess independently whether a given hotel or guest room meets their accessibility needs.

26. An investigation performed on Plaintiffs' behalf confirmed the allegations made by Plaintiffs above.

27. Plaintiffs have been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations systems offered online on the Websites so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotels and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

28. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiffs' disabilities. Plaintiffs will amend the complaint, to provide proper notice regarding the scope of this lawsuit, after discovery. However, Defendant is hereby on notice that Plaintiffs seek to have all barriers related to their disabilities remedied. See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008).

## CLASS ALLEGATIONS

29. Plaintiffs bring this action on behalf of themselves, and on behalf of all others similarly situated pursuant to Federal R. Civ. P. 23(a)(b)(2), and alternatively, (b)(3), on behalf of all legally blind individuals in the United States who have attempted to access Defendant's websites. For the claims under California State law, Plaintiffs also represent a California subclass of all legally blind individuals in California who attempted to visit Defendant's websites.

30. Defendant and Defendant's employees or agents are excluded from the class.

31. Plaintiffs do not know the exact number of persons in the class, but believe them to be in the hundreds of thousands, making joinder of all these actions impracticable.

32. The identity of the individual members is ascertainable through Defendants' and/or Defendants' agents' records or by public notice.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the class. The questions of law and fact common to the class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendant's websites complied with the ADA;
   b. Whether Defendant's websites complied with the Unruh Act;
   c. Whether legally blind individuals are able to access Defendant's websites;

    d. Whether legally blind individuals are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, facilities and/or services due to the lack of access to Defendant's websites as required by law for persons with disabilities;

    e. Whether members of the class are entitled to the remedies;

    f. Whether members of the class are entitled to declaratory relief;

    g. Whether members of the class are entitled to injunctive relief; and,

    h. Whether members of the class are entitled to an award of reasonable attorneys' fees and costs of suit.

34. Plaintiffs will fairly and adequately protect the interest of the class.

35. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving discrimination.

36. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts.

37. A class action is a superior method for the fair and efficient adjudication of this controversy.

38. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the operative pleading.

39. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are capped.

40. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

41. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

42. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

43. Plaintiffs request certification of a hybrid class for monetary damages and injunctive relief.

# FIRST CAUSE OF ACTION
# VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)
## (By Plaintiffs Against All Defendants)

44. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

45. California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

46. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

47. Defendant through the Subject Properties provide lodging to the general public in California is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, et seq.

48. The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

49. Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

50. The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, et seq. Plaintiffs are aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiffs from attempting to access and use Defendant's reservation services and hotels on several occasions. Therefore, Plaintiffs are entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

51. Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)

**(By Plaintiffs Against All Defendants)**

52. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

53. Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, provides:
    > No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

54. Defendant's hotels are sales establishments and public accommodations within the definition of Title III of the ADA. 42 U.S.C. §§ 12181(7)(E).

55. Defendant's websites are a service, privilege or advantage of Defendant's hotels.

56. Defendant's websites are a service that is by and integrated with these hotels.

57. Under section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

58. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

59. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, advantages, or accommodations; and
>
> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

60. The acts alleged herein constituted violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., and the regulations promulgated thereunder.

61. Patrons of Defendant's websites who are blind have been denied full and equal access to Defendant's websites, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

62. Defendant has failed to take any prompt or equitable steps to remedy its discrimination conduct; thus, these violations are ongoing.

### THIRD CAUSE OF ACTION

### (Declaratory Relief on Behalf of Plaintiffs)

63. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

64. An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendant denies, that by failing to provide a reservation service through the Websites that allows persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52

65. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly and so Plaintiffs requests relief as set forth below.

### PRAYER

**WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:**

- An Order certifying this Action as a class with Plaintiffs as the class representatives and Plaintiff's counsel as class counsel;

- A preliminary and permanent injunction enjoining Defendant from further violations of the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's reservation services allow persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels but Plaintiffs hereby expressly limits the injunctive relief to require that Defendant expend no more than $50,000 thereon;
- A declaration that at the commencement of this action Defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservation services found on the Websites allowed persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels, in violation of Title III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52.;
- Statutory damages pursuant to California Civil Code § 52(a), for Plaintiffs and each putative class member;
- For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);
- An order awarding Plaintiffs' post-judgement interest; and
- For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: April 16, 2018                                                         Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:    /s/ Matthew M. Loker
      MATTHEW M. LOKER, ESQ.
      ATTORNEY FOR PLAINTIFFS