UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, and THE ASSOCIATION 4 EQUAL ACCESS,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC, and DOES 1 to 50,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18-CV-435-JLS (BGS)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>(ECF No. 12) |

Presently before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint, ("MTN," ECF No. 12). Also before the Court is Defendant Evans Hotels LLC's Opposition to the Motion, ("Opp'n," ECF No. 17), and Plaintiffs' Reply in support of the Motion, ("Reply," ECF No. 18). The Court vacated the hearing on this Motion and took the matter under submission without oral argument. (ECF No. 19.) Having considered the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiffs filed a Complaint against Defendant under the California Unruh Civil Rights Act and the Americans With Disabilities Act. (First Amended Complaint, ("FAC"), ECF No. 1-2, at 15.)[1] Plaintiffs allege Defendant's websites "contain access barriers

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

preventing Plaintiffs, and other mobility-impaired individuals, from gaining full and equal access to the reservations services offered by Defendant." (*Id.* at 16.) Defendant's products therefore deny Plaintiff full and equal access to Defendant's reservation systems. (*Id.*) Defendant removed Plaintiffs' First Amended Complaint to this Court. (ECF No. 1.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

**ANALYSIS**

Plaintiffs seek leave to file a second amended complaint. Plaintiffs state their amended pleading will "further explain Plaintiffs' contentions and . . . add class allegations." (MTN 2.) Defendant responds that Plaintiffs' amendments are futile, untimely, in bad faith, and prejudicial.

First, Defendant argues the proposed class allegations are futile. In the second amended complaint, Plaintiffs seek to represent "all legally blind individuals in the United

2

18-CV-435-JLS (BGS)

States who have attempted to access Defendant's websites." (Second Amended Complaint, ("SAC"), ECF No. 12-3, ¶ 29.) For Plaintiffs' claims under California law, Plaintiffs seek to represent "a California subclass of all legally blind individuals in California who attempted to visit Defendant's websites." (*Id.*) Defendant argues this amendment would be futile because the class is not ascertainable and violates all four of the Federal Rule of Civil Procedure 23(a) requirements. (Opp'n 10–17.)

In response, Plaintiffs state they "intended to assert the allegations on behalf of all legally handicapped individuals" instead of all "legally blind individuals." (Reply 4 n.1.) Plaintiffs request leave to make this change. Plaintiffs argue the remainder of the futility arguments are better addressed at the class certification stage. The Court agrees with Plaintiffs; the argument that Plaintiffs have not pled an appropriate class is more appropriately analyzed at the class certification stage. *See Reiten v. Carruthers*, 8:13-cv-1305-SVW-AGRx, 2014 WL 12479962, at *2 (C.D. Cal. Feb. 28, 2014) (finding same); *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). However, because Plaintiff Rutherford has not asserted that he is blind, the Court finds it is more appropriate for him to seek to represent "all legally handicapped individuals" rather than all blind individuals. The Court permits Plaintiffs to make this change in their second amended complaint.

Next, Defendant argues Plaintiffs have failed to assert class action allegations until now and thus their proposal is untimely, in bad faith, and prejudicial. (Opp'n 17–20.) Plaintiffs argue their amendment is not untimely because the Scheduling Order allows the Parties to amend the pleadings until July 9, 2018, and Plaintiffs moved to do so before this date. (Reply 5.) Further, this action only began five months ago and the Parties have not yet engaged in discovery. (*Id.*)

The Court finds Plaintiffs did not "unduly" delay in attempting to amend their

3

18-CV-435-JLS (BGS)

complaint because this case is still early in litigation. *Contra McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (finding undue delay when the plaintiffs should have been aware of the additional claim when they filed their original complaint but waited until the trial date had been vacated to attempt to amend their complaint). Further, given the early procedural posture, the Court finds no bad faith in Plaintiffs' request to amend.

Finally, the Court finds no undue prejudice to Defendant. Again, discovery has not yet begun and Defendant has taken no depositions in this matter. Of course, the change from an individual action to a class action would cause more burden to any defendant, but this is not "undue" prejudice and does not lead to the denial of leave to amend.[2]

## CONCLUSION

In sum, Defendant has not met its burden in establishing why the Court should not grant Plaintiffs leave to amend under Rule 15(a)'s liberal amendment policy. Plaintiffs' Motion is **GRANTED.**

Plaintiffs **SHALL** file their amended complaint, with the change noted above, within fourteen (14) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: July 13, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[2] The Court also notes that Plaintiffs have previously filed an amended complaint, and prior amendments are a factor the Court may consider in analyzing leave to amend. However, Plaintiffs previously amended their complaint to modify "their prayer for relief to exclude the monetary limitations previously placed with respect to curing the subject websites and statutory damages sought." (Opp'n 8.) This is a different amendment than expressed in the current Motion. Further, Defendant was not required to answer the original complaint before the first amended complaint was filed. Thus, this factor does not weigh heavily in favor of denial of leave to amend here.