Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
Charles E.H. Gulley III, Bar No. 314073
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com
pgoode@klinedinstlaw.com
cgulley@Klinedinstlaw.com

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,<br><br>                    Plaintiffs,<br><br>         v.<br><br>EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50,<br><br>                    Defendants. | Case No.   18-CV-00435-JLS (BGS)<br><br>**DEFENDANT EVANS HOTELS, LLC'S OPPOSITION TO PLAINTIFFS JAMES RUTHERFORD AND THE ASSOCIATION 4 EQUAL ACCESS' MOTION TO STRIKE DEFENDANT EVANS HOTELS LLC'S AFFIRMATIVE DEFENSES**<br><br>Date:          October 25, 2018<br>Time:          1:00 p.m.<br>Courtroom:   4D<br>Judge:         Janis L. Sammartino<br>Magistrate Judge: Bernard G. Skomal<br>Complaint Filed:  2/26/18<br>Trial Date:    None set |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION. ....................................................................................1

II.  ARGUMENT ........................................................................................2

    A.   Rule 8(c) Only Requires That Defendants "State" Their Affirmative
        Defenses.........................................................................................2

    B.   Motions to strike affirmative defenses are disfavored. ...................3

    C.   Each of the twenty three affirmative defenses substantively
        addressed in Plaintiffs' motion are properly pled. ........................4

        1.   First Affirmative Defense: Failure to State a Claim. ........................4

        2.   Second Affirmative Defense: Statute of Limitations. ........................5

        3.   Third Affirmative Defense: *Res Judicata*/Collateral Estoppel. .........5

        4.   Seventh Affirmative Defense: Private Club or Establishment
            Exemption. ...................................................................................6

        5.   Eighth Affirmative Defense: Fundamental Alteration of
            Activities.......................................................................................7

        6.   Ninth Affirmative Defense: Undue Burden or Hardship—
            Cost; and Tenth Affirmative Defense: Undue Burden or
            Hardship—Compliance with Conflicting Laws and
            Regulations. ..................................................................................7

        7.   Eleventh and Thirty Sixth Affirmative Defenses: Injunctive
            Relief. ...........................................................................................8

        8.   Twelfth Affirmative Defense: Declaratory Relief
            Unavailable; and Thirteenth Affirmative Defense: Attorneys'
            Fees. .............................................................................................8

        9.   Fourteenth Affirmative Defense: Impracticability. ...........................9

        10.  Fifteenth Affirmative Defense: Alternative Means; Sixteenth
            Affirmative Defense: Mootness; Seventeenth Affirmative
            Defense: Equivalent Facilitation, Equivalent Service; and
            Nineteenth Affirmative Defense: No Denial of Access. ...................9

        11.  Twentieth Affirmative Defense: Failure to Mitigate........................10

        12.  Twenty-First Affirmative Defense: Excuse, Exemption,
            Justification. .................................................................................11

        13.  Twenty-Third Affirmative Defense: Unclean Hands.......................11

        14.  Twenty-Fourth Affirmative Defense: Good Faith. ..........................11

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

i

III.   SHOULD THE COURT STRIKE ANY AFFIRMATIVE DEFENSES,
       DEFENDANT SHOULD BE GRANTED LEAVE TO AMEND. .......................12

IV.    CONCLUSION. ...................................................................................................12

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT EVANS HOTELS, LLC'S OPPOSITION TO PLAINTIFFS JAMES RUTHERFORD AND THE
ASSOCIATION 4 EQUAL ACCESS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
18-CV-00435-JLS (BGS)

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

CDM Media USA, Inc. v. Simms,
   2015 U.S. Dist. LEXIS 70246, (N.D. Ill. 2015) ........................................ 11

Daingerfield Island Protective Society v. Babbit
   40 F.3d 442, 445 (D.C. Cir. 1994) ......................................................... 10

Dodson v. Gold Country Foods, Inc.,
   2013 WL 4970410,  (E.D. Cal. 2013) ..................................................... 10

Employers Ins. v. Musick. Peeler & Garrett,
   871 F.Supp. 381 (S.D. Cal. 1994) ............................................................ 8

Facebook, Inc. v. ConnectU, LLC,
   2007 U.S. Dist. LEXIS 104015, (N.D. Cal. 2007) ............................. 13, 14

First Fin. Sec., Inc. v. Freedom Equity Grp., LLC,
   2016 U.S. Dist. LEXIS 69996, (N.D. Cal. May 26, 2016) ...................... 15

Hernandez v. Balakian.
   2007 U.S. Dist. LEXIS 43680, (E.D. Cal. June 1, 2007) .......................... 9

Kholer v. Islands Rests., LP,
   80 F.R.D. 560, 568-569 (S.D. Cal. 2012) ............................................... 14

Kohler v. Islands Rests., LP,
   280 F.R.D. 560, 563-64 (S.D. Cal. 2012) ........................... 6, 10, 15, 16

Lentini v. Cal. Ctr. for the Arts, Escondido,
   370 F.3d 837, 845 (9th Cir. 2004) ......................................................... 12

Lobel v. Woodland Golf Club Auberndale,
   260 F.Supp.3d 127, 138-139 (D. Mass. 2017) ........................................ 11

Neilson v. Union Bank of Cal., N.A.,
   290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) .......................................... 6

Neveau v. City of Fresno,
   392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) .......................................... 6

P.G.A. Tour, Inc. v. Martin, 532 U.S. 661 (2001) ..................................... 12

Pickern v. 3 Stonedeggs,
   2014 WL 309552, at *1 (E.D. Cal. 2014) .......................................... 11, 13

Rapp v. Lawrence Welk Resort,
   2013 U.S. Dist. LEXIS 11966, at *8 (S.D. Cal. 2013) ........................ 8, 12

Saniefar v. Moore,
   2018 U.S. Dist. LEXIS 101705, (S.D. Cal. 2012) ................................... 17

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

iii

*SEC v. Sands,*
  902 F.Supp. 1149, 1166 (C.D. Cal. 1995)..........................................8, 17

*Simmons v. Navajo County,*
  609 F.3d 1011, 1023 (9th Cir. Ariz. 2010)..........................................7, 11

*Solis v. Zenith Capital, LLC,*
  2009 U.S. Dist. LEXIS 43350........................................................8

*U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.,*
  348 Fed. Appx. 208, 210 (9th Cir. 2009) ........................................11

*Vogel v. Autozone Parts, Inc.*
  2013 WL 1295905 (C.D. Cal. 2013) ........................................10, 12, 15

*Wailua Assocs. v. Aetna Cas. & Sur. Co.,*
  183 F.R.D. 550, 554 (D. Haw. 1998) ........................................6

*Wang v. Golf Tailor, LLC,*
  2017 U.S. Dist. LEXIS 182839, at *10-12 (N.D. Cal. Nov. 3, 2017..........8

*Weddle v. Bayer AG Corp.,*
  2012 U.S. Dist. LEXIS 40978, (S.D. Cal. 2012) ........................................17

*Willson v. Bank of Am., N.A.,*
  2004 U.S. Dist. LEXIS 16353, at *13 (N.D. Cal. Aug. 12, 2004.)................9

*Wyshak v. City Nat'l Bank,*
  607 F.2d 824, 827 (9th Cir. 1979)................................................7, 10

**Statutes**

42 U.S.C. § 12181 ........................................................................16

Fed. R. Civ. P. 12 ........................................................................9

Fed. R. Civ. P. 8 ........................................................................10

Fed. R. Civ. P. 84 ........................................................................9

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT EVANS HOTELS, LLC'S OPPOSITION TO PLAINTIFFS JAMES RUTHERFORD AND THE
ASSOCIATION 4 EQUAL ACCESS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
18-CV-00435-JLS (BGS)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## I.   **INTRODUCTION.**

In the instant motion, filed without any attempt to meet and confer, Plaintiffs JAMES RUTHERFORD and ASSOCIATION 4 EQUAL ACCESS ("Plaintiffs") ask this Court to strike every affirmative defense plead in EVANS HOTEL, LLC's ("Defendant") Answer to the Second Amended Complaint ("SAC").  *See* Declaration of Nadia P. Bermudez ("Bermudez Decl.") filed concurrently herewith, at ¶ 1 (citing ECF No. 22 (Answer to the SAC)).   Notably, Defendant's Answer contains virtually the same affirmative defenses contained in an earlier filed Answer, which was filed without any objection by Plaintiffs.  *Id.* at ¶ 2 (citing ECF Nos. 2, 22). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *accord Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 563-64 (S.D. Cal. 2012); *see also Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ("Motions to strike are disfavored and infrequently granted.").  In determining a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party.  *See Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998).

Furthermore, Plaintiff RUTHERFORD and his counsel have previously, and unsuccessfully, litigated a Motion to Strike in a copy-cat of this same lawsuit (alleging Plaintiffs were denied full, equal, and independent access to reservations offered via Defendant's websites) just weeks ago, in which the Hon. Cormac J. Carney, U.S. District Judge for the Central District of California, found: "[t]he Court therefore finds itself in accord with other district courts that have questioned the utility of motions like these, and will DENY Plaintiffs' motion to strike."  See, Bermudez Decl., ¶ 5; Exhibit "A" [*Rutherford, et al. v. The Resort Pelican Hill, LLC*, 18-cv-560-CJC-KES (C.D. Cal. June 5, 2018, ECF No. 20).]  Indeed, Plaintiff RUTHERFORD has filed hundreds of lawsuits throughout the country. *Id.* at ¶ 6.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Plaintiffs do not even attempt to show prejudice, nor is it believable that they suffer any by the inclusion of these affirmative defenses; especially because these same affirmative defenses were alleged in the Answer filed on February 26, 2018 to the original complaint. *Id.* at ¶ 7 (citing ECF Nos. 2, 22).  In contrast, Defendants will suffer unfair prejudice if Plaintiffs' motion is granted, as Defendants will be forced to waive potentially meritorious defenses. *Id.* at ¶ 8. Contrary to Plaintiffs' conclusory assertions, each of Defendants' affirmative defenses are sufficiently pled, and provide fair notice.  *Id.* at ¶ 9. Nevertheless, **in an effort to address Plaintiffs' concerns, Defendants do not oppose the Court's dismissal of their eighteenth (*de minimus* violations), twenty-second (third party), twenty-fifth (third party responsible), twenty-sixth (comparative fault), and thirty-seventh (additional defenses) affirmative defenses without prejudice**  With regard to their remaining affirmative defenses, Defendants respectfully request that Plaintiffs' motion to strike be denied.

## II.  ARGUMENT

### A.  Rule 8(c) Only Requires That Defendants "State" Their Affirmative Defenses.

The sufficiency of a pleaded affirmative defense is governed by Federal Rule of Civil Procedure 8(c), which requires only that the pleader "state" such defenses. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *citing Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).  In contrast, complaints are subject to the higher standard of Rule 8(a)(2), which requires a statement of facts "showing that the pleader is entitled to relief." Rule 8 does not require that the pleader of an affirmative defense make any factual 'showing.' Thus, the Ninth Circuit continues to apply the 'fair notice' standard of *Wyshak. See e.g. Simmons v. Navajo Count*y, 609 F.3d 1011, 1023 (9th Cir. Ariz. 2010).

This approach accords with recent decisions in the Southern District, where the Court has applied traditional fair notice pleading standard to affirmative defenses. *See*

*e.g. Rapp v. Lawrence Welk Resort*, 2013 U.S. Dist. LEXIS 11966, at *8 (S.D. Cal. 2013).  Under the fair notice standard, a defendant need only "state the nature and grounds for the affirmative defense" in order to survive a motion to strike.  *Id.*

## B.   <u>Motions to strike affirmative defenses are disfavored.</u>

As Plaintiffs point out, "the purpose of a Rule 12(f) motion is to avoid unnecessary expenditures that arise throughout litigation."  *See* Moving Papers ("Mot"), 2:11-12 (citing *Wang v. Golf Tailor, LLC*, 2017 U.S. Dist. LEXIS 182839, at *10-12 (N.D. Cal. Nov. 3, 2017.)   Plaintiffs' motion, however, cuts against this purpose, as it needlessly wastes the time, effort, and resources of all involved by litigating spurious procedural issues.

As the Central District explained in *S.E.C. v. Sands*:

> To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.

902 F.Supp. 1149, 1165 (C.D. Cal. 1995) (internal quotations omitted).  In other words, the challenged material must have "no possible bearing on the controversy." *Employers Ins. v. Musick. Peeler & Garrett*, 871 F.Supp. 381, 391 (S.D. Cal. 1994). Because motions to strike are generally regarded with disfavor, courts often require "a showing of prejudice by the moving party" before granting the requested relief.  *SEC v. Sands*, 902 F.Supp. 1149, 1166 (C.D. Cal. 1995); *see also Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350, at *7. Here, Plaintiffs have wholly failed to establish that there are no questions of fact, that under no set of circumstances could the defenses succeed, that the defenses have no bearing on the controversy, or that Plaintiffs will suffer actual prejudice.  If this Court were to grant the motion, it would be an open invitation for all plaintiffs to reflexively file motions to strike in response to an answer. Thus, their motion should be denied.

/ / /

/ / /

- 3 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**C.**     <u>Each of the twenty three affirmative defenses substantively addressed in Plaintiffs' motion are properly pled.</u>

In their motion, Plaintiffs substantively address twenty-three affirmative defenses. These arguments are considered below, in the same order that they appear in Plaintiffs' motion.

**1.**     **First Affirmative Defense: Failure to State a Claim.**

Plaintiffs' contention that "failure to state a claim for relief" is not an affirmative defense is simply incorrect. Indeed, Fed. R. Civ. P. 12 expressly provides that "[f]ailure to state a claim upon which relief may be granted . . . may be raised *in any pleading* allowed or ordered under Rule 7 (a)." *See* Fed. R. Civ. P. 12(h)(2)(A) (emphasis added). An answer is among the pleading enumerated in Rule 7(a). Furthermore:

> The Federal Rules of Civil Procedure offer failure to state a claim as a model affirmative defense. Fed. R Civ. P. Form 20; Fed. R. Civ. P. 84 (providing that the examples in the forms satisfy the Federal Rules of Civil Procedure).

*Willson v. Bank of Am., N.A.,* 2004 U.S. Dist. LEXIS 16353, at *13 (N.D. Cal. Aug. 12, 2004.) Although the court in *Quintana v. Baca* reached a conclusion contrary to the implications of, *inter alia*, Rules 7, 12, and 84, the *Quintana* rationale was specifically considered and rejected in *Hernandez v. Balakian. See* 2007 U.S. Dist. LEXIS 43680, at *4-5 (E.D. Cal. June 1, 2007). Additionally, Plaintiffs' failure to show any measure of prejudice resulting from Defendants' inclusion of this affirmative defense is fatal. *See Wilson,* 2004 U.S. Dist. LEXIS 16353, at *13 (N.D. Cal. Aug. 12, 2004) (recognizing that failure to state a claim is a model affirmative defense under Fed. R. Civ. P. Form 20 *and* that "even if the claims are repetitive, [plaintiff] has shown no prejudice."). Consequently, the Federal Rules, Ninth Circuit jurisprudence, and common practice, provide the Court has ample support to deny Plaintiffs' motion.

- 4 -

### 2. Second Affirmative Defense: Statute of Limitations.

Plaintiffs argue that Defendants' second affirmative defense should be stricken because it is "entirely unintelligible" and fails to provide sufficient facts. *See* Mot, at 4:21-23. Plaintiffs' objection is grossly overstated, and the defense should not be stricken. First, Defendants' pleading the particular statutes upon which they rely gave sufficient notice of the bases for this affirmative defense. *See Vogel v. Autozone Parts, Inc.* 2013 WL 1295905 (C.D. Cal. 2013). Second, under the controlling case law, Defendants are not required to do any more than this. Indeed, the statute of limitations defense can be raised by simply alleging that "this claim is barred by the statute of limitations." *See e.g. Kohler v. Bed Bath & Beyond of Cal., LLC, 2012 WL 424377,* at 91 (C.D. Cal. 2012) (holding, in ADA disability access cases, that the "statute of limitations defense was properly pled by its bare assertion."). It is not even necessary to identify the particular statute relied upon to give Plaintiff "fair notice" of a limitations defense. *See, e.g., Dodson v. Gold Country Foods, Inc.,* 2013 WL 4970410, at *3 (E.D. Cal. 2013) (; *accord Daingerfield Island Protective Society v. Babbit* 40 F.3d 442, 445 (D.C. Cir. 1994); *see also* Fed. R. Civ. P. 8(c)(1) (enumerating statute of limitations as a recognized defense).

### 3. Third Affirmative Defense: *Res Judicata*/Collateral Estoppel.

*Res judicata* is a proper affirmative defense. Fed. R. Civ. P. 8(c)(1). Nevertheless Plaintiffs argue the defense should be stricken because, for example, "Evans fails to provide facts regarding any previous action filed by either Plaintiff, or any other individual, that would have an effect upon this action." Mot, at 5:20-22 (citing, *inter alia*, the fair notice standard articulated in *Wyshak,* 607 F.2d at 827.) Plaintiffs' argument is misguided, however, because it seeks to extend the *Twombly/Iqbal* pleading standard to this affirmative defense and nearly all others under attack in Plaintiffs' motion. But such is not the law of the Ninth Circuit. To the contrary, "the Ninth Circuit has continued to recognize the 'fair notice' standard of affirmative defense pleading even after *Twombly* and *Iqbal*." *See Simmons v.*

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

*Navajo,* 609 F.3d 1011, 1023 (9th Cir. 2010); *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 348 Fed. Appx. 208, 210 (9th Cir. 2009). Moreover, Plaintiffs are completely aware that their example is disingenuous, as Plaintiff RUTHERFORD has collectively filed over one hundred of disability access suits throughout the Central and Southern Districts of California, and Northern District of Illinois. Lastly, Courts have found no prejudice where the affirmative defense of *res judicata,* despite a robust factual explanation for raising the defense, is left unstricken. *See, e.g., CDM Media USA, Inc. v. Simms,* 2015 U.S. Dist. LEXIS 70246, at *7-8 (N.D. Ill. 2015) ("CDM may well be right: in the end, Simms may not be able to establish *res judicata* for any of CDM's claims. But Simms has not conceded the point, [] and there is no harm in letting this defense remain in the case. If there are truly no facts to support *res judicata*, then there is none to discover and thus no reason to assume that Simms will press the issue moving forward."). Similarly, Plaintiffs here cannot make a thresholding showing of prejudice, as they are required to. *Pickern v. 3 Stonedeggs*, 2014 WL 309552, at *1 (E.D. Cal. 2014).

### 4.    Seventh Affirmative Defense: Private Club or Establishment Exemption.

Next, Plaintiffs argue that Defendants' seventh affirmative defense should be stricken because it is "entirely unintelligible and does not cite to which exemption may apply or why said exemption is at issue." Mot, at 6:12-17. However, Defendants clearly identify that that "Plaintiffs may not pursue a claim *under the Americans with Disabilities Act* against Evans Hotels because Evans Hotels is subject to exemption[,]" noting specifically, in the heading, the "Private Club or Establishment Exemption." Answer, at 15:2-5. On balance, Plaintiffs were provided fair notice. (*Cf. Lobel v. Woodland Golf Club Auberndale*, 260 F.Supp.3d 127, 138-139 (D. Mass. 2017) (finding that defendant's "private club" exemption was properly pleaded, noting that "courts have found a party to have "effectively raised [an affirmative] defense in their Answer" solely through the explicit denial of the

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    relevant allegations."). Notwithstanding the fact that the private club or

2    establishment exemption is well-established, *see P.G.A. Tour, Inc. v. Martin,* 532

3    U.S. 661 (2001), Defendants' denial of the claim on this basis was sufficient to place

4    Plaintiffs on notice.

5        **5.**    **Eighth Affirmative Defense: Fundamental Alteration of**

6               **Activities.**

7          Contrary to Plaintiffs' argument, fundamental alteration is a legally sufficient

8    and cognizable affirmative defense. *See Lentini v. Cal. Ctr. for the Arts, Escondido*,

9    370 F.3d 837, 845 (9th Cir. 2004); *see also Rapp v. Lawrence Welk Resort*, 2013 U.S.

10   Dist. LEXIS 11966, *15. For this reason, this affirmative defense should not be

11   stricken.

12       **6.**    **Ninth Affirmative Defense: Undue Burden or Hardship—**

13              **Cost; and Tenth Affirmative Defense: Undue Burden or**

14              **Hardship—Compliance with Conflicting Laws and**

15              **Regulations.**

16         Once again, Plaintiffs argue that undue burden or hardship (because of cost

17   and/or compliance with conflicting laws and regulations) is not an affirmative

18   defense. Mot, at 7:8-28. Again, they are mistaken. 28 C.F.R. § 36.303 expressly

19   provides that a public accommodation is not required to take certain steps if

20   defendants can demonstrate that taking such steps "would result in an undue burden,

21   *i.e., significant difficulty or expense*." (Emphasis added). Thus, Defendant has placed

22   Plaintiffs on notice of its entitlement to show that an undue burden may result,

23   despite a finding that an accommodation is otherwise required. Within the context of

24   disability access suits, such pleading is sufficient. *See, e.g., Vogel v. Linden*

25   *Optometry APC*, 2013 U.S. Dist. LEXIS 64463, *16 (C.D. 2013) (denying plaintiffs

26   motion to strike the affirmative defense of undue burden or hardship in an ADA

27   matter seeking damages, injunctive and declaratory relief, and attorneys' fees).

28

7.    **Eleventh and Thirty Sixth Affirmative Defenses: Injunctive Relief.**

Plaintiff's prayer for injunctive relief is not specific.  *See* SAC, at 16:1-8 (seeking "[a] preliminary and permanent injunction enjoining Defendant from further violations of the Unruh Act, Civil Code §51 *et seq. requiring Defendant to take the steps necessary to ensure that Defendant's reservation services allow persons with mobility impairments to independently identify accessible features of Defendant's hotels and independently reserve accessible rooms in those hotels*…") (emphasis added).  In response, Defendant's Answer raises the defenses that the injunctive relief sought is too vague, overly broad, unduly subjective, or unwarranted.  *See* Answer, at 16:5-9; 22:3-6.  Plaintiffs now move to strike both defensed, arguing that neither are true affirmative defenses.  Mot., at 8:3-8.  However, striking these defenses on this basis would unduly prejudice Defendants.  Indeed, courts have recognized that although, "[o]n occasion, some of the 'defenses' alleged may not even be true affirmative defense[s], but instead relate to the elements of plaintiff's claims," striking such defenses "almost inevitably is a less efficient way of moving towards a resolution on the merits."  *See Facebook, Inc. v. ConnectU, LLC,* 2007 U.S. Dist. LEXIS 104015, at \*7-8 (N.D. Cal. 2007).  Accordingly, the purpose of Rule 12(f) would be amply frustrated because "[e]ven if [Plaintiffs' motion] was granted as a result of the technical deficiencies in the pleading, leave to amend would be required under nearly all conceivable circumstances."  Moreover, and as discussed herein, Plaintiffs again fail to articulate any actual prejudice that would befall them should the Court decline striking Defendant's Answer.  Consequently, Plaintiffs' motion must be denied.  *Pickern v. 3 Stonedeggs*, 2014 WL 309552, at \*1 (E.D. Cal. 2014).

8.    **Twelfth Affirmative Defense: Declaratory Relief Unavailable; and Thirteenth Affirmative Defense: Attorneys' Fees.**

Again, Plaintiffs move to strike Defendant's Twelfth and Thirteenth affirmative defenses arguing, solely, that neither are true affirmative defenses.  Mot, at 8: 9-22.

- 8 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Here, Plaintiffs raise the same arguments in opposition to striking its Eleventh and Thirty-Sixth defenses.  Specifically, Plaintiffs identify no conceivable prejudice related to the inclusion of these defenses.  In effect, Plaintiffs' motion only serves to exhaust the time and resources of this Court, and the parties.  Plaintiffs' motion must be denied.  *Facebook, Inc.,* 2007 U.S. Dist. LEXIS 104015, at *7-8; *Pickern,* 2014 WL 309552, at *1.

### 9.    Fourteenth Affirmative Defense: Impracticability.

Structural impracticability is a recognized defense against ADA claims where "unique characteristics of the terrain prevent the incorporation of accessibility features."  *See Kholer v. Islands Rests., LP,* 280 F.R.D. 560, 568-569 (S.D. Cal. 2012) (quoting 28 C.F.R. §36.401(c)).  By contrast, the DOJ has not developed analogous ADA regulations specifically pertaining to internet websites.  Accordingly, Defendant raised the defense of impracticability, noting that Plaintiffs' ADA claims may request impracticable relief.  Answer, at 16:23-28.  Plaintiffs argue the defense should be stricken for failure to plead sufficient facts.  *See* Mot., at 8:25-9:5.  As discussed, this argument seeks to apply the notice pleading standards of *Twombly/Iqbual* to affirmative defense pleading, which is improper.  Moreover, until the DOJ establishes guidelines specific to websites, courts should apply traditional ADA affirmative defenses to websites when it makes sense to do so, as it does here, because the relief Plaintiffs seek may indeed be technically infeasible.  Plaintiffs also fail to identify any conceivable prejudice related to the inclusion of this defenses.  As discussed, this defect is fatal.  *Pickern,* 2014 WL 309552, at *1.

### 10.    Fifteenth Affirmative Defense: Alternative Means; Sixteenth Affirmative Defense: Mootness; Seventeenth Affirmative Defense: Equivalent Facilitation, Equivalent Service; and Nineteenth Affirmative Defense: No Denial of Access.

Plaintiffs move to strike Defendant's Fifteenth, Sixteenth, and Seventeenth affirmative defenses, arguing that each is either "too vague," "lack[s] specificity," and,

- 9 -

1    therefore, fails to provide sufficient notice. *See* Mot., at 9:7-10:3, 10:11-17. Such

2    arguments are unavailing, however, because the details Plaintiffs seek are not required to

3    give fair notice. Specifically, courts routinely permit each of these well-established

4    defenses, leaving the facts to be developed during discovery. *See, e.g., Vogel,* 2013 WL

5    1831686 (C.D. Cal. 2013) (denying plaintiff's motion to strike defendant's alternative

6    means and fundamental alterations defenses even though the defense provided "no

7    factual support in any way"); *Kohler v. In-N-Out Burgers*, 12-cv-5054-GHK, at ECF. No.

8    20 (C.D. Cal. 2012) (same); *Rapp,* 2013 U.S. Dist. LEXIS 11966, at *8 ("Defendants

9    do not have to identify each individual barrier. Fair notice is given since they have

10   alleged the basis for the mootness defense—the remediation of the alleged

11   accessibility barriers"); *Kohler v. Big 5 Corp.* ("*Kohler II*"), 2012 U.S. Dist. LEXIS

12   62264 at *12-13 (recognizing a similarly pled equivalent facilitation affirmative

13   defense as proper under the ADA and California's Unruh Act). Moreover, at this stage

14   of the litigation, there is no way for Defendant to provide any additional information, as

15   each defense contemplates a dialogue between Plaintiffs and Defendants so Defendant

16   can provide, if necessary, solutions tailored to Plaintiffs' particularized needs.

17                **11.     Twentieth Affirmative Defense: Failure to Mitigate.**

18        The court in *Kohler* also denied plaintiff's motion to strike defendant's affirmative

19   defense of failure to mitigate. *Kohler*, 2012 U.S. Dist. LEXIS 16048, at *3-8. Although

20   the failure to mitigate doctrine operates to reduce damages rather than as a barrier to

21   liability, it is still considered an affirmative defense. *See, e.g., ALLTEL Info. Servs., Inc.*

22   *v. F.D.I.C.*, 194 F.3d 1036, 1044 (9th Cir. 1999) (considering the "Affirmative Defense

23   of Failure to Mitigate"); *see also First Fin. Sec., Inc. v. Freedom Equity* Grp., LLC, No.

24   15-1893, 2016 U.S. Dist. LEXIS 69996, , at *3 (N.D. Cal. May 26, 2016) (considering

25   "the tenth affirmative defense, failure to mitigate damages").

26   / / /

27   / / /

28   / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT EVANS HOTELS, LLC'S OPPOSITION TO PLAINTIFFS JAMES RUTHERFORD AND THE
ASSOCIATION 4 EQUAL ACCESS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
18-CV-00435-JLS (BGS)

12.    **Twenty-First Affirmative Defense: Excuse, Exemption, Justification.**

In attempting to strike this affirmative defense, Plaintiffs ignore their state law claim. Indeed, Plaintiffs do not rely exclusively on the federal ADA to prove their state law claims; they also rely on the California Unruh Act. *See, generally,* SAC. Thus, excuse, exemption, and legitimate business justifications are legitimate defenses to Plaintiffs' Unruh causes of action. *See Kohler v. BBB*, 2012 WL 424377, at *2 (finding defendant's "Seventh and Tenth Affirmative Defenses, good faith and legitimate business purpose, are properly plead and could potentially relate to Plaintiff's state law claims or claims for punitive damages."). Plaintiffs' motion to strike this affirmative defense, is, therefore, properly denied on this basis.

13.    **Twenty-Third Affirmative Defense: Unclean Hands.**

In *Rapp v. Lawrence Welk Resort*, 2013 U.S. Dist. LEXIS 11966, *7-8 (S.D. Cal 2013), plaintiff alleged that a resort property violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., California Health & Safety Code § 19955 et seq., the Unruh Act, among other claims. In response to a motion to strike affirmative defenses filed by Plaintiffs, the district court ruled that "[b]ased on the fair notice standard, however, details of fact are not required in an affirmative defense [of unclean hands]." Rapp, 2013 U.S. Dist. LEXIS 11966, *7-8. As such, this affirmative defense is properly pled.

14.    **Twenty-Fourth Affirmative Defense: Good Faith.**

At least four California district courts have refused to strike a defendant's affirmative defense of good faith in the context of ADA cases. *See Kohler*, 280 F.R.D. at 569-71, *Figueroa v. Islands Rests. L.P.*, 2012 U.S. Dist. LEXIS 89422, at *4-5, 7-9, 12; *Kohler v. Bed Bath & Beyond of Cal., LLC*, 2012 U.S. Dist. LEXIS 16048, at *3-8, and *Kohler v. In-N-Out Burgers*, 12-cv-5054-GHK (C.D. Cal. 2012). For these reasons, Plaintiffs' threadbare argument that the affirmative defense of good faith fails, as a matter of law, *see* Mot., at 12:24-13:4, is meritless. Plaintiffs' motion should be

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  denied.

2  **III.    SHOULD THE COURT STRIKE ANY AFFIRMATIVE DEFENSES,**

3  **DEFENDANT SHOULD BE GRANTED LEAVE TO AMEND.**

4       Should the Court order that any of Defendant's affirmative defenses be

5  stricken, Defendant respectfully requests that it be granted leave to amend its

6  affirmative defenses.

7  **IV.    CONCLUSION.**

8       Motions to strike affirmative defenses are disfavored in the Ninth Circuit

9  because they are often employed as dilatory and harassing tactics.  *Solis*, 2009 U.S.

10  Dist. LEXIS 43350 at 7.  It is for this reason that courts require a showing of

11  prejudice by the moving party.  *Sands*, 902 F.Supp. at 1166; *Hernandez v. Balakian,*

12  No. CV-F-06-1383 OWW/DLB, 2007 U.S. Dist. LEXIS 43680 at *1 (E.D. Cal.

13  2007) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and

14  Procedure § 1381 (3d ed.) ("'even when technically appropriate and well-founded,

15  Rule 12(f) motions often are not granted in the absence of a showing of prejudice to

16  the moving party.'"); see also *Weddle v. Bayer AG Corp*., No. 11-CV-817JLS (NLS),

17  2012 U.S. Dist. LEXIS 40978, 2012 WL 1019824, at *4 (S.D. Cal. 2012) ("Denials

18  that are improperly pled as defenses should not be stricken on that basis alone.");

19  *Saniefar v. Moore*, 2018 U.S. Dist. LEXIS 101705, *10 (S.D. Cal. 2012) (same).

20       Notwithstanding the foregoing, Plaintiffs move to strike all thirty-three of

21  Defendant's affirmative defenses, yet their moving papers are devoid of any attempt

22  to demonstrate any level of prejudice.  These are the same affirmative defenses that

23  were filed in February of this year in response to an earlier version of the complaint.

24  Defendant Evans Hotels' affirmative defenses are sufficiently pleaded, and Plaintiffs'

25  papers consistently cites to inapposite, non-binding, and even contradictory legal

26  / / /

27  / / /

28  / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   authority.  Plaintiffs' motion serves no useful purpose and should be denied in its

2   entirety.

3

4                                        KLINEDINST PC

5

6

7   DATED: October 11, 2018          By:  /s/Nadia P. Bermudez

8                                        Nadia P. Bermudez
                                         Patrick J. Goode II
9                                        Charles E.H. Gulley III
                                         Attorneys for Defendant
10                                       EVANS HOTELS, LLC

11  17424981v1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT EVANS HOTELS, LLC'S OPPOSITION TO PLAINTIFFS JAMES RUTHERFORD AND THE
ASSOCIATION 4 EQUAL ACCESS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
18-CV-00435-JLS (BGS)