UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC, et al.,<br><br>Defendants. | Case No.: 18cv435-JLS(MSB)<br><br>**ORDER REGARDING DISCOVERY DISPUTE ON PLAINTIFF'S PROPOSED RULE 30(b)(6) DEPOSITION TOPICS [ECF NO. 36]** |

On November 6, 2018, the parties called the Court regarding a discovery dispute. The Court issued a briefing schedule, and the parties timely filed their respective motions [ECF Nos. 36, 37]. For the reasons set forth below, the Court construes Defendant's request for an Order Limiting the Scope of 30(b)(6) Deposition Topics as a Motion for Protective Order, and **GRANTS in part** and **DENIES in part** the motion. Defendant's request for leave to file a Motion for Protective Order is **DENIED** as moot.

## I.  FACTUAL BACKGROUND

Plaintiffs James Rutherford and The Association 4 Equal Access are alleging violations of the California Unruh Civil Rights Act and Title III of Americans with Disabilities Act ("ADA").  (See Second Am. Compl., ECF No. 21.)  Defendant manages three hotel properties:  The Lodge at Torrey Pines, the Catamaran Resort Hotel and Spa, and the Bahia Resort Hotel.  (Id. at 9.)  Plaintiffs are alleging that Plaintiff Rutherford

1

visited the websites of the Defendant's hotel properties, did not see accessibility information on the websites, and therefore did not make a reservation at any of the hotels. (Id. at 8-9.) Plaintiffs bring this action "on behalf of themselves, and on behalf of all others similarly situated pursuant to Federal R. Civ. P. 23(a)(b)(2), and alternatively, (b)(3), on behalf of all legally disabled individuals in the United States who have attempted to access Defendant's websites." (Id. at 11.) For the claims under California law, Plaintiffs seek to represent a "California subclass of all legally disabled individuals in California who attempted to visit Defendant's websites." (Id.)

Plaintiffs are seeking a Rule 30(b)(6) deposition with regard to Defendant's employment practices and its physical facilities. In the instant motion, Defendant seeks to preclude or limit the scope of the proposed deposition topics, or obtain leave to file a Motion for Protective Order.

The parties contacted Magistrate Judge Skomal on November 2, 2018, in order for the Defendant to seek leave to file a Motion for a Protective Order. On November 6, 2018, prior to Magistrate Judge Skomal ruling on Defendant's request for leave to file a Motion for a Protective Order, the case was reassigned to Magistrate Judge Michael S. Berg.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial to be discoverable. Id. District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery

sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party has had ample opportunity to obtain discovery; or the discovery sought is beyond the scope of Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1).

The Ninth Circuit has explained that "[d]istrict courts have broad discretion to control the class certification process, and 'whether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'" Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) (quoting Kamm v. Cal. City Dev. Co., 509 F2d. 205, 209 (9th Cir. 1975)). "The plaintiff in a class action 'bears the burden of . . . showing that . . . discovery is likely to produce substantiation of the class allegations[]' . . . Once this showing is made, it is an abuse of discretion to deny precertification discovery." Perez v. Safelite Grp. Inc., 553 F. App'x 667, 668-69 (9th Cir. 2014) (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985) and Doninger v. Pac. Nw. Bell, Inc., 564 F. 2d 1304, 1313 (9th Cir. 1977)); see also Franco v. Bank of Am., No. 09cv1364–LAB (BLM), 2009 WL 8729265, at *3 (S.D. Cal. Dec. 1, 2009) (citing Mantolete, 767 F.2d at 1424) ("While courts generally allow plaintiffs to obtain discovery from defendants related to class certification issues, plaintiffs bear the burden of showing that such discovery is likely to produce substantiation of the class allegations.").

Discovery in a putative class action at the pre-certification stage is generally limited to such certification issues as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the

class. Gusman v. Comcast Corp., 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citation omitted). "Although discovery on the merits is usually deferred until it is certain that the case will proceed as a class action, the merits/certification distinction is not always clear," because the facts that are relevant to the class determination frequently overlap with the facts that are relevant to the merits of the case. Id. (citing Wal-Mart Stores Inc. v. Dukes, 564 U.S. 338, 351 (2011) (explaining that often the "rigorous analysis" under Rule 23(a) "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.")).

Federal Rule of Civil Procedure 30(b)(6) allows a party to depose an entity. Fed. R. Civ. P. 30(b)(6). The party seeking the deposition must describe with reasonable particularity the matters for examination. Id. The entity must then designate one or more persons to testify. Id. The designees must testify about information known or reasonably available to the organization. Id.

Federal Rule of Civil Procedure 26(c) allows a party or person from whom discovery is sought to move for a protective order. Fed. R. Civ. P. 26(c). For good cause, the court may issue an order to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense. Id.

### III. DISCUSSION

Defendant seeks leave to file a Motion for a Protective Order or, alternatively, asks the Court to issue an order limiting the scope of Plaintiff's proposed Rule 30(b)(6) deposition topics.

**A. Defendant's Request for Leave to File a Motion for Protective Order.**

On November 2, 2018, the parties met and conferred regarding their discovery dispute. At that time, the parties were unable to resolve their differences and the Defendant sought leave to file a Motion for a Protective Order. The "proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." Beach Mart, Inc. v. L & L Wings, Inc., 302 F.R.D. 396, 406 (E.D.N.C. 2014); Rembrandt Diagnostics, LP v. Innovacon, Inc., No. 16-CV-

4

18cv435-JLS(MSB)

0698 CAB (NLS), 2018 WL 692259, at *3 (S.D. Cal. Feb. 2, 2018); see also Fed R. Civ. P. 30(d)(3).

The Defendant was timely in the request, however, this case was reassigned from Magistrate Judge Bernard G. Skomal to Magistrate Judge Michael S. Berg prior to the Defendant being given an opportunity to be heard with regard to filing the motion. In Defendant's brief regarding the dispute on the topics for deposition, Defendant lays out with specificity which topics should be limited and the reasoning why. Under these circumstances, and to both conserve judicial resources and to expedite the resolution of this discovery dispute, the Court will construe Defendant's arguments in the previously filed brief [ECF No. 36] as a Motion for a Protective Order. As the Court rules on all of the Defendant's disputed topics below, the Court **DENIES** the Defendant's request for leave to file a Motion for a Protective Order as moot.

**B.     Defendant's Motion for Protective Order.**

**1.     Defendant seeks to limit the scope of the following topics as overbroad and unreasonable:**

   a. **Proposed Topic 1**: The allegations of the Operative Complaint in this action. Defendant objected that the topic is unclear and may involve attorney-client privilege and work product doctrine.
   **Plaintiff's response**: Plaintiff is requiring the testifying witness to discuss the physical features of the accessible rooms; the manner in which these physical features were presented to Plaintiffs and the putative class members through Evans' Hotels websites; and, the online reservation system.

   **Ruling**: The Court finds Defendant's refusal to provide discovery on this basis to be without merit. Defendant's objection to this topic do not relieve it of its burden to produce relevant, discoverable information. Since Plaintiff has set forth specific areas of questioning, the Court **DENIES** Defendant's motion with respect to this topic.

///

b. **Proposed Topic 10**: Facts or documents that support any affirmative defense relied upon or asserted by Defendant. Defendant objected that the request is vague, ambiguous, overbroad, and might invade attorney-client privilege and work-product doctrine.
**Plaintiff's response**: Defendant either needs to produce a witness to discuss the factual basis for Defendant's affirmative defenses or withdraw the affirmative defenses relied upon.

**Ruling**: Due to the fact that the topic is overbroad, burdensome, and potentially calls for a legal conclusion, the **GRANTS** Defendant's motion as to this topic.

c. **Proposed Topic 11**: Defendant's responses to Plaintiff's written discovery requests.
**Plaintiff's response**: None filed.

**Ruling**: Although Plaintiff was provided with an opportunity to do so, he did not address this topic in his "Responses to Defendant Evans Hotels, LLC's Objections to Plaintiffs' Amended Notice of Taking Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)." (See ECF No. 37.) Under Civil Local Rule 7.1(f)(3)(c), the Court has discretion to deem Plaintiff's failure to address Defendant's objections as "consent to the granting of the motion or other request for ruling by the court" and to grant the motion or request as unopposed. See S.D. Civ. L. R. 7.1(f)(3)(c); see also Dewidar v. Nat'l R.R. Passenger Corp., Case No.: 17cv62-CAB(RBB), 2018 WL 280023, at *3 (S.D. Cal. Jan. 3, 2018); Matlink, Inc. v. Home Depot U.S.A., Inc., No. 07cv1994–DMS (BLM), 2008 WL 8504767, at *1 (S.D. Cal. Oct. 27, 2008). Accordingly, the Court exercises its discretion and **GRANTS** Defendant's motion with respect to Topic 11.

d. **Proposed Topic 17**: The conduct of Defendant in responding to Plaintiff's written discovery requests in this matter.
**Plaintiff's response**: Plaintiff has withdrawn this topic.

**Ruling**: As the Plaintiff has withdrawn this topic, no action by the Court is necessary.

///

**2.    Defendant seeks to limit the following topics to actual issues in this case and alleged violations of 28 CFR § 36.302(e)(1):**

    a. **Proposed Topic 2**: The manner in which Defendant ensures compliance with ADA requirements at its hotels including, but not limited to, identifying individuals, policies, procedures, and documents related to Defendant's ADA compliance efforts.
    **Plaintiff's response**: Plaintiff indicates in its moving papers that Defendant has agreed to produce a witness to testify regarding this topic.

    **Ruling**: As the Defendant has agreed to produce a witness to testify as to this topic, no action by the Court is necessary. However, the Court limits discovery on this topic to the relevant portions of Defendant's websites regarding room reservations only and the alleged violations of 28 CFR § 36.302(e)(1) with regard to the hotels' website reservation system.

    b. **Proposed Topic 6**: Defendant's policies, practices, and procedures regarding compliance with the accessibility requirements of Title III of the ADA including, but not limited to, the identification of individuals within the Defendant's organization responsible for ensuring compliance in this regard, as well as documents and/or other materials related to this topic.
    **Plaintiff's response**: Plaintiff indicates in its moving papers that Defendant has agreed to produce a witness to testify regarding this topic.

    **Ruling**: As the Defendant has agreed to produce a witness to testify as to this topic, no action by the Court is necessary. However, the Court limits discovery on this topic to the relevant portions of Defendant's websites regarding room reservations only and the alleged violations of 28 CFR § 36.302(e)(1) with regard to the hotels' website reservation system.

    c. **Proposed Topic 12**: Defendant's websites at issue herein.
    **Plaintiff's response**: Plaintiff indicates in its moving papers that Defendant has agreed to produce a witness to testify regarding this topic.

7

18cv435-JLS(MSB)

**Ruling**: As the Defendant has agreed to produce a witness to testify as to this topic, no action by the Court is necessary. However, the Court limits discovery on this topic to the relevant portions of Defendant's websites regarding room reservations only and the alleged violations of 28 CFR § 36.302(e)(1) with regard to the hotel's website reservation system.

    d. **Proposed Topic 13**: Any changes to Defendant's hotel websites since this action was initiated including but not limited to elements of the website related to hotel reservations.
**Plaintiff's response**: Plaintiff indicates in its moving papers that Defendant has agreed to produce a witness to testify regarding this topic.

**Ruling**: As the Defendant has agreed to produce a witness to testify as to this topic, no action by the Court is necessary. However, the Court limits discovery on this topic to the relevant portions of Defendant's websites regarding room reservations only and the alleged violations of 28 CFR § 36.302(e)(1) with regard to the hotels' website reservation system.

**3. Defendant seeks to limit the following topics, stating that there are less burdensome discovery means that have been offered and rejected by the Plaintiff**:

    a. **Proposed Topic 3**: The organizational structure of Defendant, including hierarchical structures of subsidiaries, parent companies, and/or related affiliate companies.
**Plaintiff's response**: Plaintiff has withdrawn this topic.

**Ruling**: As the Plaintiff has withdrawn this topic, no action by the Court is necessary.

    b. **Proposed Topic 4**: Ownership and/or control of hotels operated by Defendant.
**Plaintiff's response**: Plaintiff has withdrawn this topic.

**Ruling**: As the Plaintiff has withdrawn this topic, no action by the Court is necessary.

c. **Proposed Topic 9**: Information on any customer complaints, lawsuits, incidents reports and/or other grievances that Defendant has received regarding accessibility barriers related to its hotels for the last 6 years.
**Plaintiff's response**: Plaintiff agrees to permit Defendant to produce documents associated with any customer complaints, lawsuits, incident reports and/or other grievances that Defendant has received in the last six years regarding Defendant's locations and Defendant's websites in lieu of producing a witness to discuss said documents.

**Ruling**: As the Plaintiff has agreed to allow Defendant to produce documentation in lieu of witness testimony, the Court does not need to make a ruling on this issue. Nonetheless, the Court limits production of documentation on this topic to any customer complaints, lawsuits, incident reports and/or other grievances that Defendant has received in the last six years with regard to the relevant portions of Defendant's websites regarding room reservations only.

4. **Defendant seeks to limit the following topics, claiming that they are not proportional to the needs of the case**:

a. **Proposed Topic 5**: Policies, practices and procedures, construction standards and/or other guidelines that the Defendant follows regarding the construction, alteration and maintenance of the hotels operated by Defendant.
**Plaintiff's response**: The topic is narrowly tailored to apply to Plaintiff's individual and class allegations. To avoid further dispute, Plaintiff's agree to narrow the scope of questioning to only the actual construction of Evans' Hotels accessible rooms. Plaintiffs require this information in order to determine if Evans' Hotels adequately describe the accessible features to permit Plaintiffs and the putative class members with explicit, accurate, and reliable information regarding said rooms.

**Ruling**: The Court finds this topic to be outside the scope of the issues in the case. The lawsuit is based on the Defendant's hotels' websites. The policies, practices and procedures, construction standards and/or other guidelines that the Defendant follows regarding the construction, alteration and maintenance of the hotels operated by the Defendant are not relevant to the issues in this case. These requests far exceed the scope of the claims and defenses asserted in this case, and the Court

9

finds that the Plaintiffs have failed to demonstrate good cause to broaden the scope of discovery beyond the claims or defenses as set forth by Rule 26(b)(1). See <u>In re REMEC, Inc. Sec. Litig.</u>, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *4 (S.D. Cal. May 30, 2008). The Court **GRANTS** Defendant's motion as to this topic.

      b. **Proposed Topic 7**: The terms of Defendant's leases or other similar legal arrangements applicable to its facilities including provisions delineating responsibility for ensuring compliance with ADA requirements regarding parking and/or paths of travel/access at Defendant's facilities.
**Plaintiff's response**: Plaintiff has withdrawn this topic.

      **Ruling**: As the Plaintiff has withdrawn this topic, no action by the Court is necessary.

      c. **Proposed Topic 8**: Information on Defendant's implementation and use of internal and/or third-party surveys, evaluations and/or assessments ("Surveys") across Defendant's locations relating to Defendant's compliance with the ADA, including but not limited to, the qualifications and training of individuals to conduct such Surveys, the frequency and scope of such Surveys, the policies, practices and procedures surrounding the Surveys, and the procedures and/or policies relating to remediation and monitoring following the completion of Surveys.
**Plaintiff's response**: Plaintiffs require this information in order to adequately investigate the allegations in Plaintiffs' operative pleading.

      **Ruling**: The Court finds this topic to be outside the scope of the issues in the case. The lawsuit is based on the Defendant's hotels' websites. Information on Defendant's implementation and use of internal and/or third-party surveys, evaluations and/or assessments ("Surveys") across Defendant's locations relating to Defendant's compliance with the ADA, including but not limited to, the qualifications and training of individuals to conduct such Surveys, the frequency and scope of such Surveys, the policies, practices and procedures surrounding the Surveys, and the procedures and/or policies relating to remediation and monitoring following the completion of Surveys are not relevant to the issues in this case. These requests far exceed the scope of the claims and defenses asserted in this case, and the Court finds that the Plaintiffs have failed to demonstrate good cause to broaden the scope of discovery beyond the claims or

defenses as set forth by Rule 26(b)(1).  See In re REMEC, Inc. Sec. Litig., 2008 WL 2282647, at *4.  The Court **GRANTS** Defendant's motion as to this topic.

**5.     Defendant seeks to limit the following topics, stating that they request numerical data which could be more accurate and less burdensome if produced in writing:**

   a. **Proposed Topic 14**: The number of visitors to Defendant's websites.
      **Plaintiff's response**: This information directly relates to Plaintiff's Rule 23 requirements, including numerosity.  Defendants provided responsive information regarding this topic during the course of written discovery and Plaintiffs need to investigate how Defendants provided this responsive information to determine whether further investigation is required.

   **Ruling**:  As the Defendants have apparently already provided this information to the Plaintiffs in written discovery, it appears to be a waste of resources to obtain the same information through the taking of depositions.  However, as the information was already provided, it does not appear to be unduly burdensome to provide it to Plaintiffs again through live testimony.  The Court **DENIES** Defendant's motion as to this topic.

   b. **Proposed Topic 15**: The number of persons that reserved a room through Defendant's websites.
      **Plaintiff's response**: This information directly relates to Plaintiff's Rule 23 requirements, including numerosity.  Defendants provided responsive information regarding this topic during the course of written discovery and Plaintiffs need to investigate how Defendants provided this responsive information to determine whether further investigation is required.

   **Ruling**:  As the Defendants have apparently already provided this information to the Plaintiffs in written discovery, it appears to be a waste of resources to obtain the same information through the taking of depositions.  However, as the information was already provided, it does not appear to be unduly burdensome to

11

18cv435-JLS(MSB)

provide it to Plaintiffs again through live testimony.  The Court **DENIES** Defendant's motion as to this topic.

> c. **Proposed Topic 16**: The number of persons that reserved an accessible room through Defendant's websites.
> **Plaintiff's response**: This information directly relates to Plaintiff's Rule 23 requirements, including numerosity.  Defendants provided responsive information regarding this topic during the course of written discovery and Plaintiffs need to investigate how Defendants provided this responsive information to determine whether further investigation is required.

**Ruling**: As the Defendants have apparently already provided this information to the Plaintiffs in written discovery, it appears to be a waste of resources to obtain the same information through the taking of depositions.  However, as the information was already provided, it does not appear to be unduly burdensome to provide it to Plaintiffs again through live testimony.  The Court **DENIES** Defendant's objection as to this topic.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Protective Order is **GRANTED in part** and **DENIED in part**.  Defendant's motion for leave to file a Motion for Protective Order is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  November 28, 2018

Honorable Michael S. Berg
United States Magistrate Judge