**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Ste. D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**MANNING LAW, APC**
Joseph R. Manning, Jr., Esq. (223381)
ADAPracticeGroup@manninglawoffice.com
4667 MacArthur Boulevard, Ste. 150
Newport Beach, CA 92660
Telephone: (949) 200-8755
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South,
Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs,*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**EVANS HOTELS, LLC,**<br><br>Defendant. | **Case No.:** 18-cv-435 JLS (MSB)<br><br>**PLAINTIFFS JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS' MOTION FOR CLASS CERTIFICATION**<br><br>**DATE:** February 21, 2019<br>**TIME:** 1:30 p.m.<br>**COURTROOM:** 4D<br><br>**HON. JANIS L. SAMMARTINO** |

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................. 1

II.  STATEMENT OF FACTS ...................................................... 1

    A. EVANS HOTELS FAILS TO ADEQUATELY DESCRIBE ACCESSIBLE ROOMS DURING THE ONLINE RESERVATION PROCESS ........................... 2

    B. INDIVIDUALS WITH DISABILITIES ARE UNABLE TO RESERVE A ROOM ONLINE THROUGH EVANS HOTELS' WEBSITES WITH THE SAME EFFICIENCY, IMMEDIACY, AND CONVENIENCE AS THOSE WHO DO NOT NEED ACCESSIBLE ROOMS ........................... 3

III. LEGAL STANDARD .............................................................. 4

IV.  ARGUMENT ........................................................................ 5

    A. FEDERAL RULE OF CIVIL PROCEDURE 23(A) ........................... 8

        1. Numerosity ........................................................................ 9

        2. Commonality .................................................................... 11

        3. Typicality ........................................................................ 13

        4. Adequacy ........................................................................ 14

            a. Adequacy of the Class Representatives ........................... 15

            b. Adequacy of Class Counsel ........................... 16

        5. Ascertainability ................................................................ 16

    B. FEDERAL RULE OF CIVIL PROCEDURE 23(B)(3) ........................... 18

        1. Predominance .................................................................. 18

        2. Superiority ........................................................................ 20

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

a. *Class members do not have a strong interest in individually controlling the prosecution of separate actions* ........................................................................ 20

b. *Class members has not commenced individual actions against Nestle* .............................................................. 21

c. *It is desirable to concentrate this litigation in the Central District of California* ....................................... 22

d. *Managing this particular class action is unlikely to be difficult* ......................................................................... 22

C. FEDERAL RULE OF CIVIL PROCEDURE 23(B)(2) ................................. 24

V.  CONCLUSION ....................................................................................... 25

# TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Abels v. JBC Legal Group, P.C.*,
    227 F.R.D. 541 (N.D. Cal. 2005)................................................. 19

*Adams v. Pinole Point Steel Co.*,
    1994 WL 515347 (N.D. Cal. 1994) .......................................... 7

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)......................................................... passim

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) ...................................... 11

*Arnold v. UA Theatre Circuit, Inc.*,
    158 F.R.D. 439 (N.D. Cal. 1994)..................................... 5, 9, 10

*Baby Neal for and by Kanter v. Casey*,
    43 F.3d 48 (3d Cir. 1994)............................................... 25

*Bellows v. NCO Fin. Sys., Inc.*,
    2008 WL 4155361 (S.D. Cal. 2008) .............................. 22

*Birchmeier v. Caribbean Cruise Line, Inc.*,
    302 F.R.D. 240 (N.D. Ill. 2014) .................................... 18

*Brey Corp. v. LQ Mgmt. LLC*,
    2014 WL 93445 (D. Md. 2014) ..................................... 18

*Brink v. First Credit Resources*,
    185 F.R.D. 567 (D. Ariz. 1999) .................................... 23

*Briseno v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) ................................. 16, 17

*Buford v. H & R Block, Inc.*,
    168 F.R.D. 340 (S.D. Ga. 1996) ................................... 17

*Burton v. Gerber Prods. Co.*,
    703 F. App'x 468 (9th Cir. 2017) ................................. 17

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Caldera v. Am. Med. Collection Agency*,
   2017 U.S. Dist. LEXIS 99239 (C.D. Cal. 2017)................................. 16, 20

*Califano v. Yamaki*,
   442 U.S. 682 (1979) ........................................................................... 4

*Californians for Disability Rights v. Mervyn's LLC*,
   165 Cal. App. 4th 571 (2008) ............................................................ 6

*Charlebois v. Angels Baseball, L.P.*,
   2011 U.S. Dist. LEXIS 71452 (C.D. Cal. 2012)................................. 9, 11

*Charles v. Dalton*,
   1996 WL 53633 (N.D. Cal. 1996) ..................................................... 7

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013)............................................................................. 20

*Crown, Cork, & Seal Co. v. Parking*,
   462 U.S. 345 (1983)........................................................................... 1

*Davoll v. Webb*,
   160 F.R.D. 142 (D. Colo. 1995) ........................................................ 17

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 159 (1974)........................................................................... 5, 23

*Franklin v. City of Chicago*,
   102 F.R.D. 944 (N.D. Ill. 1984) ........................................................ 11

*General Tel. Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982)........................................................................... 11, 19

*Gray v. Golden Gate Nat'l Recreation Area*,
   279 F.R.D. 501 (N.D. Cal. 2011) ...................................................... 11

*Gulf Oil Co. v. Bernard*,
   452 U.S. 89 (1981) ............................................................................. 1

*Gusman v. Comcast Corp.*,
   2014 U.S. Dist. LEXIS 46956 (S.D. Cal. 2014) ................................ 9

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1988) ............................................................ passim

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ...................................................... 4, 13, 15

*Hernandez v. County of Monterey*,
    305 F.R.D. 132 (N.D. Cal. 2015) .......................................................... 11

*Herrera v. LCS Financial Servs. Corp.*,
    274 F.R.D. 666 (N.D. Cal. 2011) .......................................................... 24

*Holt v. Noble House Hotels & Resort, Ltd.*,
    2018 U.S. Dist. LEXIS 177940 (S.D. Cal. 2018) ................................ 4, 20

*In re 5-Hour Energy Mktg & Sales Practices Litig.*,
    2017 U.S. Dist. LEXIS 220969 (C.D. Cal. 2017).................................... 20

*In re Adobe Sys., Inc. Sec. Litig.*,
    139 F.R.D. 150 (N.D. Cal. 1991) ............................................................ 5

*In re Korean Ramen Antitrust Litig.*,
    2017 U.S. Dist. LEXIS 7756 (N.D. Cal. 2017) ...................................... 18

*In re Warfarin Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2009).................................................................. 21

*In re Yasmin & Yaz (Drospirenon) Mktg., Sales Practices & Prods. Liab. Litig.*,
    2012 WL 865041 (S.D. Ill. 2012) ........................................................ 18

*Kohler v. Flava Enters.*,
    826 F. Supp. 2d 1221 (S.D. Cal. 2011) .................................................. 6

*Kumar v. Salov Am. Corp.*,
    2016 U.S. Dist. LEXIS 92374 (N.D. Cal. 2016) .................................... 18

*Lee v. Stonebridge Life Ins. Co.*,
    2013 U.S. Dist. LEXIS 19774 (N.D. Cal. 2013) ...................................... 5

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507 (9th Cir. 1978) ................................................................ 16

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Lopez v. S.F. Unified Sch. Dist.*,
  2003 WL 26114018 (N.D. Cal. 2003) ....................................................... 12

*Makaeff v. Trump Univ., LLC*,
  2014 U.S. Dist. LEXIS 22392 (S.D. Cal. 2014) ........................................ 9

*McKenzie v. Fed. Express Corp.*,
  275 F.R.D. 290 (C.D. Cal. 2011) ............................................................... 5

*Mendoza v. Home Depot, U.S.A., Inc.*,
  2010 U.S. Dist. LEXIS 13025 (C.D. Cal. 2010)........................................ 9

*Melgar v. CSK Auto, Inc.*,
  2015 U.S. Dist. LEXIS 170833 (N.D. Cal. 2015) .................................... 18

*Melgar v. CSK Auto, Inc.*,
  681 F. App'x 605 (9th Cir. 2017) ............................................................. 18

*Messner v. Northshore Univ. HealthSystem*,
  669 F.3d 802 (7th Cir. 2012) .................................................................... 19

*Moeller v. Taco Bell Corp.*,
  220 F.R.D. 604 (N.D. Cal. 2004)......................................................... 9, 10

*Molski v. M.J. Cable, Inc.*,
  481 F.3d 724 (9th Cir. 2007) ...................................................................... 6

*Montgomery v. Rumsfeld*,
  572 F.2d 250 (9th Cir. 1978) ...................................................................... 4

*Nat'l Fed'n of the Blind v. Target Corp.*,
  582 F. Supp. 2d 1185 (N.D. Cal. 2007) ............................................ passim

*O'Connor v. Boeing North American, Inc.*,
  184 F.R.D. 311 (C.D. Cal. 1998).............................................................. 17

*Park v. Ralph's Grocery Co.*,
  254 F.R.D. 112 (C.D. Cal. 2008) ........................................................ 10, 11

*Parsons v. Ryan*,
  754 F.3d 657 (9th Cir. 2014) ............................................................... 24, 25

*Phillips Petroleum v. Shutts,*
  472 U.S. 797 (1985)................................................................. 1

*Pottinger v. Miami,*
  720 F. Supp. 955 (S.D. Fla. 1989) ........................................ 17

*Rodriguez v. Hayes,*
  591 F.3d 1105 (9th Cir. 2009) .............................................. 14

*Romero v. Producers Dairy Foods, Inc.,*
  235 F.R.D. 474 (E.D. Cal. 2006) .......................................... 23

*Shields v. Walt Disney Parks & Resorts US, Inc.,*
  279 F.R.D. 529 (C.D. Cal. 2011) .................................... passim

*Staton v. Boeing Co.,*
  327 F.3d 938 (9th Cir. 2003) ............................................ 9, 14

*Thomasson v. GC Servs., Ltd. P'ship,*
  275 F.R.D. 309 (S.D. Cal. 2011) .......................................... 24

*Thompson v. Clear Channel Communs., Inc.,*
  247 F.R.D. 98 (C.D. Cal. 2007) ............................................. 4

*Valentino v. Carter-Wallace, Inc.,*
  97 F.3d 1227 (9th Cir. 1996) ................................................ 19

*Wal-Mart Stores, Inc. v. Dukes,*
  131 S. Ct. 2541 (2011)......................................................... 13

*Wang v. Chinese Daily News, Inc.,*
  231 F.R.D. 602 (C.D. Cal. 2005) .......................................... 13

*Weeks v. Bareco Oil Co.,*
  125 F.2d 84 (7th Cir. 1941) ................................................. 24

*Westways World Travel, Inc. v. AMR Corp.,*
  218 F.R.D. 223 (C.D. Cal. 2003) .......................................... 22

*Wolin v. Jaguar Land Rover N. Am., LLC,*
  617 F.3d 1168 (9th Cir. 2010) ........................................ 18, 19

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wright v. Linkus Enterprises, Inc.*,
    259 F.R.D. 468 (E.D. Cal. 2009) .............................................................. 21

*Yoshioka v. Charles Schwab Corp.*,
    2011 U.S. Dist. LEXIS 147483) ........................................................ 15, 16

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ................................................... 20, 22, 23

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## I.   INTRODUCTION

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). As the United States Supreme Court has observed, "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually most of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985).

This putative class action centers on a few simple allegations which, if found to be true, constitute numerous violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. ("Unruh Act"); and, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). Specifically, Plaintiffs JAMES RUTHERFORD ("Rutherford"); and, THE ASSOCIATION 4 EQUAL ACCESS ("A4EA") allege that Defendant EVANS HOTELS, LLC ("Evans Hotels") violated the ADA and Unruh Act by (1) failing to adequately describe the accessible features of Evans Hotel's accommodations; and, (2) utilizing an inherently discriminatory online reservation process for consumers who required such accessible features. [Second Amended Complaint, ECF No. 21 ("SAC"), ¶¶ 22-28]. Such claims make ideal class actions because the putative class members suffered the same injury in virtually the same manner. Therefore, Plaintiffs move this Court to certify a class action against Evans Hotels.

## II.   STATEMENT OF FACTS

Rutherford suffers from spinal stenosis aggravated by a herniated disc. [Declaration of James Rutherford ("Rutherford Decl."), ¶¶ 5-6]. In addition, Rutherford also suffers from an arthritic condition in Rutherford's thumbs that

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

interferes with his ability to grab, twist, and turn objects. [*Id.*, ¶¶ 7-8]. As such, Rutherford suffers from a "qualified disability" as defined by the ADA. Thus, Rutherford requires an accessible room when Rutherford travels. [*Id.*, ¶ 9].

A4EA is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities. [*Id.*, ¶¶ 10-11].

## A. EVANS HOTELS FAILS TO ADEQUATELY DESCRIBE ACCESSIBLE ROOMS DURING THE ONLINE RESERVATION PROCESS.

In 2017, Rutherford desired to visit San Diego. [*Id.*, ¶ 12]. Due to Rutherford's disabilities, Rutherford required information about the features of the accessible rooms and the hotels to independently make an online reservation. [*Id.*, ¶ 13]. Upon visiting Evans Hotels' Websites (www.bahiahotel.com; www.catamaranresort.com; and, www.lodgetorreypines.com) (the "Websites"), Rutherford was unable to locate the required information which precluded Rutherford from vacationing as desired. [*Id.*, ¶¶ 14-15; Rutherford Depo., 85:9-24; 101:1-105:20; 198:5-10; 198:19-199:3; A4EA Depo., 31:9-16]. Rutherford and members of A4EA are deterred from visiting Evans Hotels' properties and reserving accessible rooms online due to this lack of information. [*Id.*, ¶ 16]. Despite changes to Evans Hotels' Websites after litigation was initiated, these very problems persist. [*Id.*, ¶¶ 18-19; and, A4EA Depo., 9:18-23]. Notably, however, these changes are provided to consumers through a link at the "very bottom" of the websites that Kimberly Guillermo, Evans Hotels' Director of Reservations, "probably wouldn't notice [herself]." [Guillermo Depo., 22:8-10].

Rutherford does significant online research before reserving a room due to Rutherford's disabilities. [*Id.*, ¶ 13]. This research is an attempt to confirm that the respective hotels offer accessible features so that Rutherford can determine in advance if Rutherford is able to enjoy the hotel. [*Id.*, ¶ 20; Rutherford Depo.,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

106:8-13;  107:1-21;  108:13-21;  109:5-110:7;  112:19-120:5;  200:14-22].    On certain occasions, Rutherford has incurred the costs to reserve a room only to learn upon arrival that the room is not accessible for Rutherford.  [*Id.*, ¶ 22; and, Rutherford Depo., 55:4-10, 58:4-61:17].  This undisclosed lack of accessibility forces Rutherford to immediately find alternate accommodations in an unfamiliar location.  [*Id.*, ¶ 23].  In addition, the sudden need for lodging often requires Rutherford to expend more funds than was anticipated.  [*Id.*, ¶ 24].  Thus, adequate descriptions for accessible rooms online is crucial for Rutherford's full and equal enjoyment of Evans Hotels' properties.  [*Id.*, ¶ 25; Rutherford Depo., 121:21-122:1; 159:19-160:10; 201:9-25; 202:2-5; 203:19-25].

**B. INDIVIDUALS WITH DISABILITIES ARE UNABLE TO RESERVE A ROOM ONLINE THROUGH EVANS HOTELS' WEBSITES WITH THE SAME EFFICIENCY, IMMEDIACY, AND CONVENIENCE AS THOSE WHO DO NOT NEED ACCESSIBLE ROOMS.**

Evans Hotels admits that individuals with disabilities who do reserve an accessible room online are unable to do so with the same efficiency as those without such requirements.  [Exhibit 3 attached to the Declaration of Abbas Kazerounian ("Kazerounian Decl."), Responses to Requests for Admission; A4EA Depo., 93:14-19]. To reserve a general room online, a consumer need only select the room type during the reservation process.  [Guillermo Depo., 26:17-27:1]. Once done, the room is confirmed immediately following the submission of the online form.  Reserving an accessible room; however, is much more complicated. To do so, an individual must add a comment informing Evans Hotels of the need for an accessible room.  [Guillermo Depo., 23:25-25:8].  Thereafter, these individuals with disabilities who wish to reserve an accessible room "must wait for a second email confirming that an accessible room has been 'hard blocked.'" [Responses to Requests for Admissions; and, Guillermo Depo., 27:25-29:14, 48:2-

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

13, 49:2-8]. Unfortunately, there is no policy with regard to the timing of this second e-mail. [Guillermo Depo., 51:10-52:1]. As such, an individual with disabilities could wait either minutes or hours before actually learning whether their travel plans have been confirmed. [*Id.*; and, Thomas Depo., 35:3-19]. While other types of rooms are instantly reserved, it is not possible to reserve an accessible room without the lengthy hard-blocking process. [Deposition of Thomas Mohrlock ("Mohrlock Depo."), 19:5-8].

## III. <u>LEGAL STANDARD</u>

Rule 23 governs the certification of class actions. *Holt v. Noble House Hotels & Resort, Ltd.*, No. 17-cv-2246 MMA (BLM), 2018 U.S Dist. LEXIS 177940, at *3 (S.D. Cal. Oct. 16, 2018). Its main objectives are the efficient resolution of the claims or liabilities of many individuals in a single action as well as the elimination of repetitious litigation and possibly inconsistent adjudication. *See Califano v. Yamaki*, 442 U.S. 682, 700-01 (1979); C. Wright, A. Miller & M. Kane, Federal Prac. & Proc. Civil 2d at § 1754 (1986). District courts are afforded broad discretion in determining whether an action should be certified. *Montgomery v. Rumsfield*, 572 F.2d 250, 255 (9th Cir. 1978). Rule 23 outlines a two-step process for determining whether class certification is appropriate. First, Rule 23(a) sets forth four conjunctive prerequisites required for any class: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). These requirements are referred to as numerosity, commonality, typicality, and adequacy. *See Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.*), 247 F.R.D. 98, 105 (C.D. Cal. 2007).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Once subdivision (a) is satisfied, the party seeking certification must demonstrate that the action falls into one of three categories under Rule 23(b). *See In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 153 (N.D. Cal. 1991). These requirements are known as (1) predominance and (2) superiority. *Id.*

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (U.S. 1974). "[I]t is well established that for purposes of class certification, the moving party does not need to establish a likelihood of prevailing on the merits." *McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 297 (C.D. Cal. 2011). "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim…" *Falcon*, 457 U.S. at 160. "[I]t remains relatively clear an ultimate adjudication on the merits of plaintiffs' claims is inappropriate, and any inquiry into the merits must be strictly limited to evaluating plaintiffs' allegations to determine whether they satisfy Rule 23." *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *7 (N.D. Cal. Feb. 12, 2013) (citing *Ellis*, 657 F.3d at 983 n.8).

## IV.  **ARGUMENT**

Plaintiffs seek to represent classes based upon Evans Hotels' violations of the ADA; and, Unruh Act. "The ADA guarantees persons with disabilities a right to 'the full and equal enjoyment of the…accommodations of any place of public accommodation.'" *Arnold v. UA Theatre Circuit, Inc.*, 158 F.R.D. 439, 444 (N.D. Cal. 1994) citing 42 U.S.C. § 12182(a); and, 28 C.F.R. § 36.201(a). Similarly, the Unruh Act states that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1204 (N.D. Cal. 2007) citing to Cal. Civ. Code § 51(b). "Any violation of the ADA necessarily constitutes a violation of the Unruh Act…" *Kohler v. Flava Enters.*, 826 F. Supp. 2d 1221, 1231 (S.D. Cal. 2011) citing to *Californians for Disability Rights v. Mervyn's LLC*, 165 Cal. App. 4th 571, 586 (2008); and, *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

## ADA & UNRUH ACT APPLICATION TO ONLINE RESERVATION SYSTEM

"Hotels…must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities are able to reserve accessible hotel rooms with the same efficiency, immediacy, and conveniences as those who do not need accessible guest rooms." Department of Justice Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities, 28 CFR Part 36 Appendix A, Final Rule ("DOJ Final Rule").[1] "Each year the Department [of Justice] receives many complaints concerning failed reservations." *Id*. "Most of these complaints involve individuals who have reserved an accessible hotel room only to discover upon arrival that the room they reserved is either not available or not accessible." *Id*. Thus, the DOJ's Final Rule requires hotels to "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations, including reservations made by telephone, in-person, or through a third party, for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms."

---

[1] Evans Hotels does not dispute that the Department of Justice is responsible for conveying standards that govern the accessible features of websites. [Koczur Depo., 19:21-20:2].

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Id.* This requirement is intended "to ensure that individuals with disabilities are able to reserve accessible rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms." *Id.*

### ADA & UNRUH ACT APPLICATION TO ONLINE ROOM DESCRIPTION

The DOJ Final Rule also required hotels "that provide hotel reservations services to identify and describe the accessible features in the hotels and guest rooms offered through that service." *Id.* "This requirement is essential to ensure that individuals with disabilities receive the information they need to benefit from the services offered by the place of lodging." *Id.* Simply calling a room "'accessible' will not ensure necessarily that the room complies with all of the 1991 Standards." *Id.* Thus, hotels must "[i]dentify and describe accessible features in the hotels and guest rooms offered through is reservation service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." *Id.*

Here, in making the determination of whether to certify a class, the Court must take the allegations made in the complaint as true and only analyze whether the asserted claims are appropriate for resolution as a class. *Target Corp.*, 582 F. at 1190. When the class sought to be certified is for violations of civil rights, as is the case here, the Rule 23 requirements must be read liberally. *Charles v. Dalton*, 1996 WL 53633, at *2 (N.D. Cal. 1996); and, *Adams v. Pinole Point Steel Co.*, 1994 WL 515347, at *2 (N.D. Cal. 1994). With this in mind, Plaintiffs seek to certify the following classes against Evans Hotels:

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**FEDERAL RULE OF CIVIL PROCEDURE 23(B)(2); AND, 23(B)(3) CLASSES**

## *Inadequate Description*

**Nationwide:** All legally disabled persons in the United States who have accessed, attempted to access, or will access any of Evan Hotels' accessible rooms Websites within three years prior to the filing of this class action.

**California:** All legally disabled persons in the State of California who have accessed, attempted to access, or will access any of Evan Hotels' accessible rooms Websites within three years prior to the filing of this class action.

## *Discriminatory Booking Process*

**Nationwide:** All legally disabled persons in the United States who have reserved, attempted to reserve, or will reserve an accessible room through Evan Hotels' Websites within three years prior to the filing of this class action.

**California:** All legally disabled persons in the State of California who have reserved, attempted to reserve, or will reserve an accessible room through Evan Hotels' Websites within three years prior to the filing of this class action.

Based upon these class definitions, Plaintiffs assert that class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2); and, Federal Rule of Civil Procedure 23(b)(3).  Thus, Plaintiffs' Motion should be granted in its entirety.

## A. FEDERAL RULE OF CIVIL PROCEDURE 23(A)

Federal Rule of Civil Procedure 23(a) is satisfied because: the class (1) is sufficiently numerous; (2) satisfies commonality; (3) satisfies the typicality requirement; (4) Plaintiffs and Plaintiffs' counsel adequately represent the class; and, (5) Plaintiffs' class is ascertainable.  Moreover, Plaintiffs also assert that Federal Rule of Civil Procedure 23(b)(3) is satisfied since (1) common questions

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  predominate; (2) a class is the superior method of adjudication; and, (3) Plaintiffs

2  and Plaintiffs' counsel should be appointed to represent the class.

3        **1.  <u>Numerosity</u>**

4        Under Rule 23(a), the class must be "so numerous that joinder of all

5  members is impracticable." Fed. R. Civ. P. 23(a)(1); *Staton v. Boeing Co.*, 327

6  F.3d 938, 953 (9th Cir. 2003). As a general rule, classes of 40 or more are

7  numerous enough. *Makaeff v. Trump Univ., LLC*, 2014 U.S. Dist. LEXIS 22392,

8  *22 (S.D. Cal. Feb. 21, 2014). There is no magic number that satisfies the test of

9  impracticability of joinder and thus each case stands on its own particular facts.

10 *See Mendoza v. Home Depot, U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 13025, *13

11 (C.D. Cal. Jan. 21, 2010) ("Given the large number of potential plaintiffs, the

12 Court finds that the numerosity requirement of Rule 23(a) is readily satisfied.").

13 "As Plaintiff recognizes, '[t]he court is able to make common-sense assumptions

14 in determining numerosity.'" *Gusman v. Comcast Corp.*, 2014 U.S. Dist. LEXIS

15 46956, *9 (S.D. Cal. Apr. 2, 2014) (citation omitted); *see also*, *Charlebois v.*

16 *Angels Baseball, L.P.*, 2011 U.S. Dist. LEXIS 71452, 2011 WL 2610122, * 4

17 (C.D. Cal. June 30, 2012).  In addition, exact numbers need not be alleged to

18 sufficiently demonstrate numerosity.  *Target Corp.*, 582 F. Supp. 2d at 1199;

19 *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 608 (N.D. Cal. 2004); and, *Arnold v.*

20 *United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994)

21 *modified* 158 F.R.D. 439.

22        Here, Plaintiffs determined that at least 100 class members visited Evans

23 Hotels' Websites and subsequently reserved a room.   [Exhibit 4 attached to

24 Kazerounian Decl., Evans Hotels' Responses to Interrogatory Nos. 19; 20; and,

25 21].  Plaintiffs believe that the actual number of class members far exceeds 100

26 because "persons   with   disabilities   do   more   planning   and   booking   of

**PLAINTIFFS JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS' MOTION FOR
CLASS CERTIFICATION**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

accommodations via the Internet than persons in the general population." *Shields v. Walt Disney Parks & Resorts US, Inc.*, 279 F.R.D. 529, 549 (C.D. Cal. 2011).

As these 100 consumers actually utilized Evans Hotels' various websites to reserve an accessible room, Plaintiffs contend that additional consumers refrained from reserving a room due the deficiencies that precluded Plaintiffs from knowing whether an accessible room would actually be available upon arrival.  In fact, Diane Koczur, Evans Hotels' Fed. R. Civ. P. 30(b)(6) witness, testified that as many as two hundred consumers have visited the accessible rooms pages in a single month with hundreds more visitors since August 2018.  [Koczur Depo., 26:20-24 (stating that hundreds of consumers visited the Bahia accessible rooms page); 30:9-12 (more than 300 visitors to the Catamaran accessible rooms page in 2018); and, 30:18-22 (approximately 250 visitors to the Lodge at Torrey Pines accessible rooms page in 2018)].

Since the proposed class ranges from 2013 to 2017, Plaintiffs contend that this Court should find that numerosity is established for all classes.  Of course, various District Courts have found numerorsity to be satisfied in such circumstances.  *See Target Corp.*, 582 F. Supp. 2d at 1199-1200 citing to *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994) ("Indeed, in cases, like those involving alleged violations of the ADA, where the alleged violations may have deterred putative class members from attempting to access stores, the type of evidence defendant seeks may be unavailable, if not impossible, to obtain.").  Therefore, the numerosity requirement is satisfied here because separate actions for each consumer would be economically and judicially impracticable plus many class members are unknown and cannot be readily identified.  *Shields*, 279 F.R.D. at 545 citing to *Park v. Ralph's Grocery Co.*, 254 F.R.D. 112, 120 (C.D. Cal. 2008); and, *Moeller*, 220 F.R.D. at 608.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### 2. **Commonality**

Rule 23(a)(2) requires that there be at least one common question of law or fact to certify a class. A class has sufficient commonality "if there are questions of fact and law which are common to the class" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1988) (quoting Fed. R. Civ. P. 23(a)(2)). Commonality focuses on whether certification will offer a more economical approach to resolving the underlying disputes than would individual litigation. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982). "'The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Holt*, 2018 U.S. Dist. LEXIS 177940, at *8 citing to *Hanlon*, 150 F.3d at 1019. Where questions of law involve "standardized conduct of the defendants towards members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement...is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984). As the Ninth Circuit has stated. "[w]e have previously held, in a civil-rights suit, that commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 863 (9th Cir. 2001). "In such circumstance, individual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality" because the class members "suffer similar harm from the [defendant's] failure to accommodate their disabilities." *Id*. at 868.[2]

---

[2] For these same reasons, numerous California District Courts have found commonality in the process of certifying ADA Class Actions. *See Hernandez v. County of Monterey*, 305 F.R.D. 132, 139 (N.D. Cal. 2015); *Gray v. Golden Gate Nat'l Recreational Area*, 279 F.R.D. 501, 519-520 (N.D. Cal. 2011); *Charlebois*, 2011 WL 2610122, at *10; *Park*, 254 F.R.D. at 121; and, *Lopez v. S.F. Unified Sch. Dist.*, No. C-99 3260-SI, 2003 WL 26114018, at *4 (N.D. Cal. 2003).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Here, Evans Hotels' standardized conduct generated numerous common questions of fact and law are capable of class-wide resolution.  Said questions are as follows:

1.  Whether Evans Hotels' website, www.bahiahotel.com, complied with the ADA;

2.  Whether Evans Hotels' website, www.catamaranresort.com, complied with the ADA;

3.  Whether Evans Hotels' website, www.lodgetorreypines.com, complied with the ADA;

4.  Whether Evans Hotels' website, www.bahiahotel.com, complied with the Unruh Act;

5.  Whether Evans Hotels' website, www.catamaranresort.com, complied with the Unruh Act;

6.  Whether Evans Hotels' website, www.lodgetorreypines.com, complied with the Unruh Act;

7.  Whether legally disabled individuals are able to access Evans Hotels' websites;

8.  Whether legally disabled individuals are being denied their civil rights to full and equal access to, and use and enjoyment of, Evans Hotels' goods, facilities and/or services due to the lack of access to Evans Hotels' websites as required by law for persons with disabilities;

9.  Whether legally disabled individuals are able to reserve an accessible room online via www.bahiahotel.com in the same manner as others;

10. Whether legally disabled individuals are able to reserve an accessible room online via www.catamaranresort.com in the same manner as others;

11. Whether legally disabled individuals are able to reserve an accessible room online via www.lodgetorreypines.com in the same manner as others;

12. Whether Evans Hotels' policy of "hard blocking" rooms violates the ADA;

13.Whether Evans Hotels' policy of "hard blocking" rooms violates the Unruh Act;

14.Whether the ADA covers websites as places of accommodation;

15.Whether the Unruh Act covers websites as places of accommodation;

16.Whether members of the class are entitled to the remedies;

17.Whether members of the class are entitled to declaratory relief;

18.Whether members of the class are entitled to injunctive relief; and,

19.Whether members of the class are entitled to an award of reasonable attorneys' fees and costs of suit.

Here, it is undisputed that the information on Evans Hotels' Websites as well as Evans Hotels' online reservation system are conveyed uniformly to consumers through the internet.  Thus, the commonality requirement is satisfied. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2451, 2551 (2011); and, *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013).

### 3.  **Typicality**

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality refers to the *nature* of the claim or defense of the class representative and not on facts surrounding the claim or defense. *Id.* (Italics added.)  A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal theory." H. Newberg, *Newberg on Class Actions* § 1115(b) (1st Ed. 1977). The burden imposed by the typicality requirement is not great.[3] *See id.* at 1020.  "Typicality is satisfied 'when

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

---

[3] Typicality is a guidepost as to "whether the named plaintiff's claim and the class

each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *Holt*, 2018 U.S. Dist. LEXIS 177940, at *12 citing to *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2009); and, *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 2009).

Here, Plaintiffs and the putative class members were all subjected to the same conduct in this Action. Specifically, Plaintiffs and the putative class members all seek to remedy Evans Hotels' violations of: (1) failing to adequately identify Evans Hotels' accessible rooms online; and, (2) prohibiting legally disabled individuals from reserving an accessible room online in the same manner as others. On these facts, Plaintiffs are asserting the same claims on behalf of the classes that Plaintiffs represent. Thus, the typicality prong is satisfied here.

### 4. Adequacy

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Due process requires as much. *Hanlon*, 150 F.3d at 1020. Courts ask two questions: "[a] Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and [b] will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d at 957; Fed. R. Civ. P. 23(g)(1)(B) ("class counsel must fairly and adequately represent the interests of the class"). Class representatives and their counsel are adequate if they do not have "any conflicts of interest with other class members" and if they will "prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. For the reasons discussed below, Plaintiffs contend that

claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 131 S. Ct. at 2551 (citing *General Telephone Co. of Southwest*, 457 U.S. at 157-158.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the adequacy requirement is met herein.

### a. *Adequacy of the Class Representatives*

Plaintiffs are both adequate to represent each of the proposed classes and also understand the duties of acting as class representatives, including that the responsibility to see that their legal counsel prosecute the case on behalf of the entire class, not just themselves. [Rutherford Decl., ¶¶ 26-28].   In addition, Plaintiffs have also "demonstrated their willingness and ability to vigorously prosecute the claims at issue." *Shields*, 279 F.R.D. at 554.   As in *Shields*, Plaintiffs

> (1) met with counsel before this suit was filed; (2) reviewed and executed contingency fee agreements; (3) reviewed and provided comments to their attorneys on the original complaint before it was filed; (4) worked…to retrieve documents and provide them to counsel to use in responding to requests for production; (5) agreed to allow their personal information to be used to support the class allegations; (6) participated in numerous telephone conferences and correspondence with their attorneys regarding case status, interrogatories, requests for production…; and, (7) prepared, reviewed, revised, and executed responses to interrogatories.

*Id.*; and, Rutherford Decl., ¶¶ 26-38.

In addition, Rutherford sat for two separate depositions.  [Rutherford Decl., ¶ 35].   One in Rutherford's individual capacity which lasted six hours and a second deposition in Rutherford's Fed. R. Civ. P. 30(b)(6) capacity on behalf of A4EA which lasted nearly three hours.  [*Id.* at ¶¶ 35-38].  Moreover, there are no known conflicts in this case (Rutherford Decl., ¶ 39), and it is highly unlikely that a conflict would exist, given Evans Hotels' common practice, similar damages, and requested injunctive relief. *See Yoshioka v. Charles Schwab Corp.*, 2011 U.S. Dist. LEXIS 147483, *18 (N.D. Cal. Dec. 22, 2011) ("apart from [his] proposed incentive award, []he will receive the same relief as the class…and there is no

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

apparent conflict of interest").  Thus, Plaintiffs adequately represent the class.

### b. *Adequacy of Class Counsel*

"To be adequate, plaintiffs counsel must be qualified, experienced, and generally able to conduct the proposed litigation." *Holt*, 2018 U.S. Dist. LEXIS 177940, at *21 citing to *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  This requirement is imposed to ensure "unnamed class members [are] afforded adequate representation before entry of a judgment which binds them." *Target*, 582 F. Supp. 2d at 1201 citing to *Hanlon*, 150 F.3d at 1020; and, *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940).

Here, Plaintiffs' counsel will fairly, responsibly, vigorously, and adequately represent the interests of the Class members whose rights were violated herein by Evans Hotels. [*See* Kazerounian; Swigart; and, Loker Declarations filed concurrently herewith].  Furthermore, Plaintiffs counsel has repeatedly be deemed class counsel in a variety of class actions pending throughout the country including within in the Southern District of California.  [*Id*].  Therefore, the adequacy prerequisite has been satisfied.  *See Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239, at *13 (C.D. Cal. June 27, 2017) citing to Federal Rule of Civil Procedure 23(b)(3).[4]

### 5. Ascertainability

"[T]he Ninth Circuit has clarified that no separate ascertainability requirement exists." *Nevarez*, 326 F.R.D. at 576 citing to *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017) ("We therefore join the Sixth, Seventh, and Eighth Circuits in declining to adopt an administrative feasibility

---

[4] In *Caldera*, the Honorable Consuelo B. Marshall appointed Plaintiffs' current counsel, the Kazerouni Law Group, APC; and, Hyde & Swigart to serve as class counsel.  *See also Holt*, 2018 U.S. Dist. LEXIS 177940 (deeming KLG and H&S class counsel)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

requirement.")    In an abundance of caution; however, Plaintiffs discuss ascertainability since various courts have continued to do so.

"A class is sufficiently defined and ascertainable if it is 'administratively feasible for the court to determine whether a particular individual is a member.'" *O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998); and, *Davoll v. Webb*, 160 F.R.D. 142, 143 (D. Colo. 1995). "[T]he description of the class must be sufficiently definite to enable the court to determine if a particular individual is a member of the proposed class." *Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 347 (S.D. Ga. 1996) citing to *Pottinger v. Miami*, 720 F. Supp. 955, 957 (S.D. Fla. 1989). The exact identity of consumers within the class need not be determined at the time of class certification to satisfy this prong. *Astiana v. Kashi Co.*, 291 F.R.D. 493, 500 (S.D. Cal. 2013). Stated differently, "'ascertainability' is synonymous with 'administrative feasibility.'" *Burton v. Gerber Prods. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017).

Here, Evans Hotels has identified at least 100 disabled individuals that fit within Plaintiffs' class. [*See* Exhibit 4]. For these individuals, Evans Hotels has records of their names; addresses; and, e-mail addresses. [Deposition of Andrew Thomas ("Thomas Depo."), 17:10-13; 17:22-23; 19:10-19]. Thus, each of these individuals are actually ascertained and would receive direct notice of this class action as a result.

Moreover, a claim form will be used to ensure that individuals who visited Evans Hotels' websites but did not reserve an accessible room online are also included within the class. Such a process has been approved by District Courts throughout the Country in various types of class actions, including ADA/Unruh Act actions such as this matter. *See Nevarez*, 326 F.R.D. at 577 citing to *Melgar v. CSK Auto, Inc.*, 2015 U.S. Dist. LEXIS 170833, at *11 (N.D. Cal 2015) ("Melgar I"); *Melgar v. CSK Auto, Inc.*, 681 F.App'x 605, 607 (9th Cir. 2017)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

("Melgar II"); *In re Korean Ramen Antitrust Litig.*, 2017 U.S. Dist. LEXIS 7756, at *21 (N.D. Cal. 2017); and, *Kumar v. Salov . Am. Corp.*, 2016 U.S. Dist. LEXIS 92374, at *7 (N.D. Cal. 2016)  (approving claim form for ADA/Unruh Act class action).  *See also Brey Corp. v. LQ Mgmt. LLC*, 2014 WL 93445, at *1 (D. Md. Jan. 30, 2014) ("A putative class member would be able to establish his, her, or its standing only by submitting an affidavit that he, she or it had received the unsolicited fax."); *In re Yasmin & Yaz (Drospirenon) Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2100, 2012 WL 865041, at *15 (S.D. Ill. March 13, 2012) (proposal of two-part questionnaire without mention of submission of evidence from class members); and, *Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 302 F.R.D. 240, 250 (N.D. Ill. 2014).  To decline usage of the claim form process would reward Evans Hotels discriminatory behavior by allowing Evans Hotels to escape liability for the thousands of disabled individuals who were subjected to the discriminatory reservation process and inadequate descriptions on Evans Hotels' websites.  Thus, the class is readily ascertainable.

## B. FEDERAL RULE OF CIVIL PROCEDURE 23(B)(3)

Plaintiffs also assert that Federal Rule of Civil Procedure 23(b)(3) is satisfied since (1) common questions predominate; and, (2) a class is the superior method of adjudication.

### 1. <u>Predominance</u>

Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010).[5]  "The Rule 23(b)(3) predominance

---

[5] "When common questions present a significant aspect of the case and they can be

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PLAINTIFFS JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS' MOTION FOR CLASS CERTIFICATION**

inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1022 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). "Individual questions need not be absent." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. Ill. 2012). "Court[s] looks at common factual link[s] between all class members and the defendants for which the law provides a remedy." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547 (N.D. Cal. 2005). "Implicit in…the predominance test is…that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). "Generally, when a class challenges a uniform policy or practice, the validity of the policy or practice tends to be the predominant issue in the ensuing litigation." *CE Design Ltd.*, 259 F.R.D. at 142 (citing *General Telephone Co. of Sw.*, 457 U.S. at 159.

Here, common factual issues predominate because Plaintiffs' claims are based upon identical conduct that Evans Hotels takes with respect to every single legally disabled individual that utilizes Evans Hotels' websites. *See, e.g.*, *Hanlon*, 150 F.3d at 1022. As discussed above regarding "commonality" (*see* § IV(A)(2)), the factual questions posed by this case are simple – did Evans Hotels' Websites adequately describe the accessible features of Evans Hotels' accessible rooms; and, are legally disabled individuals able to reserve accessible rooms in the same manner as others? These are common issues that can be easily addressed on a class-wide basis. In addition, Plaintiffs and the class members' damages are also the same; $4,000.00 pursuant to the Unruh Act as well as injunctive relief. *Holt*, 2018 U.S. Dist. LEXIS 177940, at *25 citing to *In re 5-Hour Energy Mktg. &*

---

resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative … basis." 7A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1778 (2d ed. 1986)).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Sales Practices Litig.*, No. ML 13-2438 PSG (PLAx), 2017 U.S. Dist. LEXIS 220969, 2017 WL 2559615, at *9 (C.D. Cal. 2017); and, *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Thus, the predominance prong is satisfied here.

## 2. Superiority

"Class actions certified under Rule 23(b)(3) must be 'superior to other available methods for fairly and efficiently adjudicating the controversy." *See Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239, at *13 (C.D. Cal. June 27, 2017) citing to Federal Rule of Civil Procedure 23(b)(3). The Court considers "four non-exclusive factors in evaluation whether a class action is a superior method of adjudicating claims: (i) the interest of each class member in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (iii) the desirability of concentrating the litigation of the claims in the particular forum; and, (iv) the difficulties likely to be encountered in management of a class action." *Id*. Here, each of these factors favors class adjudication for the reasons discussed below.

### a. *Class members do not have a strong interest in individually controlling the prosecution of separate actions.*

"Where damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) citing to 7A Charles Alan Right, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1779, at 557 (2d ed. 1986) ("For example, a group composed of consumers or small investors will be unable to pursue their claims on an individual basis because the cost of doing so exceeds any recovery they might secure. When this is the case it

seems appropriate to conclude that the class action is superior to other methods for the fair and efficient adjudication of the controversy.")).   "When the individual claims of class members are small, the class action 'facilitates the spreading of litigation costs among the numerous injured parties' and encourages recovery for unlawful activity."  *Wright v. Linkus Enterprises, Inc.*, 259 F.R.D. 468, 474 (E.D. Cal. 2009) quoting *In re Warfarin Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (noting that the Advisory Committee to Rule 23 "had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents to court at all.'").

Here, the putative class members do not have a strong interest in individually controlling the prosecution of separate actions given the limited statutory damages and high costs of prosecution.  For example, Class Counsel has incurred nearly $20,000.00 in costs to date, which far exceeds the anticipated recovery for the individual class members herein.  Thus, the Class Members will likely be interested pursuing this matter as a class, rather than individually, because the individual damages claims of each class member are not substantial enough to warrant individual filings.

### b. *Class members have not commenced individual actions against Evans Hotels.*

"This factor is intended to serve the purpose of assuring judicial economy and reducing the possibility of multiple lawsuits…If the Court finds that several other actions already are pending and that a clear threat of multiplicity and risk of inconsistent adjudications actually exist, a class action may not be appropriate since, unless the other suits can be enjoined…a Rule 23 proceeding only might create one more action…Moreover the existence of litigation indicates that some

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Case No.: 18-cv-435 JLS (MSB)          21 of 26          *Rutherford, et al. v. Evans Hotels, LLC*
PLAINTIFFS JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS' MOTION FOR
CLASS CERTIFICATION

1   of the interested parties have decided that individual actions are an acceptable way

2   to proceed, and even may consider them preferable to a class action.  Rather than

3   allowing the class action to go forward, the court may encourage the class

4   members who instituted the Rule 23(b)(3) action to intervene in other

5   proceedings."  *Zinser*, 253 F.3d at 1191 quoting Charles Alan Right, Arthur R.

6   Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1780 at 568-70 (2d ed.

7   1986).

8            Here, neither Plaintiffs nor Plaintiffs' counsel are aware of any other

9   lawsuits against Evans Hotels commenced by or on behalf of members of the

10  Class concerning the issues herein.  This suggests that a class action is needed

11  because the amount at issue for an individual plaintiff is not enough to warrant an

12  individual filing.  *Newburg on Class Actions*, § 4:30 (4th ed. 2002).  Class

13  treatment will also avoid a multiplicity of actions and possible inconsistencies in

14  judgment.  If multiple such suits were filed, there would be a risk of inconsistent

15  results arising from injunctive relief regarding the numerous consumers affected by

16  Nestle's deficient business practices.  *See e.g.*, *Westways World Travel, Inc. v. AMR

17  Corp.*, 218 F.R.D. 223, 236-37 (C.D. Cal. 2003) ("Where common questions

18  'predominate,' a class action can…avoid inconsistent outcomes…"); *see also

19  Bellows v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 114451, 20 (S.D. Cal. Sept. 5,

20  2008) (holding in a TCPA action that the class action procedure is the superior

21  mechanism for dispute resolution in such matter, as the alternative mechanism,

22  permitting individual lawsuits for a small statutory penalty, would be costly and

23  duplicative).  "Thus, this subfactor weighs in favor of class certification because

24  there appears to be no risk of multiple adjudications and no indication that absent

25  class members would prefer individual actions."  *Winkler*, 205 F.R.D. at 245.

26            **c.** ***It is desirable to concentrate this litigation in the***

27

28  **PLAINTIFFS JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS' MOTION FOR CLASS CERTIFICATION**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### *Southern District of California.*

The Southern District of California is an appropriate forum because Plaintiffs are not aware of any class litigation concerning these same claims against Evans Hotels in any other forum. *Newberg on Class Actions*, § 4:31 (4th ed. 2002) ("In the class action context, the desirability of concentrating claims in a particular forum is relevant only when other class litigation has already been commenced elsewhere."). Even more so, Evans Hotels as well as each of the resorts at issue herein are all based within the Southern District of California. Thus, this subfactor also weighs in favor of class certification.

### d. *Managing this particular class action is unlikely to be difficult.*

"The Rule 23(b)(3)(D) manageability inquiry 'encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit." *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 491 (E.D. Cal. 2006) quoting *Eisen*, 417 U.S. at 165. "[W]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." *Zinser*, 253 F.3d at 1192. "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'" *Id.* "Even where individual issues exist, the value of treating them separately decreases as the commonality of issues increases." *Romero*, 235 F.R.D. at 491; *Brink v. First Credit Resources*, 185 F.R.D. 567, 572 (D. Ariz. 1999) ("The more that common issues predominate, the more likely it is that a class action is superior.").

Here, class certification here is superior than numerous individual actions and thus serves the efficient and appropriate resolution to Evans Hotels' conduct. *Herrera v. LCS Financial Servs. Corp.*, 274 F.R.D. 666, 682 (N.D. Cal. 2011) ("A

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

class action is judicially efficient in lieu of clogging the courts with thousands of individual suits."). Furthermore, consumers are not likely aware of their rights under consumer protection statutes. *See* e.g., *Thomasson v. GC Servs., Ltd. P'ship*, 275 F.R.D. 309, 317 (S.D. Cal. 2011) ("Individuals are most likely unaware of their rights under the FDCPA"). The Class members are individual consumers who are not likely able to successfully maintain an action against Evans Hotels where the maximum recovery is minimal and the costs can prove to be significant. "To permit the defendants to contest liability with each claimant in a single, separate suit…would be almost equivalent to closing the door of justice to all small claimants." *Weeks v. Bareco Oil Co.*, 125 F.2d 84, 90 (7th Cir. Ill. 1941). Thus, the superiority requirement is also met.

## C. FEDERAL RULE OF CIVIL PROCEDURE 23(B)(2)

"Classes may be certified pursuant to Rule 23(b)(2) if 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Shields*, 279 F.R.D. at 557. "Civil rights actions against parties charged with unlawful, class-based discrimination are 'prime examples' of Rule 23(b)(2) cases." *Id*. citing to *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); and, *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) (explaining that Rule 23(b)(2) 'was adopted in order to permit the prosecution of civil rights actions"). "In determining whether certification is appropriate under Rule 23(b)(2), a court must 'look at whether class members seek uniform relief from a practice applicable to all of them.'" *Id*. citing to *Rodriguez*, 591 F.3d at 1125. Moreover, "[t]he primary focus of [Rule 23(b)(2)] has always been the certification of civil rights class actions." *Parsons v. Ryan*, 754 F.3d 657, 686 (9th Cir. 2014); *see also Amchem Prods., Inc.*, 521 U.S. at 614. As such, Rule 23(b)(2) is "almost automatically satisfied in actions primarily

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

seeking injunctive relief." *Gray*, 294 F.R.D. at 520 quoting *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48 (3d Cir. 1994).

ADA/Unruh Act Website class actions such as this matter are regularly certified as 23(b)(2) classes since the experience of individuals visiting these websites are uniform. *See Shields*, 279 F.R.D. at 559 citing to *Target Corp.*, 582 F. Supp. at 1201. For example, in *National Federation of the Blind v. Target Corp.*, a class of visually impaired persons was certified to pursue remedies under the ADA and Unruh Act for the inaccessibility of the website, Target.com. 582 F. Supp. 2d 1185 (N.D. Cal. 2008). *Target* held that complaints regarding the inaccessibility of the Target website prevented visually impaired persons from enjoying the goods and services available at the Target stores was sufficient for the purposes of class certification. *Id*. at 1195-96. The allegations therein ranged from having to go elsewhere to find the sought after information to increased time and expense caused by the inaccessibility of the website. *Id*. at 1194.

Here, each legally disabled person is subject to the same deficiencies in Evans Hotels' Websites as well as Evans Hotels' online reservation system. Such inaccessibility prevents class members', including Plaintiffs, from equal access to the goods, services and benefits offered by Evans Hotels to the public through Evans Hotels' Websites. Additionally, the inaccessible websites caused the class members, including Plaintiffs, to change plans and seek accommodations at other hotels thereby increasing time and expense. Thus, Plaintiffs request this Court also certify Plaintiffs'' class action pursuant to Rule 23(b)(2).

## V.   **CONCLUSION**

In sum, Plaintiffs respectfully requests the Court grant the Motion for Class Certification; appoint Plaintiffs as Class Representatives; and appoint Abbas Kazerounian; Joshua B. Swigart; and, Matthew M. Loker as Class Counsel.

Dated: January 10, 2019                    **KAZEROUNI LAW GROUP, APC**

                                           By: ____/s/ Abbas Kazerounian____
                                               ABBAS KAZEROUNIAN, ESQ.
                                               ATTORNEY FOR PLAINTIFFS

**PLAINTIFFS JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS' MOTION FOR CLASS CERTIFICATION**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626