# PLAINTIFFS' EXHIBIT 3

_____

In The Case Of

*James Rutherford; and, The Association 4 Equal Access, Individually and on Behalf of All Others Similarly Situated,*

v.

*Evans Hotels, LLC,*

**18-cv-435 JLS (MSB)**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420
(805) 335−8455

Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
Charles E.H. Gulley III, Bar No. 314073
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com
pgoode@klinedinstlaw.com
cgulley@Klinedinstlaw.com

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,<br><br>Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50,<br><br>Defendants. | Case No.  18CV0435 JLS BGS<br><br>**DEFENDANT EVANS HOTELS, LLC'S RESPONSES TO PLAINTIFF JAMES RUTHERFORD'S FIRST SET OF REQUEST FOR ADMISSION**<br><br>Judge:  Janis L. Sammartino<br>Magistrate Judge: Bernard G. Skomal<br>Complaint Filed:  2/26/18<br>Trial Date:  None set |

PROPOUNDING PARTY:     JAMES RUTHERFORD

RESPONDING PARTY:       EVANS HOTELS, LLC

SET NUMBER:                       ONE

COMES NOW Defendant EVANS HOTELS, LLC ("Responding Party"), and hereby responds to Plaintiff JAMES RUTHERFORD's ("Propounding Party") Request for Admission, Set One, as follows:

### PRELIMINARY STATEMENT

A.     Responding Party's investigation of the facts and information is continuing. Responding Party's responses are based solely upon the information and documents known to date. Further discovery may lead to the discovery of

- 1 -

reservation for an accessible room or suite using the Websites in the same manner as individuals who do not need accessible rooms." (First Amended Complaint (FAC, at ¶24.) This request disproportionality exceeds the needs of this individual action. (Fed. R. Civ. P. 26(b)(1).) Responding Party further objects to this request to the extent it seeks information and protected by the attorney-client privilege, the work product doctrine, and to the extent it seeks to violate the expert disclosure schedule established by Fed. R. Civ. P. 26(a)(2). Last, Responding Party objects to this request on the basis that the undefined term "Certified Access Specialist" is impermissibly vague.

**REQUEST FOR ADMISSION NO. 9:**

Admit that as of the time the COMPLAINT was filed individuals with disabilities were not able to reserve ACCESSIBLE hotel rooms at the Bahia Resort Hotel through bahiahotel.com with the same efficiency, immediacy, and convenience as those who do not need ACCESSIBLE rooms.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

With respect to Propounding Party's use of the prefatory definition "ACCESSIBLE," Responding Party incorporates by reference General Objection (I), *supra*. Responding Party further objects to the phrase "the same efficiency, immediacy, and convenience as those who do not need ACCESSIBLE rooms" because it is vague and ambiguous. Last, Responding Party further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, the work product doctrine, and the duty of confidentiality, including third party rights to privacy.

Subject to and without waiving these objections, Responding Party responds that it is unable to determine what Propounding Party means when using the phrase "with the same efficiency, immediacy, and convenience as those who do not need ACCESSIBLE rooms." Responding Party admits that guests reserving rooms at the Bahia with accessible features through the website must wait for a second

1  email confirming that an accessible room has been "hard blocked."
2  **REQUEST FOR ADMISSION NO. 10:**
3      Admit that as of the time the COMPLAINT was filed individuals with
4  disabilities were not able to reserve ACCESSIBLE hotel rooms at the Lodge
5  Torrey Pines through lodgtorreypines.com with the same efficiency, immediacy,
6  and convenience as those who do not need ACCESSIBLE rooms
7  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**
8      With respect to Propounding Party's use of the prefatory definition
9  "ACCESSIBLE," Responding Party incorporates by reference General Objection
10 (I), *supra*. Responding Party further objects to the phrase "the same efficiency,
11 immediacy, and convenience as those who do not need ACCESSIBLE rooms"
12 because it is vague and ambiguous. Last, Responding Party objects to this request
13 to the extent it seeks documents or information protected by the attorney-client
14 privilege, the work product doctrine, and the duty of confidentiality, including
15 third party rights to privacy.
16     Subject to and without waiving these objections, Responding Party denies.
17 **REQUEST FOR ADMISSION NO. 11:**
18     Admit that as of the time the COMPLAINT was filed individuals with
19 disabilities were not able to reserve ACCESSIBLE hotel rooms at the Catamaran
20 Resort through catamaran.com with the same efficiency, immediacy, and
21 convenience as those who do not need ACCESSIBLE rooms.
22 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**
23     With respect to Propounding Party's use of the prefatory definition
24 "ACCESSIBLE," Responding Party incorporates by reference General Objection
25 (I), *supra*. Responding Party further objects to the phrase "the same efficiency,
26 immediacy, and convenience as those who do not need ACCESSIBLE rooms"
27 because it is vague and ambiguous. Last, Responding Party further objects to this
28 request to the extent it seeks documents or information protected by the attorney-

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 11 -

1 client privilege, the work product doctrine, and the duty of confidentiality,
2 including third party rights to privacy.
3      Subject to and without waiving these objections, Responding Party responds
4 that it is unable to determine what Propounding Party means when using the phrase
5 "with the same efficiency, immediacy, and convenience as those who do not need
6 ACCESSIBLE rooms." Responding Party admits that guests reserving rooms at
7 the Catamaran with accessible features through the website must wait for a second
8 email confirming that an accessible room has been "hard blocked."

9 **REQUEST FOR ADMISSION NO. 12:**
10      Admit that as of the time the COMPLAINT was filed individuals with
11 disabilities were not able to reserve ACCESSIBLE hotel rooms at the HOTELS
12 through the WEBSITES with the same efficiency, immediacy, and convenience as
13 those who do not need ACCESSIBLE rooms.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**
15      Responding Party objects to this request as impermissibly compound. With
16 respect to Propounding Party's use of the prefatory definition "ACCESSIBLE,"
17 Responding Party incorporates by reference General Objection (I), *supra*.
18 Responding Party further objects to the phrase "the same efficiency, immediacy,
19 and convenience as those who do not need ACCESSIBLE rooms" because it is
20 vague and ambiguous. Last, Responding Party further objects to this request to the
21 extent it seeks documents or information protected by the attorney-client privilege,
22 the work product doctrine, and the duty of confidentiality, including third party
23 rights to privacy.
24      Subject to and without waiving these objections, Responding Party responds
25 that it is unable to determine what Propounding Party means when using the phrase
26 "with the same efficiency, immediacy, and convenience as those who do not need
27 ACCESSIBLE rooms." Responding Party admits that guests reserving rooms at
28 the Bahia or the Catamaran with accessible features through the website must wait

1 for a second email confirming that an accessible room has been "hard blocked."

2 **REQUEST FOR ADMISSION NO. 13:**

3 Admit that as of the time the COMPLAINT was filed the WEBSITES did
4 not include information needed for disabled persons to independently identify the
5 ACCESSIBLE features of the HOTELS.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

7 Responding Party objects to this request as impermissibly compound. With
8 respect to Propounding Party's use of the prefatory definition "ACCESSIBLE,"
9 Responding Party incorporates by reference General Objection (I), *supra*.
10 Responding Party further objects to this request to the extent it seeks documents or
11 information protected by the attorney-client privilege, the work product doctrine,
12 and the duty of confidentiality, including third party rights to privacy.

13 Subject to and without waiving these objections, Responding Party responds
14 that it is unable to admit or deny this request because, as drafted, the defined term
15 ACCESSIBLE renders this request unintelligible.

16 **REQUEST FOR ADMISSION NO. 14:**

17 Admit that the WEBSITES do not include information needed for disabled
18 persons to independently identify the ACCESSIBLE features of the HOTELS

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

20 Responding Party objects to this request as impermissibly compound. With
21 respect to Propounding Party's use of the prefatory definition "ACCESSIBLE,"
22 Responding Party incorporates by reference General Objection (I), *supra*.
23 Responding Party further objects to this request to the extent it seeks documents or
24 information protected by the attorney-client privilege, the work product doctrine,
25 and the duty of confidentiality, including third party rights to privacy.

26 Subject to and without waiving these objections, Responding Party responds
27 that it is unable to admit or deny this request because, as drafted, the defined term
28 ACCESSIBLE renders this request unintelligible.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 13 -
DEFENDANT EVANS HOTELS, LLC'S RESPONSES TO PLAINTIFF JAMES RUTHERFORD'S FIRST SET
OF REQUEST FOR ADMISSION
18CV0435 JLS BGS

1 **REQUEST FOR ADMISSION NO. 15:**

2 Admit that the WEBSITES do not include all information needed for
3 disabled persons to independently identify the ACCESSIBLE features of the
4 HOTELS

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

6 Responding Party objects to this request as impermissibly compound. With
7 respect to Propounding Party's use of the prefatory definition "ACCESSIBLE,"
8 Responding Party incorporates by reference General Objection (I), *supra*.
9 Responding Party further objects to this request to the extent it seeks documents or
10 information protected by the attorney-client privilege, the work product doctrine,
11 and the duty of confidentiality, including third party rights to privacy.

12 Subject to and without waiving these objections, Responding Party responds
13 that it is unable to admit or deny this request because, as drafted, the defined term
14 ACCESSIBLE renders this request unintelligible.

15 **REQUEST FOR ADMISSION NO. 16:**

16 Admit that extra steps are required to reserve ACCESSIBLE rooms at the
17 Bahia Resort Hotel through bahiahotel.com as compared with rooms not
18 designated ACCESSIBLE.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

20 With respect to Propounding Party's use of the prefatory definition
21 "ACCESSIBLE," Responding Party incorporates by reference General Objection
22 (I), *supra*. Responding Party further objects to the term "extra steps" because it is
23 vague and ambiguous. Last, Responding Party further objects to this request to the
24 extent it seeks information and protected by the attorney-client privilege, the work
25 product doctrine, and to the extent it seeks to violate the expert disclosure schedule
26 established by Fed. R. Civ. P. 26(a)(2).

27 Subject to and without waiving these objections, Responding Party responds
28 that it is unable to determine what Propounding Party means when using the term

1  "extra steps." Responding Party admits that guests reserving rooms at the Bahia
2  with accessible features through the website must wait for a second email
3  confirming that an accessible room has been "hard blocked."

4  **REQUEST FOR ADMISSION NO. 17:**

5  Admit that extra steps are required to reserve ACCESSIBLE rooms at the
6  Lodge Torrey Pines through lodgtorreypines.com as compared with rooms not
7  designated ACCESSIBLE.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

9  With respect to Propounding Party's use of the prefatory definition
10 "ACCESSIBLE," Responding Party incorporates by reference General Objection
11 (I), *supra*. Responding Party further objects to this request to the extent it seeks
12 information and protected by the attorney-client privilege, the work product
13 doctrine, and to the extent it seeks to violate the expert disclosure schedule
14 established by Fed. R. Civ. P. 26(a)(2).

15 Subject to and without waiving these objections, Responding Party denies.

16 **REQUEST FOR ADMISSION NO. 18:**

17 Admit that extra steps are required to reserve ACCESSIBLE rooms at the
18 Catamaran Resort through catamaran.com as compared with rooms not designated
19 ACCESSIBLE.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

21 With respect to Propounding Party's use of the prefatory definition
22 "ACCESSIBLE," Responding Party incorporates by reference General Objection
23 (I), *supra*. Responding Party further objects to the term "extra steps" because it is
24 vague and ambiguous. Last, Responding Party further objects to this request to the
25 extent it seeks information and protected by the attorney-client privilege, the work
26 product doctrine, and to the extent it seeks to violate the expert disclosure schedule
27 established by Fed. R. Civ. P. 26(a)(2).

28 Subject to and without waiving these objections, Responding Party responds

1 | that it is unable to determine what Propounding Party means when using the term
2 | "extra steps." Responding Party admits that guests reserving rooms at the
3 | Catamaran with accessible features through the website must wait for a second
4 | email confirming that an accessible room has been "hard blocked."

KLINEDINST PC

DATED: July 19, 2018        By: _____
                                 Nadia P. Bermudez
                                 Patrick J. Goode II
                                 Charles E.H. Gulley III
                                 Attorneys for Defendant
                                 EVANS HOTELS, LLC

## VERIFICATION

I, Kimberley Guillermo, hereby declare and state as follows:

I am an authorized representative of EVANS HOTALS, LLC, a Defendant, in this action. I have read the foregoing DEFENDANT EVANS HOTELS, LLC'S RESPONSES TO PLAINTIFF JAMES RUTHERFORD'S FIRST SET OF REQUEST FOR ADMISSION and know the contents thereof. The same is true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of July, 2018 in San Diego, California.

EVANS HOTELS, LLC

By: *[signature]*
Kimberley Guillermo
Its Director of Reservations, Evans Hotels

17300114v1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101