# PLAINTIFFS' EXHIBIT 4

_____

In The Case Of

*James Rutherford; and, The Association 4 Equal Access, Individually and on Behalf of All Others Similarly Situated,*

v.

*Evans Hotels, LLC,*

**18-cv-435 JLS (MSB)**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420
(805) 335–8455

Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
Charles E.H. Gulley III, Bar No. 314073
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com
pgoode@klinedinstlaw.com
cgulley@Klinedinstlaw.com

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,<br><br>Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50,<br><br>Defendants. | Case No.   18CV0435 JLS BGS<br><br>**DEFENDANT EVANS HOTELS, LLC'S RESPONSES TO PLAINTIFF THE ASSOCIATION 4 EQUAL ACCESS' INTERROGATORIES (SET TWO)**<br><br>Judge:          Janis L. Sammartino<br>Magistrate Judge: Bernard G. Skomal<br>Complaint Filed:  2/26/18<br>Trial Date:    None set |

PROPOUNDING PARTY:    THE ASSOCIATION 4 EQUAL ACCESS

RESPONDING PARTY:    EVANS HOTELS, LLC

SET NUMBER:    TWO

COMES NOW Defendant EVANS HOTELS, LLC ("Responding Party"), and hereby responds to Plaintiff THE ASSOCIATION 4 EQUAL ACCESS ("Propounding Party") Interrogatories, Set Two, as follows:

## PRELIMINARY STATEMENT

As to each and every request contained in Propounding Party's Interrogatories, Set Two, Responding Party states the following:

///

- 1 -

completed as of the date of these responses, and therefore Responding Party does not purport to state anything more than the information presently known to or discovered by it. Responding Party specifically reserves the right to supplement, modify, or amend its responses or to present additional information at a later date.

D. Responding Party has based its responses upon the assumption that Propounding Party did not intend to seek information protected against discovery by the attorney-client privilege or the attorney work product doctrine. To the extent any interrogatory or any part thereof is intended to elicit such information, Responding Party objects thereto and asserts the protection and privileges provided thereby to the fullest extent.

E. Responding Party generally objects to Propounding Party's enumerated "INSTRUCTIONS" to the extent they demand information, descriptions, identifications, and/or productions exceeding the requirements of the Federal Rules of Civil Procedure, including Fed. R. Civ. P. Rules 26 and 34.

Referencing and expressly incorporating each of these general objections, Responding Party hereby responds as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 19:**

State the number of individuals that reserved an accessible room through www.bahiahotel.com between January 1, 2015 and the date of responding to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, the work product doctrine, and the duty of confidentiality, including third party rights to privacy. Responding Party objects to this Request on the grounds that the phrases "accessible room" and "through www.bahiahotel.com" are vague, ambiguous and undefined. Responding Party understands and interprets this request as seeking information regarding the

- 3 -

number of reservations made through the online booking engine linked to the website www.bahiahotel.com in which the guest requested and booked a room designated as an accessible room (e.g., roll in shower / bath tub with grab rails). Subject to the foregoing understanding and without waiving these objections, Responding Party responds as follows:

Between January 1, 2015 and September 28, 2018 there were sixteen (16) reservations made through the online booking engine linked to the website www.bahiahotel.com in which the guest requested and booked a room designated as an accessible room (e.g., roll in shower / bath tub with grab rails). By contrast, during the same time period, one hundred and seven (107) such reservations were made by phone, thirty six (36) such reservations were made through travel agencies, online travel companies, and free independent travel companies, and thirty three (33) such reservations were made through group, catering, and house/executive requests.

**INTERROGATORY NO. 20:**

State the number of individuals that reserved an accessible room through www.catamaranresort.com between January 1, 2015 and the date of responding to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 20:**

Responding Party objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, the work product doctrine, and the duty of confidentiality, including third party rights to privacy. Responding Party objects to this Request on the grounds that the phrases "accessible room" and "through www.catamaranresort.com" are vague, ambiguous and undefined. Responding Party understands and interprets this request as seeking information regarding the number of reservations made through the online booking engine linked to the website www.catamaranresort.com in which the guest requested and booked a room designated as an accessible room (e.g., roll in shower / bath tub

DEFENDANT EVANS HOTELS, LLC'S RESPONSES TO PLAINTIFF THE ASSOCIATION 4 EQUAL ACCESS' INTERROGATORIES (SET TWO)
18CV0435 JLS BGS

with grab rails). Subject to the foregoing understanding and without waiving these objections, Responding Party responds as follows:

Between January 1, 2015 and September 28, 2018 there was one (1) reservation made through the online booking engine linked to the website www.catamaranresort.com in which the guest requested and booked a room designated as an accessible room (e.g., roll in shower / bath tub with grab rails). By contrast, during the same time period, ninety nine (99) such reservations were made by phone, one (1) such reservation was made through travel agencies, online travel companies, and free independent travel companies, and thirty-three (33) such reservations were made through group, catering, and house/executive requests.

**INTERROGATORY NO. 21:**

State the number of individuals that reserved an accessible room through www.lodgetorreypines.com between January 1, 2015 and the date of responding to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Party objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, the work product doctrine, and the duty of confidentiality, including third party rights to privacy. Responding Party objects to this Request on the grounds that the phrases "accessible room" and "through www.lodgetorreypines.com" are vague, ambiguous and undefined. Responding Party understands and interprets this request as seeking information regarding the number of reservations made through the online booking engine linked to the website www.lodgetorreypines.com in which the guest requested and booked a room designated as an accessible room (e.g., roll in shower / bath tub with grab rails). Subject to the foregoing understanding and without waiving these objections, Responding Party responds as follows:

Responding Party is presently unable to identify the exact number of

reservations made through the online booking engine linked to the website www.lodgetorreypines.com in which the guest requested a room designated as accessible, as the available records do not distinguish between a reservation in which the guest requests an accessible room or the guest receives an accessible room for another reason (e.g., it is the last available room of that type). ==Responding Party has been able to determine that between January 1, 2015 and September 28, 2018 there were eighty-three (83) reservations made through the online booking engine linked to the website www.lodgetorreypines.com in which the guest stayed in a designated accessible room== (e.g., roll in shower / bath tub with grab rails). The number of reservations in which the guest requested an accessible room is presently unknown, but lower than eighty-three (83). Responding Party will update its response, if possible. Responding Party has been able to verify that during the same time period, thirty five (35) reservations in which the guest requested an accessible room were made by phone, two (2) such reservations were made through travel agencies, online travel companies, clubs, and free independent travel companies, and thirty-four (34) such reservations were made through group, catering, and house/executive requests.

KLINEDINST PC

DATED: October 3, 2018         By: _____
                                   Nadia P. Bermudez
                                   Patrick J. Goode II
                                   Charles E.H. Gulley III
                                   Attorneys for Defendant
                                   EVANS HOTELS, LLC

## VERIFICATION

I, Andy Thomas, hereby declare and state as follows:

I am an authorized representative of EVANS HOTALS, LLC, a Defendant, in this action. I have read the foregoing DEFENDANT EVANS HOTELS, LLC'S RESPONSES TO PLAINTIFF THE ASSOCIATION 4 EQUAL ACCESS' INTERROGATORIES (SET TWO) and know the contents thereof. The same is true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2018 in San Diego, California.

EVANS HOTELS, LLC

By: _____
Andy Thomas
Its Senior Vice President, Business Development, Evans Hotels

17393015v1