KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Ste. D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

MANNING LAW, APC
Joseph R. Manning, Jr., Esq. (223381)
info@manninglawoffice.com
4667 MacArthur Boulevard, Ste. 150
Newport Beach, CA 92660
Telephone: (949) 200-8755
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*,

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD; AND, THE ASSOCIATION 4 EQUAL ACCESS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC,<br><br>Defendant. | Case No.: 18-cv-435 JLS (MSB)<br><br>**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**DATE:** February 21, 2019<br>**TIME:** 1:30 p.m.<br>**COURTROOM:** 4D<br><br>**HON. JANIS L. SAMMARTINO** |

///
///
///
///

Case 3:18-cv-00435-JLS-MSB   Document 45-14   Filed 01/10/19   PageID.698   Page 2 of 9

# DECLARATION OF JOSHUA B. SWIGART

I, JOSHUA B. SWIGART, declare:

1. I am one of the attorneys for the Plaintiffs JAMES RUTHERFORD; and, THE ASSOCIATION 4 EQUAL ACCESS ("Plaintiffs") in this action.

2. I submit this declaration in support of the Motion for Class Certification against Defendant EVANS HOTELS, LLC.

3. I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in 2007 and have been a member in good standing ever since that time.

4. If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

5. I submit this declaration in support of the Plaintiffs' Motion for Class Certification.

6. I believe that I have and will fairly and adequately represent the interests of the putative class members in this action, and I request to be appointed as Class Counsel in this action.

7. I am unaware of any conflict of interest between the Plaintiff and the proposed class members, and between Plaintiff and her attorneys    including proposed class counsel.

Case No.: 18-cv-435 JLS (MSB)          1 of 8          *Rutherford, et al. v. Evans Hotels, LLC*
**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**


## HYDE & SWIGART'S
## CONSUMER RELATED EXPERIENCE AND RESULTS

8. Since my admission to the State Bar of California in 2003, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, class action litigation under the Telephone Consumer Protection Act, California's invasion of privacy statutes pursuant to Penal Code § 630, *et seq.*, and false advertising actions concerning consumer products.

9. Hyde & Swigart has extensive experience in consumer related issues. A brief summary of a non-inclusive list of notable decisions are as follows:

   a. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG)(S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,750,000. Counsel obtained final approval on August 15, 2014);

   b. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,600,000. Finally approved on November 6, 2014);

   c. *Zaw v. Nelnet Business Solutions, Inc., et al.*, C 13-05788 RS (N.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $1,188,110. Final approval granted on December 1, 2014);

d. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008) (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing);

e. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

f. *Engelen v. Erin Capital Management, LLC, et al.*, No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

g. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

h. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

i. *Iniguez v. The CBE Group, Inc.*, 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

j. *Catala v. Resurgent Capital Servs.*, L.P., 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.) (Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

k. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted sua sponte in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

l. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005) (Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17.  The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

n. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o. *Geoffroy, et al. v. Washington Mutual Bank*, 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers*, 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes);

r. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp.*, 578 F. Supp. 2d 1251 (2008) (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Owings v. Hunt & Henriques, et al.*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.) (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

u. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identify of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e);

v. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (TCPA action finally approved for $1,500,000);

w. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and finally approved for $7,000,000);

x. *Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239 (C.D. Cal. June 27, 2017) (Order certifying nationwide TCPA class action);

y. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Sup. Ct. San Luis Obispo) (RFDCPA class action finally approved on October 30, 2017); and,

z. *Moreno-Peralta v. TRS Recovery Services, Inc.*, 2017 Cal. Super. LEXIS 548 (Sup. Ct. San Luis Obispo Oct. 10, 2017) (RFDCPA class action preliminarily approved).

### ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

10. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

    a. National Consumer Law Conference; Oakland, CA – 2003;

    b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;

    c. National Consumer Law Conference; Boston, MA – 2004;

    d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA – 2005;

    e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;

    f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;

g. Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;

h. Four-day National Consumer Law Center Conference; Nashville, TN –2008;

i. Three-day National Consumer Law Center Conference; Portland, OR -2008;

j. Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

k. Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

l. Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

m. Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

n. Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

o. Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

p. National Consumer Law Center Conference, National Convention; Balitmore, MD - 2013;

q. Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

r. Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

s. Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

t. Guest Speaker at California Western School of Law; Consumer Law class - 2014;

u. 8th Annual Class Action Seminar; San Francisco, CA – 2014;

v. Speaker regarding class actions at the NCLC National Conference held in Anaheim, CA in 2016.

11. I am a member in good standing of the following local and national associations:

   a. National Association of Consumer Advocates;
   b. Federal Bar Association, Southern District of California Chapter;
   c. San Diego County Bar Association;
   d. Riverside County Bar Association;
   e. San Bernardino County Bar Association;
   f. Enright Inns of Court (2011-2014);
   g. American Association for Justice.

12. Based upon the above, I believe my experience in litigating class actions and my years in practice are sufficient to justify my firm's appointment as class counsel in this case.

13. Therefore, my experience in litigating class actions and my years in practice are sufficient to justify my firm's appointment as class counsel in this case.

I declare under penalty of perjury under the laws of the United States and those of the State of California that the foregoing is true and correct, and that this declaration was executed on January 10, 2019.

                                             ___/s/ Joshua B. Swigart___
                                             JOSHUA B. SWIGART