UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EVANS HOTELS, LLC, et al., <br><br> Defendants. | Case No.: 18cv435-JLS(MSB) <br><br> **ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: PLAINTIFFS' EXPERT REPORT [ECF NO. 47]** |

On January 17, 2019, the parties filed a "Joint Motion for Determination of Discovery Dispute re: Plaintiff's Untimely Expert Report." (J. Mot., ECF No. 47 ("J. Mot.").) Defendant Evans Hotels, LLC ("Defendant") asks the Court to issue an order pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure prohibiting Plaintiffs' expert, Richard J. Streitz, from "supplying evidence on a motion, at a hearing or at trial." (Id. at 1-2, 4.) For the reasons set forth below, the Court **DENIES** the motion as premature.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2018, Plaintiffs filed a First Amended Complaint ("FAC") against Defendant under the California Unruh Civil Rights Act and the Americans with Disabilities Act [ECF No. 1-2], and on February 22, 2018, Defendant answered the FAC [ECF No. 2]. On June 6, 2018, United States Magistrate Judge Bernard G. Skomal issued

1

a "Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings." (Sched. Order, ECF No. 15.) The order set January 4, 2019, as the deadline for each party to comply with the disclosure provisions in Rule 26(a)(2)(A)-(B) of the Federal Rules of Civil Procedure. (Id. at 2.)

On July 27, 2018, Plaintiffs filed a Second Amended Complaint ("SAC"), the operative pleading in this case, adding class allegations [ECF No. 21], and Defendant filed an Answer to the SAC on August 10, 2018 [ECF No. 22]. In light of the class allegations in the Plaintiffs' SAC, Judge Skomal issued an "Amended Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings" on August 15, 2018. (Am. Sched. Order, ECF No. 23.) The Amended Scheduling Order vacated "[a]ll dates and deadlines set forth in the initial Scheduling Order[,]" set October 9, 2018, as the deadline for fact and class discovery, and November 9, 2018, as the motion for class certification filing deadline. (Id. at 2.)

On September 19, 2018, the parties filed a "Joint Motion to Amend the Scheduling Order Continuing Discovery Cutoff and Motion for Class Certification Deadlines for 30 Days" [ECF No. 27]. Judge Skomal granted in part the joint motion and continued the class discovery deadline until November 9, 2018 "for the express and sole purpose of conducting [certain] depositions[,]" and set December 10, 2018, as the motion for class certification filing deadline. (Order 1-2, ECF No. 29.) On November 6, 2018, the case was transferred from Judge Skomal to Judge Berg [ECF No. 34].

On November 9, 2018, Plaintiffs served their "Expert Witness Designation" identifying Richard J. Streitz as their proposed expert. (J. Mot., Bermudez Decl. ("Bermudez Decl.") at 2, Ex. 6.) On November 30, 2018, Defendant served its initial expert report on Plaintiffs. (Bermudez Decl. at 2.)

On December 6, 2018, Plaintiffs moved the Court ex parte to continue the motion for class certification filing deadline [ECF No. 40]. The Court granted the ex parte motion on December 11, 2018, and required the parties to complete all Rule 30(b)(6) depositions by December 21, 2018, and to file a motion for class certification by January

10, 2019. (Order 1, 3, ECF No. 43.) The Court further ordered the parties to "contact the chambers of Judge Berg within **three court days** of the District Judge's ruling on the motion or class certification to schedule a Case Management Conference." (Id. at 3.)

On January 4, 2019, Plaintiffs served upon Defendant "Plaintiffs' James Rutherford and The Association 4 Equal Access' Initial Expert Report." (J. Mot. at 1.) Plaintiffs filed a "Motion for Class Certification" on January 10, 2019 [ECF No. 45], and on February 7, 2019, Defendant filed its Opposition to Plaintiffs' class certification motion [ECF No. 49]. On February 8, 2019, the Court held a telephonic Discovery Conference with counsel for the parties, which addressed the instant discovery dispute [ECF No. 50].

## II. APPLICABLE LAW

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a "party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard" may do the following: "order payment of the reasonable expenses, including attorney's fees, caused by the failure"; "inform the jury of the party's failure"; and "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C).

## III. DISCUSSION

Defendant contends that "Plaintiffs James Rutherford and The Association 4 Equal Access' Initial Report" (the "Expert Report") served on January 4, 2019 is untimely because it was produced almost two months after discovery cutoff and over one month after "the date agreed to for exchange between the parties." (J. Mot. at 1.) Defendant further argues that the alleged "late production" of the Expert Report is prejudicial because Defendant did not timely designate a rebuttal expert and did not depose Plaintiffs' expert in advance of Plaintiffs' motion for class certification. (Id. at 4.)

Defendant therefore asks the Court to issue an order prohibiting Plaintiffs' expert, Richard J. Streitz, from "supplying evidence on a motion, at a hearing, or at trial." (Id. (citing Fed. R. Civ. P. 37(c)(1).)

Plaintiffs respond that their Expert Report was timely disclosed on January 4, 2019, arguing that their counsel's November 2, 2018 alleged agreement to modify the Scheduling Order was induced by defense counsel's "incomplete or misleading oral statement," and the unsigned and unfiled stipulation did not modify the Court's Scheduling Order. (Id. at 5-7.) Plaintiffs also assert that Defendant has not demonstrated prejudice because Plaintiffs' initial disclosures provided that they would utilize an expert, Plaintiffs supplemented their initial disclosures to identify Mr. Streitz,[1] Defendant is able to depose Mr. Streitz within the expert discovery cutoff, and Defendant did not identify an expert in its initial and supplemental disclosures. (Id. at 8-9.) Plaintiffs further contend that "Mr. Streitz has not yet been utilized in this Action to present evidence at trial, at a hearing, or in a motion." (Id. at 9.)

The Court initially notes that expert disclosure deadlines were vacated on August 15, 2018, when Judge Skomal issued an Amended Scheduling Order. (See Am. Sched. Order 2, ECF No. 23 (providing that "[a]ll dates and deadlines set forth in the initial Scheduling Order (ECF No. 15) are **VACATED**.").) Although the parties disagree as to whether they have agreed continue the deadline to exchange expert reports,[2] the

---

[1] Plaintiffs' supplemental disclosures stated that "Richard J. Streitz: Plaintiffs' expert, to be contacted through Plaintiffs' counsel, regarding the functionality of Defendant's applicable websites during the online reservation process; the information conveyed thereupon related to the ADA; Defendant's compliance with the ADA; and, the ADA in general." (Id. at 18.)

[2] The evidence presented to the Court establishes that on November 2, 2018, counsel for the parties exchanged e-mail communications, and defense counsel proposed "that the parties stipulate to exchange initial expert reports no later than November 30, 2018 and that the exchange of rebuttal expert designations follow on December 17, 2018." (Bermudez Decl., Ex. 1.) Plaintiffs' counsel responded: "Plaintiff agrees. Please circulate a Joint Motion." (Id., Ex. 2.) On November 6, 2018, defense counsel e-mailed Plaintiffs' counsel a stipulation regarding the timing of expert designations and reports. (Id., Ex. 4.) On November 8, 2018, defense counsel followed-up with Plaintiffs' counsel

4

parties did not file a motion asking the Court to approve their alleged stipulation. Accordingly, even if the parties reached a stipulation, it is not binding on the Court because the Court has not ruled on it, and has not approved the stipulation. See S.D. Cal. Civ. L. R. 7.2(a) (providing that "stipulations must be recognized as binding on the court only when approved by the judge"); De La Torre v. Legal Recovery Law Office, No. 12cv2579–LAB (WMc), 2014 WL 4547035, at *2 n.1 (S.D. Cal. Sept. 12, 2014) ("The parties cannot bind the Court by stipulations between themselves. Stipulations are not binding on the Court unless approved."). As a result, there were no expert disclosure deadlines in effect after the issuance of the Amended Scheduling Order on August 15, 2018. Defendant's argument that the Expert Report is untimely therefore lacks merit.

Defendant also claims that it has been prejudiced because it did not timely designate a rebuttal expert and did not depose Plaintiffs' expert in advance of Plaintiffs' motion for class certification. (J. Mot. at 4.) Plaintiffs' initial disclosures provided that they would utilize an expert, and Plaintiffs supplemented their initial disclosures to identify Mr. Streitz. (See id., Locker Decl., Exs. 3-4.) Notably, according to Plaintiffs, "Mr. Streitz has not yet been utilized in this Action to present evidence at trial, at a hearing, or in a motion." (J. Mot. at 9.) Defendant has not presented any evidence to the Court to rebut the above contention, and both parties confirmed during the February 8, 2019 telephonic Discovery Conference with the Court that the Expert Report had not been used in connection with the Plaintiffs' Motion for Class Certification filed on January 10, 2019. Additionally, as noted above, Defendant filed its Opposition to Plaintiffs' Motion for Class Certification on February 7, 2019. Defendant has therefore failed to demonstrate prejudice. Further, Defendant is able to depose Mr. Streitz within the expert discovery cutoff. This Court's December 11, 2018 order requires the parties

---

via e-mail regarding the stipulation. (Id., Ex. 5.) Plaintiff's November 9, 2018 "Expert Witness Designation" provided that "[p]ursuant to the parties' agreement, initial expert reports shall be exchanged no later than November 30, 2018, with rebuttal expert designations and reports to be exchanged no later than December 17, 2018." (Id., Ex. 6.)

to "contact the chambers of Judge Berg within **three court days** of the District Judge's ruling on the motion or class certification to schedule a Case Management Conference." (Order 1, 3, ECF No. 43.) Expert-related dates will be set at that time.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for an order prohibiting Plaintiffs' expert Richard J. Streitz from supplying evidence on a motion, at a hearing, is **DENIED** as premature.

**IT IS SO ORDERED.**

Dated: February 13, 2019

Honorable Michael S. Berg
United States Magistrate Judge