UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, and THE ASSOCIATION 4 EQUAL ACCESS, <br><br> Plaintiffs, <br><br> v. <br><br> EVANS HOTELS, LLC; and DOES 1 to 50, <br><br> Defendants. | Case No.: 18-CV-435 JLS (MSB) <br><br> **ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE, AND (2) FOR PLAINTIFFS TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF STANDING AND SUBJECT-MATTER JURISDICTION** <br><br> (ECF No. 26) |

Presently before the Court is Plaintiffs James Rutherford and The Association 4 Equal Access's Motion to Strike Defendant Evans Hotels, LLC's Affirmative Defenses ("Mot.," ECF No. 26).[1] Also before the Court are Defendant Evans Hotels, LLC's Opposition to ("Opp'n," ECF No. 30) and Plaintiffs' Reply in Support of ("Reply," ECF No. 31) the Motion. The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the

---

[1] Also pending before the Court is Plaintiffs' fully briefed Motion for Class Certification (ECF No. 45), on which the Court does not rule in this Order.

1

18-CV-435 JLS (MSB)

Parties' arguments and the law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion as set forth below. The Court also **ORDERS** Plaintiffs to **SHOW CAUSE** why this action should not be dismissed for lack of standing and subject-matter jurisdiction.

## BACKGROUND

On January 18, 2018, Plaintiffs filed a complaint for violation of the California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.* ("Unruh Act") and declaratory relief under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the Unruh Act. *See generally* ECF No. 1-2 Ex. A. Plaintiffs filed an amended complaint on February 16, 2018. *See generally* ECF No. 1-2 Ex. B. In their answer to Plaintiffs' amended complaint, filed February 22, 2018, Defendants raised thirty-three affirmative defenses. *See generally* ECF No. 1-2 Ex. C; ECF No. 2.

On February 26, 2018, Defendant removed to this Court on the basis of federal question jurisdiction. *See generally* ECF No. 1. Plaintiffs requested leave to file a second amended complaint, *see generally* ECF No. 12, which the Court granted. *See generally* ECF No. 20. Plaintiffs' operative Second Amended Complaint ("SAC") asserts two causes of action for violation of the Unruh Act and the ADA. *See generally* ECF No. 21.

Defendant answered the Second Amended Complaint on August 10, 2018, *see generally* ECF No. 22 ("Ans."), raising thirty-seven affirmative defenses. *See generally id.* at 13–22. In addition to the affirmative defenses raised in its prior answer, Defendant added new thirty-first through thirty-sixth affirmative defenses for failure to meet class action requirements, primary jurisdiction, substantial compliance, unreasonable and untailored requested accommodations, violation of the First Amendment, and no injunctive relief, respectively. *Compare* ECF No. 2, *with* Ans. at 20–22. It also dropped its prior seventeenth and thirty-second affirmative defenses for lack of supplemental jurisdiction and federal jurisdiction, respectively. *Compare* Ans., *with* ECF No. 2 at 6, 9.

The instant Motion followed on August 30, 2018. *See generally* ECF No. 26. Fact discovery closed on October 9, 2018. *See* ECF No. 29 at 2.

**MOTION TO STRIKE**

## I. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Id.* (citing *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).

"Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013) (citing Fed. R. Civ. P. 15(a)(2); *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

## II. Analysis

Plaintiffs request that the Court strike Defendant's first through third, seventh through twenty-sixth, thirty-sixth, and thirty-seventh affirmative defenses. *See generally* Mot. Defendant does not oppose dismissal without prejudice of its eighteenth, twenty-

/ / /

/ / /

/ / /

second, twenty-fifth, twenty-sixth, or thirty-seventh affirmative defenses. *See* Opp'n at 2. The Court addresses Defendant's remaining affirmative defenses below.[2]

### A. *Defenses That Are Not Affirmative Defenses*

Plaintiffs challenge Defendant's first, eighth through fourteenth, twenty-fourth, and thirty-sixth affirmative defenses for failure to state a cause of action; fundamental alternation of activities; undue burden or hardship – cost; undue burden or hardship – compliance with conflicting laws and regulations; injunctive relief – vague, overbroad, and unduly subjective; declaratory relief unavailable; attorneys' fees; impracticability; good faith; and no injunctive relief, respectively, on the grounds that they "do not constitute valid affirmative defenses." *See* Mot. at 3–4, 6–9, 12–13.

#### 1. *First Affirmative Defense: Failure to State a Cause of Action*

Relying on *Smith v. Cobb*, No. 15-cv-00176-GPC, 2017 WL 3887420, at *7 (S.D. Cal. Sept. 5, 2017), Plaintiffs contend that "[f]ailure to state a cause of action is not a proper affirmative defense." Mot. at 3. Defendants, on the other hand, note that "the Federal Rules of Civil Procedure [previously] offer[ed] failure to state a claim as a model affirmative defense." Opp'n at 4 (quoting *Willson v. Bank of Am., N.A.*, No. C04-1465 TEH, 2004 WL 1811148, at *4 (N.D. Cal. Aug. 12, 2004) (citing former Fed. R. Civ. P. Form 20 & Fed. R. Civ. P. 84, *abrogated* eff. Dec. 1, 2015)).

The weight of authority, including from this District, appears to favor Plaintiffs that failure to state a cause of action is not an affirmative defense. *See, e.g.*, *J&J Sports Prods., Inc. v. Juarez,* No. 15CV1477-LAB (BLM), 2016 WL 795891, at *1 (S.D. Cal. Mar. 1,

---

[2] Defendant notes that its "Answer contains virtually the same affirmative defenses contained in an earlier filed Answer, which was filed without any objection by Plaintiffs." Opp'n at 1. "[Defendant]'s point is well taken, and the Court agrees, that [Plaintiffs] could have acted more diligently and filed [their] motion to strike . . . earlier in response to [Defendant]'s original answer where the . . . defense[s] w[ere] originally pled." *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 95 (D.N.J. 2014). Although this consideration may weigh in favor of finding the present Motion to be a delaying tactic, *see Cortina*, 94 F. Supp. 3d at 1182, "[s]tanding alone . . . , this lack of diligence by [Plaintiffs] is insufficient to deny the [timely] motion to strike." *Newborn Bros. Co.*, 299 F.R.D. at 95; *see also SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. C 11-4991 CW, 2012 WL 2326001, at *2 (N.D. Cal. June 19, 2012); *Raychem Corp. v. PSI Telecomms., Inc.*, No. CIV. C-93-20920 RPA, 1995 WL 108193, at *2 (N.D. Cal. Mar. 6, 1995).

2016). Accordingly, the Court **GRANTS** Plaintiffs' Motion and **STRIKES WITH PREJUDICE** Defendant's first affirmative defense for failure to state a cause of action. "Although struck with prejudice as affirmative defenses, the court makes clear that Defendant[ is] not precluded from arguing, in a motion or at trial, that [Plaintiffs] ha[ve] failed to state a claim." *See Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013).

### 2. *Eighth Affirmative Defense: Fundamental Alteration of Activities*

Plaintiffs argue that Defendant's "Eighth Affirmative Defense . . . that '[r]equiring Evans Hotels to immediately restructure its business would require Evans Hotels to achieve the impossible given current technology, or significantly reduce the amount and quality of available content[]' . . . is not an affirmative defense." Mot. at 6 (quoting Ans. at 15). Defendant counters that "fundamental alteration is a legally sufficient and cognizable affirmative defense." Opp'n at 7 (citing *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 845 (9th Cir. 2004); *Rapp v. Lawrence Welk Resort*, No. 12-CV-01247 BEN WMC, 2013 WL 358268, at *5 (S.D. Cal. Jan. 28, 2013)).

Given the Ninth Circuit's clear articulation that "[w]hether an accommodation fundamentally alters a service or facility is an affirmative defense," *Lentini*, 370 F.3d at 845, the Court **DENIES** Plaintiffs' Motion as to Defendant's eighth affirmative defense for fundamental alteration of activities.

### 3. *Ninth and Tenth Affirmative Defenses: Undue Burden or Hardship – Cost and Compliance with Conflicting Laws and Regulations*

Plaintiffs contend that Defendant's ninth and tenth affirmative defenses for undue burden or hardship, *i.e.*, that the "relief requested would impose undue economic burden of hardship on Evans Hotel" and "would impose undue burden of hardship on [Defendant] by having to comply with conflicting requirements," are "not . . . affirmative defense[s]." Mot. at 7 (quoting and citing Ans. at 15). Defendant, on the other hand, notes that "28 C.F.R. § 36.303 expressly provides that a public accommodation is not required to take certain steps if defendants can demonstrate that taking such steps 'would result in an undue

burden, *i.e.*, *significant difficulty or expense.*'" Opp'n at 7 (quoting 28 C.F.R. § 36.303) (emphasis in original).

Because the undue burden defense appears in the same provision as the fundamental alteration defense, *see* 42 U.S.C. § 12182(b)(2)(A)(iii); *see also* 28 C.F.R. § 36.303, the Court concludes that the Ninth Circuit's decision in *Lentini*, 370 F.3d at 845, is equally applicable to the legal viability of the undue burden defense. Accordingly, the Court **DENIES** Plaintiffs' Motion as to Defendant's ninth and tenth affirmative defenses for undue burden or hardship on the basis of cost and compliance with conflicting laws and regulations.

### 4. *Eleventh and Thirty-Sixth Affirmative Defenses: Injunctive Relief – Vague, Overbroad, and Unduly Subjective and No Injunctive Relief*

Plaintiffs claim that Defendant's eleventh and thirty-sixth affirmative defenses related to Plaintiffs' inability to obtain injunctive relief are "essentially a denial of [Plaintiffs'] claim for injunctive relief, not an affirmative defense." Mot. at 8 (quoting *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454 BEN DHB, 2013 WL 4026366, at *6 (S.D. Cal. Aug. 6, 2013)). Defendant seems to concede that these are not true affirmative defenses but argue that "striking these defenses on this basis would unduly prejudice Defendant[]." Opp'n at 8.

Because the Court agrees that Defendant's eleventh and thirty-sixth affirmative defenses are not affirmative defenses, the Court **GRANTS** Plaintiff's Motion and **STRIKES WITH PREJUDICE** Defendant's affirmative defenses for vague, overbroad, and unduly subjective and no injunctive relief. *See, e.g.*, *Roland Corp. v. Inmusicbrands, Inc.*, No. 216CV06256CBMAJWX, 2017 WL 513924, at *2 (C.D. Cal. Jan. 26, 2017).

### 5. *Twelfth Affirmative Defense: Declaratory Relief Unavailable*

Plaintiffs contend that Defendant's twelfth affirmative defense should be stricken for the same reason as its eleventh and thirty-sixth affirmative defenses. *See* Mot. at 8. Defendant counters that Plaintiffs' request should be denied because "Plaintiffs identify no conceivable prejudice related to the inclusion of th[is] defense[]." Opp'n at 9.

For the same reasons the Court granted Plaintiffs' Motion as to Defendant's eleventh and thirty-sixth affirmative defenses concerning the availability of injunctive relief, the Court **GRANTS** Plaintiff's Motion and **STRIKES WITH PREJUDICE** Defendant's twelfth affirmative defense for declaratory relief unavailable.

### 6. *Thirteenth Affirmative Defense: Attorneys' Fees*

Plaintiffs argue that Defendant's thirteenth affirmative defense, claiming that Plaintiffs are barred from recovering attorneys' fees, "is not an affirmative defense." Mot. at 8. Again, Defendant contends that Plaintiffs' Motion must fail because "Plaintiffs identify no conceivable prejudice related to the inclusion of th[is] defense[]." Opp'n at 9.

For the same reasons the Court granted Plaintiffs' Motion as to Defendant's eleventh, twelfth, and thirty-sixth affirmative defenses concerning the availability of injunctive and declaratory relief, the Court **GRANTS** Plaintiff's Motion and **STRIKES WITH PREJUDICE** Defendant's thirteenth affirmative defense for attorneys' fees. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

### 7. *Fourteenth Affirmative Defense: Impracticability*

Plaintiffs assert that Defendant's fourteenth affirmative defense, that "the relief requested is impracticable," "would not constitute an affirmative defense since [it] . . . would not absolve [Defendant] of liability." Mot. at 8–9 (quoting Ans. at 16). Defendant responds that "[s]tructural impracticability is a recognized defense against ADA claims where 'unique characteristics of the terrain prevent the incorporation of accessibility features,'" Opp'n at 9 (quoting *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 568–69 (S.D. Cal. 2012) ("*Kohler/Islands*")) (quoting 28 C.F.R. § 36.401(c)), and that "courts should apply traditional ADA affirmative defenses to websites when it makes sense to do so, as it does here, because the relief Plaintiffs seek may indeed be technically infeasible." *Id.*

Structural impracticability may be a valid affirmative defense, *see, e.g.*, *Kohler/Islands*, 280 F.R.D. at 568–69; *see also* 28 C.F.R. § 36.401(c), although it remains

to be seen whether it applies to the facts and circumstances of this action. Accordingly, the Court **DENIES** Plaintiffs' Motion as to Defendant's fourteenth affirmative defense of impracticability.

### 8. *Twenty-Fourth Affirmative Defense: Good Faith*

Finally, Plaintiffs contend that Defendant's "twenty-fourth affirmative defense also fails as a matter of law" because "[a] plaintiff bringing a claim under the ADA need not show 'intentional discrimination['] . . . to establish a violation of the ADA's access requirements" and "a plaintiff alleging an Unruh Act violation premised on an ADA violation need not show intentional discrimination." Mot. at 12–13 (quoting *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 471–72 (S.D. Cal. 2013) ("*Kohler/Staples*")). Defendant counters that "[a]t least four California district courts have refused to strike a defendant's affirmative defense of good faith in the context of ADA cases." Opp'n at 11 (citing *Kohler/Islands*, 280 F.R.D. at 569–71; *Figueroa v. Islands Restaurants L.P.*, No. CV 12-00766-RGK JCGX, 2012 WL 2373249, at *4 (C.D. Cal. June 22, 2012); *Kohler v. Bed Bath & Beyond of Cal., LLC*, No. CV 11-4451 RSWL SPX, 2012 WL 424377, at *2 (C.D. Cal. Feb. 8, 2012) ("*Kohler/BB&B*"); *Kohler v. In-N-Out Burgers*, No. CV 12-5054-GHK JEMX, 2013 WL 5315443 (C.D. Cal. Sept. 12, 2013) ("*Kohler/In-N-Out*").

Given the decision in *Kohler/Islands*, 280 F.R.D. 560,[3] the Court is not prepared to conclude that Defendant's twenty-fourth affirmative defense fails as a matter of law. Accordingly, the Court **DENIES** Plaintiffs' Motion as to Defendant's twenty-fourth defense for good faith.

---

[3] Defendant's additional cases are unavailing. The district court in *Figueroa* actually granted the motion to strike the defendants' good faith defense on the grounds that it was an "insufficient defense" "[b]ecause Defendants' intent is irrelevant to Plaintiff's claims." 2012 WL 2373249 at *4. In *Kohler/BB&B*, the district court concluded that the defendant's good faith affirmative defense "could potentially relate to Plaintiff's state law claims or claims for punitive damages." 2012 WL 424377, at *2. Here, where Plaintiffs are not seeking punitive damages, *see generally* SAC Prayer, *Kohler/BB&B* may not be applicable. Finally, the district court in *Kohler/In-N-Out* neither ruled on a motion to strike nor addressed a good faith defense.

### B. *Remaining Affirmative Defenses and "Fair Notice"*

Plaintiffs also challenge Defendant's second, third, seventh, tenth, fourteenth through seventeenth, nineteenth through twenty-first, and twenty-third affirmative defenses for statute of limitations; res judicata/collateral estoppel; private club or establishment exemption; undue burden or hardship – compliance with conflicting laws and regulations; impracticability; alternative means; mootness; equivalent facilitation, equivalent service; no denial of access; failure to mitigate; excuse, exemption, justification; and unclean hands, respectively, for failure to "provide 'fair notice' to Plaintiffs." *See* Mot. at 3–12. Plaintiffs note that "[a]n affirmative defense is insufficient if it fails to give the plaintiff 'fair notice' of the nature of the defense," Mot. at 1 (quoting *Smith*, 2017 WL 3887420, at *2), and contend that, "without basic factual allegations, Plaintiffs are unable to ascertain the grounds for any of [Defendant's] remaining affirmative defenses." Reply at 5. Defendant agrees that the sufficiency of its affirmative defenses is measured by whether they provide fair notice to Plaintiffs, *see* Opp'n at 2, but contends that its affirmative defenses suffice as currently pled.[4] *See id.* at 5–7, 9–12.

The Court concludes that Defendant's second, seventh, fourteenth through seventeenth, and nineteenth affirmative defenses give sufficient notice to Plaintiffs. *See, e.g.*, *Rapp*, 2013 WL 358268, at *3, *6 (denying motion to strike affirmative defenses for effective access, equivalent facilitation, impracticability, and mootness); *Kohler/BB&B*, 2012 WL 424377, at *1–2 (denying motion to strike because "statute of limitations defense was properly pled by its bare assertion" and "equivalent facilitation[] is sufficiently pled

---

[4] Defendant also claims that Plaintiffs have failed to establish prejudice, but "[a] showing of prejudice is not required to strike an 'insufficient' portion of the pleading as opposed to 'redundant, immaterial, impertinent, or scandalous matter' under Rule 12(f)." *Bottoni v. Sallie Mae, Inc.*, No. C 10-03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011) (quoting *Barnes*, 718 F. Supp. 2d at 1173); *accord Stevens v. Corelogic, Inc.*, No. 14-CV-1158-BAS-JLB, 2015 WL 7272222, at *2 (S.D. Cal. Nov. 17, 2015) (citing *Minns v. Advanced Clinical Emp. Staffing LLC*, No. 13-cv-03249-SI, 2014 WL 5826984, at *2 (N.D. Cal. Nov. 10, 2014)). "[I]n any event, the obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice." *Bottoni*, 2011 WL 3678878, at *2 (citing *Barnes*, 718 F. Supp. 2d at 1173; *Ganley v. Cnty. of San Mateo*, No. C06-3923 THE, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007)).

and is a proper affirmative defense against Plaintiff's claims under the ADA and California's Unruh Act"). The Court therefore **DENIES** Plaintiffs' Motion as to those defenses.

As for Defendant's third, tenth, twentieth, twenty-first, and twenty-third affirmative defenses, the Court concludes that they do not sufficiently give notice of the grounds on which they rest. *See, e.g.*, *Smith*, 2017 WL 3887420, at *4–5 (striking as factually insufficient conclusory defenses for justification and failure to mitigate); *Kohler/Staples*, 291 F.R.D. at 469 (striking affirmative defense of failure to mitigate where "[the defendant's] answer gives no notice to [the plaintiff] of the basis of his alleged failure to mitigate"); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 5:12-CV-03068 EJD, 2013 WL 2558151, at *4 (N.D. Cal. June 10, 2013) (striking unclean hands, justification, and estoppel affirmative defenses for failing to provide fair notice); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (striking affirmative defense for unclean hands and res judicata and collateral estoppel where "[d]efendants do not identify any . . . conduct by Plaintiff amounting to 'unclean hands[ or] . . . prior litigation having preclusive effect"). Accordingly, the Court **GRANTS** Plaintiffs' Motion and **STRIKES WITHOUT PREJUDICE** Defendant's third, tenth, twentieth, twenty-first, and twenty-third affirmative defenses.

## ORDER TO SHOW CAUSE

In its Opposition to Plaintiffs' Motion for Class Certification, Defendant argues that the Court should dismiss Plaintiffs' claims *sua sponte* for lack of jurisdiction. *See* ECF No. 49 at 7–9. Specifically, Defendant notes that, "[t]o allege and prove the elements of standing in the ADA context, a plaintiff must: (1) specify how alleged barriers encountered 'relate' to their particular disability, and (2) demonstrate that they are either deterred from returning or intend to return to the particular establishment at issue." *Id.* at 8 (citing *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 953–54 (9th Cir. 2011)). Defendant claims that Mr. "Rutherford cannot articulate what alleged barrier he encountered related to his

///

disability" and "he had no actual intention to visit San Diego at all, much less genuine intent to return in the future." *Id.*

The Court finds these arguments persuasive. Courts "have an independent obligation 'to examine jurisdictional issues such as standing [sua sponte].'" *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016) (alteration in original) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)). "Only injunctive relief is available under Title III of the ADA." *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017). To establish standing to seek injunctive relief, a plaintiff must show that "he [i]s likely to suffer future injury." *See City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983). As Defendant notes, *see* ECF No. 49 at 8, "an ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. "'[S]ome day' intentions [to return to a noncompliance facility] . . . are insufficient to establish standing." *Barnes*, 2017 WL 635474, at *8. As for deterrence, the plaintiff must be able to establish that he would have reason to return to the noncompliance facility if circumstances were to change. *See id.* (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2007); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Sawczyn v. BMO Harris Bank Nat'l Ass'n*, 8 F. Supp. 3d 1108, 1112 (D. Minn. 2014); *Lema v. Courtyard Marriott Merced*, No. 1:10-cv-01131-SMS, 2013 WL 1345520, at *9 (E.D. Cal. Apr. 3, 2013); *Molski v. Price*, 224 F.R.D. 479, 483 (C.D. Cal. 2004)).

Here, it would appear that Plaintiffs cannot establish an intent to return or deterrence and therefore lack standing to assert their ADA claims. Mr. Rutherford does not often visit San Diego; indeed, at his October 16, 2018 deposition, he could not recall when he had last been there. *See* Declaration of Nadia P. Bermudez in Opp'n to Pls.' Mot. for Class Cert. ("Bermudez Decl."), Ex. G at 52:10–25. Additionally, it would appear that Mr. Rutherford, who could recall staying in only one hotel in the past nine months, is not a frequent traveler. *See id.* at 54:2–21. As of October 16, 2018, Mr. Rutherford had no "plans to stay at any

San Diego hotel," much less Defendant's. *See id.* at 72:21–23. He also had not revisited Defendants' websites in 2018. *See id.* at 92:1–15. As for The Association 4 Equal Access, Mr. Rutherford testified at its Rule 30(b)(6) deposition that only himself and his girlfriend, Ms. Filardi, had "be[en] deterred from patronizing the Defendant['s] hotels on particular occasions." *See* Bermudez Decl. Ex. A at 100:24–101:9.

The Court therefore **ORDERS** Plaintiffs to **SHOW CAUSE** why this matter should not be dismissed for lack of Article III standing over Plaintiffs' claims under the ADA. Plaintiffs should also **ADDRESS** the Court's exercise of supplemental jurisdiction over Plaintiffs' claims under the Unruh Act in the event that the Court determines that Plaintiffs have not shown that they have standing to sue under the ADA. *See, e.g.*, *Barnes*, 2017 WL 635474, at *13 (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over remaining state law claims after dismissing ADA claim for lack of standing).

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Strike (ECF No. 26).[5] Specifically, the Court **GRANTS** Plaintiffs' Motion and **STRIKES WITH LEAVE TO AMEND** Defendant's Third, Tenth, Eighteenth, Twentieth through Twenty-Third, Twenty-Fifth, Twenty-Sixth, and Thirty-Seventh Affirmative Defenses and **STRIKES WITHOUT LEAVE TO AMEND** Defendant's First, Eleventh through Thirteenth, and Thirty-Sixth Affirmative Defenses. Plaintiffs' Motion is otherwise **DENIED**.

The Court also **ORDERS** Plaintiffs to **SHOW CAUSE** why this action should not be dismissed for lack of standing as to Plaintiffs' ADA claims and lack of supplemental jurisdiction over Plaintiffs' Unruh Act claims. Plaintiffs **SHALL RESPOND** to the Court's Order with a statement of cause not to exceed ten (10) pages on or before fourteen

---

[5] Defendant also requests that the Court take judicial notice of an order from another district court denying a motion to strike filed by Mr. Rutherford, Order Denying Plaintiffs' Motion to Strike, *Rutherford v. Resort Pelican Hill, LLC*, No. 18-cv-560-CJC-KES (C.D. Cal. June 5, 2018), ECF No. 20. *See* Request for Judicial Notice, ECF No. 30-2. Because the Court does not rely on Judge Carney's order, the Court **DENIES** Defendant's Request for Judicial Notice.

(14) days from the date on which this Order is electronically docketed.[6] *Failure of Plaintiffs to file a response may result in this case being dismissed.*

**IT IS SO ORDERED.**

Dated: April 29, 2019

Hon. Janis L. Sammartino
United States District Judge

---

[6] Defendant **MAY FILE** a response, not to exceed ten (10) pages within seven (7) days of Plaintiffs filing their statement of cause.