Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsay N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Ste. 2100
Sacramento, CA 95814
Phone: 916/444-7573

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,<br><br>Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50,<br><br>Defendants. | Case No. 18-CV-00435-JLS (MSB)<br><br>**DEFENDANT EVANS HOTELS, LLC'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate Judge: Hon. Michael S. Berg<br>Complaint Filed: 2/26/18<br>Trial Date: None set |

Defendant EVANS HOTELS, LLC ("Defendant") submits this Amended to the Second Amended Complaint ("SAC") filed by Plaintiffs James Rutherford, the Association 4 Equal Access, and all others similarly situated (collectively, the "Plaintiffs") as follows:

## **INTRODUCTION**

1. In answering paragraph 1 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments, and, therefore, denies the same. Defendant only admits that it

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

maintains online room reservation systems on various public websites, including www.bahiahotel.com (and not bahia.com); www.lodgetorreypines.com; and www.catamaranresort.com (collectively, the "Websites"). This paragraph also contains legal conclusions to which no answer is required. To the extent a further answer is required, Defendant denies the additional factual allegations contained therein, but does not deny any accurate recitation of the law.

2. In answering paragraph 2 of the SAC, Defendant is without knowledge as to the truth of the factual allegations contained in this paragraph and, therefore, denies the same. Defendant, however, does not deny any accurate recitation of the law.

3. In answering paragraph 3 of the SAC, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

4. In answering paragraph 4 of the SAC, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

5. In answering paragraph 5 of the SAC, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

6. In answering paragraph 6 of the SAC, Defendant is without knowledge as to the truth of the factual allegations contained in this paragraph and, therefore, denies the same.

/ / /

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

7.     In answering paragraph 7 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

8.     In answering paragraph 8 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

9.     In answering paragraph 9 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

10.     In answering paragraph 10 of the SAC, Defendant denies the factual allegations contained therein.

11.     In answering paragraph 11 of the SAC, Defendant denies the factual allegations contained therein.  The paragraph also contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

## JURISDICTION AND VENUE

12.     In answering paragraph 12 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that subject matter jurisdiction appears proper and denies all other factual allegations that are not specifically admitted.

13.     In answering paragraph 13 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that venue appears proper and denies all other factual allegations that are not specifically admitted.

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## PARTIES

14. In answering paragraph 14 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' allegations regarding Plaintiff Rutherford, his alleged mobility impairments, or the nature of his alleged "qualified disability," and, therefore, denies the same.

15. In answering paragraph 15 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' allegations regarding Plaintiff A4EA and, therefore, denies the same. Defendant further denies the factual allegation that it discriminates against A4EA members.

16. In answering paragraph 16 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' allegations regarding Patricia Filardi, her alleged mobility impairments, or the nature of her alleged "qualified disability," and, therefore, denies the same.

17. In answering paragraph 17 of the SAC, Defendant is without knowledge as to the truth of Plaintiff Rutherford's membership status with A4EA, and, therefore, denies the same.

18. In answering paragraph 18 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' allegations regarding Plaintiff Rutherford, and, therefore, denies the same.

19. In answering paragraph 19 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' allegations regarding Plaintiff Rutherford, and, therefore, denies the same.

20. In answering paragraph 20 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' contentions regarding A4EA's members, and, therefore, denies Plaintiffs' factual allegation that A4EA members "are being deterred from patronizing the Defendant's hotels on particular occasions[.]"

21. In answering paragraph 21 of the SAC, Defendant denies the factual allegations contained therein, except for the allegations that: (1) "Defendant is a

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

California limited liability company with its principal place of business located in San Diego, California[;]" (2) "Defendant's locations provide to the public important goods and/or services[;]" (3) "Defendant also provides to the public the Websites[;]" (4) "[t]he Websites provide access to the array of services, including descriptions of its hotels, rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services." Defendant supplies no answer to the legal conclusions incorporated into this paragraph, as no answer is required.

## FACTUAL ALLEGATIONS

22.     In answering paragraph 22 of the SAC, Defendant is admits the truth of the allegations contained in this paragraph, but denies any incorporated legal conclusions, as no answer is required.

23.     In answering paragraph 23 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' contentions regarding the timing of Plaintiffs' visits to Defendant's Websites, and, therefore, denies Plaintiffs' factual allegation that Plaintiffs accessed the Websites "[w]ithin the applicable limitations period[.]" Defendant does not respond to any incorporated legal conclusions, as no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

24.     In answering paragraph 24 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

25.     In answering paragraph 25 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' contentions regarding their ability to "independently identify the material accessible features of the hotel and guest rooms of the Bahia Resort Hotel, The Lodge [at] Torrey Pines, and the Catamaran Resort[.]"  Defendant therefore denies Plaintiffs' factual allegations contained in this paragraph, and does not respond to any incorporated legal conclusions, as no

DEFENDANT EVANS HOTELS, LLC'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT
18-CV-00435-JLS (MSB)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein.

26. In answering paragraph 26 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' contentions regarding any "investigation performed on Plaintiffs' behalf confirm[ing] the allegations made by Plaintiffs[.]" Defendant therefore, denies Plaintiffs' factual allegations contained in this paragraph, and does not respond to any incorporated legal conclusions, as no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein.

27. In answering paragraph 27 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' contention that "in the absence of an injunction [they] will continue to be injured[.]" Defendant denies Plaintiffs' factual allegations that it has policies or practices that unlawfully discriminate against prospective guests requiring accessible rooms when compared to how Defendant treats other prospective guests. Defendant further denies Plaintiffs' allegation that information required by Plaintiffs or others requiring information about accessible rooms cannot obtain it from Defendant. Last, Defendant does not respond to any incorporated legal conclusions, as no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein.

28. In answering paragraph 28 of the SAC, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein.

## CLASS ALLEGATIONS

29. In answering paragraph 29 of the SAC, Defendant admits this case has been filed as a putative class action, but supplies no answer to the incorporated legal conclusions, as no answer is required. Defendant denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

class action. To the extent an answer is required, Defendant denies the factual allegations contained therein.

30.     In answering paragraph 30 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

31.     In answering paragraph 31 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' contentions regarding the number of persons in the putative class.  Defendant therefore denies Plaintiffs' factual allegations contained in this paragraph.  Defendant further denies the validity of Plaintiff's claims, denies that this matter should proceed as a representative or class action, and does not respond to any incorporated legal conclusions, as no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

32.     In answering paragraph 32 of the SAC, Defendant is without knowledge as to the truth of Plaintiffs' contentions regarding whether the identities of putative class members "are ascertainable through Defendants' . . . records or by public notice[.]"  Defendant therefore denies Plaintiffs' factual allegations contained in this paragraph.  Defendant further denies the validity of Plaintiff's claims, denies that this matter should proceed as a representative or class action, and does not respond to any incorporated legal conclusions, as no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

33.     In answering paragraph 33 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.  Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action.

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

34.     In answering paragraph 34 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.  Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action.

35.     In answering paragraph 35 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same.  Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action.

36.     In answering paragraph 36 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

37.     In answering paragraph 37 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

38.     In answering paragraph 38 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

39.     In answering paragraph 39 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a

/ / /

representative or class action. To the extent an answer is required, Defendant denies the factual allegations contained therein.

40. In answering paragraph 40 of the SAC, the paragraph contains only legal conclusions to which no answer is required. Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action. To the extent an answer is required, Defendant denies the factual allegations contained therein.

41. In answering paragraph 41 of the SAC, the paragraph contains only legal conclusions to which no answer is required. Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action. To the extent an answer is required, Defendant denies the factual allegations contained therein.

42. In answering paragraph 42 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same. Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action.

43. In answering paragraph 43 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same. Defendant also denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative or class action.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)

## (By Plaintiffs Against All Defendants)

44. In answering paragraph 44 of the SAC, which re-alleges and incorporates by reference the allegations set forth in SAC paragraphs 1-43,

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Defendant incorporates by reference each of its answers made to the corresponding SAC paragraphs.

45.     In answering paragraph 45 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

46.     In answering paragraph 46 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

47.     In answering paragraph 47 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

48.     In answering paragraph 48 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

49.     In answering paragraph 49 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

50.     In answering paragraph 50 of the SAC, Defendant denies the factual allegations contained in this paragraph.  Defendant supplies no answer to the legal conclusions incorporated into this paragraph, as no answer is required.

51.     In answering paragraph 51 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)

### (By Plaintiffs Against All Defendants)

52.     In answering paragraph 52 of the SAC, which re-alleges and incorporates by reference the allegations set forth in SAC paragraphs 1-51, Defendant incorporates by reference each of its answers made to the corresponding SAC paragraphs.

53.     In answering paragraph 53 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

54.     In answering paragraph 54 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

55.     In answering paragraph 55 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

56.     In answering paragraph 56 of the SAC, Defendant is admits the truth of the allegations contained in this paragraph.

57.     In answering paragraph 57 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

/ / /

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

58.     In answering paragraph 58 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

59.     In answering paragraph 59 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

60.     In answering paragraph 60 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

61.     In answering paragraph 61 of the SAC, Defendant denies the factual allegations made in this paragraph, and does not respond to any incorporated legal conclusions, as no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

62.     In answering paragraph 62 of the SAC, Defendant denies the factual allegations made in this paragraph, and does not respond to any incorporated legal conclusions, as no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

## THIRD CAUSE OF ACTION

### (Declaratory Relief on Behalf of Plaintiffs)

63.     In answering paragraph 63 of the SAC, which re-alleges and incorporates by reference the allegations set forth in SAC paragraphs 1-62, Defendant incorporates by reference each of its answers made to the corresponding SAC paragraphs.

/ / /

/ / /

/ / /

DEFENDANT EVANS HOTELS, LLC'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT
18-CV-00435-JLS (MSB)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

64.     In answering paragraph 64 of the SAC, Defendant denies the factual allegations made in this paragraph, and does not respond to any incorporated legal conclusions, as no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

65.     In answering paragraph 65 of the SAC, Defendant denies the factual allegations made in this paragraph, and does not respond to any incorporated legal conclusions, as no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies Plaintiffs are entitled to any of the relief sought in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

Wherefore, having answered the Plaintiffs' Second Amended Complaint, Defendant alleges the following as separate affirmative defenses to the individuals, representatives and putative class claims without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable procedural law.

Defendant reserves the right to add additional affirmative defenses should it become aware of such during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

66.     As a first and separate affirmative defense, Evans Hotels alleges that the Second Amended Complaint is barred by the statute of limitations set forth in California Code of Civil Procedure section 335.1 or 28 U.S.C. § 1658.

## SECOND AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

67.     As a second and separate affirmative defense, Plaintiffs' claims are barred by the doctrine of res judicata/collateral estoppel as Plaintiffs have collectively filed over one hundred of disability access suits throughout the Central

and Southern Districts of California, and Northern District of Illinois.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

68.     As a third and separate affirmative defense, Plaintiffs lack standing to pursue any claim against Evans Hotels under the Americans with Disabilities Act. Plaintiffs are not customers of or visitors of Evans Hotels or its websites, have not accessed any Evans Hotels' content, and has not, and cannot have, experienced -- and has no "actual notice" of -- any discrimination or damages resulting from Evans Hotels' conduct.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Constitutional Standing)

69.     As a fourth and separate affirmative defense, Evans Hotels alleges that Plaintiffs are not a real party in interest and therefore have no constitutional standing to sue.  Plaintiffs are not guests or customers of Evans Hotels, have not attempted to subscribe to any service and therefore have not, and cannot have suffered a concrete and particularized injury-in-Complaint resulting from Evans Hotels' conduct.

## FIFTH AFFIRMATIVE DEFENSE
### (Nondiscriminatory Legitimate Business Reasons)

70.     As a fifth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Evans Hotels because Evans Hotels provides content consistent with nondiscriminatory legitimate business reasons.  Evans Hotels makes its Internet-based content available to all subscribers on the same basis and does not treat any subscribers differently on the basis of their disability.

## SIXTH AFFIRMATIVE DEFENSE
### (Private Club or Establishment Exemption)

71.     As a sixth and separate affirmative defense, Plaintiffs may not pursue

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

a claim under the Americans with Disabilities Act against Evans Hotels because Evans Hotels is subject to exemption.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Fundamental Alteration of Activities)**

72.     As a seventh and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Evans Hotels because the relief requested requires a fundamental alteration of Evans Hotels' activities.  Requiring Evans Hotels to immediately restructure its business would require Evans Hotels to achieve the impossible given current technology, or significantly reduce the amount and quality of available content.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Undue Burden or Hardship - Cost)**

73.     As an eighth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Evans Hotels because the relief requested would impose undue economic burden or hardship on Evans Hotels.

**NINTH AFFIRMATIVE DEFENSE**
**(Undue Burden or Hardship - Compliance with Conflicting Laws and Regulations)**

74.     As a ninth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Evans Hotels because the relief requested would impose undue burden or hardship on Evans Hotels by having to comply with conflicting requirements. 28 C.F.R. § 36.303 expressly provides that a public accommodation is not required to take certain steps if defendants can demonstrate that taking such steps "would result in an undue burden, *i.e., significant difficulty or expense*." (Emphasis added). Plaintiffs' demand that the Court order Evans Hotels to restructure its business regardless of federal regulations or statutory guidelines imposes on Evans Hotels the undue

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

burden of having to comply with both federal regulations and Plaintiffs' conflicting demands.

## TENTH AFFIRMATIVE DEFENSE

### (Impracticability)

75.     As a tenth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Evans Hotels because the relief requested is impracticable.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Alternative Means)

76.     As an eleventh and separate affirmative defense, Plaintiffs may not pursue an injunction under the Americans with Disabilities Act requiring a specific design or alteration where Evans Hotels has an alternative design or service, which provides substantially equivalent accessibility.  Defendant further alleges that there are accessible alternatives that are available in relation to the complained of conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mootness)

77.     As a twelfth and separate affirmative defense, the Second Amended Complaint and each cause of action alleged in the Second Amended Complaint are barred by the doctrine of mootness to the extent that the denial of equal access to Defendant's services alleged in the Complaint, if any, have been or will have been remediated before the time that this action is finally adjudicated.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation, Equivalent Service)

78.     As a thirteenth and separate affirmative defense, the Second Amended Complaint and each cause of action alleged in the Second Amended Complaint are barred to the extent that, with respect to any particular element of Defendant's services that departs from applicable standards, Defendant has provided

"equivalent facilitation" or "equivalent service" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of Defendant's services.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (De Minimis Violation)

79.     As a fourteenth and separate affirmative defense, the Second Amended Complaint and each cause of action alleged in the Second Amended Complaint are barred because the claimed violations are de minimis and non-actionable because they do not materially impair Plaintiffs' or the putative class members' use of Defendant's services or access to its products. Defendant's reservations services already comply with the ADA and the websites has been updated to provide even more information. Additionally, Plaintiffs cannot articulate what alleged barriers were encountered or why they were unable to use any of the accessible services offered by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Denial of Access)

80.     As a fifteenth and separate affirmative defense, the Second Amended Complaint and each cause of action alleged in the Second Amended Complaint are barred because Defendant did not deny or interfere with Plaintiffs' access, or the access of any member of the purported class, to the goods and/or services provided by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

81.     As a sixteenth and separate affirmative defense, to the extent Plaintiffs or members of the alleged class experienced any damages as a proximate result of Defendant's alleged actions or omissions, which Defendant denies, Plaintiffs have failed to mitigate or to reasonably attempt to mitigate their damages. Plaintiffs have failed to utilize the accessibility services provided by Defendant.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Excuse, Exemption, Justification)

82.　As a seventeenth and separate affirmative defense, the Second Amended Complaint and all purported claims for relief alleged in the Second Amended Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes or regulations under which Plaintiffs has sued. Defendant has legitimate business justifications for managing its ADA reservations in the manner it does. Moreover, the relief requested would impose undue burden or hardship on Evans Hotels to restructure its business.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Third Party)

83.　As an eighteenth and separate affirmative defense, the Second Amended Complaint and all purported claims for relief alleged in the Second Amended Complaint are barred in whole or in part because Plaintiffs' and the putative class members' injury or injuries, if any, was/were caused by third parties or booking engines acting outside the scope of agency, employment or control of Defendant. Defendant utilizes a third party online booking engine which manages the hotel inventory and assists guests in booking their selected rooms. Consequently, Defendant has no control over how the booking engine works.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

84.　As a nineteenth and separate affirmative defense, the Second Amended Complaint, and all purported claims for relief alleged in the Second Amended Complaint are barred by the doctrine of unclean hands by reason of Plaintiffs' and the putative class members' conduct and actions. Defendant is informed and believes on that basis alleges, Plaintiffs had no intention to make a reservation at Defendant's hotels in the first place or a genuine intent to return in the future so as to make this lawsuit viable. Plaintiffs also cannot articulate what

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

alleged barriers they encountered related to their disabilities or offer any evidence of encountered barriers in the booking process.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Good Faith)

85.     As a twentieth and separate affirmative defense, at all times relevant to this suit, Defendant's actions were taken in good faith and it had reasonable grounds for believing those actions did not violate of any law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Third Party Responsible)

86.     As a twenty-first and separate affirmative defense, Plaintiffs' claims are barred because Defendant does not operate or control the subject property or website, nor does it have the right to provide the injunctive relief sought in the Second Amended Complaint. Defendant utilizes a third party online booking engine which manages the hotel inventory and assists guests in booking their selected rooms. Consequently, Defendant has no control over how the booking engine works.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Comparative Fault)

87.     As a twenty-second and separate affirmative defense, Plaintiffs did not exercise ordinary care, caution and prudence in connection with the events alleged in the Second Amended Complaint and Plaintiffs are therefore barred from recovery against Defendant, or alternatively, Plaintiffs should have their recovery, if any, proportionately reduced. Plaintiffs cannot articulate what alleged barriers they encountered related to their disabilities or offer any evidence of encountered barriers in the booking process.  Moreover, Plaintiffs failed to utilize the accessible services Defendant made available.

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Request for Modification or Auxiliary Aid or Service)

88.　As a twenty-third and separate affirmative defense, Plaintiffs' claims are barred because Plaintiffs failed to request a reasonable modification of policies, practices or procedures and/or Plaintiffs failed to request an auxiliary aid or service.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Indispensable Party)

89.　As a twenty-fourth and separate affirmative defense, Plaintiffs' claims are barred because Plaintiffs have failed to name an indispensable party that operates and controls the circumstances that are alleged in the Second Amended Complaint, without which the injunctive relief cannot be had.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Preemption)

90.　As a twenty-fifth and separate affirmative defense, Federal law preempts some or all of Plaintiffs' claims asserted under State law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Improper Defendant)

91.　As a twenty-sixth and separate affirmative defense, Evans Hotels alleges that the improper defendant was named in this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Meet Class Action Requirements)

92.　As a twenty-seventh and separate affirmative defense, Evans Hotels alleges the following as separate affirmative defenses to the individuals, representatives and putative class claims without assuming the burden of proof, where such burden is otherwise on the Plaintiffs under applicable law: (1) Plaintiffs' claims, and each of them, brought on behalf of themselves individually, and the putative members of the purported class, as set forth in the Complaint,

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

cannot and should not be maintained on a class or representative action because those claims, and each of them, fail to meet the necessary requirements for class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative class; and because class certification is inappropriate due to defendants' lawful policies.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

93.    As a twenty-eighth and separate affirmative defense, Plaintiffs' claims are presently precluded by the doctrine of primary jurisdiction. The U.S. Department of Justice (DOJ) has announced that it will promulgate pertinent and relevant standards under Title III of the ADA. That rulemaking lies at the heart of the task assigned to the agency by Congress, will require agency expertise to unravel intricate, technical facts, and would materially aid the Court. Because the merits of Plaintiffs' claims will be greatly affected by what DOJ promulgates, their claims cannot be heard until DOJ's rulemaking is complete.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

94.    As a twenty-ninth and separate affirmative defense, Defendant's website substantially complies with the ADA and state law, and their supporting regulations as currently in force.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Unreasonable and Untailored Requested Accommodations)

95.    As a thirtieth and separate affirmative defense, Plaintiffs' demand would deprive Defendant of the flexibility to determine, on an individual basis, which accommodations are required for individual persons.

/ / /

/ / /

# THIRTY-FIRST AFFIRMATIVE DEFENSE

## (Violation of the First Amendment)

96. As a thirty-first and separate affirmative defense, Plaintiffs' demand would result in an unconstitutional abridgment on the speech of Defendant.

WHEREFORE, this answering Defendant prays that:

1. Plaintiffs take nothing by way of their Second Amended Complaint;

2. Judgment be entered in favor of this answering Defendant and against Plaintiffs upon the issues of the Second Amended Complaint;

3. Defendant be awarded attorneys' fees and costs of suit herein incurred; and

4. Such other and further relief as the Court deems just.

## **JURY TRIAL DEMANDED**

Defendant hereby demands Trial by Jury to the fullest extent allowed by law.

KLINEDINST PC


DATED: May 13, 2019          By:  */s/ Lindsey N. Casillas*
                                               Nadia P. Bermudez
                                               Patrick J. Goode II
                                               Lindsay N. Casillas
                                               Attorneys for Defendant
                                               EVANS HOTELS, LLC