# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, and THE ASSOCIATION 4 EQUAL ACCESS,<br><br>Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC; and DOES 1 to 50,<br><br>Defendants. | Case No.: 18-CV-435 JLS (MSB)<br><br>**ORDER SETTING EVIDENTIARY HEARING**<br><br>(ECF Nos. 59, 62, 63) |

Presently before the Court is Plaintiffs James Rutherford and The Association 4 Equal Access's Response to Order to Show Cause Regarding Article III Standing (ECF No. 62), filed in response to the Court's April 29, 2019 Order for Plaintiffs to Show Cause Why This Action Should Not Be Dismissed for Lack of Standing and Subject-Matter Jurisdiction (ECF No. 59), as well as Defendant Evans Hotels, LLC's Response to Plaintiffs' Statement of Cause Regarding Article III Standing (ECF No. 63).[1]

Having carefully reviewed the Parties' filings, the evidence, and the law, the Court finds that deciding the issue of standing would require the Court to resolve issues of

---

[1] Also pending before the Court is Defendant Evans Hotels, LLC's *Ex Parte* Motion to File a Supplemental Brief re Opposition to Class Action and Reopen Class Discovery If Necessary (ECF No. 60), on which the Court does not rule in this Order.

credibility and/or disputed material facts. Consequently, an evidentiary hearing is required. *See, e.g.*, *Hohlbein v. Hospitality Ventures LLC*, 248 Fed. App'x 804, 806 & n.2 (9th Cir. Sep. 20, 2007); *Cholakyan v. Mercedes-Benz USA, LLC*, No. CV 10-05944 MMM (JCx), 2012 WL 12861143, at * 24 (C.D. Cal. Jan. 12, 2012). The Court therefore **SETS** an evidentiary hearing for <u>Monday, July 1, 2019, at 9:00 a.m., in Courtroom 4D</u>. Mr. Rutherford **SHALL PERSONALLY ATTEND** and be prepared to answer questions from the Court. At the hearing, the Parties will be permitted to offer documentary evidence and oral testimony from additional witnesses relevant to the issue of Plaintiffs' standing.

On or before <u>June 20, 2019</u>, the Parties **SHALL FILE** a joint list of witnesses and exhibits proposed to be offered/introduced at the hearing. For each witness, the Parties briefly **SHALL OUTLINE** the subject matter of the proposed witness' testimony. The Court expects the Parties reasonably to cooperate and to reach appropriate stipulations with respect to the authenticity and admissibility of exhibits and evidence at the hearing. Any such stipulations **SHALL BE OUTLINED** in the Parties' joint list of witnesses and exhibits. To the extent that the Parties genuinely disagree as to the admissibility of a particular item of evidence, the Parties **SHALL LIST** the item of evidence and **SHALL INDICATE** the basis of the Parties' dispute. *The Parties are **HEREBY CAUTIONED** that any witnesses or exhibits not listed in the Parties' joint list of witnesses and exhibits shall not be admitted and considered at the hearing.*

Also on or before <u>June 20, 2019</u>, each Party **MAY FILE** a brief, not to exceed <u>ten (10) pages</u>, addressing the applicable law and burden of proof, what each Party expects the evidence at the hearing to show, any evidentiary disputes likely to be encountered at the hearing, and any other matters that will promote the just and efficient conduct of the hearing. *No further briefing shall be permitted, unless specifically requested by the Court.*

**IT IS SO ORDERED.**

Dated: May 24, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

2
18-CV-435 JLS (MSB)