Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsay N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Ste. 2100
Sacramento, CA 95814
Phone: 916/444-7573

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS, <br><br> Plaintiffs, <br><br> v. <br><br> EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50, <br><br> Defendants. | Case No.   18-CV-00435-JLS (MSB) <br><br> **DEFENDANT EVANS HOTELS, LLC'S EVIDENTIARY HEARING BRIEF** <br><br> Judge:   Hon. Janis L. Sammartino <br> Magistrate Judge: Hon. Michael S. Berg <br> Complaint Filed:  2/26/18 <br> Trial Date:   None set |

## TABLE OF CONTENTS

I. APPLICABLE LAW AND BURDEN OF PROOF ........................................ 1

II. DEFENDANT'S ANTICIPATED EVIDENCE .............................................. 2

    A. Testimony Demonstrates Plaintiffs Have Not Suffered A Concrete and Particularized Harm ......................................................... 2

    B. Testimony Demonstrates Plaintiffs Have Not Encountered Accessibility Barriers ................................................................................ 4

    C. Plaintiffs' Litigious History Undermines His Credibility .................... 5

III. EVIDENTIARY DISPUTES LIKELY TO BE ENCOUNTERED AT THE HEARING. ............................................................................................. 6

    A. Plaintiff's Proposed Witnesses Lack Credibility and Relevance. ................................................................................................. 6

    B. Plaintiff's Proposed Exhibits Are Inadmissible. ................................... 8

IV. CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Ake v. General Motors Corp.*
  942 F.Supp. 869, 877-78 (W.D.N.Y. 1996)..........................................................10

*Boyce Motor Lines, Inc. v. United States*
  342 U.S. 337, 344 (1952).........................................................................................4

*Brother v. Tiger Partne*
  *LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004)...............................................4

*Buckley v. Evans*
  2007 U.S. Dist. LEXIS 76571, *35-36 (E.D. Cal. 2007) ......................................10

*Chapman v. Pier 1 Imports (U.S). Inc.*
  631 F.3d 939, 946 (9th Cir. 2011)........................................................................1, 2

*DeLil v. El Torito Rest.*
  1997 U.S. Dist. LEXIS 22788, No. C93-3900, 1997 WL 714866, at *3 (N.D. Cal. 1997).......................................................................................................4

*Duke Power Co. v. Carolina Envtl Study Group, Inc.*
  438 U.S. at 67-68 ......................................................................................................1

*Goldberg v. Kelly*
  397 U.S. 254, 269 (1970).........................................................................................1

*Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
  2002 U.S. Dist. Lexis 7535, *19-20 (S.D.N.Y. 2003) ..........................................10

*Herrin v. Ensco Offshore Co.*
  2002 U.S. Dist. Lexis 5744, *6-7 (E.D. La. 2002) ...............................................10

*Hoepfl v. Barlow*
  906 F. Supp. 317, 320 (E.D. Va. 1995) ..................................................................4

*Hohlbein v. Hospitality Ventures LLC*
  248 F.App'x 804, 806 (9th Cir. 2007) .....................................................................1

*Law v. National Collegiate Athletic Association*
  185 F.R.D. 324, 341-42 (D. Kan. 1999) ...............................................................10

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992)..............................................................................................1, 2

*Mahnke v. Washington Metro. Area Transit*
  821 F.Supp.2d 125, 154 (D.D.C. 2011) ..................................................................9

*Marchezak v. McKinley*
  607 F.2d 37, 40 (3d Cir. 1979).................................................................................1

*Molski v. Evergreen Dynasty Corp.*
  500 F.3d 1047, 1062 (9th Cir. 2007).......................................................................6

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

*Munoz-Mendoza v. Pierce*
    711 F.2d 421, 425-426 (1st Cir. 1983) ............................................................................. 1

*Pahls v. Thomas*
    718 F.3d 1210, 1216 n.1 (10th Cir. 2013) ....................................................................... 4

*Spokeo, Inc. v. Robbins*
    136 S. Ct. 1540, 1549 (2016) ........................................................................................... 2

*United States v. Brooks*
    715 F.3d 1069, 1078 (8th Cir. 2013) ............................................................................... 4

*United States v. Schultz*
    2013 BL 209544, 2013 U.S. App. LEXIS 16557, at *8 n.1 (9th Cir. Aug. 9, 2013) ...................................................................................................................... 4

On May 24, 2019, this Court issued an Order scheduling an evidentiary hearing. [ECF 66.] The Order invited the parties to submit a brief addressing the applicable law, burden of proof, what each Party expects the evidentiary hearing to show, any evidentiary disputes likely to be encountered at the hearing, and any other matters that will promote the just and efficient conduct of the hearing. *Id*. Defendant Evans Hotels, LLC hereby submits its evidentiary hearing brief.

## I.     APPLICABLE LAW AND BURDEN OF PROOF

An evidentiary hearing is necessary and proper to resolve genuine disputed factual issues concerning standing. See *Hohlbein v. Hospitality Ventures LLC*, 248 F.App'x 804, 806 (9th Cir. 2007); *Munoz-Mendoza v. Pierce,* 711 F.2d 421, 425-426 (1st Cir. 1983); *Duke Power Co. v. Carolina Envtl Study Group, Inc.*, 438 U.S. at 67-68 (pretrial); *NAACP v. Harris*, 607 F.2d at 526 n.15 (same); *Marchezak v. McKinley*, 607 F.2d 37, 40 (3d Cir. 1979) (same). "Particularly where credibility and veracity are at issue… written submissions are a wholly unsatisfactory basis for decision." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). It is well settled that the evidentiary burden to demonstrate standing remains on Plaintiff. *Hohlbein v. Hospitality Ventures, LLC*, 248 F.App'x 804, 806 (9th Cir. 2007). The purpose of the upcoming evidentiary hearing is for the Court to decide whether Plaintiffs have satisfied the case or controversy requirement of Article III by meeting their evidentiary burden to demonstrate their standing to sue at this stage of the litigation. *Chapman v. Pier 1 Imports (U.S). Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

As set forth in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the Constitutional minimum of standing contains three elements which must be fulfilled:

> First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly… trace[able] to

DEFENDANT EVANS HOTELS, LLC'S EVIDENTIARY HEARING BRIEF
18-CV-00435-JLS (MSB)

the challenged action of the defendant, and not… th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61 (internal citations omitted).

Additionally, the injury-in-fact requirement has two prongs. First, Plaintiffs must show that plans to stay at the Evans Hotels' properties were "concrete and particularized." *Lujan* at 560-61. "'[S]ome day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require." *Id*. at 565. For an injury to be "concrete" it must be "real, and not abstract." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1549 (2016). Second, Plaintiffs must show the injury suffered was "'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Lujan* at 565. In the ADA context, where "a disabled plaintiff has encountered a barrier violating the ADA, 'that plaintiff will have a 'personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers related to that person's particular disability." *Chapman v. Pier 1 Imports,* 631 F.3d 939, 947 (internal citations omitted). Furthermore, according to 42 U.S.C. § 12182(a), the barrier does not need to completely hinder the plaintiff's ability to enter or use the facility, but it must "interfere with the plaintiff's 'full and equal enjoyment' of the facility." *Id*. In other words, to allege and prove the elements of standing in the ADA context, a plaintiff must (1) specify how alleged barriers encountered "relate" to their particular disability, and (2) demonstrate that they are either deterred from returning or intend to return to the particular establishment at issue. *Id*. at 953. The evidence has and will continue to show Plaintiffs have not met their burden.

## II. DEFENDANT'S ANTICIPATED EVIDENCE

### A. Testimony Demonstrates Plaintiffs Have Not Suffered A Concrete and Particularized Harm

At the evidentiary hearing, Defendant will offer prior testimony from

Plaintiffs, demonstrating at most, 'some day' intentions. During Rutherford's deposition on October 16, 2018, Rutherford _testified_ he was looking to visit San Diego because it is where his fiancé wanted to go, though in his SAC he stated he wanted to go for his birthday. (_Compare_ Rutherford Deposition ["Depo"], 76:18-23[1] to SAC ¶ 24.) Rutherford _testified_ that he believed he looked at other hotels or places of lodging to stay but notably could not recall any of them. (Rutherford Depo. 77:3-8.) However, as of his deposition, Rutherford _testified_ he could not recall when, if _ever_, he had been to San Diego. (Rutherford Depo. 52:20-25.) He also _testified_ that as of the date of the deposition, he had no plans to stay at _any_ San Diego hotel. (Rutherford Depo. 72:21-23.) [2]

Defendant anticipates that Plaintiffs will try to circumvent their admissions by arguing that Plaintiffs have visited several hotels in San Diego and Southern California in 2017-2018 and in any case, their motivation is irrelevant. (ECF 62, 4:10-15.) However, Plaintiffs' prior testimony again, shows the only hotel identified in San Diego is the Sofia where Rutherford stayed for his deposition _**in this case**_. In fact, despite suing dozens of hotels and other businesses throughout California, Rutherford only visited two hotels for pleasure in 2017 and 2018: the Pelican Hill Resort in Newport Coast, Orange County (which Rutherford later sued) and a Hampton Inn in Norco, Los Angeles County (where he did not even stay the night). Rutherford's only other hotel visit in 2017 or 2018 was to The Sofia and for litigation purposes in this case, demonstrating that Plaintiffs' intention to return to the region is not genuine. Any new testimony to the contrary is a suspect

---

[1] Per the Court's order, this submission is limited to 10 pages. However, each of the deposition excerpts cited herein have previously been lodged with the Court by Defendant Evans Hotels in Opposition to Class Certification [ECF 49] and the Response to Plaintiffs' Statement of Cause [ECF 63].

[2] On May 9, 2019, Defendant Evans Hotels filed an ex parte motion to seek leave to re-open discovery in light of a Complaint filed against Plaintiffs and their counsel for claims in connection with ADA litigation abuse. [ECF 60.] The Court has yet to rule on the _ex parte_ motion.

inconsistent statement undermining Plaintiffs' credibility.

Of note, Plaintiff Rutherford currently resides Chandra Lane in Rancho Mirage, which is over 122 miles away from the nearest Evans Hotels property.[3] Where the distance between the two is significant, especially if it is in excess of 100 miles, courts have often held that such a distance weighs against finding a reasonable likelihood of future harm. *E.g., DeLil v. El Torito Rest.*, 1997 U.S. Dist. LEXIS 22788, No. C93-3900, 1997 WL 714866, at *3 (N.D. Cal. 1997) (holding that plaintiff failed to establish likelihood of future harm in part because she lived over 100 miles from restaurant); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004) (finding plaintiff failed to establish likelihood of future harm in part because he lived 280 miles from hotel); *Hoepfl v. Barlow*, 906 F. Supp. 317, 320 (E.D. Va. 1995).  Here, only one example of a hotel visit (unrelated to litigation) in the last two years was identified (and Plaintiffs did not actually stay at the hotel overnight).

### B. Testimony Demonstrates Plaintiffs Have Not Encountered Accessibility Barriers

At the evidentiary hearing, Defendant will offer prior testimony from Plaintiffs demonstrating Rutherford cannot support his claim that the website lacked information or that there were barriers in the booking process. During his deposition, Rutherford could not identify when he visited any of the websites, or how many times, or what device he used, or what information he accessed or what

---

[3] Defendants have included GoogleMaps print-outs as exhibits for the hearing which indicates the distance, and will request judicial notice at trial. *See, e.g. Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 344 (1952) ("We may, of course, take judicial notice of geography…"). Case law supports the proposition that information acquired from mainstream Internet sites such as Google Maps is reliable enough to support a request for judicial notice. See, e.g., *United States v. Brooks*, 715 F.3d 1069, 1078 (8th Cir. 2013); *Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013); *United States v. Schultz*, 2013 BL 209544, 2013 U.S. App. LEXIS 16557, at *8 n.1 (9th Cir. Aug. 9, 2013).

he found to be deficient about any of the aforementioned websites. (Rutherford Depo. 73:21-74:6; 87:3-14; 80:16-81:9; 92:1-15, 80:5-15, 153:19-23, 154:14-16, 155:4-10, 156:4-13, 156:20-157:5, 158:3-10, 165:14-18, 85:1-4, 172:22-173:1, 174:3-5, 162:17-22; 52:20-25.) Furthermore, during his deposition, Rutherford could not recall even attempting to access the booking process. (Rutherford Depo. 162:16-163:3.) Additionally, Rutherford failed to explain how the unidentified information related to his disability, since he could not recall anything about his alleged visits to the Evans Hotels websites. Again, any new testimony to the contrary is suspect inconsistent statement undermining Plaintiffs' credibility.

In stark contradiction to Plaintiffs' claims, Defendant will provide testimony confirming the information Plaintiffs sought was readily available through multiple channels, including the websites, and that there were no barriers in the booking process. Defendant will offer testimony concerning facts related to disabled customer visits and the plethora of accessibility accommodations each of Defendant's properties is equipped to provide. Defendant will also offer testimony confirming its policies and practices related to its accommodations and the hotel booking process, as well as confirming the development and ongoing administration of the Evans Hotels' websites. Ultimately, the fact remains that Plaintiffs cannot produce any evidence to establish they have standing under Article III.

### C. Plaintiffs' Litigious History Undermines His Credibility

Plaintiffs have collectively filed nearly 350 lawsuits in the last 4 years. This number does not account for the possibility of the same or greater number of pre-litigation claims that were likely resolved and settled with demand letters. (It also does not account for Rutherford's girlfriend's individual lawsuits either.) It is highly doubtful that a plaintiff would return to 350 public accommodations spread across the entire state of California. Rutherford's own testimony demonstrates that in in this specific case, he had no intention to return to San Diego or to any of the Evans Hotels' properties even as of the deposition. However, judicial notice should

be taken of these hundreds of ADA lawsuits, as they are relevant to Rutherford's intent to stay in hotels and the lack of his credibility. At deposition, Rutherford testified that he had only been involved in less that 100 lawsuits; however, the Parties (and his counsel) know that to be patently false. (Rutherford Depo. 43:8-11.) Astonishingly, there was no attempt to correct the record.

Plaintiffs cite to *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir. 2007) in their Objections to Defendant's listing of Plaintiffs' various ADA lawsuits as exhibits. First, not only do Plaintiffs erroneously cite to a quotation not found in the *Molski* case in the Objections, plaintiffs misrepresent the Ninth Circuit's guidance in the context of ADA abuse:

> But as important as this goal is to disabled individuals and to the public, serial litigation can become vexatious when, as here, a large number of nearly-identical complaints contain factual allegations that are contrived, exaggerated, and defy common sense. False or grossly exaggerated claims of injury, especially when made with the intent to coerce settlement, are at odds with our system of justice, and Molski's history of litigation warrants the need for a pre-filing review of his claims.
>
> … The district court could permissibly conclude that Molski used these lawsuits and their false and exaggerated allegations as a harassing device to extract cash settlements from the targeted defendants because of their noncompliance with the ADA.

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1062 (affirming the ruling that the ADA plaintiff [Molski] was a vexatious litigant.)

### III. EVIDENTIARY DISPUTES LIKELY TO BE ENCOUNTERED AT THE HEARING.

#### A. Plaintiff's Proposed Witnesses Lack Credibility and Relevance.

The primary evidentiary dispute to arise at the hearing is that Plaintiffs' testimony is likely to contradict his earlier deposition in both his individual capacity and on behalf of A4EA). As seen in prior court filings, Plaintiffs have no qualms about submitting sham declarations in direct contradiction to statements made under

oath. Thus, the court should view Plaintiffs' testimony with extreme skepticism. The proposed testimony of a Plaintiffs' witness, **Patricia Filardi,** also a serial litigator,[4] lacks any relevance or credibility. Filardi, Rutherford's girlfriend, is allegedly a member of Plaintiff A4EA. Filardi has filed dozens of ADA suits individually and has brought numerous lawsuits jointly with Rutherford in the Central District of California, typically using the same counsel as in this case.

A4EA is completely devoid of credibility, and is merely a tool of deception designed to extract higher statutory settlements from California businesses. A4EA

---

[4] Examples of ADA cases include: *Patricia Filardi, et al. v. Meritage at Callaway Restaurant*, Case No. 5:2015cv00770; *James Rutherford, et al v. El Matador Mexican Restaurant*, Case No. 5:2016cv00498; *Patricia Filardi et al v. KFC of Palm Desert, Inc., et al.*, Case No. 5:2017cv00954; *Patricia Filardi et al v. John Wessman et al*, Case No. 5:2017cv00958; *Patricia Filardi v. Citibank, N.A. et al,* Case No. 5:2017cv01070; *Patricia Filardi, et al v. Kulwinder Saini et al*, Case No. 5:2017cv01316; *Patricia Filardi v. Starbucks Store No 2988*, *et al*,     Case   No. 5:2017cv02363; *Patricia Filardi et al v. Rite Aid No. 06246* et al, Case No. 5:2017cv02423; *Patricia Filardi v. Dairy Queen Bermuda Dunes et al,* Case No. 5:2018cv00163; *Patricia Filardi v. Elena Z. Alcalay et al*, Case No. 5:2018cv00237; *Patricia Filardi, et al v. 72655-72705 Highway 111 Holdings et al*, 5:2018cv00389; *Patricia Filardi v. Starbucks No 8709  et al,* Case No. 5:2018cv00404; *Patricia Filardi v. McDonald s Corporation, et al*, Case No. 5:2018cv00407; *Patricia Filardi v. Winchell s Donuts No. 9389, et al*, Case No. 5:2018cv00408; *Patricia Filardi v. Circle K Stores Inc. et al*, Case No. 5:2018cv00629; *Patricia Filardi et al v. The Resort at Pelican Hill LLC  et al*, Case No. 8:2018cv00560; *Patricia Filardi v. El Pollo Loco No. 3314 et al*, Case No. 5:2018cv00852; *Patricia Filardi v. Carls Jr. No. 1100296  et al*, Case No. 8:2018cv00723; *Patricia Filardi v. Chipotle Mexican Grill, et al*, Case No. 5:2018cv01158; *Patricia Filardi v. Burger King No. 3642 et al,* Case No. 5:2018cv01359; *Patricia Filardi v. McDonalds et al*, Case No. 5:2018cv01395; *Patricia Filardi v. Curry and Kabab et al,* Case No. 5:2018cv01602; *Patricia Filardi v. Yummy Donuts And Subs, et al*, Case No. 5:2018cv01847; *Patricia Filardi, et al v. Chase Bank et al,* Case No. 5:2018cv02006; *Patricia Filardi v. Jack In The Box No. 3177*, Case No. 5:2018cv02036; *Patricia Filardi v. McDonalds No. 14975 et al.*, Case No. 5:2018cv02039; *Patricia Filardi et al v. R and G Tyler LLC,  et al.,* Case No.5:2018cv02109; *Patricia Filardi v. Bakers Restaurant, et al.,* Case No. 5:2018cv02490; *Patricia Filardi v. Sa Food Service LLC et al,* 5:2019cv00354; *Patricia Filardi v. California Food Management, LLC et al.,* Case No. 5:2019cv00355; *Patricia Filardi v. Thai Spoon Cafe, Inc., et al.*, Case No. 5:2019cv00357.

is an ongoing fraud, preying on California businesses. A4EA is an unincorporated organization created and governed by James Rutherford. (Rutherford Depo. 180:22-23; A4EA Depo. 19:7-9; 30:3-11.) The only other currently active member of A4EA is Filardi, though exactly what makes one a member is unclear to Rutherford. (A4EA Depo. 27:8-21; 51:15-21.) A4AE does not collect dues or hold regular meetings. (A4EA Depo. at 27:22-24; 29:23-25.) Rutherford claims A4EA interacts and engages with people to provide them information and education, but he has no records documenting any of those activities. (A4AE Depo. 27:25-29:22.) Rutherford's testimony on interests or contacts with alleged members is devoid of credibility. (A4EA Depo. 10:7-10; 26:23-27:21; 30:9-11; 96:19-21; 100:24-101:9.) A4AE has a bank account and Rutherford is a signatory on behalf of A4AE. (A4EA Depo. 181:10-11, 181:19-21.) Rutherford does not know if A4EA files taxes, but he has not personally filed a tax return on its behalf. (A4EA Depo. 184:7-15.) A4AE has collected *at least* $80,000-$90,000 in settlement funds for ADA litigation in the last two years.[5] (A4EA Depo. 37:22-38:5.)

A4AE has no business registrations, licenses, or other documents formally acknowledging its legal existence other than an employer ID number sought in 2011. (*Id.* at 14:4-13.) Together, Filardi and Rutherford are responsible for the widespread fraudulent activities of A4EA, which is currently being investigated and prosecuted by the Riverside District Attorney's Office in a civil action.

### B. Plaintiff's Proposed Exhibits Are Inadmissible.

Additionally, the Parties met and conferred regarding the Joint Exhibit List on June 19 and 20, 2019. Defendant Evans Hotels intends to objects to several of Plaintiff's exhibits, summarized as follows:

- ***Ex. 1: Plaintiff's purported medical records.***

Defendant objects to the admissibility of Plaintiff's medical records based on

---

[5] Given the history of lawsuits (around 350) and pre-litigation demands, this representation is likely a gross understatement and lie.

relevance, and because the exhibit(s) lack foundation and authentication, and are hearsay. The proposed exhibit (actually over 100 pages of records, spanning multiple years and varied purported medical providers and locations) were produced by Plaintiff at approximately 4:20 p.m. on June 19, 2019. The 110+ page exhibit represents multiple documents from various sources, all of which are not authenticated and will lack foundational support. Further, while the experts may testify as to opinions contained within their reports at trial, medical reports cannot be admitted into evidence. *See, e.g., Mahnke v. Washington Metro. Area Transit*, 821 F.Supp.2d 125, 154 (D.D.C. 2011).

- ***Exhibits 2-4: Archived Websites of the Bahia Hotel, Catamaran Resort and the Lodge at Torrey Pines***

Defendant objects based on relevance, and because the exhibit(s) lack foundation and authentication, and are hearsay. Plaintiff Rutherford testified that he has no memory of website visits. As noted above, Rutherford was unable to testify when he visited any of the websites, or how many times, or what device he used, or what information he accessed or what he found to be deficient about any of the aforementioned websites. (Rutherford Depo. 73:21-74:6; 87:3-14; 80:16-81:9; 92:1-15, 80:5-15, 153:19-23, 154:14-16, 155:4-10, 156:4-13, 156:20-157:5, 158:3-10, 165:14-18, 85:1-4, 172:22-173:1, 174:3-5, 162:17-22; 52:20-25.) Rutherford testified that these exhibits were not created by him and that he has never used the "page-freezer" software, and otherwise has no recollection of the proposed exhibit. (Rutherford Depo. 150:25-152:3; 151:11-15 ["Q: Have you ever used a software called PageFreezer? A: I have not. Q: Okay. Did you create this document? A: I did not."]) Instead, these exhibits are marked as being obtained by: "Manning Law." Thus, Rutherford cannot authenticate these documents.

- ***Exhibit 7- Deposition of Kimberly Guillermo***

Defendant objects based on relevance, and because the exhibit(s) lack foundation and authentication, and are hearsay. Ms. Kimberly Guillermo will not

be providing live testimony. Therefore, the deposition transcript is hearsay.

- ***Exhibit 8 and 9: Expert Reports.***

Defendant objects to the admission of expert reports based on relevance, and because the exhibits lack foundation and authentication. As noted on the witness list, the parties' experts will not be providing live testimony. Therefore, the reports are hearsay. Further, it is well settled law that if offered by the proponent of the expert witness in lieu of or to reinforce the trial testimony of the witness, the statements included in such reports are hearsay falling under no exception to the hearsay rule. *See Ake v. General Motors Corp.,* 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay the report of an expert); see *also Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 U.S. Dist. Lexis 7535, *19-20 (S.D.N.Y. 2003) ("The written report[] of any expert expected to testify… is hereby excluded as inadmissible hearsay."); *Herrin v. Ensco Offshore Co.*, 2002 U.S. Dist. Lexis 5744, *6-7 (E.D. La. 2002) (sustaining objections to proffer of two expert reports as exhibits on grounds of hearsay); *Law v. National Collegiate Athletic Association*, 185 F.R.D. 324, 341-42 (D. Kan. 1999) ("an expert's written report is generally inadmissible").

- ***Ex. 10: Plaintiff Rutherford's Responses to Defendant's First Set of Interrogatories***

Discovery responses are generally hearsay, cumulative and inadmissible. *See, Buckley v. Evans,* 2007 U.S. Dist. LEXIS 76571, *35-36 (E.D. Cal. 2007). Plaintiff Rutherford will appear to testify and as such, his written responses to discovery requests should be inadmissible.

### IV. **CONCLUSION**

Plaintiffs' continued abuse of the judicial system must be stopped. Further, the Court should consider the sanctioning of counsel and referral of the matter to the Southern District's Standing Committee on Discipline for further action.

KLINEDINST PC

DATED: May 20, 2019     By:  */s/ Nadia P. Bermudez*
                             Nadia P. Bermudez
                             Attorneys for Defendant
                             EVANS HOTELS, LLC

17628379v1