**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**MANNING LAW, APC**
Joseph R. Manning, Jr. Esq. (223381)
joe@manninglawoffice.com
20062 S.W. Birch, Suite 200
Newport Beach, CA 92660
Telephone: (949) 200-8755
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*,
James Rutherford; and, The Association 4 Equal Access

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,<br><br>Plaintiffs,<br><br>v.<br><br>EVANS HOTELS, LLC, a California limited liability company, and Does 1 to 50,<br><br>Defendants. | Case No.: 18-cv-0435-JLS-BGS<br><br>**PLAINTIFFS' NOTICE LODGING SUPPLEMENTAL AUTHORITY IN SUPPORT OF BRIEF REGARDING STANDING**<br><br>Date: July 1, 2019<br>Time: 9:00 a.m.<br>Courtroom: 4D<br><br>Hon. Janis L. Sammartino |

Plaintiffs James Rutherford and The Association 4 Equal Access hereby give

notice of supplemental authority relevant to the July 1, 2019, Evidentiary Hearing regarding standing.

On June 24, 2019, the United States District Court, Eastern District of California denied a motion to dismiss under Rule 12(b)(1) for lack of standing in *Johnson v. Alhambra & O Associates et al.*, Case No 2:19-cv-00103-JAM-DB (Docket 15) ("*Alhambra*"):

> "The Court agrees with Defendants that Plaintiff's tester status, alone, is not enough to confer standing. *See* Reply at 3. Likewise, the Court agrees an ADA plaintiff's claimed deterrence must be genuine. Mot. at 6. But Defendants' motion makes clear that they construe 'genuine' as 'unrelated to litigation purposes.' *See* Reply at 3 ("If anything, Plaintiff's new clarification of his intent further undermines the sincerity of any so-called intent [to return].") This position is irreconcilable with the governing law. *See CREEC*, 867 F.3d at 1101. Defendants' repeated efforts to call attention to Plaintiff's motives plainly ignore CREEC's holding that an ADA plaintiff's motivations are irrelevant to the standing inquiry. *Id.*"

*Alhambra* at 7.

This Court clarified that "ADA plaintiffs are not required to be 'bona fide patrons.'" *CREEC*, 867 F.3d at 1101. Plaintiffs may show a likelihood of future harm even if the sole reason for visiting or returning to an establishment is to assess ADA compliance. Furthermore, an ADA plaintiff need not engage in a "futile gesture to establish Title III standing if she is on notice that the establishment does not intend to comply with the ADA" CREEC, 867 F.3d at 1101." *Alhambra* at 6.

The Court further stated that "[t]he plaintiffs in CREEC, 867 F.3d at 1099-1101 had never been to the defendant hotels and lacked concrete plans to visit. Nevertheless, the Ninth Circuit found that an absence of concrete plans did not defeat standing. *Id.* at 1100-01. Indeed, the Court found that requiring concrete plans to visit a purportedly inaccessible facility paid short shrift to the settled rule that "a plaintiff need not engage in a futile gesture to establish Title III standing." CREEC, 867 F.3d at 1101 (internal quotation omitted)." *Alhambra* at 8.

A copy of the *Alhambra* opinion is attached as **Exhibit "A."**

Dated: June 25, 2019

                        MANNING LAW, APC

                By: /s/ Joseph R. Manning Jr., Esq.
                    Joseph R. Manning Jr., Esq.
                    Attorney for Plaintiffs

EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>           Plaintiff,<br><br>    v.<br><br>Alhambra & O Associates, a California General Partnership; Chang Haan; and Does 1-10,<br><br>           Defendants. | No.  2:19-cv-00103-JAM-DB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Scott Johnson filed a complaint against Defendants Alhambra & O Associates and Chang Haan for alleged violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act.  Compl., ECF No. 1.  Plaintiff's complaint invoked the Court's federal question and supplemental jurisdiction. Compl. ¶¶ 11-12 (citing 42 U.S.C. § 1331, 1343(a)(3) & (a)(4)), see also 28 U.S.C. § 1367.  Shortly after, Defendants filed a motion to dismiss under Rule 12(b)(1), arguing Plaintiff lacked standing to sue.  Mot. to Dismiss ("Mot"), ECF No. 8. For the reasons discussed below, the Court DENIES Defendants' Motion to Dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 7, 2019.

1

1    I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND
2         Plaintiff is a level C-5 quadriplegic who requires a
3    wheelchair and specially-equipped van for transportation.  Compl.
4    ¶ 1.  In October and December of 2018, Plaintiff visited Alhambra
5    Mail & Parcel ("Alhambra Mail"), "motivated in part to determine
6    if the defendants compl[ied] with the disability access laws."
7    Compl. ¶ 14.  During those visits, Plaintiff identified several
8    features of Alhambra Mail's facility that he believed did not
9    comply with the ADA and Unruh Civil Rights Act.  Compl. ¶¶ 17-31.
10   Plaintiff alleges he encountered each of these barriers and, as a
11   result, was denied full and equal access to the facility.  Compl.
12   ¶¶ 31-32.
13
14                            II.    OPINION
15       A.    Request for Judicial Notice
16         A court may take judicial notice of a fact "that is not
17   subject to reasonable dispute because it is generally known
18   within the trial court's territorial jurisdiction" or "can be
19   accurately and readily determined from sources whose accuracy
20   cannot reasonably be questioned."  Fed. R. Evid. 201(b).
21   Generally, public records maintained on government websites are
22   proper subjects of judicial notice.  Ryan v. City of Lincoln,
23   No. 18-cv-00096-KJM-DB, 2018 WL 6415640 at *2 (E.D. Cal. Dec. 6,
24   2018).  Likewise, a party may seek judicial notice of
25   geographical information from Google Maps if sought to determine
26   the general location of a building or calculate distance.
27   United States v. Perea-Rey, 680 F.3d 1179, 1182 n.1 (9th Cir.
28   2012) (citing Citizens for Peace in Space v. City of Colorado

1 | Sprints, 477 F.3d 1212, 1219 n.2 (10th Cir. 2007).
2 |     Defendants request judicial notice of the following:
3 |     1.   State Bar of California Attorney Licensee Profile for
4 | Scott Norris Johnson, available at
5 | http://members.calbar.ca.gov/fal/Licensee/Detail/16695 (RJN, Ex.
6 | A);
7 |     2.   Disabled Access Prevents Injury, Inc.'s Statement of
8 | Information filed with the California Secretary of State on
9 | December 14, 2015, available at
10 | https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=030649
11 | 84-20098374 (RJN, Ex. B);
12 |     3.   Google Maps navigation showing distance between 5124
13 | Kovanda Avenue, Carmichael, California, and 3104 O Street,
14 | Sacramento, California; available at
15 | https://goo.gl/maps/9DKSDcWmFcK2 (RJN, Ex. C);
16 |     4.   Google Maps showing all "copy shops" within
17 | approximately ten miles or less from 5124 Kovanda Avenue,
18 | Carmichael, California, available at
19 | https://goo.gl/maps/MgkoWoqWMHA2 (RJN, Ex. D);
20 |     5.   Google Maps Street View image of 5150 Fair Oaks
21 | Boulevard, Carmichael California, available at
22 | https://goo.gl/maps/hNsF1zBvUtM2 (RJN, Ex. E);
23 |     6.   UPS Store Carmichael, California Location, providing
24 | the store location's street address, available at
25 | https://locations.theupsstore.com/ca/carmichael/5150-fair-oaks-
26 | blvd (RJN, Ex. F); and
27 |     7.   Eastern District CM/ECF Query Results for Plaintiff
28 | Scott Johnson, showing that he has been a plaintiff in 705 cases

in the District since July 29, 2013, available at https://ecf.caed.uscourts.gov/cgi-bin/iquery.pl (RJN, Ex. G). Defs.' RJN at 2-4, ECF No. 8-4.

The Court agrees that the adjudicative facts Defendants identify are proper subjects of judicial notice. Defendants' request for judicial notice is, therefore, granted.

B. Legal Standard

Article III standing is a prerequisite to suit in the federal courts. Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 946 (9th Cir. 2011). Because it implicates the court's subject matter jurisdiction, a defendant may challenge standing at any time. Id., see also Fed. R. Civ. Proc. 12(b)(1). Moreover, "[t]he federal courts are under an independent obligation to examine their own jurisdiction." United States v. Hays, 515 U.S. 737, 742 (1995).

The standing inquiry requires a plaintiff to show (1) he suffered an "injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. Civil Rights Educ. & Enforce. Ctr. V. Hosp. Properties Trust ("CREEC"), 867 F.3d 1093, 1098 (9th Cir. 2017) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). Federal courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits

are the primary method of obtaining compliance with the act." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1039-40 (9th Cir. 2008) (internal quotations omitted).

Unlike challenges to a complaint for failure to state a claim, challenges to constitutional standing fall under Federal Rule of Civil Procedure 12(b)(1). Accordingly, a plaintiff's statement of subject-matter jurisdiction is not governed by the strict pleading standard of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007). Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). To be sure, "this is not to say that a plaintiff may rely on a bare legal conclusion to assert injury-in-fact, or engage in an ingenious academic exercise in the conceivable to explain how defendants' actions caused his injury." Id. at 1068 (internal quotations omitted). But each element of standing need only "be supported . . . with the manner and degree of evidence required at the successive stages of litigation." Id. (quoting Defenders of Wildlife, 504 U.S. at 561). Accordingly, the Court must, at this stage, accept as true all material allegations of the complaint and construe those allegations in favor of the complaining party. Id. (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975).

C. Analysis

1. Americans with Disabilities Act

Defendants correctly do not challenge whether Plaintiff sufficiently alleged injury in fact, causation, and redressability. A person with a disability suffers an injury in fact under the ADA "when [he] encounters an accessibility barrier

5

[that] interferes with [his] full and equal enjoyment of the facility. Chapman, 631 F.3d at 947. The complaint clearly sets out barriers Plaintiff encountered during his visits to Alhambra Mail. Compl. ¶¶ 17-31. Defendants, owners of Alhambra Mail, caused Plaintiff's injury by maintaining a purportedly inaccessible facility. Compl. ¶¶ 2-10, 14, 17-31. And injunctive relief would redress the injury Plaintiff now claims. Defendants solely maintain that Plaintiff failed to allege a genuine likelihood of future harm. Mot. at 2-7. But as Plaintiff correctly contends, CREEC, 867 F.3d at 1099-1101 forecloses this argument.

ADA plaintiffs may demonstrate a likelihood of future harm in one of two ways. They may either show (1) injury in fact coupled with an intent to return to the offending facility; or (2) deterrence from visiting or returning to the facility because of the ADA violation(s). Id. at 1098-99. Here, Plaintiff argues that he has shown a likelihood of future harm because Alhambra Mail's ADA violations deter him from returning. Plf.'s Opp'n to Defs.' Mot. ("Opp'n") at 7-10, ECF No. 12.

Allegations of deterrence must be more than hypothetical. Doran, 524 F.3d at 1039; Johnson v. Overlook at Blue Ravine, LLC, ("Blue Ravine"), No. 10-cv-02387-JAM-DAD at *3-4 (E.D. Cal. July 20, 2012). But ADA plaintiffs are not required to be "bona fide patrons." CREEC, 867 F.3d at 1101. Plaintiffs may show a likelihood of future harm even if the sole reason for visiting or returning to an establishment is to assess ADA compliance. Id. Furthermore, an ADA plaintiff need not engage in a "futile gesture to establish Title III standing if she is on notice that

1    the establishment does not intend to comply with the ADA" CREEC,
2    867 F.3d at 1101.  Rather, once a plaintiff "has actually become
3    aware of discriminatory conditions existing at a public
4    accommodation . . . . [t]he injury continues so long as
5    equivalent access is denied." Id.
6         Defendants' motion relies primarily on Blue Ravine, 2012 WL
7    2993890 at *3-4. As a preliminary matter, the plaintiff in Blue
8    Ravine, 2012 WL 2993890 at *1 lost on a motion for summary
9    judgment—a stage of litigation that imposes a far greater burden
10   on a plaintiff than the motion-to-dismiss stage.  Moreover, Blue
11   Ravine, 2012 WL 2993890 at *3-4 preceded CREEC, 867 F.3d at 1102,
12   a case where the Ninth Circuit held, as a matter of first
13   impression, that a plaintiff suing under Title III of the ADA
14   could claim tester standing.
15        The Court agrees with Defendants that Plaintiff's tester
16   status, alone, is not enough to confer standing. See Reply at 3.
17   Likewise, the Court agrees an ADA plaintiff's claimed deterrence
18   must be genuine. Mot. at 6.  But Defendants' motion makes clear
19   that they construe "genuine" as "unrelated to litigation
20   purposes." See Reply at 3 ("If anything, Plaintiff's new
21   clarification of his intent further undermines the sincerity of
22   any so-called intent [to return].") This position is
23   irreconcilable with the governing law. See CREEC, 867 F.3d at
24   1101.  Defendants' repeated efforts to call attention to
25   Plaintiff's motives plainly ignore CREEC's holding that an ADA
26   plaintiff's motivations are irrelevant to the standing inquiry.
27   Id.
28        The Court finds no basis for distinguishing Plaintiff's

7

1 claims of deterrence from those in CREEC, 867 F.3d at 1099-1102.
2 The plaintiffs in CREEC, 867 F.3d at 1099-1101 had never been to
3 the defendant hotels and lacked concrete plans to visit.
4 Nevertheless, the Ninth Circuit found that an absence of concrete
5 plans did not defeat standing. Id. at 1100-01. Indeed, the
6 Court found that requiring concrete plans to visit a purportedly
7 inaccessible facility paid short shrift to the settled rule that
8 "a plaintiff need not engage in a futile gesture to establish
9 Title III standing." CREEC, 867 F.3d at 1101 (internal quotation
10 omitted). If anything, a lack of concrete plans is even less
11 concerning here. In CREEC, 867 F.3d at 1098-99 the plaintiffs
12 were suing a real estate investment trust for ADA violations at
13 the trust's hotels. People generally plan ahead when booking
14 hotel rooms—plans that can often be corroborated with other
15 evidence of a person's intended whereabouts. But the odds that
16 someone will drop off a package when planned are only as good as
17 their memory that day. Contrary to what Defendants suggest,
18 Plaintiff did not need to plead corroborating information to
19 bolster his allegation that he is deterred from returning to
20 Alhambra Mail because of the existing barriers. See Compl. ¶ 38.
21      With these considerations in mind, the Court finds Plaintiff
22 adequately alleged deterrence. Defendants' motion to dismiss
23 Plaintiff's ADA claim for lack of subject-matter jurisdiction is
24 DENIED.
25           2.   Unruh Civil Rights Act
26      The Unruh Civil Rights Act permits an ADA plaintiff to
27 recover money damages if he prevails on his ADA claim. Cal. Civ.
28 Code § 51(f). As pleaded, Plaintiff's Unruh Civil Rights claim

is wholly derivative of his ADA claim.  His standing under the Unruh Civil Rights Act is, therefore, one in the same with his ADA standing.  Defendants' motion to dismiss Plaintiff's Unruh Civil Rights claim for lack of subject-matter jurisdiction is DENIED.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: June 21, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

9