1  Nadia P. Bermudez, Bar No. 216555
   KLINEDINST PC
2  501 West Broadway, Suite 600
   San Diego, California 92101
3  (619) 239-8131/FAX (619) 238-8707

4  Lindsay N. Casillas, Bar No. 269688
   KLINEDINST PC
5  801 K Street, Suite 2100
   Sacramento, California 95814
6  (916) 444-7573/FAX (916) 444-7544

7  Attorneys for Defendant EVANS
   HOTELS, LLC
8

9

10              **UNITED STATES DISTRICT COURT**

11             **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  JAMES RUTHERFORD, an individual,        Case No. 18-CV-00435-JLS (MSB)
    THE ASSOCIATION 4 EQUAL
14  ACCESS,                                 **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
15              Plaintiffs,                 **DEFENDANT'S MOTION FOR**
                                            **ATTORNEY'S FEES OR IN THE**
16         v.                               **ALTERNATIVE, FOR SANCTIONS**
                                            **PURSUANT TO 28 U.S.C. § 1927**
17  EVANS HOTELS, LLC a California          **AND THIS COURT'S INHERENT**
    limited liability company and DOES 1    **POWERS**
18  to 50,
                                            Date:           November 5, 2020
19              Defendants.                 Time:           1:30 p.m.
                                            Courtroom:      4D
20                                          Judge:          Hon. Janis L. Sammartino
                                            Magistrate Judge: Hon. Michael S. Berg
21                                          Complaint Filed: February 26, 2018
                                            Trial Date:     None set
22

23

24

25

26

27

28

Case No. 18-CV-JLS (MSB)

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN
ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................. 1

II.  STATEMENT OF FACTS ................................................. 2

   A.  Procedural & Factual Background. ............................. 2

   B.  Defendant's Earlier Attempts to Resolve This Matter in Good Faith. ........................................................................ 3

   C.  The Court's September 3, 2020 Ruling. ..................... 3

      1.  Facts Underlying the ADA Claim Could Not Be Established. ........................................................... 4

      2.  Plaintiffs Pursued Fatally Flawed ADA Theories. .... 4

      3.  Plaintiffs Lack Veracity and Good Faith in Pursuing their Claims. ......................................................... 5

      4.  Plaintiff A4EA is a Sham Entity Devoid of Credibility, But A Serial Plaintiff Nonetheless. ........................ 7

III.  LEGAL STANDARD ........................................................ 7

IV.  ARGUMENT ..................................................................... 8

   A.  Defendant Is Entitled To An Award Of Attorney's Fees. ..... 8

      1.  Legal Standard For An Award Of Attorney's Fees Under The ADA. ............................................................ 8

      2.  Attorney's Fees Are Warranted Here. ..................... 9

      3.  Defendant's Incurred Attorney's Fees Are Reasonable. ... 11

         (a)  The Reasonable Hourly Rate. ..................... 12

         (b)  Reasonable Number Of Hours and Costs Expended. ... 13

   B.  Alternatively, This Court Can and Should Award Sanctions To Defendant. ......................................................... 13

      1.  28 U.S.C § 1927 Justifies An Award Of All Fees. ... 14

      2.  Plaintiffs Continuation Of This Case After It Was Filed Was Frivolous And Filed For An Improper Purpose. ... 15

      3.  The Complaint's Factual Contentions of Purported "Disability" Were Made To Harass Defendant. ........... 16

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

4.     Sanctions Are Appropriate Under This Court's Inherent Powers..........................................................................17

V.     CONCLUSION ...............................................................18

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 18-CV-00435-JLS (MSB)
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

# TABLE OF AUTHORITIES

**Page**

## CASES

*Advocates for Individuals with Disabilities Found., Inc. v. Golden Rule Props., LLC,*
   2017 U.S. Dist. LEXIS 103538 .................................................................. 10

*Advocates for Individuals with Disabilities, LLC v. MidFirst Bank,*
   2018 U.S. Dist. LEXIS 123795, at *11 ............................................. 9, 11, 14

*Amphastar Pharm. Inc. v. Aventis Pharma SA,*
   856 F.3d 696 ............................................................................................. 8

*Brown v. Lucky Stores,*
   246 F.3d 1182 ........................................................................................... 7

*Camacho v. Bridgeport Fin., Inc.,*
   523 F.3d 973 ........................................................................................... 12

*Chamberlin v. Charat,*
   2017 U.S. Dist. LEXIS 141166 ............................................................... 13

Chambers v. NASCO, Inc.,
   501 U.S. 32, 46, 111 S. Ct. 2123 ..................................................... 14, 17

*Christiansburg Garment Co. v. EEOC,*
   434 U.S. 412 .......................................................................................... 8, 9

*CRST Van Expedited Inc. v. E.E.O.C.,*
   136 S. Ct. 1642 ......................................................................................... 8

*Fink v. Gomez,*
   239 F.3d 989 ...................................................................................... 14, 17

*Harrell v. Hornbrook Cmty. Servs. Dist.,*
   2018 U.S. Dist. LEXIS 25351 ................................................................. 15

*Hensley v. Eckerhart,*
   461 U.S. 424 ........................................................................................... 11

*Hughes v. Rowe,*
   449 U.S. 5, 14, 66 L. Ed. 2d 163 .............................................................. 8

*James Rutherford v. Boman*
   (C.D. Cal., May 6, 2020) 2020 U.S. Dist. LEXIS 129044 ...................... 16

*James Rutherford v. JJ's Mkt. & Liquor*
   (C.D. CA February 21, 2020) 2020 U.S. Dist. LEXIS 31164 .................. 16

*Marrama v. Citizens Bank of Massachusetts,*
   549 U.S. 365 ........................................................................................... 17

Case No. 18-CV-00435-JLS (MSB)

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN
ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

*Molski v. Mandarin Touch Rest.*,
   347 F. Supp. 2d 860 ............................................................................ 8

*Neitzke v. Williams*,
   490 U.S. 319 ..................................................................................... 8

*Nguyen v. HOVG, LLC*,
   2015 U.S. Dist. LEXIS 124019 ....................................................... 13

*NuVasive, Inc. v. Madsen Med., Inc.*,
   2016 U.S. Dist. LEXIS 86870 ......................................................... 13

*Rutherford v. Dinh*
   (C.D. Cal., May 6, 2020) 2020 U.S. Dist. LEXIS 129798 .............. 16

*Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*,
   2019 U.S. Dist. LEXIS 54576 ......................................................... 11

*Summers v. A. Teichert & Son, Inc.*,
   127 F.3d 1150 ................................................................................... 8

*Widrig v. Apfel*,
   140 F.3d 1207 ................................................................................. 11

## **STATUTES**

28 U.S.C § 1927 ................................................................. 13, 14, 18

Federal Rule of Evidence 408(b)— .................................................. 3

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 18-CV-00435-JLS (MSB)
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN
ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

# I.     <u>INTRODUCTION</u>

Defendant EVANS HOTELS, LLC ("Defendant" or "Evans Hotels") moves for an award of attorney's fees after this Court dismissed Plaintiffs James Rutherford ("Rutherford") and The Association 4 Equal Access's ("Association" or "A4EA") Americans with Disabilities Act ("ADA") claim on September 3, 2020. Defendant alternatively seeks an award of its attorney's fees as a sanction pursuant to 28 U.S.C § 1927 and this Court's "inherent powers."

As this Court is fully aware, the Plaintiffs are serial, high volume ADA litigants.  Plaintiffs' extortionate demands, litigation conduct in this and other cases, and live and sworn testimony make clear that the instant ADA claim was brought in bad faith.  Plaintiffs' tactics seek to undermine the very fabric of the legal system. As detailed below, despite the fact that Defendant updated its websites to address Plaintiffs' alleged concerns, Plaintiffs subsequently: demanded $73,000 plus costs to settle this case; rejected a Rule 68 offer that exceeded the amount of allowable statutory damages; noticed ten depositions, including that of an Evans Hotels Vice President, including a Rule 30(b)(6) deposition with 17 topics; and sought to transform this case into a class action suit through a fundamentally flawed motion for class certification.

Plaintiffs should have accepted Defendant's offer and "close[d] the book on a job well done and move[d] on, [but instead] Mr. Rutherford has required the Parties and this Court to expend valuable resources so that he may 'extort [his] cash settlement'."  [ECF 102 at p. 38:8-9.]

There are few cases that reek as much of bad faith as this one.  Consequently, Defendant respectfully request that the Court grant this Motion and order that Plaintiffs and/or their counsel pay Defendant's attorney's fees in the amount of $205,067.50, costs totaling $12,615.73, and all appropriate sanctions issued.

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## II.   STATEMENT OF FACTS

### A.   Procedural & Factual Background. [1]

On January 18, 2018, Rutherford and the Association filed a complaint against Defendant for violation of the Unruh Act and for declaratory relief for violations of Title III of the ADA and the Unruh Act in the Superior Court of the State of California, County of San Diego, claiming that Defendant's hotel reservation system denied Plaintiffs and those similarly situated full and equal access to its reservation services. *See generally* ECF No. 1-2 Ex. A. Plaintiffs filed an amended complaint on February 16, 2018. *See generally* ECF No. 1-2 Ex. B.

On February 26, 2018, Defendant removed to this Court on the basis of federal question jurisdiction. *See generally* ECF No. 1. Plaintiffs requested leave to file a second amended complaint to add class action allegations, *see generally* ECF No. 12, which the Court granted. *See generally* ECF No. 20. Plaintiffs' operative Second Amended Complaint ("SAC") is a putative class action asserting two causes of action for violations of the Unruh Act and the ADA. *See generally* ECF No. 21.

On April 29, 2019, this Court issued an Order requesting Plaintiffs show cause why this matter should not be dismissed for lack of Article III standing which required briefing from Plaintiffs. (ECF 59.)   On May 24, 2019, this Court issued an Order scheduling an evidentiary hearing. (ECF 66.)  On July 1, 2019, this Court held an evidentiary hearing allowing Plaintiffs a third opportunity to present evidence that they had met the requirements of Article III standing at this stage of litigation.

/ / /

/ / /

/ / /

/ / /

---

[1] The facts in this section I.B are set forth nearly verbatim from the Court's September 3, 2020 Ruling. [ECF 102.]

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**B.**   **Defendant's Earlier Attempts to Resolve This Matter in Good Faith.**

After filing their initial complaint, Plaintiffs sent a February 5, 2018 letter to Defendant that included a monetary demand of $73,000 plus costs. (See, Declaration of Nadia P. Bermudez ("Bermudez Decl."), filed concurrently, ¶ 4, <u>Exhibit A</u>.) [2]

On March 2, 2018, Defendant served Plaintiffs with Rule 68 Offers of Judgment in excess of the $4,000.00 statutory damages limit by $1.00 and $1,500 in attorney's fees, along with a promise that since February 27, 2018, Defendant had taken steps necessary to ensure that Defendant's online reservation services (the "Websites") allowed persons with mobility impairments to independently identify accessible feature of Defendant's hotels and independently reserve accessible rooms. (See, Bermudez Decl., ¶ 6-8, <u>Exhibits B and C</u>.)  On March 13, 2018, the Offers were rejected by Plaintiffs' counsel, who reiterated the demand of $73,000 plus costs. (See, Bermudez Decl., ¶ 9, <u>Exhibit D</u>.)  No reasonable counter-offers were ever made by Plaintiffs. (See, Bermudez Decl., ¶ 10.)

**C.**   **The Court's September 3, 2020 Ruling.**

The Court issued a ruling on September 3, 2020, dismissing Plaintiffs' ADA claim and remanding the Unruh claim to Superior Court. **[ECF 102.]**  The Court's rulings included the following findings, undermining the allegations in the First Amended Complaint and leading to the dismissal of the ADA claim:

/ / /

/ / /

/ / /

---

[2] Defendants do not offer Plaintiffs' letter as evidence to prove or disprove the validity or amount of a claim, but instead offer it "for another purpose" under Federal Rule of Evidence 408(b)—to show that the claim was unreasonable, vexatious, and intended solely to extract a windfall settlement, and that Plaintiffs continued to litigate after the claim clearly became so, driving Defendant's attorney's fees into six figures.

1.   <u>**Facts Underlying the ADA Claim Could Not Be Established.**</u>

The Court found that that Rutherford was unable to establish that he even needed an accessible room:

> The **Court sees several issues with Mr. Rutherford's claimed encounters with barriers** on Defendant's Websites. First, it is clear from Mr. Rutherford's testimony that his mobility- and balance-related disabilities are not consistent because the severity of his condition correlates to "the level of pain" that he is experiencing. [...] It is therefore unclear the extent to which Mr. Rutherford required an accessible room at the time he wished to visit Defendant's Hotels.

(*Id.* at p. 28:20-23, 26-28 [emphasis added].)

Additionally the court found Rutherford to not be credible about his alleged disability: "[n]aturally, Mr. Rutherford's propensity for exaggeration leads the Court to question whether he similarly has exaggerated the extent of his disability and/or his intent to return to Defendant's Hotels." (*Id.* at p. 39:2-4.)

2.   <u>**Plaintiffs Pursued Fatally Flawed ADA Theories.**</u>

Though given multiple opportunities to show the basis of their claims, the Court also ruled that there were several, fatal flaws to Plaintiffs' legal theories:

- "… **Mr. Rutherford fails to establish injury-in-fact** under Section 36.302(e)(1)(i)…[ECF, p. 29:7 (emphasis added).]

- "It may be true that Mr. Rutherford need not have *personally encountered* the alleged barrier, but he still must have *personal knowledge* of it to establish standing. … Mr. Rutherford, by contrast, learned of additional steps in Defendant's reservation system for accessible rooms only through discovery in this case. ... Consequently, Mr. Rutherford's knowledge of the alleged Section 36.302(e)(1)(i) violation is—at best—secondhand, which cannot confer standing."  (*Id.* at p. 30:1-2, 14-17 [italics in original].)

- "Third, Mr. Rutherford fails to establish injury-in-fact under Section 36.302(e)(1)(ii)…" (*Id.* at p. 30:18-19.)

- "For all these reasons, the Court concludes that **Mr. Rutherford has failed to establish injury-in-fact** under either theory of liability pursuant to Section 32.306(e)(1)."  (*Id.* at p. 32:4-5 [emphasis added].)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

4

Case No. 18-CV-00435-JLS (MSB)

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- "The remaining factors undermine Mr. Rutherford's professed intent to return to Defendant's Hotels. Mr. Rutherford has not previously stayed at any of Defendant's Hotels—indeed, prior to his deposition in this case, he could not recall having visited San Diego… Considering the relevant factors, the **Court determines that Mr. Rutherford has failed to establish an intent to return** to Defendant's Hotels." (*Id.* at p. 32:4-5, 8-9 [emphasis added].)

- "While the volume of Mr. Rutherford's filings and his 'tacking on state law claims for Unruh damages to his federal ADA complaints' may reveal a profit motive, *see Molski*, 405 F. Supp. 2d at 1167, the Court is more troubled by Mr. Rutherford's unflinching pursuit of what may be a moot controversy." (*Id.* at p. 37:20-23.)

- "…[T]he Court concludes that **Mr. Rutherford has failed to establish actual knowledge** of any alleged barrier sufficient to establish standing under the deterrent effect doctrine." (*Id.* at p. 46:3-5 [emphasis added].)

These obvious legal defects still did not deter Plaintiffs in pursuing these frivolous claims or making unreasonable demands.

### 3.   Plaintiffs Lack Veracity and Good Faith in Pursuing their Claims.

The Court, having the opportunity to listen to live testimony, also ruled that Plaintiffs were dishonest or simply not credible.  The Court's ruling pointed to various examples establishing the lack of Rutherford's credibility and bad faith in pursing these claims.

For example, the Court pointed to Rutherford's contradictory testimony about the membership of A4EA and whether Rutherford and his fiancée Patricia Filardi ("Filardi") had actually stayed at the Pelican Hill Resort.  "These are but two examples, but the cumulative effect is diminished confidence in Mr. Rutherford's testimony." (*Id.* at p. 38:21-22.)

Indeed, multiple examples were provided:

- "**This, of course, assumes that the Court can take Mr. Rutherford at his word when he claims that there is "[n]o question" that he would stay at any of Defendant's Hotels** once the alleged deficiencies with Defendant's Websites are addressed. *See* Tr. at 148:21–149:3. **For a number of reasons,**

5

**the Court concludes that it cannot:** "Plaintiff's litigation history, coupled with a contradictory factual record, raises **serious credibility questions** and calls into question Plaintiff's stated purpose for visiting the [Websites]." (*Id.* at p. 35:12-19 [emphasis added].)

- "The infrequency of Plaintiff's past patronage of San Diego hotels, coupled with the volume of lawsuits filed against San Diego hotels and Mr. Rutherford's failure to spend the night at any hotels he has sued in the past, **undermine the credibility of Mr. Rutherford's professed intent** to return to any of Defendant's Hotels." (*Id.* at p. 36:8-12 [emphasis added].)

- "Indeed, **Mr. Rutherford has sued so many establishments that he does not recall which,** *see* Tr. at 69:6–8, or how many hotels he has sued. […] [N]ot only could Mr. Rutherford not recall several of the hotels he had sued, but he could not recall where many were located, why he had wanted to stay there, or the alleged violations on which his lawsuits were premised." (*Id.* at p. 37:7-12 [emphasis added].)

- "But factual contradictions were not the only factor bearing upon Mr. Rutherford's credibility. **Mr. Rutherford appears to tend to exaggerate or understate his testimony to his advantage**." (*Id.* at p. 38:23-25 [emphasis added].)

- "Rather than close the book on a job well done and move on, **Mr. Rutherford has required the Parties and this Court to expend valuable resources so that he may extort [his] cash settlement.'**" (*Id.* at p. 38:7-10.)

- "**Other testimony was simply implausible**, such as Mr. Rutherford's claim that he did not know that Defendant's Hotels were related to each other at the time he visited the Websites." (*Id.* at 39:12-13 [emphasis added].)

- "Finally, the Court is troubled by the allegations by the Riverside County District Attorney's Office in the Enforcement Action. The Enforcement Action alleges that Plaintiffs' "federal ADA lawsuits . . . rely on a few core misrepresentations… The fact that Mr. Rutherford has been accused of falsely alleging an intent to return to the businesses he has sued to establish Article III standing gives the Court pause, particularly given that the record of this case appears to corroborate those allegations." (*Id.* at p. 40:18-20; 41:3-6.)

/ / /

/ / /

/ / /

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

### 4.     Plaintiff A4EA is a Sham Entity Devoid of Credibility, But A Serial Plaintiff Nonetheless.

The Court's ruling agreed with Defendant's arguments that A4EA was "a tool of deception", "devoid of credibility", and a "sham." (*Id.* at p. 48:17-49:1.)  The Court agreed that A4EA was nothing more than an entity "designed to extract higher statutory settlements." (*Id.* at p. 48:18-20.)  The Court concluded: "On this record, the Court concludes that the Association is not a legitimate organization, but rather serves as the alter ego of Mr. Rutherford and/or Ms. Filardi."  (*Id.* at p. 50:10-11.)

Nonetheless, A4EA has served as a plaintiff in numerous ADA cases within the Ninth Circuit using attorneys that have represented it as counsel of record here and/or at Rutherford's deposition: *Rutherford, A4EA v. Pac. Western Bank* (S.D. CA Feb 22, 2019) 2019 U.S. Dist. LEXIS 28752; *Rutherford, A4EA v. Carl's Jr.* (C.D. CA Dec 18, 2018) 2018 U.S. Dist. LEXIS 213050; *Rutherford, A4EA v. Bhakta* (C.D. CA Nov 15, 2017) 2017 U.S. Dist. LEXIS 190076; *Rutherford, A4EA v. Cho-Park LLC* (C.D. CA Dec 14, 2017) 2017 U.S. Dist. LEXIS 206083; *Rutherford, A4EA* v. Hazit Mkt. (C.D. CA Mar 15, 2019) 2019 U.S. Dist. LEXIS 42880; *Rutherford, A4EA v. Coast to Coast Commer., LLC* (C.D. CA Nov 15, 2017) 2017 U.S. Dist. LEXIS 189267; *Rutherford, A4EA v. Elite Hospitality, Inc.* (C.D. CA Apr 03, 2018) 2018 U.S. Dist. LEXIS 57014; *Rutherford, A4EA v. Jack in the Box, Inc.* (C.D. CA Jan 16, 2018) 2018 U.S. Dist. LEXIS 6906; and *Rutherford, A4EA v. Popeyes La. Kitchen, Inc.* (C.D. CA Jan 23, 2018) 2018 U.S. Dist. LEXIS 10835.

Such conduct is inexcusable and merits the court's intervention.

### III.    LEGAL STANDARD

The attorney's fee provision of the ADA allows the court to award a prevailing private party "a reasonable attorney's fee, including litigation expenses, and costs." *Brown v. Lucky Stores*, 246 F.3d 1182, 1190 (9th Cir. 2001) quoting 42 U.S.C. § 12205. Attorney's fees under § 12205 should be awarded to a prevailing defendant only if "'the plaintiff's action was frivolous, unreasonable, or without

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

foundation.'" *Id.* quoting *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997). A defendant that is successful in getting a case dismissed for lack of standing is a "prevailing party" for the purposes of an award of attorney's fees. *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-10 (9th Cir. 2017), holding that *CRST Van Expedited Inc. v. E.E.O.C.,* 136 S. Ct. 1642, 1646, 194 L. Ed. 2d 707 (2016) effectively overruled prior Ninth Circuit precedent.

## IV.  ARGUMENT

### A.  Defendant Is Entitled To An Award Of Attorney's Fees.

#### 1.  Legal Standard For An Award Of Attorney's Fees Under The ADA.

A prevailing civil rights defendant may be awarded attorney fees under 42 U.S.C. § 12205 if the plaintiff's claim was frivolous, unreasonable, vexatious or groundless ab initio, or if the plaintiff continued to litigate after the claim clearly became so.  *Hughes v. Rowe*, 449 U.S. 5, 14, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978)). An action is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989).

As set forth above, Plaintiffs failed miserably both in establishing a viable claim and convincing the Court that they presented themselves honestly under oath. Each example of the Court's findings above show that this case was litigated not only for too of a long time, but also for a bad motive.  A "vexatious suit" is a "lawsuit instituted maliciously and without good cause." *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004) quoting Black's Law Dictionary 1596 (8th ed. 2004). "After examining Plaintiff's extensive collection of lawsuits, the Court believes that most, if not all, were filed as part of a scheme of systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements." *Id.*

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

"'Unreasonable' means '[n]ot guided by reason; irrational or capricious.'" *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at \*11 (D. Ariz. July 24, 2018)(imposing § 1927 sanctions on ADA plaintiff). Bad faith is not required to award fees. *Christiansburg*, 434 U.S. at 419. However, "if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg Garment Co.*, 434 U.S. at 422. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. Tactics undertaken with the intent to increase expenses may also support a finding of bad faith." *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at \*12-13 (D. Ariz. July 24, 2018)(imposing § 1927 sanctions on ADA litigant).

Here, Plaintiffs' aggressive litigation tactics, bad faith, and lies, coupled with a refusal to entertain a reasonable settlement of this case, supports an award of attorney's fees.

### 2.   **Attorney's Fees Are Warranted Here.**

In its ruling, the Court has provided ample examples of Plaintiffs' conduct that meets the standard for an award of attorney's fees here. (See section II.C, above.)  Despite the legal defects in this case and the non-credible allegations and demands, Plaintiffs were undeterred and aggressively pursued this litigation in bad faith.  For example:

- Right after filing their complaint, Plaintiffs unreasonably demanded $73,000 plus costs to settle this matter, which is nearly 20 times the amount that they would be entitled to in statutory damages.  (Bermudez Decl., ¶ 4, <u>Exhibit A</u>.)
- Plaintiffs rejected Defendant's Offers of Judgment that exceeded the $4,000 statutory damages limit and included attorney's fees and details about revisions to the Websites. (See, Bermudez Decl., ¶ 6-8, <u>Exhibits B and C</u>.)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- ▪ Defendant noticed and took only two depositions, including Rutherford on October 16, 2018 and in Rutherford's capacity as the 30(b)(6) designated witness on behalf of the Association on October 19, 2018. (Bermudez Decl., ¶ 11.)  Plaintiffs, on the other hand, noticed and took ten depositions of various Defendant's employees, including a Evans Hotels Senior Vice President, *and* a Rule 30(b)(6) deposition with 17 separate topics.  (*Id.*)  Plaintiffs' noticed depositions included Defendant's employees: Diane Koczur (as an individual and as a Rule 30(b)(6) deponent), Scott Hartman, Andy Thomas (as an individual and as a Rule 30(b)(6) deponent), Heath Pitts, Thomas Mohrlock, Tom Farley, Kimberly Guerrero, and Patrick Martin. (*Id.*)

- ▪ On email communications with Defendant's counsel, Plaintiffs' counsel regularly included up to eight different attorneys from three or four different law firms that were representing Plaintiffs in this action.  (Bermudez Decl., ¶ 12, Exhibits E and F.)

- ▪ Plaintiffs filed for leave to file a second amended complaint to include class action allegations, which was opposed. [ECF 12.]

- ▪ Plaintiffs filed a motion to strike Defendant's affirmative defenses, which was opposed. [ECF 26.]

- ▪ Plaintiffs filed an *ex parte* motion for more time to file a motion for class action certification, which was opposed. [ECF 40.]

- ▪ Plaintiffs filed a motion for class action certification, which was opposed. [ECF 45.]

Attorney's fees awards are designed for precisely this type of case.  Frankly, there are likely few ADA cases with a worse record of deceit and bad faith. *See, Advocates for Individuals with Disabilities Found., Inc. v. Golden Rule Props., LLC*, 2017 U.S. Dist. LEXIS 103538, at *5 (D. Ariz. Mar. 20, 2017) (ADA plaintiff's tactic "was a bait-and-switch maneuver aimed at 'prolonging litigation and imposing

costs on the opposing party.'"). *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank,*, 2018 U.S. Dist. LEXIS 123795, at *13 (D. Ariz. July 24, 2018)("Tactics undertaken with the intent to increase expenses may also support a finding of bad faith," imposing § 1927 sanctions against serial ADA plaintiff) quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

The litigation history of this case reveals Plaintiffs' true intent, which is not to ensure access for disabled persons, but is instead to weaponize and monetize the ADA.  When confronted with Plaintiffs' complaint, Defendant revised its Websites. In response to Plaintiffs' untethered-from-reality $73,000 demand, Defendants served an Offer of Judgment in excess of Plaintiffs' statutory damages that also included attorney's fees.  Plaintiffs rejected the offers and proceeded with scorched earth litigation tactics intended to drive Defendant's legal costs up and leverage a settlement grossly disproportionate to the case.

Additionally, the evidence is clear that Rutherford constructed A4EA to extract countless settlements from California businesses. **That is the epitome of bad faith** and vexatious litigation and *demands* an award of attorney's fees against Plaintiffs for this conduct. "[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, 2019 U.S. Dist. LEXIS 54576, at *8 (S.D. Cal. Mar. 29, 2019).  Accordingly, Plaintiffs' actions justify an award of attorney's fees under the ADA.  Only by imposing attorney's fees on Plaintiffs – the amount of which was significantly increased solely by Plaintiffs' conduct – will Plaintiffs take their obligations under Rule 11 seriously.

### 3.   Defendant's Incurred Attorney's Fees Are Reasonable.

In determining the amount of reasonable attorney's fees, this circuit uses the lodestar method of determining a reasonable attorney's fee award. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The lodestar is calculated by multiplying

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

the number of hours the prevailing party "reasonably" expended in the litigation by a "reasonable" hourly rate. *Id.*

In support of this Motion, Defendant has submitted the Declaration of Nadia P. Bermudez and Lindsey N. Casillas, which not only establishes an imminently reasonable discounted hourly rate, but also attaches a detailed itemization of the time spent on this case by attaching computerized billing records for this case as <u>Exhibit G</u>.   A costs bill in the amount of $12,645.73 for this case is attached as <u>Exhibit H</u> to the Bermudez Declaration.

Defendant respectfully request that the Court award the sum of $205,067.50 as reasonable attorney's fees and $12,615.73 in costs incurred in connection with this lawsuit. (Bermudez Decl. at ¶ 25.)

### (a)   <u>The Reasonable Hourly Rate.</u>

The "reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotations and citations omitted). "[T]he relevant community is the forum in which the district court sits." *Id.* As set forth in the Bermudez and Casillas Declaration, Ms. Bermudez and Ms. Casillas, accomplished attorneys, have been litigating  cases for thirty years combined. Further, as set forth in the Declarations of Nadia P. Bermudez and Lindsey Casillas, all the work performed by defense counsel was necessary and critical to the defense of this matter.  At a reduced insurance rate of $250 per hour for shareholders, $225 per hour for associates, and $100 per hour for a paralegal, the rates sought are extremely reasonable.  (Bermudez Decl., ¶¶ 14-18; Casillas Decl., ¶ 3.)  Defense counsel's rates on this matter were discounted insurance rates; however, the court can consider awarding a higher rate to match market rate commensurate with their experience.  Plaintiffs should not get the benefit of Defendant's prudent decision to purchase insurance.

/ / /

In *Chamberlin v. Charat*, 2017 U.S. Dist. LEXIS 141166, at *2 (S.D. Cal. Aug. 31, 2017), the court found that $500 per hour was reasonable for partners as of 2017. In *NuVasive, Inc. v. Madsen Med., Inc.*, 2016 U.S. Dist. LEXIS 86870, 2016 WL 5118325, at *4 (S.D. Cal. 2016) the Court found that $500 hourly rate for attorney with over ten years' experience was reasonable in breach of contract action. In *Nguyen v. HOVG, LLC*, 2015 U.S. Dist. LEXIS 124019 at *3 (S.D. Cal. 2015), the Court found that as of 2015, $450 per hour was the reasonable hourly rate for FDCPA-related litigation by a senior partner.  Accordingly, Ms. Bermudez and Ms. Casillas' hourly rate at $250 (based on a discounted insurance rate) is very fair.

### (b)   Reasonable Number Of Hours and Costs Expended.

As noted, Plaintiffs' litigation tactics resulted in significant attorney's fees and costs being expended by Evans Hotels.  The hours and costs expended by Defendant's counsel in this case, filed more than two and a half years ago were both necessary and reasonable.  Plaintiffs took 10 depositions in this case and have aggressively litigated this case—even after Rutherford's numerous shocking admissions of bad faith were made at his deposition on October 16 and 19, 2018.

As discussed in Section IV.A.2 above, the work performed by Defendant's counsel was necessary and appropriate given the aggressive litigation of this case by Plaintiffs.  As described in the Bermudez Declaration, Defendant's total hours of 867.4 hours of work on this case since its inception is highly reasonable.  (Bermudez Decl., ¶¶ 19-21.)

### B.   Alternatively, This Court Can and Should Award Sanctions To Defendant.

Alternatively, Defendant requests that this Court impose sanctions against Plaintiffs pursuant to 28 U.S.C § 1927 or this Court's inherent powers. Each is an independent justification for awarding Defendant all of its reasonable attorney's fees.

/ / /

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## 1.    28 U.S.C § 1927 Justifies An Award Of All Fees.

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  Sanctions under section 1927 require a showing of at least recklessness, or conduct tantamount to bad faith. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. Tactics undertaken with the intent to increase expenses may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (internal quotation marks and citations omitted). *See also*, *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at *12-13 (D. Ariz. July 24, 2018)(imposing § 1927 sanctions on a serial ADA plaintiff for similar conduct as in this case).

There is ample legal and factual support that Section 1927 reaches the continuation of Plaintiffs' conduct in this case.  First, the Court found that A4EA was a sham and that this case had been litigated even after the court described Plaintiffs' case as an "unflinching pursuit of what may be a moot controversy."  As stated by the United States Supreme Court, an attorney acts in bad faith when he or she "practices a fraud upon the court" or "delays or disrupts the litigation." See Chambers v. NASCO, Inc., 501 U.S. 32, 46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).

In *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at *12-13 (D. Ariz. July 24, 2018), a serial ADA plaintiff's (like Rutherford's) actions warranted sanctions against him under 28 U.S.C. § 1927 for bad faith prolongation of the proceedings. "His tactics had the sole purpose of increasing the expense of this litigation—to drive up its nuisance

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

14

Case No. 18-CV-00435-JLS (MSB)
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

1   value so he could unethically extort excessive and unreasonable attorney fees for

2   himself." *Id.*[3]

3       Thus, Plaintiffs and/or their counsel should be sanctioned pursuant to § 1927.

4       **2.   <u>Plaintiffs Continuation Of This Case After It Was Filed Was</u>**

5       **<u>Frivolous And Filed For An Improper Purpose.</u>**

6       As discussed above, "Bad faith is present when an attorney knowingly or

7   recklessly raises a frivolous argument or argues a meritorious claim for the purpose

8   of harassing an opponent."

9       Here, the Court said: "While the volume of Mr. Rutherford's filings and his

10  'tacking on state law claims for Unruh damages to his federal ADA complaints' may

11  reveal a profit motive…, the Court is more troubled by Mr. Rutherford's unflinching

12  pursuit of what may be a moot controversy."  [ECF, p. 37:20-23.]

13      Earlier this year, Judge Otis D. Wright of the Central District of California took

14  note of Rutherford and his counsel's tactics:

15          Rutherford has filed more than 10 cases within the last twelve months,
            and is considered a high-frequency litigant under California law. …
16          Rutherford's cases include nearly identical complaints and subsequent
            filings, with billing records that reflect the use of templates. Notably,
17          Rutherford's attorneys' have filed thousands of ADA cases in this
            district using "carbon-copy complaints and 'entirely boilerplate'
18          litigation."

19

20

21

22  ---
    [3] Similarly, in In *Harrell v. Hornbrook Cmty. Servs. Dist.*, 2018 U.S. Dist. LEXIS
23  25351, at *26 (E.D. Cal. Feb. 15, 2018)*,* the Court imposed Section 1927 sanctions,
    similarly holding that "plaintiff, a serial litigator who knew better, continued
24  prosecution of this lawsuit after a time it became unreasonable to do so, and in bad
    faith, *i.e.*, he intentionally flouted a court order designed to get the case on a
25  reasonable track for ultimate adjudication and vexatiously multiplied the
    proceedings herein . . . In the process he not only prejudicially impacted the
26  Hornbrook defendants, he also took unnecessarily of the court's time which could
    have been much better spent on reasonable litigants trying to move their matters to
27  resolution who deserved the time spent here to be spent on their cases."
28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

(*James Rutherford v. JJ's Mkt. & Liquor* (C.D. CA February 21, 2020) 2020 U.S. Dist. LEXIS 31164, *16-17, 2020 WL 883220.)

Judge Wright's colleague, Judge Jesus G. Bernal was similarly troubled by Rutherford's tactics, noting that he lacked standing in an ADA claim in a ruling from May 6, 2020): "Plaintiff's allegations lack the specificity... Because Plaintiff fails to properly allege that the violation interfered with his access to the Restaurant or his enjoyment of the Restaurant, he lacks standing to pursue a claim for the alleged violation." (*James Rutherford v. Boman* (C.D. Cal., May 6, 2020) 2020 U.S. Dist. LEXIS 129044, *10.) Judge Bernal ruled against Rutherford again on the issue of standing the same day in *Rutherford v. Dinh* (C.D. Cal., May 6, 2020) 2020 U.S. Dist. LEXIS 129798, *8-9.

Thus, the record as a whole therefore "might indicate an intent to harass defendants." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *32 (N.D. Cal. June 1, 2020).

### 3. The Complaint's Factual Contentions of Purported "Disability" Were Made To Harass Defendant.

As set forth above, Rutherford's factual allegations regarding his purported disabilities lacked any good faith evidentiary support and were made purely to vex and harass the Defendant in this case. (See, Section II.C above.)

The pervasiveness of Plaintiffs' pleading flaws, coupled with their refusal to correct the issues, suggest that he may be deliberately evading the kind of scrutiny applied by the courts. *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *32-33 (N.D. Cal. June 1, 2020).

Accordingly, sanctions against Plaintiffs and/or their counsel are required to curtail this frivolous, fraudulent and harassing conduct.

/ / /

/ / /

/ / /

**4.**     **Sanctions Are Appropriate Under This Court's Inherent Powers.**

Under the Court's inherent power, "every federal court" may sanction "abusive litigation practices." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct. 1105, 1112, 166 L. Ed. 2d 956 (2007). "At the very least, the inherent power must continue to exist to fill in the interstices." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). In *Chambers*, the Court left "no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" *Fink*, 239 F.3d at 992. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. "Therefore, we hold that an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power." *Fink*, 239 F.3d at 994.

As discussed above, Plaintiffs' history of bad faith litigation in this case, this District and in the other federal courts in California show conclusively that Plaintiffs have filed and litigated this case in bad faith, with an intent to harass Evans Hotels. This Court needs no more to impose sanctions pursuant to its inherent powers.

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 18-CV-00435-JLS (MSB)
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendant requests that this Court award Defendant $205,067.50 in reasonable attorney's fees and $12,615.73 in costs under the ADA or alternatively, as sanctions pursuant to 28 U.S.C § 1927 or the Court's inherent powers.

KLINEDINST PC

DATED:  September 17, 2020

By: _____/s/: Nadia P. Bermudez_____
Nadia P. Bermudez
Lindsey N. Casillas
Attorneys for Defendant EVANS HOTELS, LLC

18748725.1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 18-CV-00435-JLS (MSB)
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN ALTERNATIVE, SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND COURT'S INHERENT POWERS