## TABLE OF CONTENTS OF EXHIBITS TO DECLARATION OF NADIA P. BERMUDEZ

| EXHIBIT | PAGE NUMBERS |
|---|---|
| Exhibit A | 1 - 5 |
| Exhibit B | 6 – 13 |
| Exhibit C | 14 – 21 |
| Exhibit D | 22 – 30 |
| Exhibit E | 31 – 34 |
| Exhibit F | 35 – 38 |
| Exhibit G | 39 – 82 |
| Exhibit H | 83 - 91 |

# EXHIBIT A

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com   Office: 949.200.8755       4667 MacArthur Blvd, Ste150
                                        Facsimile: 866.843.8308     Newport Beach, CA 92660
                                                                    www.ManningLawOffice.com

February 5, 2018

Ms. Julia De Beers, Esq.
Evans Hotels, LLC
998 West Mission Bay Drive
San Diego, California 92109

RE:   <u>JAMES RUTHERFORD et al vs. EVANS HOTELS, LLC</u>
      Case No.:  37-2018-00002844-CU-CR-CTL

CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO F.R.E. 408 AND
CAL. EV. CODE 1152 *ET. SEQ.*; FOR SETTLEMENT PURPOSES ONLY

Dear Ms. De Beers:

We represent the plaintiffs and claimant[1] in this action.  They are disabled persons with mobility
disabilities and they experienced barriers when they unsuccessfully attempted to reserve
accessible rooms at each of Evans Hotels, LLC's properties using each respective hotel's website
(Bahia.com, Lodgtorreypines.com and Catamaranresort.com; collectively, the "Websites").  The
types of access barrier encountered by our clients were specifically and expressly made unlawful
several years ago when 28 CFR 36.302(e) became effective on March 15, 2012.

Our clients were frustrated and disappointed by this stigmatizing denial of equal access and seek
statutory damages under the Unruh Civil Rights Act ("UCRA") as a result.  Perhaps more
important to our clients, they desire to act as a impetus for Evans Hotels, LLC to make
reasonable modifications to reservations policies, practices, or procedures necessary and to
ensure that individuals with disabilities can make reservations for accessible guest rooms through
your Website reservations systems and that those reservations are handled in the manner required
by 28 CFR 36.302(e) in all respects.

---

[1] Claimant is a disabled person and a member of the Association 4 Equal Access.  Claimant has experienced the
barriers to access described in the Complaint and has been denied access and deterred from seeking access thereby.
Despite possessing a meritorious claim for damages and injunctive relief, Claimant is not a plaintiff in this matter.
Based on the assumption that Defendant will require a release from Claimant as part of any resolution of this matter,
a demand is included for Claimant as well as Plaintiff describing the terms required for Claimant to relinquish her
meritorious claim.

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com   Office: 949.200.8755        4667 MacArthur Blvd, Ste150
                                      Facsimile: 866.843.8308        Newport Beach, CA 92660
                                                                    www.ManningLawOffice.com

The Complaint seeks a declaration that the Websites, at the time when the complaint was filed[2], did not comply with 28 CFR 36.302(e) and therefore, the UCRA, an order to correct that or cease the practice of accepting online reservations, and all attendant relief.  We do not believe there is serious doubt that we will prevail in this matter.  We have archived admissible working copies of the Websites as they existed prior to the filing of the Complaint (including the code) to document the clear violations of law present therein. We are continuing to monitor the Websites and we are making further admissible working copies on a daily basis to document changes, if any, as they occur.  Given the indisputable facts presented and the clear violations of law they depict, we plan to seek summary judgment at the first opportunity.

That said, if your client is willing, we are open to a procedure whereby together, our clients can cooperatively and collaboratively ensure that the Evans Hotels, LLC reservations systems are accessible as required by 28 CFR 36.302(e) and the UCRA.  Given the widely lamented state of the travel industry for persons with disabilities, in addition to bringing Evans Hotels, LLC into compliance with the law, this would be an important achievement in service of its disabled guests and prospective guests and would be applauded by the community of disabled travelers and their families.

The remediation of Evans Hotels, LLC's reservations systems and reasonable modifications to relevant policies, practices, and procedures, necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms through your Website reservations systems, including the identification and description of the accessible features of the hotels and guest rooms and ensuring those reservations are handled in the manner required by 28 CFR 36.302(e) and the UCRA in all respects[3], is likely to require:

---

[2] The timing of this determination is particularly relevant here because even if we were to assume *arguendo* – without any inspection to verify the accuracy of the content – that the online reservations systems at issue subsequently came to comply with 28 CFR 36.302(e), and therefore the UCRA, courts have held this will not moot this type of case.  See *Brooke v. A-Ventures, LLC*, No. 2:17-cv-2868-HRH at 9. (A.Z. Nov. 22, 2017) Court accepts website "fixed" in action based on alleged violations of 28 CFR 36.302(e) but finds case not moot because "all defendant has done is change its website and adopt a new internal policy, both of which could easily be changed in the future.  Defendant has not met its heavy burden of showing that it is absolutely clear that its wrongful behavior could not reasonably be expected to recur.  This case is not moot.").
[3] *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III).

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com   Office: 949.200.8755          4667 MacArthur Blvd, Ste150
                                        Facsimile: 866.843.8308       Newport Beach, CA 92660
                                                                      www.ManningLawOffice.com

- Designation of one or more qualified individuals to manage accessibility of the policies, practices, or procedures related to the reservation of accessible rooms within a mutually acceptable and reasonable time period;
- Initiation of an inspection process to accurately identify, confirm the presence or absence, and describe the accessible features of the hotels and guest rooms from the perspective of persons with disabilities[4];
- Utilization of the results of the inspections of the hotels and guest rooms to develop content that accurately identifies and describes the accessible features of the hotels and guest rooms on the Websites for the benefit of all disabled persons when reserving accessible rooms;
- Development and distribution of content that accurately identifies and describes the accessible features of the hotels and guest rooms to online travel agents to ensure equal accessibility to the greatest extent possible;
- Confirmation that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
- Reservation, upon request, of accessible guest rooms or specific types of guest rooms and ensuring that the guest rooms requested are blocked and removed from all reservations systems;
- Policies enacted to guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others;
- Periodic disabled end-user testing of the Website(s) and reservations systems to ensure to the greatest extent possible that individuals with disabilities will not be excluded, denied services, segregated or otherwise treated differently from other customers who are able to enjoy full access to hotel reservations systems;
- Periodic accessibility reports to Plaintiff and Claimant regarding progress in the implementation of policies, practices, and procedures as well as corrective action taken that will result in the full and equal accessibility of the reservations systems until such time as the parties agree that Evans Hotels, LLC is operating in compliance with 28 CFR 36.302(e) and therefore the UCRA.

Our monetary demand is as follows:

---

[4] If you have complete and current reports produced by a Certified Access Specialist this may avoid the need for some or all such inspections.

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com    Office: 949.200.8755          4667 MacArthur Blvd, Ste150
                                         Facsimile: 866.843.8308         Newport Beach, CA 92660
                                                                         www.ManningLawOffice.com

$24,000 in statutory damages under Cal. Civ. Code § 52(a) ($4,000, the minimum, for each violation for each Plaintiff/Claimant);

$24,000 in deterrence damages ($4,000 for each property for each Plaintiff/Claimant);

$25,000 in current and anticipated attorney's fees plus actual costs incurred which shall include fees required to effectuate all terms of the remediation;

Total:  $73,000 plus actual costs incurred.

This letter is a confidential settlement communication and cannot be used in any action before any court.  The statements of either party in these settlement negotiations cannot be considered admissions nor are they binding upon the parties if no settlement is reached.

You may contact Joseph R. Manning, Jr., Michael J. Manning or David M. Fitzgerald to discuss this matter by contacting the firm's ADA Practice Group at ADAPracticeGroup@ManningLawOffice.com.

We look forward to working together to improve the accessibility of travel generally, and lodging in particular, for persons with disabilities and their families.

Sincerely,
**MANNING LAW, APC**

Joseph R. Manning, Jr., Esq.

Attachments: Conformed Copy of Complaint, Case No.: 37-2018-00002844-CU-CR-CTL

# EXHIBIT B

Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
nbermudez@klinedinstlaw.com
pgoode@klinedinstlaw.com

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,

        Plaintiffs,

    v.

EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50,

        Defendants.

Case No.    18CV0435 JLS BGS

**OFFER OF JUDGMENT (FRCP 68) TO PLAINTIFF JAMES RUTHERFORD**

Judge:        Janis L. Sammartino
Magistrate Judge:  Bernard G. Skomal
Complaint Filed:  2/26/18
Trial Date:     None set

     Defendant EVANS HOTELS, LLC ("Defendant") hereby offers to allow entry of

judgment of the above-entitled action filed by Plaintiff JAMES RUTHERFORD,

pursuant to Rule 68 of the Federal Rules of Civil Procedure according to the following

terms:

     (1) Payments by Defendant to Plaintiff as follows:

         a.   The amount of four thousand one dollars ($4,001); and

         b.  One thousand five hundred dollars ($1,500) in allowable attorney's fees,

            costs, and interest accrued as of the date of this offer;

///

- 1 -

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1     (1) With respect to the claim for injunctive relief, Defendant has made revisions to

2         the following web pages as follows:

3           a. Bahia Resort Hotel

4              i. ADA Resort Map: http://bahiahotel.com/san-diego-

5                resorts/accessibility/

6              ii. ADA Room and Resort Amenities: http://bahiahotel.com/san-

7                diego-hotel-rooms/rooms/accessible-rooms

8              iii. Room Types with ADA Access:

9                  1. http://bahiahotel.com/san-diego-hotel-

10                    rooms/rooms/garden-view-room/

11                  2. http://bahiahotel.com/san-diego-hotel-rooms/rooms/bay-

12                    view-room/

13                  3. http://bahiahotel.com/san-diego-hotel-rooms/rooms/bay-

14                    front-rooms/

15                  4. http://bahiahotel.com/san-diego-hotel-rooms/suites/bay-

16                    front-suite/

17           b. Catamaran Resort Hotel and Spa

18              i. ADA Property Map: Located as a link in the blue side bar at

19                https://catamaranresort.com/accessible-rooms.

20              ii. ADA Room and Resort Amenities:

21                https://www.catamaranresort.com/accessible-rooms

22              iii. Room Types with ADA Access:

23                  1. https://catamaranresort.com/san-diego-hotel-

24                    rooms/studios

25                  2. https://www.catamaranresort.com/san-diego-hotel-

26                    rooms/garden-view-rooms

27            c. The Lodge at Torrey Pines

28              i. ADA Resort Map: https://www.lodgetorreypines.com/resort-map

- 2 -

1      ii. Rooms Landing Page: https://www.lodgetorreypines.com/rooms

2      iii. ADA Room and Resort Amenities:

3          https://www.lodgetorreypines.com/accessibility-room

4      iv. Room Types with ADA Access:

5          1. https://www.lodgetorreypines.com/palisade-rooms

6          2. https://www.lodgetorreypines.com/signature-rooms

7   (2) Defendant will also agree:

8      a. That any future revisions to the Websites will include similar or more

9         information related to accessibility for disabled patrons.

10     b. Should the Court be inclined, this agreement, which provides the

11        injunctive relief sought by Plaintiff pursuant to the Americans with

12        Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Unruh Civil Rights

13        Act, California Civil Code § 51 *et seq.* in relation to the Websites, may

14        be subject to an injunctive order or order maintaining the Court's

15        ongoing jurisdiction.

16  (3) Defendant will agree to submit to the Court's jurisdiction for the purpose of

17      enforcing any injunctive order or order maintaining the Court's ongoing

18      jurisdiction.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

- 3 -

1        This offer is conditioned upon its acceptance by Plaintiff.  This offer shall be in

2   complete satisfaction of all liability, damages, injuries and claims against Defendant in

3   the above-entitled action had or asserted by Plaintiff.  This offer is made for the purposes

4   specified in Rule 68, and is not to be considered an admission of liability.  Pursuant to

5   Federal Rule of Civil Procedure 68, Plaintiff may accept this offer by serving written

6   notice that this offer is accepted within 14 days of service of this offer.  If the offer is not

7   accepted within 14 days, it is deemed withdrawn.

8                         KLINEDINST PC

9

10   DATED: March 2, 2018           By:   /s/Nadia P. Bermudez

11                             Nadia P. Bermudez

12                             Patrick J. Goode II

13                             Attorneys for Defendant
                          EVANS HOTELS, LLC

14   17207466v1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

- 4 -

1    Nadia P. Bermudez, Bar No. 216555
     Patrick J. Goode II, Bar No. 299697
2    KLINEDINST PC
     777 S. Figueroa St., Suite 2800
3    Los Angeles, California 90017
     (213) 406-1100/FAX (213) 406-1101
4    nbermudez@klinedinstlaw.com
     pgoode@klinedinstlaw.com
5
     Attorneys for Defendant
6    EVANS HOTELS, LLC

7

8                   UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11   JAMES RUTHERFORD, an            Case No.   18CV0435 JLS NLS
     individual, THE ASSOCIATION 4
12   EQUAL ACCESS,                   **CERTIFICATE OF SERVICE**

13              Plaintiffs,,         Judge:           Janis L. Sammartino
                                     Magistrate Judge: Nita L. Stormes
14        v.                         Complaint Filed: 2/26/18
                                     Trial Date:      None set
15   EVANS HOTELS, LLC, a California
     limited liability company and DOES 1
16   to 50,

17              Defendants.

18

19        I declare that:

20        I am and was at the time of service of the papers herein, over the age of eighteen
     (18) years and am not a party to the action. I am employed in the County of San Diego,
21   California, and my business address is 501 West Broadway, Suite 600, San Diego,
     California 92101.
22
          On **March 2, 2018**, I caused to be served the following documents:
23
               **OFFER OF JUDGMENT (FRCP 68) TO PLAINTIFF JAMES**
24             **RUTHERFORD**

25

26

27

28

                                        1
     _____

1  ☒  **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at San Diego, California, with postage thereon fully prepaid,
2  individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is
3  deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed.
4  R. Civ. P. 5(b)(2)(B).)

5  ☒  **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I caused the document(s) to be sent to the person(s) at the e-mail
6  address(es) listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was
7  unsuccessful. My electronic service address is fmcgee@klinedinstlaw.com. A copy of the sent email will be maintained with the original document(s) in our
8  office. (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, Rule 2.251)

9  ☐  **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of
10  Service.

11  ☐  **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned
12  above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

13
☐  **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing
14  document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is
15  deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

16
☐  **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the
17  documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Cal Express Attorney Service on the parties
18  listed on the service list below at their designated business address.

19      ☐  By personally delivering the copies;

20      ☐  By leaving the copies at the attorney's office;

21          ☐  With a receptionist, or with a person having charge thereof; or

22          ☐  In a conspicuous place in the office between the hours of _____ in
23          the morning and five in the afternoon;

23      ☐  By leaving the copies at the individual's residence, a conspicuous place,
24          between the hours of eight in the morning, and six in the afternoon.

25      I declare that I am employed in the office of a member of the bar of this Court, at
whose direction the service was made.

26

27

28

2

| Joseph R. Manning, Jr.<br>Michael J. Manning<br>Tristan P. Jankowski<br>Craig G. Cote<br>Manning Law, APC<br>4667 MacArthur Boulevard, Suite 150<br>Newport Beach, CA  92660 | Attorneys for Plaintiffs, JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS<br><br>949-200-8755 / FAX: 866-843-8308<br><br>adapracticegroup@manninglawoffice.com |
|---|---|

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2018, at San Diego, California.

Faith Ann McGee

17203567v1

3

# EXHIBIT C

Exhibit C
Page 14

Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode II, Bar No. 299697
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
nbermudez@klinedinstlaw.com
pgoode@klinedinstlaw.com

Attorneys for Defendant
EVANS HOTELS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS, | Case No.   18CV0435 JLS BGS |
|---|---|
| Plaintiffs, | **OFFER OF JUDGMENT (FRCP 68) TO PLAINTIFF THE ASSOCIATION 4 EQUAL ACCESS** |
| v. | Judge:              Janis L. Sammartino |
| EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50, | Magistrate Judge: Bernard G. Skomal<br>Complaint Filed: 2/26/18<br>Trial Date:        None set |
| Defendants. | |

Defendant EVANS HOTELS, LLC ("Defendant") hereby offers to allow entry of judgment of the above-entitled action filed by Plaintiff THE ASSOCIATION 4 EQUAL ACCESS ("Plaintiff"), pursuant to Rule 68 of the Federal Rules of Civil Procedure according to the following terms:

(1) Payments by Defendant to Plaintiff as follows: One thousand five hundred dollars ($1,500) in allowable attorney's fees, costs, and interest accrued as of the date of this offer.

///

///

- 1 -

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1    (2) With respect to the claim for injunctive relief, Defendant has made revisions to

2    the following web pages as follows:

3        a.  Bahia Resort Hotel

4            i.   ADA Resort Map: http://bahiahotel.com/san-diego-

5                 resorts/accessibility/

6            ii.  ADA Room and Resort Amenities: http://bahiahotel.com/san-

7                 diego-hotel-rooms/rooms/accessible-rooms

8            iii. Room Types with ADA Access:

9                 1.  http://bahiahotel.com/san-diego-hotel-

10                    rooms/rooms/garden-view-room/

11                2.  http://bahiahotel.com/san-diego-hotel-rooms/rooms/bay-

12                    view-room/

13                3.  http://bahiahotel.com/san-diego-hotel-rooms/rooms/bay-

14                    front-rooms/

15                4.  http://bahiahotel.com/san-diego-hotel-rooms/suites/bay-

16                    front-suite/

17       b.  Catamaran Resort Hotel and Spa

18           i.   ADA Property Map: Located as a link in the blue side bar at

19                https://catamaranresort.com/accessible-rooms.

20           ii.  ADA Room and Resort Amenities:

21                https://www.catamaranresort.com/accessible-rooms

22           iii. Room Types with ADA Access:

23                1.  https://catamaranresort.com/san-diego-hotel-

24                    rooms/studios

25                2.  https://www.catamaranresort.com/san-diego-hotel-

26                    rooms/garden-view-rooms

27       c.  The Lodge at Torrey Pines

28           i.   ADA Resort Map: https://www.lodgetorreypines.com/resort-map

- 2 -

OFFER OF JUDGMENT (FRCP 68)
18CV0435 JLS BGS

Exhibit C
Page 16

KLINEDINST PC<br>
777 S. FIGUEROA ST., SUITE 2800<br>
LOS ANGELES, CALIFORNIA 90017

1        ii.  Rooms Landing Page: https://www.lodgetorreypines.com/rooms

2        iii.  ADA Room and Resort Amenities:

3           https://www.lodgetorreypines.com/accessibility-room

4        iv.  Room Types with ADA Access:

5          1.  https://www.lodgetorreypines.com/palisade-rooms

6          2.  https://www.lodgetorreypines.com/signature-rooms

7    (3) Defendant will also agree:

8        a.  That any future revisions to the Websites will include similar or more

9        information related to accessibility for disabled patrons.

10       b.  Should the Court be inclined, this agreement, which provides the

11       injunctive relief sought by Plaintiff pursuant to the Americans with

12       Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Unruh Civil Rights

13       Act, California Civil Code § 51 *et seq.* in relation to the Websites, may

14       be subject to an injunctive order or order maintaining the Court's

15       ongoing jurisdiction.

16   (4) Defendant will agree to submit to the Court's jurisdiction for the purpose of

17       enforcing any injunctive order or order maintaining the Court's ongoing

18       jurisdiction.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

- 3 -

Exhibit C<br>Page 17

1         This offer is conditioned upon its acceptance by Plaintiff.  This offer shall be in

2    complete satisfaction of all liability, damages, injuries and claims against Defendant in

3    the above-entitled action had or asserted by Plaintiff.  This offer is made for the purposes

4    specified in Rule 68, and is not to be considered an admission of liability.  Pursuant to

5    Federal Rule of Civil Procedure 68, Plaintiff may accept this offer by serving written

6    notice that this offer is accepted within 14 days of service of this offer.  If the offer is not

7    accepted within 14 days, it is deemed withdrawn.

8                               KLINEDINST PC

9

10

11   DATED: March 2, 2018          By:  /s/Nadia P. Bermudez

12                                  Nadia P. Bermudez
                                    Patrick J. Goode II

13                                  Attorneys for Defendant
                                    EVANS HOTELS, LLC

14   17205366v1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

- 4 -

OFFER OF JUDGMENT (FRCP 68)
18CV0435 JLS BGS

Exhibit C
Page 18

1 | Nadia P. Bermudez, Bar No. 216555
2 | Patrick J. Goode II, Bar No. 299697
  | KLINEDINST PC
3 | 777 S. Figueroa St., Suite 2800
  | Los Angeles, California  90017
4 | (213) 406-1100/FAX (213) 406-1101
  | nbermudez@klinedinstlaw.com
5 | pgoode@klinedinstlaw.com

Attorneys for Defendant
EVANS HOTELS, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS,

Plaintiffs,,

v.

EVANS HOTELS, LLC, a California limited liability company and DOES 1 to 50,

Defendants.

Case No.    18CV0435 JLS NLS

**CERTIFICATE OF SERVICE**

Judge:           Janis L. Sammartino
Magistrate Judge: Nita L. Stormes
Complaint Filed: 2/26/18
Trial Date:      None set

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is 501 West Broadway, Suite 600, San Diego, California  92101.

On **March 2, 2018**, I caused to be served the following documents:

**OFFER OF JUDGMENT (FRCP 68) TO PLAINTIFF THE ASSOCIATION 4 EQUAL ACCESS**

1

CERTIFICATE OF SERVICE
18CV0435 JLS NLS

Exhibit C
Page 19

1

☒   **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United
States mail, at San Diego, California, with postage thereon fully prepaid,

2   individually, addressed to the parties as indicated.  I am readily familiar with the
firm's practice of collection and processing correspondence in mailing.  It is

3   deposited with the United States postal service each day and that practice was
followed in the ordinary course of business for the service herein attested to. (Fed.

4   R. Civ. P. 5(b)(2)(B).)

5   ☒   **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all
parties, I caused the document(s) to be sent to the person(s) at the e-mail

6   address(es) listed below. I did not receive, within a reasonable time after
transmission, any electronic message or other indication that the transmission was

7   unsuccessful. My electronic service address is fmcgee@klinedinstlaw.com. A
copy of the sent email will be maintained with the original document(s) in our

8   office. (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, Rule 2.251)

9   ☐   **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by
Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of

10   Service.

11   ☐   **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing
document(s) to be transmitted (by facsimile # ) to each of the parties mentioned

12   above at the facsimile machine and as last given by that person on any document
which he or she has filed in this action and served upon this office.

13

☐   **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing

14   document(s) using the CM/ECF system. Service of an electronically filed
document upon a CM/ECF User who has consented to electronic service is

15   deemed complete upon the transmission of the Notice of Electronic Filing
("NEF"). The NEF will be maintained with the original document(s) in our office.

16

☐   **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the

17   documents, in an envelope or package clearly labeled to identify the person being
served, to be personally served via Cal Express Attorney Service on the parties

18   listed on the service list below at their designated business address.

19          ☐   By personally delivering the copies;

20          ☐   By leaving the copies at the attorney's office;

21               ☐   With a receptionist, or with a person having charge thereof; or

22               ☐   In a conspicuous place in the office between the hours of _____ in
the morning and five in the afternoon;

23          ☐   By leaving the copies at the individual's residence, a conspicuous place,

24               between the hours of eight in the morning, and six in the afternoon.

25   I declare that I am employed in the office of a member of the bar of this Court, at
whose direction the service was made.

26

27

28

2

CERTIFICATE OF SERVICE
18CV0435 JLS NLS

Exhibit C
Page 20

| | |
|---|---|
| Joseph R. Manning, Jr.<br>Michael J. Manning<br>Tristan P. Jankowski<br>Craig G. Cote<br>Manning Law, APC<br>4667 MacArthur Boulevard, Suite 150<br>Newport Beach, CA 92660 | Attorneys for Plaintiffs, JAMES<br>RUTHERFORD, an individual, THE<br>ASSOCIATION 4 EQUAL ACCESS<br><br>949-200-8755 / FAX: 866-843-8308<br><br>adapracticegroup@manninglawoffice.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2018, at San Diego, California.

Faith Ann McGee

17203567v1

3

CERTIFICATE OF SERVICE
18CV0435 JLS NLS

Exhibit C
Page 21

# EXHIBIT D

| | |
|---|---|
| **From:** | Joe Manning <joe@manninglawoffice.com> |
| **Sent:** | Tuesday, March 13, 2018 4:00 PM |
| **To:** | Faith Ann McGee; ADA Practice Group |
| **Cc:** | Nadia P. Bermudez |
| **Subject:** | RE: Rutherford v. Evans Hotels, LLC |
| **Attachments:** | Evans Hotels ADAR Demand 3.13.18.pdf; Notice of Inspection - Rutherford et al v Evans Hotels LLC.PDF |

**FRE 408 Confidential Communication**

Nadia:

I received your voice mail, thank you for reaching out. Please find attached the demand for this case.

We have reviewed your offers of judgment and our clients will not be accepting them.

However, we would like to resolve this matter as soon as possible, so let's continue the discussion.

To further that, can you advise whether your client has CASp reports for the three hotels that are the subject matter of the websites/website content at issue? Those will provide a principled basis for representations on the websites of accessibility as we develop settlement criteria and/or meet and confer regarding the terms of our proposed injunctive relief. We will consent to a protective order for any records your provide.

I have also attached our inspection demand for the public places of accommodation (each hotel). I have selected a date unilaterally to get us started but am willing to work with you and your client depending on your availability and that of my office and our expert.

Joe Manning

---

**From:** Faith Ann McGee [mailto:FMcGee@Klinedinstlaw.com]
**Sent:** Friday, March 02, 2018 2:44 PM
**To:** ADA Practice Group
**Cc:** Nadia P. Bermudez
**Subject:** Rutherford v. Evans Hotels, LLC

Good afternoon,

Please find attached:

1. Offer of Judgment (FRCP 68) to Plaintiff James Rutherford
2. Offer of Judgment (FRCP 68) to Plaintiff The Association 4 Equal Access

Copies of these pleadings will also be sent to you via U.S. Mail.

Thank you.

1

**Faith Ann McGee**
Legal Secretary
Klinedinst PC

**San Diego**
(619) 239-8131 Ext. 2390 Phone
(619) 238-8707 Fax

vCard | Biography | Website | Locations





NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com     Office: 949.200.8755          4667 MacArthur Blvd, Ste150
                                          Facsimile: 866.843.8308        Newport Beach, CA 92660
                                                                         www.ManningLawOffice.com

February 5, 2018

Ms. Julia De Beers, Esq.
Evans Hotels, LLC
998 West Mission Bay Drive
San Diego, California 92109

        RE:   <u>JAMES RUTHERFORD et al vs. EVANS HOTELS, LLC</u>
              Case No.: 37-2018-00002844-CU-CR-CTL

CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO F.R.E. 408 AND
CAL. EV. CODE 1152 *ET. SEQ.*; FOR SETTLEMENT PURPOSES ONLY

Dear Ms. De Beers:

        We represent the plaintiffs and claimant[1] in this action.  They are disabled persons with
mobility disabilities and they experienced barriers when they unsuccessfully attempted to reserve
accessible rooms at each of Evans Hotels, LLC's properties using each respective hotel's website
(Bahia.com, Lodgtorreypines.com and Catamaranresort.com; collectively, the "Websites").  The
types of access barrier encountered by our clients were specifically and expressly made unlawful
several years ago when 28 CFR 36.302(e) became effective on March 15, 2012.

        Our clients were frustrated and disappointed by this stigmatizing denial of equal access
and seek statutory damages under the Unruh Civil Rights Act ("UCRA") as a result.  Perhaps
more important to our clients, they desire to act as a impetus for Evans Hotels, LLC: to make
reasonable modifications to reservations policies, practices, or procedures necessary; to ensure
that individuals with disabilities can make reservations for accessible guest rooms through your
Website reservations systems; and, that those reservations are handled in the manner required by
28 CFR 36.302(e) in all respects.

---

[1] Claimant is a disabled person and a member of the Association 4 Equal Access.  Claimant has experienced the
barriers to access described in the Complaint and has been denied access and deterred from seeking access thereby.
Despite possessing a meritorious claim for damages and injunctive relief, Claimant is not a plaintiff in this matter.
Based on the assumption that Defendant will require a release from Claimant as part of any resolution of this matter,
a demand is included for Claimant as well as Plaintiff describing the terms required for Claimant to relinquish her
meritorious claim.

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com    Office: 949.200.8755              4667 MacArthur Blvd, Ste150
                                        Facsimile: 866.843.8308             Newport Beach, CA 92660
                                                                            www.ManningLawOffice.com

The Complaint seeks a declaration that the Websites, at the time when the complaint was filed[2], failed to comply with 28 CFR 36.302(e) and therefore, under the UCRA, seeks an order to correct that or cease the practice of accepting online reservations, and all attendant relief.  We do believe there is little doubt that we will prevail in this matter.

We have archived admissible working copies of the Websites as they existed prior to the filing of the Complaint (including the code) to document the clear violations of law present therein. We are continuing to monitor the Websites and we are making further admissible working copies on a daily basis to document changes, if any, as they occur.  Given the indisputable facts presented and the clear violations of law they depict, we plan to seek summary judgment at the first opportunity.

That said, if your client is willing, we are open to a procedure whereby ,together, our clients can cooperatively and collaboratively ensure that the Evans Hotels, LLC reservations systems are accessible as required by 28 CFR 36.302(e) and the UCRA.  Given the widely lamented state of the travel industry for persons with disabilities, in addition to bringing Evans Hotels, LLC into compliance with the law, this would be an important achievement in service of its disabled guests and prospective guests and would be applauded by the community of disabled travelers and their families.

The remediation of Evans Hotels, LLC's reservations systems and reasonable modifications to relevant policies, practices, and procedures, necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms through your Website reservations systems, including the identification and description of the accessible features of the hotels and guest rooms and ensuring those reservations are handled in the manner required by 28 CFR 36.302(e) and the UCRA in all respects[3], is likely to require:

---

[2] The timing of this determination is particularly relevant here because even if we were to assume *arguendo* – without any inspection to verify the accuracy of the content – that the online reservations systems at issue subsequently came to comply with 28 CFR 36.302(e), and therefore the UCRA, courts have held this will not moot this type of case.  See *Brooke v. A-Ventures, LLC*, No. 2:17-cv-2868-HRH at 9. (A.Z. Nov. 22, 2017) Court accepts website "fixed" in action based on alleged violations of 28 CFR 36.302(e) but finds case not moot because "all defendant has done is change its website and adopt a new internal policy, both of which could easily be changed in the future.  Defendant has not met its heavy burden of showing that it is absolutely clear that its wrongful behavior could not reasonably be expected to recur.  This case is not moot.").
[3] *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III).

# Manning Law, APC

ADAPracticeGroup@ManningLawOffice.com    Office: 949.200.8755                    4667 MacArthur Blvd, Ste150
                                         Facsimile: 866.843.8308                Newport Beach, CA 92660
                                                                               www.ManningLawOffice.com

- Designation of one or more qualified individuals to manage accessibility of the policies, practices, or procedures related to the reservation of accessible rooms within a mutually acceptable and reasonable time period;
- Initiation of an inspection process to accurately identify, confirm the presence or absence, and describe the accessible features of the hotels and guest rooms from the perspective of persons with disabilities[4];
- Utilization of the results of the inspections of the hotels and guest rooms to develop content that accurately identifies and describes the accessible features of the hotels and guest rooms on the Websites for the benefit of all disabled persons when reserving accessible rooms;
- Development and distribution of content that accurately identifies and describes the accessible features of the hotels and guest rooms to online travel agents to ensure equal accessibility to the greatest extent possible;
- Confirmation that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
- Reservation, upon request, of accessible guest rooms or specific types of guest rooms and ensuring that the guest rooms requested are blocked and removed from all reservations systems;
- Policies enacted to guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others;
- Periodic disabled end-user testing of the Website(s) and reservations systems to ensure to the greatest extent possible that individuals with disabilities will not be excluded, denied services, segregated or otherwise treated differently from other customers who are able to enjoy full access to hotel reservations systems;
- Periodic accessibility reports to Plaintiff and Claimant regarding progress in the implementation of policies, practices, and procedures as well as corrective action taken that will result in the full and equal accessibility of the reservations systems until such time as the parties agree that Evans Hotels, LLC is operating in compliance with 28 CFR 36.302(e) and therefore the UCRA.

---

[4] If you have complete and current reports produced by a Certified Access Specialist person ("CASp") this may avoid the need for some or all such inspections.

3

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com    Office: 949.200.8755    4667 MacArthur Blvd, Ste150
Facsimile: 866.843.8308    Newport Beach, CA 92660
www.ManningLawOffice.com

Our monetary demand is as follows:

1.    $24,000 in statutory damages under Cal. Civ. Code § 52(a) ($4,000, the minimum, for each violation for each Plaintiff/Claimant);

2.    $24,000 in deterrence damages ($4,000 for each property for each Plaintiff/Claimant);

3.    $25,000 in current and anticipated attorney's fees plus actual costs incurred which shall   include fees required to effectuate all terms of the remediation;

Total:  $73,000 plus actual costs incurred.

This letter is a confidential settlement communication under F.R.E. 408 and cannot be used in any action before any court.  The statements of either party in these settlement negotiations cannot be considered admissions nor are they binding upon the parties if no settlement is reached.

You may contact Joseph R. Manning, Jr., Michael J. Manning or David M. Fitzgerald to discuss this matter by contacting the firm's ADA Practice Group at ADAPracticeGroup@ManningLawOffice.com.

We look forward to working together to improve the accessibility of travel generally, and lodging in particular, for persons with disabilities and their families.

Sincerely,
**MANNING LAW, APC**

/S/

Joseph R. Manning, Jr., Esq.

Attachments: Conformed Copy of Complaint, Case No.: 37-2018-00002844-CU-CR-CTL

4

1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
2  Michael J. Manning, Esq. (State Bar No. 286879)
   Craig G. Côté, Esq. (State Bar No. 132889)
3  **MANNING LAW, APC**
   4667 MacArthur Blvd., Suite 150
4  Newport Beach, CA 92660
5  Office: (949) 200-8755
   ADAPracticeGroup@manninglawoffice.com
6
   Attorneys for Plaintiffs
7
                    UNITED STATES DISTRICT COURT
8
        CENTRAL DISTRICT OF CALIFORNIA- SOUTHERN DIVISION
9

10
                                    | **Case No**. 3:18-CV-0435-JLS
11 JAMES RUTHERFORD, an
12 individual, THE ASSOCIATION 4
13 EQUAL ACESS,                       **PLAINTIFFS NOTICE OF
                                      INSPECTION AND RULE 34 REQUEST
14             Plaintiffs,            FOR ENTRY UPON LAND**
15 v.
16
17 EVANS HOTELS, LLC, a
18 California Limited Liability
   Company; and DOES 1-10,
19 inclusive,
20
               Defendants.
21

22

23     Plaintiff, JAMES RUTHERFORD ("Plaintiff"), by and through undersigned
24
   counsel, and pursuant to the Federal Rules of Civil Procedure, hereby gives notice to
25
   all Defendants of Plaintiff's intent, by and through undersigned counsel and
26
27 expert(s) retained by counsel, to inspect the real property placed at issue by the
28 operative Complaint in this action as a Public Place of Accommodation.    This

                                    1
       **NOTICE OF INSPECTION AND REQUEST FOR ENTRY UPON LAND**

1  inspection shall extend to all areas of the real property that constitute a Public Place
2  of Accommodation.  Plaintiff reserves the right to inspect areas of the property open
3  to the public at any time such areas are open to the public and without further notice.
4  *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).  As to those areas of the real property
5  that constitute a Public Place of Accommodation, which are not readily accessible
6  (e.g., rooms designated as accessible by Defendant), Plaintiff, by and through
7  undersigned counsel hereby requests the Defendant permit entry upon land on April
8  12, 2018, at 11:00 a.m., to inspect.
9
10  Dated: March 13, 2018                    **MANNING LAW, APC**
11
12
13                        By: /s/ Joseph R. Manning Jr., Esq.
                              Joseph R. Manning Jr., Esq.
14                            Michael J. Manning, Esq.
                              Craig G. Côté, Esq.
15                            Attorneys for Plaintiff
16
17
18
19
20
21
22
23
24
25
26
27
28

2
**NOTICE OF INSPECTION AND REQUEST FOR ENTRY UPON LAND**

# EXHIBIT E

| | |
|---|---|
| **From:** | Matthew M. Loker, Esq. <ml@kazlg.com> |
| **Sent:** | Friday, April 5, 2019 2:16 PM |
| **To:** | Nadia P. Bermudez; Lindsey N. Casillas |
| **Cc:** | abbas kazerooni; Joshua B. Swigart; Elizabeth Wagner; Diana Lopez; Joe Manning; Michael Manning; Michael Perri; Tristan Jankowski |
| **Subject:** | Re: Activity in Case 3:18-cv-00435-JLS-MSB Rutherford et al v. Evans Hotels, LLC et al Order |

Nadia

Here is the dial in for the CMC:

+1 319-449-0039
PIN: 152 367 069#

On Fri, Apr 5, 2019 at 12:46 PM <efile_information@casd.uscourts.gov> wrote:

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of California

#### Notice of Electronic Filing

The following transaction was entered on 4/5/2019 at 12:44 PM PDT and filed on 4/5/2019
**Case Name:**      Rutherford et al v. Evans Hotels, LLC et al
**Case Number:**   3:18-cv-00435-JLS-MSB
**Filer:**
**Document Number:** 58

**Docket Text:**
**ORDER Setting Telephonic Case Management Conference. A telephonic attorneys-only Case Management Conference is set for 5/21/2019 at 09:00 AM before Magistrate Judge Michael S. Berg. Signed by Magistrate Judge Michael S. Berg on 4/5/2019.(aef)**


**3:18-cv-00435-JLS-MSB Notice has been electronically mailed to:**

Nadia Parra Bermudez nbermudez@klinedinstlaw.com, lgrennon@klinedinstlaw.com,

1

pgoode@klinedinstlaw.com

Abbas Kazerounian ak@kazlg.com, abbas.kazerooni@gmail.com

Lindsey Nicole Casillas Lcasillas@klinedinstlaw.com, mfair@klinedinstlaw.com

Joseph R. Manning, Jr ADAPracticeGroup@manninglawoffice.com, info@manninglawoffice.com

Matthew M. Loker ml@kazlg.com

Elizabeth Ann Wagner elizabeth@kazlg.com

Charles E. H. Gulley, III cgulley@klinedinstlaw.com, lgrennon@klinedinstlaw.com

**3:18-cv-00435-JLS-MSB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=4/5/2019] [FileNumber=13030220-0
] [77a7858af877c3f1da63d0e7a62e799741abbf662dcccba14c581972a256d768dbd
7ae210a7f19e5a9f3b5001cd8870954ba368353fa62febf7cd6ac6030e325]]


--
Matthew M. Loker, Esq.
Partner

# KAZEROUNI
## LAW GROUP, APC

1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Office: (800) 400-6808 Extension 5
Direct: (805) 335-8455
Facsimile: (800) 520-5523
ml@kazlg.com
www.kazlg.com
www.SLODebtDefense.com

**Los Angeles - Orange County - San Diego**
**San Luis Obispo - Phoenix - Las Vegas - Dallas - St. George**

Licensed in the States of California; Texas; and, Washington

**CONFIDENTIALITY NOTICE WARNING:** The information contained in this message (inclusive of attachments) is attorney privileged and confidential information intended ONLY for the use of the individual/s and/or entity named above. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I do not intend to waive and do not waive any privileges or the

confidentiality of the message/s and attachment/s, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately at ml@kazlg.com or at (800) 400-6808 Extension 5 and delete the message and attachments from your all your records. Thank you for your cooperation.

**PLEASE NOTE**: You do not become a client of Matthew M. Loker, Esq. or Kazerouni Law Group, APC unless you enter into a written agreement signed by you and Matthew M. Loker, Esq. The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Matthew M. Loker, Esq. or the Kazerouni Law Group, APC.

# EXHIBIT F

| | |
|---|---|
| **From:** | Joe Manning <joe@manninglawoffice.com> |
| **Sent:** | Wednesday, June 19, 2019 1:43 PM |
| **To:** | Nadia P. Bermudez; Matthew M. Loker, Esq.; Elizabeth Wagner; Michael Manning; Tristan Jankowski; Diana X. Lopez; abbas kazerooni; Joshua B. Swigart |
| **Cc:** | Sonja L. Hill; Lindsey N. Casillas; Kristen C. Woodruff; Marjorie L. Fair; Cam B. Picano; Babak Hashemi |
| **Subject:** | RE: Meet and Confer re Exhibit and Witness Lists  - Rutherford v. Evans Hotels, LLC |

Nadia,

We have two witnesses, James Rutherford and Patricia Filardi.

The exhibits for this are being prepared and may not be ready at 2pm. If you would like to make a simultaneous exchange I suggest we move it to 3 pm.

Barring something unexpected, the joint filing of the Joint List of Witnesses and Exhibits by Thursday at 10:30 am still works.

Joe

**Joseph R. Manning, Jr., Esq.**
**Founder and President**

**Please note my new street address, below. Only the street address has changed. All other contact information remains the same. Thank you.**

**20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660**
**Tel: Office (949) 200-8757 • Fax: (866) 843-8308**
**Joe@manninglawoffice.com**
**www.ManningLawAPC.com**



**PLEASE NOTE:** (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone. Should this occur, please notify the sender by reply e-mail and delete the message in its entirety. The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC. The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail,

telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.

**From:** Nadia P. Bermudez [mailto:NBermudez@Klinedinstlaw.com]
**Sent:** Tuesday, June 18, 2019 10:58 AM
**To:** Matthew M. Loker, Esq. <ml@kazlg.com>; Elizabeth Wagner <elizabeth@kazlg.com>; Michael Manning <mike@manninglawoffice.com>; Tristan Jankowski <tristanj@manninglawoffice.com>; Joe Manning <joe@manninglawoffice.com>; Diana X. Lopez <dianal@manninglawoffice.com>; abbas kazerooni <ak@kazlg.com>; Joshua B. Swigart <josh@westcoastlitigation.com>
**Cc:** Sonja L. Hill <shill@klinedinstlaw.com>; Lindsey N. Casillas <LCasillas@klinedinstlaw.com>; Kristen C. Woodruff <KWoodruff@Klinedinstlaw.com>; Marjorie L. Fair <MFair@Klinedinstlaw.com>; Cam B. Picano <CPicano@Klinedinstlaw.com>
**Subject:** RE: Meet and Confer re Exhibit and Witness Lists - Rutherford v. Evans Hotels, LLC

Dear Counsel,
I have not received a response from your offices regarding the request to meet and confer on witness and exhibit lists. The lists should be in Word form to facilitate the listing of objections.

Please advise promptly if my proposal is acceptable.

Nadia P. Bermudez


**Nadia P. Bermudez**
Shareholder
Biography|Website|Locations



IRVINE, CA

LOS ANGELES, CA

SACRAMENTO, CA

SAN DIEGO, CA

SEATTLE, WA

**Klinedinst San Diego**

501 W Broadway, Suite 600
San Diego,CA92101

(619) 239-8131Phone
(619) 238-8707 Fax

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential, or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution, or copying of this e-mail. If you believe that you have received this e-mail in error and did not want to receive the same, please immediately contact the sender by reply e-mail, telephone, or facsimile to be removed from future emails.

**From:** Nadia P. Bermudez
**Sent:** Monday, June 17, 2019 11:23 AM
**To:** 'Matthew M. Loker, Esq.' <ml@kazlg.com>; 'Elizabeth Wagner' <elizabeth@kazlg.com>; 'Michael Manning' <mike@manninglawoffice.com>; 'Tristan Jankowski' <tristanj@manninglawoffice.com>; 'Joe Manning' <joe@manninglawoffice.com>; 'Diana X. Lopez' <dianal@manninglawoffice.com>; 'abbas kazerooni' <ak@kazlg.com>; 'Joshua B. Swigart' <josh@westcoastlitigation.com>
**Cc:** Sonja L. Hill <shill@klinedinstlaw.com>; Lindsey N. Casillas <LCasillas@klinedinstlaw.com>; Kristen C. Woodruff

<KWoodruff@Klinedinstlaw.com>; Marjorie L. Fair <MFair@Klinedinstlaw.com>; Cam B. Picano
<CPicano@Klinedinstlaw.com>
**Subject:** Meet and Confer re Exhibit and Witness Lists - Rutherford v. Evans Hotels, LLC

Dear Counsel:

As you know, the parties must meet and confer regarding the exhibit and witness lists. I propose that the parties
simultaneously exchange lists by Wednesday at 2:00 p.m. and that the parties provide any objections for
purposes of a Joint Filing on Thursday by 10:30 a.m.

For purposes of our filing, I suggest the following form:

## EXHIBIT LIST

*Plaintiff's Exhibits*

*Rutherford v. Evans Hotels, LLC*

|   | Description of Documents | Defendant's Objections |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

*Defendant's Exhibits*

*Rutherford v. Evans Hotels, LLC*

|   | Description of Documents | Plaintiff's Objections |
|---|---|---|
| A | | |
| B | | |
| C | | |

Please advise if you are amenable to this proposal.

Nadia P. Bermudez

# EXHIBIT G

| Date | Time | Hour | Rate | Amount | Description |
|------|------|------|------|--------|-------------|
| 2/13/2018 | NPB | 1.5 | 250 | 375.00 | Client conference call re matter and strategy; review and examine complaint for possibility of removal.  Draft email to client re analysis. |
| 2/20/2018 | NPB | 1.5 | 250 | 375.00 | Draft answer to complaint and related removal papers for filing. |
| 2/20/2018 | NPB | 0.3 | 250 | 75.00 | Analyze First Amended Complaint and emails with client. |
| 2/22/2018 | NPB | 0.5 | 250 | 125.00 | Review and analyze First Amended Complaint and email to client re pertinent amendments; review and update removal and answer documents. |
| 2/26/2018 | NPB | 0.8 | 250 | 200.00 | Finalize removal documents to Southern District of California and file. |
| 2/27/2018 | NPB | 0.9 | 250 | 225.00 | Review and analyze amended website pages, emails with J. DeBeers; begin draft of Offer of Judgment. |
| 3/1/2018 | NPB | 0.4 | 250 | 100.00 | Test links to new webpages; review and revise 998 offers of judgment to each plaintiff. |
| 3/2/2018 | NPB | 1.1 | 250 | 275.00 | Finalize draft of Rule 68 offer of settlement to Plaintiffs; conduct tests of website revisions; emails with J. DeBeers re same. |
| 3/12/2018 | NPB | 0.2 | 250 | 50.00 | Call to opposing counsel; status report to client. |
| 3/14/2018 | NPB | 0.8 | 250 | 200.00 | Emails with opposing counsel and emails/call with client re plaintiff's response to 998 and request for inspection. |
| 3/22/2018 | NPB | 0.3 | 250 | 75.00 | Emails with various plaintiff attorneys re continuance of ENE. |
| 3/22/2018 | PJG | 0.3 | 225 | 67.50 | Electronic correspondence with opposing counsel re: early neutral evaluation conference. |
| 3/23/2018 | NPB | 0.2 | 250 | 50.00 | Emails with opposing counsel re ENE and postponement of Rule 26. |
| 3/23/2018 | CEG | 1.2 | 225 | 270.00 | Draft joint motion to continue early neutral evaluation conference. |
| 3/23/2018 | CEG | 0.2 | 225 | 45.00 | Draft proposed order granting joint motion to continue early neutral evaluation conference. |
| 3/23/2018 | CEG | 0.6 | 225 | 135.00 | Draft declaration of N. Bermudez in support of granting joint motion to continue early neutral evaluation conference. |
| 3/26/2018 | CEG | 0.2 | 225 | 45.00 | Revise declaration of N. Bermudez to include authenticated emails in support of joint motion. |
| 3/26/2018 | NPB | 0.8 | 250 | 200.00 | Finalize motion to continue ENE, declaration and proposed order. |
| 3/30/2018 | NPB | 0.1 | 250 | 25.00 | Follow up with client and review docket re order. |
| 4/12/2018 | NPB | 0.2 | 250 | 50.00 | Various emails with opposing counsel re early neutral evaluation requirements and review of website. |
| 4/12/2018 | CEG | 0.6 | 225 | 135.00 | Attend Court mandated conference (telephonic) with opposing counsel. Visit and discuss each of the subject websites Plaintiff alleges are defective. |
| 4/12/2018 | CEG | 1.1 | 225 | 247.50 | Draft, finalize, and send letter to opposing counsel regarding the allegedly deficient websites, including how/where the websites were updated to address the allegations. Letter sent in anticipation of Court mandated conference (telephonic). |
| 4/12/2018 | CEG | 0.2 | 225 | 45.00 | Draft and send email to opposing counsel coordinating telephonic conference to review websites, per Court order.  No answer at office. |
| 4/13/2018 | CEG | 0.2 | 225 | 45.00 | Draft, finalize, and send client email to Julia DeBeers regarding what took place during the telephonic conference with opposing counsel. |
| 4/13/2018 | NPB | 0.3 | 250 | 75.00 | Revise update to client. |
| 4/16/2018 | CEG | 0.4 | 225 | 90.00 | Draft Settlement Position and  Conclusion sections of Client's Early Neutral Evaluation Conference statement. |

| 4/16/2018 | CEG | 0.4 | 225 | 90.00 | Draft Settlement Communications section of Client's individual ENE Conference statement. |
| 4/16/2018 | CEG | 0.1 | 225 | 22.50 | Review and analysis of FRCP 68 offer of judgment made to Defendant Association 4 Equal Access to incorporate content and strategy into Court mandated Early Neutral Evaluation Conference statement. |
| 4/16/2018 | CEG | 0.9 | 225 | 202.50 | Review and analysis of emails sent to and from opposing counsel and Client, respectively, regarding subsequent remedial measures made to the subject websites, for inclusion in confidential ENE Statement (individual), in Informal Attempts to Resolve section. |
| 4/16/2018 | CEG | 0 | 225 | - | Draft and finalize Informal Attempts to Resolve section of Client's individual ENE Statement. (2.0 at no charge) |
| 4/16/2018 | CEG | 0.8 | 225 | 180.00 | Begin drafting Client's individual Early Neutral Evaluation Conference Statement setting forth status of the case.  Procedural history and summary of allegations sections. |
| 4/16/2018 | CEG | 0.1 | 225 | 22.50 | Review and analysis of FRCP 68 offer of judgment made to Defendant Rutherford to incorporate content and strategy into Court mandated ENE Conference statement. |
| 4/18/2018 | CEG | 0.6 | 225 | 135.00 | Revised Client's individual ENE statement to include a paragraph discussing opposing counsel's unusual delays with respect to preparing the Court mandated Joint ENE Statement. |
| 4/18/2018 | CEG | 0.2 | 225 | 45.00 | Draft and send second response email to opposing counsel regarding language/accuracy of Joint Early Neutral Evaluation Conference Statement to be confidentially lodged with the Court.  Addressing counsel's objections and proposing changes to the Joint Statement. |
| 4/18/2018 | CEG | 0.2 | 225 | 45.00 | Draft and send first response email to opposing counsel regarding Court mandated lodging of Joint Early Neutral Evaluation Conference Statement.  Response clarifying what took place during the meet and confer with opposing counsel. |
| 4/18/2018 | NPB | 1.3 | 250 | 325.00 | Finalize early neutral evaluation statement. |
| 4/19/2018 | CEG | 0.3 | 225 | 67.50 | Draft, finalize, and send client email sharing the ENE individual and joint statements for the conference scheduled 4/30/18. |
| 4/27/2018 | NPB | 0.5 | 250 | 125.00 | Call with client re early neutral evaluation; prepare for early neutral evaluation. |
| 4/30/2018 | NPB | 0.8 | 250 | 200.00 | Prepare for and attend telephonic early neutral evaluation, follow up email report to client re same. |
| 5/14/2018 | NPB | 0.2 | 250 | 50.00 | Emails with opposing counsel re Rule 26f conference. |
| 5/15/2018 | NPB | 1.4 | 250 | 350.00 | Review and analyze motion to amend; review SAC, email to client re legal standard and next steps. |
| 5/15/2018 | NPB | 1.9 | 250 | 475.00 | Begin draft of opposition. |
| 5/30/2018 | NPB | 0.9 | 250 | 225.00 | Draft Initial Disclosures and communicated with client regarding required information. |
| 5/30/2018 | NPB | 0.4 | 250 | 100.00 | Review and analyze Plaintiff' disclosures. |
| 5/30/2018 | NPB | 1.5 | 250 | 375.00 | Draft Joint Discovery Plan and conduct related communications with opposing counsel. |
| 6/6/2018 | NPB | 3 | 250 | 750.00 | Prepare for and conduct conference call with Court, emails with opposing counsel re same, draft Opposition arguments to Motion to Amend. |

| | | | | |
|---|---|---|---|---|
| 6/6/2018 CEG | 0.5 | 225 | 112.50 | Review and analysis of Plaintiffs' motion for leave to amend First Amended Complaint, and the proposed Second Amended Complaint (adding class action allegations) concurrently field with Plaintiffs' motion. Task necessary to develop and present strategy for opposing the motion. |
| 6/6/2018 CEG | 0.2 | 225 | 45.00 | Continue review and analysis of the opposition brief (opposing a motion for leave to amend) in the matter of Perfect 10 v. Google, 508 F.3d 1146. Analysis necessary to refine our futility arguments in support of Evan Hotels's opposition to Plaintiffs' motion for leave to amend and transform the individual suit into a class action. |
| 6/6/2018 CEG | 0.2 | 225 | 45.00 | Begin analysis of the opposition brief (opposing a motion for leave to amend) in the matter of Perfect 10 v. Google, 508 F.3d 1146. Analysis necessary to refine our futility arguments in support of Evan Hotels's opposition to Plaintiffs' motion for leave to amend and transform the individual suit into a class action. |
| 6/7/2018 CEG | 0.6 | 225 | 135.00 | Continue drafting response in opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. Emphasis on Section IV futility arguments (Section IV and IV(a)). |
| 6/7/2018 CEG | 2 | 225 | 450.00 | Begin drafting response in opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. Emphasis on introduction, procedural history, and legal standard sections. |
| 6/7/2018 CEG | 3.8 | 225 | 855.00 | Review and analysis of the following authorities relevant to Evans Hotel's opposition to Plaintiffs' motion for leave to amend and add class allegations: Fed. R. Civ. P. 15, 23; Short v. USAA Cas. Ins. Co. 2012 U.S. Dist. LEXIS 7824; Bush v. Ruth's Chris Steak House, Inc., 277 F.R.D. 214; Barton v. Allmerica Fin. Benefit, 2013 U.S. Dist. LEXIS 48649; and Graham v. Progressive Direct Ins. Co., 271 F.R.D. 112. Task necessary to develop a strong response in opposition to Plaintiffs' motion, which would have the effect of transforming the individual action into a class action. |
| 6/8/2018 CEG | 4 | 225 | 900.00 | Continue drafting response in opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. Emphasis on subsections IV(b) - IV(d). |
| 6/8/2018 CEG | 2.5 | 225 | 562.50 | Continue drafting response in opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. Emphasis on subsection IV(e), conclusion, and continuity edits. |
| 6/8/2018 CEG | 0.3 | 225 | 67.50 | Begin finalizing draft opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. Emphasis on continuity edits, case citation edits, and revising introduction section. |
| 6/11/2018 CEG | 0.7 | 225 | 157.50 | Continue finalizing draft opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. Emphasis on continuity edits, case citation edits, and revising introduction section. |

| | | | | |
|---|---|---|---|---|
| 6/11/2018 CEG | 1.6 | 225 | 360.00 | Review and analysis of Nat'l Fed'n of the Blind v. Target Corp. 582 F.Supp.2d 1185 (N.D. Cal 2007) to examine the type of evidence the Court considered on motion for summary judgment (in a matter involving a class action of legally blind internet users alleging internet barriers on www.target.com). Necessary to improve Section IV arguments in response in opposition brief by contrasting the evidentiary differences between accommodations for legally blind internet users versus mobility impaired internet users. Opposition subsections IV(b), (c) and (e) revised to include the benefit of the Target case. |
| 6/11/2018 CEG | 2 | 225 | 450.00 | Resume drafting and opposition arguments in subsection C. Revisions included arguing that commonality also fails under Fed. R. Civ. P. 23(b)(3) (alternatively pled as a basis for bringing the class action), reducing the paragraph portions on lack of standing section to sentences, and improving the section with specific quotations and citations to the proposed Second Amended Compliant. |
| 6/11/2018 CEG | 0.4 | 225 | 90.00 | Continue revising/reducing introduction, facts, and procedural history sections into two sections: Introduction and Procedural History. Necessary to improve the quality of the brief and make room to include additional alternative arguments for denying Plaintiffs' motion: i.e. that the motion is untimely, made in bad faith, and will prejudice Evans Hotels. |
| 6/11/2018 CEG | 1.8 | 225 | 405.00 | Begin revising/reducing introduction, facts, and procedural history sections into two sections: Introduction and Procedural History only. Necessary to improve the quality of the brief and make room to include additional alternative arguments for denying Plaintiffs' motion: i.e. untimeliness, bad faith, and prejudice. |
| 6/11/2018 CEG | 1.9 | 225 | 427.50 | Resume drafting and opposition arguments in subsections D and E. Revisions included reducing both sections by noting (as to D) that courts routinely find overlap between commonality and typicality arguments in class actions, and (as to E), arguing atypicality by redirecting to arguments previously made relying on Nat'l Fed'n of the Blind v. Target Corp. 582 F.Supp.2d 1185 (N.D. Cal 2007). |
| 6/11/2018 NPB | 0.3 | 250 | 75.00 | Review voluminous discovery served on defendants. |
| 6/12/2018 NPB | 3.8 | 250 | 950.00 | Revise and draft Opposition to Motion to Amend to Add Class Action Allegations. |
| 6/13/2018 CEG | 0.3 | 225 | 67.50 | Resume analysis of interrogatories 21-25, of 25 (set one) propounded by Plaintiff J. Rutherford on Defendant Evans Hotels. Analysis includes planning necessary objections and draft responses. |
| 6/13/2018 CEG | 0.9 | 225 | 202.50 | Analyze 18 interrogatories (set one) propounded by Plaintiff Assoc. 4 Equal Access on Defendant Evans Hotels. Analysis includes planning necessary objections and draft responses, which also requires referencing the affirmative defenses in Evans Hotels's Answer, which Plaintiff A4EA asks about. |
| 6/13/2018 CEG | 2.1 | 225 | 472.50 | Analyze 67 requests for production of documents (set one) propounded by Plaintiff J. Rutherford on Defendant Evans Hotels. Analysis includes planning necessary objections and draft responses. |

| 6/13/2018 | CEG | 0.9 | 225 | 202.50 | Analyze 18 requests for admission (set one) propounded by Plaintiff J. Rutherford on Defendant Evans Hotels. Analysis includes planning necessary objections and draft responses. |
| 6/13/2018 | CEG | 1.3 | 225 | 292.50 | Begin analysis of interrogatories 1-21, of 25 (set one) propounded by Plaintiff J. Rutherford on Defendant Evans Hotels. Analysis includes planning necessary objections and draft responses. |
| 6/18/2018 | CEG | 2.5 | 225 | 562.50 | Revise Opposition brief to reflect full procedural history, and new sections alternatively requesting denial on the basis of untimeliness, prejudice, and bad faith. |
| 6/18/2018 | CEG | 1 | 225 | 225.00 | Final review and edit of the Opposition brief before sharing with J. De Beers (client contact and GC of Evans Hotels) for comments. |
| 6/19/2018 | CEG | 0.1 | 225 | 22.50 | Final review and finalizing of Opposition brief following review and comment by Partner N. Bermudez. |
| 6/20/2018 | CEG | 0.8 | 225 | 180.00 | Review of the subject websites (terms of use and available policies regarding accessibility) for the purpose of responding to special interrogatories propounded by Plaintiff Rutherford. Located the documents online and revised special interrogatories 1-7 of 25 to include the specific language included on the policies. |
| 6/20/2018 | CEG | 1.2 | 225 | 270.00 | Resuming drafting written discovery. Specifically drafting responses to requests for production of documents 19-43 of 67 total. |
| 6/20/2018 | CEG | 2.7 | 225 | 607.50 | Resuming written discovery. Completed draft responses to requests for production of documents 42 of 67. This task required analysis of interrogatories and requests for admissions referenced throughout the RPDs to determine proper responses. |
| 6/20/2018 | CEG | 1.8 | 225 | 405.00 | Draft responses to 25 interrogatories propounded by Plaintiff Rutherford. (Time does not include looking to subject websites for terms of use/policies about accessibility, that entry is separate). |
| 6/21/2018 | CEG | 1.5 | 225 | 337.50 | Resume drafting responses to interrogatories 8-25. |
| 6/21/2018 | CEG | 0.6 | 225 | 135.00 | Review and analysis of emails, ADA slides, and policies provided by Evans Hotels. Necessary to determine whether to include as part of written discovery responses to interrogatories. |
| 6/21/2018 | NPB | 2.7 | 250 | 675.00 | Draft and finalize opposition to motion to amend for client review. |
| 6/26/2018 | NPB | 1.5 | 250 | 375.00 | Draft Interrogatories and Request for Production to Plaintiff A4E. |
| 6/26/2018 | NPB | 1.5 | 250 | 375.00 | Draft Interrogatories and Request for Production to Plaintiff Rutherford. |
| 6/27/2018 | NPB | 0.4 | 250 | 100.00 | Letter to opposing counsel re service; follow up with client re opposition to Motion to Amend. |
| 6/27/2018 | NPB | 0.4 | 250 | 100.00 | Call with client re opposition. |
| 6/27/2018 | NPB | 0.4 | 250 | 100.00 | Review and revise Opposition to Motion to Amend. |
| 6/27/2018 | CEG | 1.3 | 225 | 292.50 | Continue drafting written discovery responses to Plaintiff Rutherford's request for admissions #8-18. |
| 6/28/2018 | CEG | 0.6 | 225 | 135.00 | Review and analysis of pending written discovery (set one) responses and objections to confirm compliance with the Federal Rules of Civil Procedure, the Southern District of California Civil Local Rules, and Presiding District and Magistrate Judge Chamber rules. |

| | | | | |
|---|---|---|---|---|
| 6/28/2018 CEG | 0.9 | 225 | 202.50 | Begin drafting responses to Plaintiff Rutherford's 18 requests for admission. Completed drafting requests 1 through 7. |
| 6/28/2018 CEG | 2.3 | 225 | 517.50 | Draft responses to Plaintiff Association 4 Equal Access's 18 special interrogatories. |
| 6/28/2018 NPB | 0.4 | 250 | 100.00 | Call with client re strategy on Opposition. |
| 6/28/2018 NPB | 1 | 250 | 250.00 | Revise discovery responses. |
| 6/29/2018 NPB | 2.5 | 250 | 625.00 | Draft and revise extensive discovery responses. |
| 6/29/2018 CEG | 0.1 | 225 | 22.50 | Draft and send email to opposing counsel requesting a one week extension for discovery responses, due to the holiday. |
| 6/29/2018 CEG | 0.1 | 225 | 22.50 | Revise draft email to Julia (regarding written discovery) to reflect that we can ask counsel for additional time to respond due to the Fourth of July Holiday. |
| 6/29/2018 CEG | 1.3 | 225 | 292.50 | Draft email to J. De Beers specifying all information necessary from the Evans Hotels team to complete responses to pending written discovery, and communicating important due dates. |
| 6/29/2018 CEG | 0.2 | 225 | 45.00 | Revise interrogatories propounded by Plaintiff Rutherford, alerting J. De Beers and the Evans Hotels team where we require additional information to give a proper response (keyed to email listing all of the information required). |
| 6/29/2018 CEG | 0.2 | 225 | 45.00 | Revise requests for admissions propounded by Plaintiff Rutherford. Continuity edits, and alerting J. De Beers and the Evans Hotels team where we require additional information to give a proper response (keyed to email listing all of the information required). |
| 6/29/2018 CEG | 0.2 | 225 | 45.00 | Revising interrogatories propounded by Plaintiff Assoc. 4 Equal Access (A4EA). Continuity edits, and alerting J. De Beers and the Evans Hotels team where we require additional information to give a proper response (keyed to email listing all of the information required). |
| 6/29/2018 CEG | 0.1 | 225 | 22.50 | Revising requests for production of documents propounded by Plaintiff Rutherford. Continuity edits, and alerting J. De Beers and the Evans Hotels team where we require additional information to give a proper response (keyed to email listing all of the information required). |
| 6/29/2018 CEG | 0.2 | 225 | 45.00 | Telephone call with Plaintiff S. Leng. Discussed her settlement terms to avoid the small claims hearing. Unreasonable under the circumstances. Gathered additional information regarding Leng purposefully sharing only the highest vehicle repair quote with Gallagher Bassett and Angelica. All information, incl. unreasonable settlement offer, will be shared with Claims Examiner and Client Contacts. |
| 7/2/2018 CEG | 1.9 | 225 | 427.50 | Draft detailed case status update to claims status update to claims counsel, S. Abrams. Update required referencing Early Neutral Evaluation statements, Case Management Conference papers, and other records to detail the procedural history of the matter. |
| 7/2/2018 NPB | 2.4 | 250 | 600.00 | Revise/draft update to carrier. |
| 7/3/2018 CEG | 0.3 | 225 | 67.50 | Revise draft status update to Executive Claims Examiner to include additional history pertaining to Fed. R. Civ. P. Rule 68 offers made to Defendants Rutherford and Association 4 Equal Access, respectively. |

| | | | | |
|---|---|---|---|---|
| 7/5/2018 | CEG | 0.2 | 225 | 45.00 | Draft and file notice of appearance in federal court for the purpose of filing Evans Hotels's response in opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. |

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 7/5/2018 | CEG | 0.2 | 225 | 45.00 | Draft email to J. De Beers and S. Abrams confirming that Evans Hotels's opposition to Plaintiffs' motion for leave to file its Second Amended Compliant was filed, and reminding client and claims examiner about the associated reply and hearing dates. |
| 7/11/2018 | CEG | 2.3 | 225 | 517.50 | Continue revising special interrogatories numbered 18-25. |
| 7/11/2018 | CEG | 2.5 | 225 | 562.50 | Revise SI responses from Rutherford to Evans. 1-17, of 25. (2.0 of 4.5 at no charge) |
| 7/12/2018 | CEG | 2 | 225 | 450.00 | Continue revising written discovery to revision #2. (1.5 of 3.5 at no charge) |
| 7/12/2018 | CEG | 1 | 225 | 225.00 | Continue revising written discovery. (1.0 of 2.0 at no charge) |
| 7/12/2018 | NPB | 0 | 250 | - | Revise discovery responses (2.0 at no charge). |
| 7/13/2018 | NPB | 0.5 | 250 | 125.00 | Review and analyze Reply re Motion to Amend; emails with client. |
| 7/16/2018 | NPB | 0.4 | 250 | 100.00 | Continue analysis of court order; email to client re same. |
| 7/18/2018 | CEG | 2.1 | 225 | 472.50 | Revising special interrogatories (revision 3), and adjusting portions referencing Plaintiff A4EA. This task includes incorporating the modifications based on discussion with Client J. De Beers. |
| 7/18/2018 | CEG | 1.7 | 225 | 382.50 | Discussion with Client J. De Beers regarding revisions and comments to incorporate into all pending written discovery. |
| 7/18/2018 | CEG | 1.1 | 225 | 247.50 | Revising Rutherford request for production of documents (revision 3). This task includes incorporating the modifications based on discussion with Client J. De Beers. |
| 7/18/2018 | CEG | 0.7 | 225 | 157.50 | Revising Rutherford requests for admissions (revision 3). This task includes incorporating the modifications based on discussion with Client J. De Beers. |
| 7/18/2018 | CEG | 0.8 | 225 | 180.00 | Revising A4EA special interrogatories (revision 3). This task includes incorporating the modifications based on discussion with Client J. De Beers. |
| 7/19/2018 | CEG | 0.9 | 225 | 202.50 | Review and analysis of all documents deemed responsive to Plaintiffs request for production of documents. Determining which are indeed responsive and not subject to attorney-client or other exclusionary privileges. |
| 7/19/2018 | CEG | 0.4 | 225 | 90.00 | Draft email to Client J. De Beers discussing final written discovery and document production, requesting additional documents that could be responsive to Plaintiffs' requests, and checking whether Client to analyze whether to ask Plaintiffs' counsel for a stipulation for additional review time. |
| 7/19/2018 | CEG | 0.5 | 225 | 112.50 | Final review and analysis/comparison of Plaintiff A4EA's special interrogatory responses to Plaintiff Rutherford's responses. Review and analysis necessary to insure continuity of responses and avoid foreseeable motion to compel issues. |
| 7/19/2018 | CEG | 0.2 | 225 | 45.00 | Final review and analysis of documents included in document production. Analysis necessary to ensure that only responsive, non-privileged, documents are produced to opposing counsel. |
| 7/19/2018 | NPB | 0.9 | 250 | 225.00 | Review discovery responses and document production. |
| 7/26/2018 | NPB | 0.2 | 250 | 50.00 | Review and update Rutherford budget. |

| | | | | |
|---|---|---|---|---|
| 7/26/2018 CEG | 1.1 | 225 | 247.50 | Analyze past spending and forecast proposed litigation budget needs through October 2018, through motion opposing class cert. and summary judgment, and begin drafting proposed budget. |
| 7/31/2018 NPB | 0.3 | 250 | 75.00 | Begin draft of Answer. |
| 8/2/2018 NPB | 0.4 | 250 | 100.00 | Email update to client and revise budget submission. |
| 8/2/2018 NPB | 0.8 | 250 | 200.00 | Emails and strategy call with J. De Beers re response to second amended complaint. |
| 8/6/2018 CEG | 0.8 | 225 | 180.00 | Begin drafting detailed answer to plaintiff's second amended complaint (second amended complaint). Time spent carefully responding to second amended complaint paragraphs 1-31. |
| 8/6/2018 CEG | 1.2 | 225 | 270.00 | Continue drafting detailed answer to plaintiff's second amended complaint (second amended complaint). Time spent carefully responding to second amended complaint paragraphs 32-65. |
| 8/6/2018 CEG | 0.2 | 225 | 45.00 | Continue drafting detailed answer to plaintiff's second amended complaint (second amended complaint). Time spent drafting affirmative defenses. |
| 8/7/2018 CEG | 1.3 | 225 | 292.50 | Review and revisions to the entire answer to the second amended complaint. |
| 8/7/2018 NPB | 2.3 | 250 | 575.00 | Revise verified answer and affirmative defenses for client review. |
| 8/9/2018 CEG | 0.4 | 225 | 90.00 | Revise draft answer paragraphs 21 and 50, and revise affirmative defenses preamble. |
| 8/15/2018 NPB | 1.2 | 250 | 300.00 | Analyze and prepare for Amended Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. Email to client re discussion on upcoming discovery and strategy. Review and analyze plaintiff's extensive meet and confer letter. |
| 8/16/2018 NPB | 0.4 | 250 | 100.00 | Email to client re discovery plan. |
| 8/16/2018 NPB | 0.4 | 250 | 100.00 | Review extensive meet and confer letter, email with opposing counsel re same. |
| 8/17/2018 NPB | 0.7 | 250 | 175.00 | Emails with client re case; emails with opposing counsel re discovery meet and confer. Draft special interrogatories and request for production of documents to plaintiff. |
| 8/17/2018 CEG | 0.7 | 225 | 157.50 | Begin review and analysis of meet & confer letter regarding motion to compel (8 pages) from J. Manning. Analysis necessary to determine appropriate response. Analyzed pages 1-5. |
| 8/20/2018 CEG | 1.9 | 225 | 427.50 | Continue drafting detailed meet and confer letter. Time spent further drafting part (I) contending that no further responses are required to plaintiff's requests for admissions Nos. 1, 3-4, and 5-8. |
| 8/20/2018 CEG | 0.3 | 225 | 67.50 | Complete analysis of meet & confer letter regarding motion to compel (8 pages) from J. Manning. Analysis necessary to determine appropriate response. Analyzed pages 6-8. |
| 8/20/2018 CEG | 0.9 | 225 | 202.50 | Commence drafting detailed meet and confer letter. Time spent drafting part (I) defending client's objections to plaintiffs' vaguely defined terms. |
| 8/21/2018 CEG | 1.1 | 225 | 247.50 | Continue drafting detailed meet and confer letter. Time spent checking whether it was true that our document production was deficient, an drafting part (IV) maintaining that request for production of documents Nos. 1-4, 15, 18, 26, 28-29, 31-35, 37-38, 40-41, 44-49, and 58 was proper. |

| | | | | |
|---|---|---|---|---|
| 8/21/2018 CEG | 1 | 225 | 225.00 | Continue drafting detailed meet and confer letter. Time spent further drafting part (I) contending that no further responses are required to plaintiff's requests for admissions Nos. 9-18. |
| 8/21/2018 CEG | 0.7 | 225 | 157.50 | Continue drafting detailed meet and confer letter. Time spent drafting part (II) maintaining that client's response to A4EA interrogatories do not require supplementation.   Drafted arguments to interrogatories 1-9. |
| 8/21/2018 CEG | 0.8 | 225 | 180.00 | Continue drafting detailed meet and confer letter. Time spent further drafting part (II) maintaining that client's response to A4EA interrogatories do not require supplementation.   Drafted arguments to interrogatories 10-18 and revised the entire part (II) for continuity and ease of reading. |
| 8/21/2018 CEG | 0.4 | 225 | 90.00 | Continue drafting detailed meet and confer letter. Time spent drafting part (II) maintaining that client's response to A4EA interrogatories do not require supplementation.   Drafted arguments to interrogatories 19-20. |
| 8/21/2018 NPB | 0.3 | 250 | 75.00 | Call with opposing counsel re meet and confer process, call to court in conformance with department rule. |
| 8/22/2018 NPB | 3.4 | 250 | 850.00 | Call with client re discovery issues and preparation for class discovery.  Analyze website litigation cases brought by Rutherford in similar cases in district court cases.  Revise meet and confer letter to opposing counsel and prepare for meet and confer call, meet and confer call with opposing counsel. |
| 8/22/2018 CEG | 0.2 | 225 | 45.00 | Draft and serve special interrogatories regarding whereabouts of A4EA member/claimant Patricia Filidardi. |
| 8/22/2018 CEG | 0.4 | 225 | 90.00 | Continue analysis of case authorities and CM/ECF dockets for ADA website case(s) that were litigated to summary judgment phase or beyond.  Found and communicated lead: Barnes v. Marriott Hotel Servs. (N.D. Cal. 2017) U.S. Dist. LEXIS 22588. |
| 8/22/2018 CEG | 0.8 | 225 | 180.00 | Analyze case authorities and CM/ECF dockets for ADA website case(s) that were litigated to summary judgment phase or beyond. |
| 8/23/2018 CEG | 0.5 | 225 | 112.50 | Draft email responding to plaintiffs counsel's email about the discovery. Email included client's position on necessity of providing bates ranges for responsive documents, and interpretation of Fed. R. Civ. P. 34(b). |
| 8/23/2018 NPB | 1.1 | 250 | 275.00 | Emails and multiple calls with opposing counsel regarding meeting and conferring on discovery dispute, call with the court re discoveyry responses dispute. |
| 8/24/2018 CEG | 0.1 | 225 | 22.50 | Draft and serve additional special interrogatories (15 and 16) pertaining to what, if anything, plaintiffs contend is problematic about the subject websites. |
| 8/27/2018 NPB | 0.5 | 250 | 125.00 | Emails with opposing counsel regarding person most qualified deposition scope, emails with client re deposition strategy, draft additional discovery to be served before class discovery cut-off. |
| 8/31/2018 NPB | 1.7 | 250 | 425.00 | Review and analyze Plaintiffs' discovery responses for motion to compel, draft additional topics for discovery requests: interrogaotires and request for production of documents, finalize deposition notices and emails with opposing counsel and client re depositions. |
| 8/31/2018 NPB | 0.6 | 250 | 150.00 | Review and analyze Motion to Strike, review and analyze similar motion brought by plaintiff in similar action. |
| 8/31/2018 CEG | 0.1 | 225 | 22.50 | Revise to discovery sets 3 and 4 to plaintiffs. |

| Date | | | | Description |
|---|---|---|---|---|
| 8/31/2018 | CEG | 0.1 | 225 | 22.50 | Draft and serve request for production of documents set 3 to Plaintiff A4EA. |
| 8/31/2018 | CEG | 0.4 | 225 | 90.00 | Draft and serve special interrogatories set 3 to Plaintiff A4EA. |
| 8/31/2018 | CEG | 0.1 | 225 | 22.50 | Draft and serve request for production of documents set 3 to Plaintiff Rutherford. |
| 8/31/2018 | CEG | 0.1 | 225 | 22.50 | Draft and serve special interrogatories set 4 to Plaintiff Rutherford. |
| 8/31/2018 | CEG | 1.2 | 225 | 270.00 | Analyze plaintiff Rutherford and A4EA's responses to our client's first set of special interrogatories and requests for production of documents. Analysis necessary to determine any deficiencies and whether to bring a motion to compel. |
| 8/31/2018 | CEG | 0.3 | 225 | 67.50 | Begin drafting meet and confer letter demanding further responses or a motion to compel will be brought. Time spent drafting introduction and commencing part (I) and finalizing part (II) arguing that A4EA's response to interrogatory No. 12 is deficient; and part (III) arguing that a code compliant privilege log is required by both plaintiffs. |
| 8/31/2018 | CEG | 0.7 | 225 | 157.50 | Continue and complete drafting meet and confer letter demanding further responses or a motion to compel will be brought. Time spent further drafting part II), and drafting introduction and commencing part (I) arguing that request for production of document No. 10 and interrogatory No. 13 must be supplemented. |
| 9/4/2018 | NPB | 2.3 | 250 | 575.00 | Review discovery requests propounded by Plaintiffs, draft amended notice of deposition to PMQ A4EA, draft substantive email update to client re status of matter, discovery and continuance request from plaintiff's counsel with legal analysis, begin draft of plaintiff outline of deposition. |
| 9/6/2018 | NPB | 2.9 | 250 | 725.00 | Prepare for and conduct meeting with investigator re Plaintiff Rutherford. |
| 9/6/2018 | NPB | 0.8 | 250 | 200.00 | Continue draft of deposition outline of Plaintiffs. |
| 9/6/2018 | NPB | 0.3 | 250 | 75.00 | Emails with opposing counsel re extensions on response and deficient discovery response. |
| 9/7/2018 | CEG | 0.6 | 225 | 135.00 | Analysis of Civil Local Rules and Judge Bernard Skomal's unique Chamber rules. Analysis necessary to determine whether to grant plaintiff counsel's request for a discovery extension in time to bring a motion to compel. |
| 9/10/2018 | CEG | 0.5 | 225 | 112.50 | Draft and send meet & confer email to opposing counsel regarding alternative methods (other than email server) to transmit due document production. |
| 9/10/2018 | CEG | 0.2 | 225 | 45.00 | Analysis of supplemental request for production of documents responses (pleadings). Task necessary to determine whether to bring motion to compel further responses. |
| 9/10/2018 | CEG | 0.1 | 225 | 22.50 | Rutherford. Draft and send email to opposing counsel regarding expiration of the extended deadline to receive amended responses and production of documents. Coordinate time to call Judge Skomal's chambers regarding outstanding discovery issues outstanding. |
| 9/10/2018 | CEG | 0.4 | 225 | 90.00 | Review and analysis of draft objections and responses to Plaintiff A4EA's special interrogatories (set 2; 21 responses total). Analysis necessary to determine compliance with governing federal law, including authorities pertaining to objections in federal court. |

| | | | | |
|---|---|---|---|---|
| 9/10/2018 CEG | 0.4 | 225 | 90.00 | Review and analysis of draft objections and responses to Plaintiff Rutherford's requests for admissions (set 2; 58 responses total). Analysis necessary to confirm compliance with governing federal law, including authorities pertaining to objections in federal court. |
| 9/10/2018 CEG | 0.6 | 225 | 135.00 | Review and analysis of draft objections and responses to Plaintiff Rutherford's requests for production of documents (set 2; 103 responses total). Analysis necessary to confirm compliance with governing federal law, including authorities pertaining to objections in federal court. |
| 9/10/2018 NPB | 2.4 | 250 | 600.00 | Draft Opposition to Motion to Strike Affirmative Defenses. |
| 9/10/2018 NPB | 2.4 | 250 | 600.00 | Draft responses to Request for Admissions - Set 2, draft responses to Request for Production of Documents - Set 2, and draft responses to Interrogatories - Set 2. Emails with opposing counsel re supplemental responses needed. |
| 9/12/2018 NPB | 0.7 | 250 | 175.00 | Meeting and conferring with opposign counsel re depositions and calendaring; emails with client re same. |
| 9/13/2018 NPB | 2.3 | 250 | 575.00 | Continue draft and analysis of Opposition to Motion to Strike Affirmative Defenses. |
| 9/13/2018 CEG | 0.6 | 225 | 135.00 | Conduct online research (Secretary of State, WhoIS, Lexis) of plaintiff A4EA, including who owns its website and the entity's corporate structure. Research necessary to prepare for the depositions of plaintiffs Rutherford and A4EA's person most knowledgeable. Also necessary to determine if plaintiff Rutherford is the one controlling plaintiff A4EA. |
| 9/13/2018 CEG | 0.7 | 225 | 157.50 | Begin analysis of pro se notices of appearance and complaints filed by plaintiffs in prior disability access cases from the Northern District of Illinois and Central and Southern Districts of California (11 documents total). Analysis necessary to prepare for the depositions of plaintiffs Rutherford and A4EA. |
| 9/13/2018 CEG | 2.2 | 225 | 495.00 | Analysis of supplemental documents produced on CD by opposing counsel (191 pages). Analysis necessary to determine whether to bring a motion to compel further production documents, and to prepare for the deposition of plaintiff J. Rutherford and the person most knowledgeable for plaintiff A4EA. |
| 9/14/2018 CEG | 1.9 | 225 | 427.50 | Begin review and analysis of the remaining of 68 federal case dockets for plaintiffs' prior disability access cases over the last 10 years. Analyzed 28 case dockets. Analysis necessary to discover any helpful declaration testimony or prior allegations made by plaintiffs that conflict with the allegations/discovery responses provided in the instant case. Useful records to also be used in depositions of plaintiffs Rutherford and A4EA. |
| 9/14/2018 NPB | 0.5 | 250 | 125.00 | Emails with client re discovery strategy, emails with opposing counsel to meet and confer on depositions. Strategize re objections to upcoming depositions. |
| 9/15/2018 CEG | 0.8 | 225 | 180.00 | Continue review and analysis of federal case dockets for plaintiffs' prior disability access cases over the last 10 years. Analyzed 30 case dockets of 68. Analysis necessary to discover any helpful declaration testimony or prior allegations made by plaintiffs that conflict with the allegations/discovery responses provided in the instant case. Useful records to also be used in depositions of plaintiffs Rutherford and A4EA. |

| | | | | |
|---|---|---|---|---|
| 9/15/2018 CEG | 0.7 | 225 | 157.50 | Continue review and analysis of the remaining 10 (of 68) federal case dockets for plaintiffs' prior disability access cases over the last 10 years. Analysis necessary to discover any helpful declaration testimony or prior allegations made by plaintiffs that conflict with the allegations/discovery responses provided in the instant case. Useful records to also be used in depositions of plaintiffs Rutherford and A4EA. |
| 9/15/2018 CEG | 1.3 | 225 | 292.50 | Begin drafting deposition outline and curating exhibits for the deposition of plaintiff Rutherford; emphasis on the following topics/lines of questioning: deposition process and Rutherford's identity, preparation for depo, and general background. Necessary to prepare for plaintiff Rutherford's deposition. |
| 9/16/2018 CEG | 1.4 | 225 | 315.00 | Continue drafting deposition outline and curating exhibits for the deposition of plaintiff Rutherford; emphasis on the following topics/lines of questioning: attacking standing, attacking class certification, subsequent remedial measures, and discovery responses (incl. supplemental responses). Necessary to prepare for plaintiff Rutherford's deposition. |
| 9/16/2018 CEG | 1.2 | 225 | 270.00 | Continue drafting deposition outline and curating exhibits for the deposition of plaintiff Rutherford; emphasis on the following topics/lines of questioning: employment history; alleged disabilities, A4EA ownership, Rutherford as a "tester" in litigation, and timing of alleged website access. Necessary to prepare for plaintiff Rutherford's deposition. |
| 9/17/2018 CEG | 1.2 | 225 | 270.00 | Revise deposition outline of plaintiff Rutherford to include additional exhibits and lines of questioning related to plaintiff A4EA's discovery responses, pending discovery due after the noticed deposition date, and inclusion of screenshots of the subject webpages bearing the date of plaintiffs original complaint. Necessary to prepare for plaintiff Rutherford's deposition. |
| 9/17/2018 CEG | 0.1 | 225 | 22.50 | Telephonic conference with client contact, J. De Beers, discussing pre-deposition interview schedule for K. Guillermo, T. Farley, D. Koczur, H. Pitts, and A. Thomas. |
| 9/17/2018 CEG | 1.4 | 225 | 315.00 | Draft table of exhibits keyed to the deposition outline of James Rutherford. Necessary organization step to improve deposition efficiency. |
| 9/17/2018 CEG | 0.3 | 225 | 67.50 | Email to client contacts, J. De Beers and A. Puls, scheduling pre-deposition interviews for K. Guillermo, T. Farley, D. Koczur, H. Pitts, and A. Thomas. Necessary to step in the witness deposition preparation process. |
| 9/17/2018 NPB | 3.4 | 250 | 850.00 | Finalize Form Interrogatories (Employment and Form), Special Interrogatories and Requests for Production of Documents for client review, and provide summary of responses. Draft Objections to depositions of Thomas and Pitts. |
| 9/18/2018 NPB | 3 | 250 | 750.00 | Prepare for deposition of plaintiffs, extensive meet and confer with plaintiffs' counsel on discovery dispute, call with client re discovery strategy and emails re same. |
| 9/18/2018 CEG | 1.1 | 225 | 247.50 | Analysis of Civil Local Rules, Federal Rules of Civil Procedure, and Judge Bernard Skomal's Chamber rules to determine impact of plaintiff Rutherford's cancellation of his deposition (noticed for 9/20/18) due to unavailability. |

| Date | Atty | | | Description |
|---|---|---|---|---|
| 9/18/2018 CEG | 0.2 | 225 | 45.00 | Revise table of exhibits and deposition outline of plaintiff J. Rutherford to reflect bates stamp ranges for screenshot exhibits. Necessary to prepare for plaintiff Rutherford's deposition. |
| 9/18/2018 CEG | 0.4 | 225 | 90.00 | Continue draft of letter to opposing counsel regarding the cancellation of plaintiff Rutherford's deposition, and good faith discovery dispute to be brought to the court. Necessary to inform counsel and the court about a good faith discovery dispute requiring court intervention, pursuant to Judge Skomal's Chamber rules. |
| 9/18/2018 CEG | 0.5 | 225 | 112.50 | Begin draft of letter to opposing counsel regarding the cancellation of plaintiff Rutherford's deposition, and good faith discovery dispute to be brought to the court. Emphasis on meet and confer emails demonstrating the date noticed was mutually agreed to. Necessary to inform counsel and the court about a good faith discovery dispute requiring court intervention, pursuant to Judge Skomal's Chamber rules. |
| 9/19/2018 CEG | 0.2 | 225 | 45.00 | Revise points and authorities in support of joint motion to include additional arguments showing good cause to grant. Task necessary to improve probability that the Court grants the joint motion. |
| 9/19/2018 CEG | 0.4 | 225 | 90.00 | Draft proposed order on joint motion to amend the court's prior scheduling order. Necessary to permit additional time to complete class discovery and bring motions pertaining to class certification. |
| 9/19/2018 CEG | 0.8 | 225 | 180.00 | Conduct pre-deposition interview of H. Pitts. Necessary step in preparation to defend the deposition of H. Pitts. |
| 9/19/2018 CEG | 0.5 | 225 | 112.50 | Preparation for the interview of H. Pitts, third party witness to be deposed by opposing counsel. Preparation included review and analysis of written discovery where H. Pitts was named as a knowledgeable party. Necessary step in preparation to defend the deposition of H. Pitts. |
| 9/19/2018 CEG | 0.9 | 225 | 202.50 | Draft points and authorities in support of joint motion to amend the court's prior scheduling order. Task necessary to permit additional time to complete class discovery (i.e. oral depositions) and bring motions pertaining to class certification. |
| 9/19/2018 CEG | 0.3 | 225 | 67.50 | Review and analysis of Judge Bernard Skomal's originally issued scheduling order. Necessary to reference in joint motion to amend the court's scheduling order. |
| 9/19/2018 CEG | 0.6 | 225 | 135.00 | Review and analysis of relevant procedural and factual history in this matter. Necessary to reference in joint motion to amend the court's prior scheduling order. |
| 9/19/2018 NPB | 2 | 250 | 500.00 | Strategize re obtaining plaintiff's deposition in light of objections, numerous meeting and conferring with opposing counsel and client re Joint Motion to Continue Scheduling (20+ emails to reviewed and drafted). |
| 9/19/2018 NPB | 1.3 | 250 | 325.00 | Revise Joint Motion and draft declaration in support of Joint Motion. |
| 9/20/2018 CEG | 0.1 | 225 | 22.50 | Phone call to Judge Skomal's Chambers regarding status of joint motion. Necessary to determine available dates to reschedule depositions within the proposed class discovery window. |
| 9/20/2018 CEG | 0.6 | 225 | 135.00 | Conduct pre-deposition interview of D. Koczur interview. Necessary step in preparation to defend the deposition of D. Koczur. |

| Date | Atty | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 9/20/2018 | CEG | 0.1 | 225 | 22.50 | Preparation for the interview of D. Koczur, third party witness to be deposed by opposing counsel.  Preparation included review and analysis of written discovery where D. Koczur was named as a knowledgeable party.  Necessary step in preparation to defend the deposition of D. Koczur. |
| 9/20/2018 | CEG | 0.7 | 225 | 157.50 | Conduct pre-deposition interview of K. Guillermo interview.  Necessary step in preparation to defend the deposition of K. Guillermo. |
| 9/20/2018 | CEG | 0.2 | 225 | 45.00 | Preparation for the interview of K. Guillermo, third party witness to be deposed by opposing counsel.  Preparation included review and analysis of written discovery where K. Guillermo was named as a knowledgeable party.  Necessary step in preparation to defend the deposition of K. Guillermo. |
| 9/21/2018 | CEG | 0.5 | 225 | 112.50 | Conduct pre-deposition interview of A. Thomas interview.  Necessary step in preparation to defend the deposition of A. Thomas. |
| 9/21/2018 | CEG | 0.2 | 225 | 45.00 | Preparation for the interview of A. Thomas, third party witness to be deposed by opposing counsel.  Preparation included review and analysis of written discovery where A. Thomas was named as a knowledgeable party.  Necessary step in preparation to defend the deposition of A. Thomas. |
| 9/21/2018 | CEG | 0.6 | 225 | 135.00 | Conduct pre-deposition interview of T. Farley interview.  Necessary step in preparation to defend the deposition of T. Farley. |
| 9/21/2018 | CEG | 0.2 | 225 | 45.00 | Preparation for the interview of T. Farley, third party witness to be deposed by opposing counsel.  Preparation included review and analysis of written discovery where T. Farley was named as a knowledgeable party.  Necessary step in preparation to defend the deposition of T. Farley. |
| 9/21/2018 | CEG | 0.7 | 225 | 157.50 | Revising pre-deposition interview analysis of K. Guillermo to expand on areas highlighted by client contact J. De Beers, provide analysis on impressions as a witness, and to provide additional notes for co-counsel tasked with preparing witness to be deposed. |
| 9/21/2018 | CEG | 0.7 | 225 | 157.50 | Revising pre-deposition interview analysis of T. Farley to expand on areas highlighted by client contact J. De Beers, provide analysis on impressions as a witness, and to provide additional notes for co-counsel tasked with preparing witness to be deposed. |
| 9/21/2018 | CEG | 0.5 | 225 | 112.50 | Revising pre-deposition interview analysis of H. Pitts to expand on areas highlighted by client contact J. De Beers, provide analysis on impressions as a witness, and to provide additional notes for co-counsel tasked with preparing witness to be deposed. |
| 9/21/2018 | CEG | 0.8 | 225 | 180.00 | Revising pre-deposition interview analysis of D. Koczur to expand on areas highlighted by client contact J. De Beers, provide analysis on impressions as a witness, and to provide additional notes for co-counsel tasked with preparing witness to be deposed. |
| 9/21/2018 | NPB | 1 | 250 | 250.00 | Various meeting and conferring with opposing counsel re deposition dates and outreach to the court, emails with client re scope of deposition preparation.  Prepare deposition outlines. |
| 9/23/2018 | NPB | 1.5 | 250 | 375.00 | Prepare for witness interviews and draft outline of potential areas of examination. |

| | | | | |
|---|---|---|---|---|
| 9/24/2018 NPB | 1.6 | 250 | 400.00 | Analyze documents and prepare for witness meetings, draft witness outline, review requests for Inspection served from plaintiffs and prepare outline of objections. |
| 9/24/2018 NPB | 6.8 | 125 | 850.00 | Travel to and from on-site individual deposition preparation of: Kimberley Guillermo, Andy Thomas and Diane Koczur. |
| 9/24/2018 CEG | 0.2 | 225 | 45.00 | Review and analysis of Judge Skomal's scheduling order granting in part and denying in part the joint motion filed.  Analysis necessary to make sure we offer only the witnesses mentioned in the Court's order. |
| 9/25/2018 CEG | 0.2 | 225 | 45.00 | Telephonic conference with client contact, J. De Beers, regarding Judge Skomal's order and defending the depositions of K. Guillermo, T. Farley, D. Koczur, H. Pitts, and A. Thomas. |
| 9/25/2018 CEG | 0.1 | 225 | 22.50 | Preparation for telephonic conference with client contact, J. De Beers, regarding Judge Skomal's order and defending the depositions of K. Guillermo, T. Farley, D. Koczur, H. Pitts, and A. Thomas. |
| 9/25/2018 CEG | 0.2 | 225 | 45.00 | Draft and send meet and confer email to opposing counsel regarding opportunities to take the depositions of plaintiffs Rutherford and A4EA. |
| 9/25/2018 CEG | 0.1 | 225 | 22.50 | Phone call to plaintiffs' counsel to meet and confer regarding the depositions of plaintiff Rutherford and A4EA's person most knowledgeable.  No response.  Left message with receptionist. |
| 9/26/2018 CEG | 0.4 | 225 | 90.00 | Review and analysis of draft opposition to plaintiffs' motion to strike affirmative defenses from client's answer.  Necessary to determine gaps and complete drafting opposition brief. |
| 9/26/2018 CEG | 0.2 | 225 | 45.00 | Draft objection to plaintiff Rutherford's Rule 34 inspection notice.  Task necessary to stop improper physical inspection of the Lodge at Torrey Pines resort. |
| 9/26/2018 CEG | 0.3 | 225 | 67.50 | Receipt review and analysis of 3 Rule 34 notices to physically inspect the Bahia hotel, Catamaran, and Lodge at Torrey Pines served by plaintiffs' counsel.  Review necessary to determine whether and on which bases to object. |
| 9/26/2018 CEG | 0.4 | 225 | 90.00 | Draft objection to plaintiff Rutherford's Rule 34 inspection notice.  Task necessary to stop improper physical inspection of the Bahia hotel and resort. |
| 9/26/2018 CEG | 0.2 | 225 | 45.00 | Draft objection to plaintiff Rutherford's Rule 34 inspection notice.  Task necessary to stop improper physical inspection of the Catamaran hotel and resort. |
| 9/26/2018 CEG | 0 | 225 | - | Analysis of federal statute and case authorities relevant to the required notice period between service of Rule 34 inspection notices and the noticed inspection dates.  Analysis necessary to confirm objection on the basis of improper notice. (no charge) |
| 9/27/2018 CEG | 0 | 225 | - | Final review and analysis of 3 objections to Rutherford's amended Rule 34 notices of physical inspection. (no charge) |
| 9/27/2018 CEG | 0.2 | 225 | 45.00 | Receipt review and analysis of 3 amended Rule 34 notices to physically inspect the Bahia hotel, Catamaran, and Lodge at Torrey Pines served by plaintiffs' counsel.  Review necessary to determine whether and on which bases to object. |

| | | | | |
|---|---|---|---|---|
| 9/27/2018 CEG | 0.2 | 225 | 45.00 | Draft objection to plaintiff Rutherford's amended Rule 34 inspection notice.  Task necessary to stop improper physical inspection of the Bahia hotel and resort. |
| 9/27/2018 CEG | 0.2 | 225 | 45.00 | Draft objection to plaintiff Rutherford's amended Rule 34 inspection notice.  Task necessary to stop improper physical inspection of the Catamaran hotel and resort. |
| 9/27/2018 CEG | 0.2 | 225 | 45.00 | Draft objection to plaintiff Rutherford's amended Rule 34 inspection notice.  Task necessary to stop improper physical inspection of the Lodge at Torrey Pines resort. |
| 9/27/2018 CEG | 0.1 | 225 | 22.50 | Meet and confer email sent to opposing counsel regarding correction to T. Farley's deposition availability communicated by client. |
| 9/27/2018 CEG | 0.3 | 225 | 67.50 | Draft and send email to opposing counsel reminding of the agreement that two separate dates are necessary for the deposition of plaintiff Rutherford and plaintiff A4EA's person most knowledgeable, even if both witness are plaintiff Rutherford.  Task necessary to correct plaintiff counsel's attempt to renege on separate dates agreement. |
| 9/27/2018 CEG | 0.1 | 225 | 22.50 | Email to opposing counsel providing availability for telephonic conference with Loker and Manning to set all deposition dates, or as many as we can.  Task necessary to complete oral discovery within the new window set by the court. |
| 9/27/2018 CEG | 0.1 | 225 | 22.50 | Email to opposing counsel further conferring about opportunity for a telephonic conference with Loker and Manning to set all deposition dates, or as many as we can, and discuss person most knowledgeable (for client Evans Hotels) categories.  Task necessary to complete oral discovery within the new window set by the court.  Conference set for 2:35p.m. |
| 9/27/2018 CEG | 0.2 | 225 | 45.00 | Draft and send response email to opposing counsel regarding threat to suggest alternative for Rule 34 physical inspections or having to take the dispute to the Court.  Response necessary to meet and confer prior to taking the dispute the court, per Judge Skomal's Chamber rules. |
| 9/27/2018 CEG | 0.1 | 225 | 22.50 | Email to responding to opposing counsel's email.  Necessary to confirm that the notes plaintiffs took and shared (regarding party and third party deposition opportunities) during the telephonic conference were correct. |
| 9/27/2018 CEG | 0.4 | 225 | 90.00 | Draft email to client contact, J. De Beers, discussing deposition schedule details for Evans Hotels employees, proposed person most knowledgeable topics, and discussing the improper Rule 34 notices received yesterday and today, including objections served today. |
| 9/27/2018 CEG | 0.3 | 225 | 67.50 | Telephonic conference with opposing counsel, Manning and Loker, regarding the taking and defense of party and third party depositions within the time permitted by Judge Skomal's amended scheduling order. |
| 9/27/2018 CEG | 0.3 | 225 | 67.50 | Draft email to plaintiffs' counsel regarding our objections to the original and amended Rule 34 notices of inspection at the three resorts.  Task necessary to immediately transmit all objections, thereby stopping the physical inspections noticed; and notifying counsel that anyone entering the resort premises for the purpose of inspecting are trespassing. |

| | | | | |
|---|---|---|---|---|
| 9/27/2018 | CEG | 0.1 | 225 | 22.50 | Multiple short meet and confer emails exchanged with opposing counsel, M. Loker, in anticipation of today's telephonic conference to set dates for party and third party depositions within the extended discovery window permitted by the court. |
| 9/27/2018 | CEG | 0.1 | 225 | 22.50 | Telephone call to client contact, J. De Beers, regarding meet and confer with opposing counsel to schedule deposition dates.  No response. Left detailed message with Surya. |
| 9/28/2018 | CEG | 0.4 | 225 | 90.00 | Telephonic conference with client contact J. De Beers regarding client's written discovery responses (to A4EA's 6 interrogatories (set two); Rutherford's 39 requests for admissions (set two); and Rutherford's 35 requests for production of documents (set two)).  Conference necessary to discuss important client feedback informing objections, responses, and foreseeable meet and confer with opposing counsel regarding the responses. |
| 9/28/2018 | CEG | 0.9 | 225 | 202.50 | Draft and send detailed email to client contacts J. De Beers and A. Puls providing update regarding the Rule 34 inspection notices objected to, opposing counsel's responses, and no need for intervention by the court.  Necessary to communicate analysis pertaining to objections raised and possible trespassers. |
| 9/28/2018 | CEG | 0.6 | 225 | 135.00 | Preparing arguments in anticipation of joint call with opposing counsel and Judge Skomal's Chambers.  Task necessary because the Court's Chamber rules provide that parties must jointly call the Court as soon as good faith discovery disputes arise, and be prepared to succinctly articulate the dispute and their factual and legal arguments in support of their position. |
| 9/28/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send follow up email to opposing counsel, Manning and Loker, regarding good faith dispute about Rule 34 physical inspections, including availability for a joint conference with Judge Skomal's Chambers. |
| 9/28/2018 | CEG | 0.1 | 225 | 22.50 | First phone call to opposing counsel, Manning (main office), regarding counsel's availability jointly call the court to discuss physical inspection objections. No answer. Left voice message. |
| 9/28/2018 | CEG | 0.1 | 225 | 22.50 | Second phone call to opposing counsel, Manning (direct line), regarding counsel's availability jointly call the court to discuss physical inspection objections. No answer. Left voice message. |
| 9/28/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send email to opposing counsel regarding availability to call the court today regarding Evans Hotels's objections to plaintiffs physical inspection notices. |
| 10/2/2018 | CEG | 0.2 | 225 | 45.00 | Draft and send response email to opposing counsel, Loker.  Email necessary to confer with counsel about person most knowledgeable depositions. |
| 10/2/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send email to client contact, J. DeBeers regarding outcome of conferences with opposing counsel regarding person most knowledgeable depositions for client Evans Hotels. |
| 10/2/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send response email to opposing counsel, Loker.  Email necessary to confer with counsel about additional third-party depositions. |
| 10/2/2018 | CEG | 0.1 | 225 | 22.50 | Draft and serve amended notice of deposition for plaintiff Rutherford. |
| 10/2/2018 | NPB | 1 | 250 | 250.00 | Emails meeting and conferring re depositions of person most knowledgeable, review finalized revised discovery responses for Set 2. |

| Date | Atty | Hrs | Rate | Amount | Description |
|---|---|---|---|---|---|
| 10/3/2018 | NPB | 1 | 250 | 250.00 | Review and analyze person most knowledgeable categories for objections and meeting and conferring. Review and analyze proposed finalized responses to set 2 of written discovery. |
| 10/3/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send email response to opposing counsel, Loker, regarding objection to counsel's deposition notice for Mohrlock. |
| 10/3/2018 | CEG | 0.1 | 225 | 22.50 | Revise discovery response for requests for admissions from plaintiff A4EA. Revisions necessary to incorporate feedback from client, J. DeBeers. |
| 10/3/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send response email to J. DeBeers discussing recommended changes to written discovery responses to A4EA, and requesting client verifications for written discovery responses. |
| 10/3/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send email to client, J. DeBeers, regarding deadlines for discovery responses. |
| 10/3/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send email to client contacts, J. DeBeers and A. Puls, regarding results of conferences with opposing counsel on deposition availability.  Necessary to complete oral discovery before the class discovery period closes. |
| 10/3/2018 | CEG | 0.2 | 225 | 45.00 | Analysis of recommendations from client, J. DeBeers, related to written discovery response to special interrogatories (set two) from plaintiff A4EA.  Time also includes revising special interrogatories to incorporate the recommendations. |
| 10/3/2018 | CEG | 0.3 | 225 | 67.50 | Analysis of recommendations from client, J. DeBeers, related to written discovery response to request for admissions (set two) from plaintiff A4EA.  Time also includes revising request for admissions to incorporate the recommendations. |
| 10/3/2018 | CEG | 0.4 | 225 | 90.00 | Analysis of recommendations from client, J. DeBeers, related to written discovery response to request for production of documents (set two) from plaintiff A4EA.  Time also includes revising request for production of documents to incorporate the recommendations. |
| 10/3/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send email communication to J. De Beers regarding person most knowledgeable categories received from opposing counsel, including objection strategy and basis. |
| 10/3/2018 | CEG | 0.2 | 225 | 45.00 | Draft and send email to opposing counsel initiating meet and confer regarding deposition of third-party, H. Pitts. Necessary to complete oral discovery before the class discovery period closes. |
| 10/9/2018 | CEG | 1.7 | 225 | 382.50 | Draft detailed meet and confer letter to opposing counsel regarding various deficiencies in plaintiffs' discovery responses. |
| 10/9/2018 | CEG | 0.3 | 225 | 67.50 | Draft additional written discovery (special interrogatories) necessary to determine plaintiffs' position on present deficiencies in the subject websites (primary allegation in this matter). |
| 10/9/2018 | NPB | 1.5 | 250 | 375.00 | Draft objections to Plaintiff's proposed person most knowledgeable topic list. |
| 10/9/2018 | NPB | 4.8 | 250 | 1,200.00 | Travel to and from Bahia Hotel for deposition witness preparation of Mr. Pitts and Mr. Farley; and related preparation. |
| 10/10/2018 | NPB | 4.9 | 250 | 1,225.00 | Travel to and from Bahia Hotel for deposition witness preparation of Mr. Martin, Mr. Mohrlock and Mr. Hartman and related preparation. Review person most knowledgeable issues and call with client re same. |

Exhibit  G
Page 57

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 10/10/2018 | CEG | 0.2 | 225 | 45.00 | Draft request for judicial notice to be concurrently filed with client's opposition to plaintiff's motion to strike affirmative defenses. |
| 10/10/2018 | CEG | 0.3 | 225 | 67.50 | Draft declaration of Attorney N. Bermudez in support of client's opposition to plaintiff's motion to strike affirmative defenses. |
| 10/10/2018 | CEG | 1.8 | 225 | 405.00 | Continue drafting detailed memorandum of points and authorities in support of client's opposition to plaintiff's motion to strike affirmative defenses.  Time spent drafting responses to striking affirmative defenses numbered 3-5, and 8-9. |
| 10/10/2018 | CEG | 2.1 | 225 | 472.50 | Continue drafting detailed memorandum of points and authorities in support of client's opposition to plaintiff's motion to strike affirmative defenses.  Time spent drafting responses to striking affirmative defenses numbered 10-11, revision of 12-14, 15-16. |
| 10/10/2018 | CEG | 1.8 | 225 | 405.00 | Continue drafting detailed memorandum of points and authorities in support of client's opposition to plaintiff's motion to strike affirmative defenses.  Time spent drafting responses to striking affirmative defenses numbered 18, revising 19, and 22-23. |
| 10/10/2018 | CEG | 0.8 | 225 | 180.00 | Revise memorandum of points and authorities in support of client's opposition to plaintiff's motion to strike affirmative defenses.  Time spent revising introduction, argument and conclusion sections, and overall revisions for continuity. |
| 10/11/2018 | CEG | 0.4 | 225 | 90.00 | Further edits to the memorandum of points and authorities in support of client's opposition to plaintiff's motion to strike.  Necessary to adjust the brief to fit revisions to declaration and references to the federal docket. |
| 10/11/2018 | CEG | 0.1 | 225 | 22.50 | Response email to client representative, A. Puls, regarding future depositions. |
| 10/11/2018 | NPB | 2.5 | 250 | 625.00 | Revise and finalize opposition to motions to strike; revise declaration and order. |
| 10/15/2018 | NPB | 4 | 250 | 1,000.00 | Prepare for deposition of Plaintiff Rutherford, review documents and prepare exhibits, review significant litigation history of Plaintiff Rutherford in dozens of similar cases.  Emails with opposing counsel re depositions; review deposition notices; email to client re same. |
| 10/15/2018 | CEG | 0.9 | 225 | 202.50 | Draft HIPAA release to present to plaintiff and counsel during deposition.  Necessary to obtain medical records supporting plaintiff's medically-disabled allegations. |
| 10/15/2018 | CEG | 0.8 | 225 | 180.00 | Begin revising deposition outline for the deposition of plaintiff Rutherford (individually), to include additional lines of questioning related to multiple screen captures of the current versions of the subject websites (intended exhibits). |
| 10/15/2018 | CEG | 0.7 | 225 | 157.50 | Continue revising deposition outline for the deposition of plaintiff Rutherford (individually), to include additional lines of questioning related to multiple screen captures of the current versions of the subject websites (intended exhibits). |
| 10/16/2018 | ASP | 0.3 | 225 | 67.50 | Substantive conference with N. Bermudez re: A4EA (business practices, corporate form, and capacity for suit); subsequent e-mail correspondence with N. Bermudez re: same. |

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 10/16/2018 | NPB | 2.6 | 250 | 650.00 | Prepare for person most knowledgeable deposition; review other litigation filings of Plaintiff A4EA. |
| 10/16/2018 | NPB | 8.6 | 250 | 2,150.00 | Attend and appear for deposition of Plaintiff Rutherford and related sameday preparation. |
| 10/17/2018 | CEG | 0.6 | 225 | 135.00 | Begin drafting detailed meet and confer letter following the deposition of plaintiff Rutherford.  Necessary because testimony revealed multiple deficiencies in written discovery responses and document productions warranting a motion to compel. |
| 10/17/2018 | CEG | 0.4 | 225 | 90.00 | Prepare to draft meet and confer letter following deposition of plaintiff Rutherford. Time spent reviewing notes taken of plaintiff's testimony during deposition for each deficiency to address in the letter. |
| 10/18/2018 | CEG | 1.9 | 225 | 427.50 | Approved legal research following deposition testimony of plaintiff Rutherford about plaintiff A4EA.  Testimony raised issues pertaining to whether A4EA is a viable party in this lawsuit, by virtue of its status as an unincorporated association.  Research necessary to determine whether to move to dismiss plaintiff A4EA. |
| 10/18/2018 | CEG | 0.1 | 225 | 22.50 | Revise deposition outline for plaintiff A4EA to include additional lines of questioning its website, membership, damages, and involvement in other cases. |
| 10/18/2018 | CEG | 0.7 | 225 | 157.50 | Revise detailed meet and confer letter following the deposition of plaintiff Rutherford. Necessary because testimony revealed multiple deficiencies in written discovery responses and document productions warranting a motion to compel. |
| 10/18/2018 | NPB | 1.1 | 250 | 275.00 | Revisions to objection to person most knowledgeable notice of Defendant, prepare for person most knowledgeable deposition of Plaintiff. |
| 10/19/2018 | NPB | 7.2 | 250 | 1,800.00 | Prepare for and conduct deposition of person most knowledgeable Assoication 4 Equal Access. |
| 10/19/2018 | CEG | 0.2 | 225 | 45.00 | Resume drafting detailed motion to compel meet and confer letter regarding the multiple deficiencies in written discovery admitted on the record by plaintiff Rutherford. |
| 10/19/2018 | CEG | 0.1 | 225 | 22.50 | Continue detailed meet and confer letter following the deposition of plaintiff Rutherford.  Necessary because testimony revealed multiple deficiencies in written discovery responses and document productions warranting a motion to compel. |
| 10/19/2018 | CEG | 1.3 | 225 | 292.50 | Draft status update to Claims Professional regarding recent developments in the case, including motion to strike affirmative defenses, depositions, taken, forthcoming depositions, and important dates. |
| 10/19/2018 | CEG | 1.2 | 225 | 270.00 | Resume drafting detailed motion to compel meet and confer letter regarding the multiple deficiencies in written discovery admitted on the record by plaintiff Rutherford.  Completion of introduction and conclusion sections. |
| 10/19/2018 | CEG | 0.5 | 225 | 112.50 | Analyze contents of CD produced by plaintiff Rutherford during his deposition as the person most knowledgeable for plaintiff A4EA.  Necessary to determine, while deposition is ongoing, additional areas of inquiry. |

| Date | Atty | Rate | Amount | Description |
|---|---|---|---|---|
| 10/22/2018 | CEG | 1.9 | 225 | 427.50 | Continue and complete drafting detailed motion to compel meet and confer letter regarding the multiple deficiencies in written discovery admitted on the record by plaintiff Rutherford.  Completion of introduction and conclusion sections. |
| 10/22/2018 | NPB | 3.2 | 250 | 800.00 | Prepare for and conduct deposition preparation for witnesses telephonically. Call experts Dubin and Gibbens re potential engagement and various research re works and background. |
| 10/23/2018 | NPB | 5.2 | 250 | 1,300.00 | Prepare for and attend depositions of Mr. T. Farley and Ms. K. Guillermo, continue research re potential experts for case and designation, quick review of rough transcript for meet and confer. |
| 10/25/2018 | NPB | 2.2 | 250 | 550.00 | Prepare for and conduct call with client and witness re deposition and case strategy, revise objections to person most knowledgeable notice. |
| 10/25/2018 | CEG | 0.1 | 225 | 22.50 | Phone call to opposing counsel to meet and confer in lieu of bringing discovery dispute to the Court.  Necessary to discuss October 11, 2018 letter discussing discovery deficiencies admitted in Rutherford's testimony. |
| 10/25/2018 | CEG | 0.1 | 225 | 22.50 | Draft and send follow up email to opposing counsel, T. Jankowski, following phone call attempting to meet and confer about October 11, 2018 letter discussing discovery deficiencies admitted in Rutherford's testimony. |
| 10/26/2018 | CEG | 0.1 | 225 | 22.50 | Phone call to opposing counsel attempting to meet and confer regarding October 11, 2018 letter discussing discovery deficiencies admitted in Rutherford's testimony.  No answer. Left voice message. |
| 10/26/2018 | CEG | 0.6 | 225 | 135.00 | Review and analysis of documents produced by K. Guillemero at deposition. Analysis necessary to determine whether responsive to opposing counsel requests for production of documents.  Analyzed 1 Power Point presentation (12 slides) 2 PDFs (training sign in sheets 2 pages) and analysis of plaintiff's set one document demands for responsiveness. |
| 10/26/2018 | CEG | 0.4 | 225 | 90.00 | Draft letter to opposing counsel agreeing to produce responsive documents produced by K. Guillermo. |
| 10/26/2018 | CEG | 0.4 | 225 | 90.00 | Draft and send email to opposing counsel conferring about dates for P. Filadari deposition. |
| 10/26/2018 | NPB | 2.9 | 250 | 725.00 | Prepare for and attend deposition of D. Koczur, including witness prep., additional research re experts and call with potential expert, correspondence re additional documents produced. |
| 10/28/2018 | CEG | 0.3 | 225 | 67.50 | Review and analysis of website analytics data provided by client.  Analysis necessary for class certification considerations. |
| 10/29/2018 | CEG | 0.3 | 225 | 67.50 | Analysis of Plaintiff Rutherford's responses to client's request for production of documents Set Three. |
| 10/29/2018 | CEG | 0.4 | 225 | 90.00 | Analysis of Plaintiff Rutherford's responses to client's special interrogatories Set Four. |
| 10/29/2018 | CEG | 0.1 | 225 | 22.50 | Analysis of Plaintiff A4EA's responses to client's request for production of documents Set Three. |
| 10/29/2018 | CEG | 0.1 | 225 | 22.50 | Analysis of Plaintiff A4EA's responses to client's special interrogatories Set Three. |
| 10/29/2018 | NPB | 0.9 | 250 | 225.00 | ████████████████████████████████ |
| 10/30/2018 | NPB | 2.3 | 250 | 575.00 | Draft Motion for Protective Order. |

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 10/30/2018 | NPB | 2.3 | 250 | 575.00 | Conduct witness preparation in advance of deposition; includes calls and preparation for calls with Mr. Mohrlock and Mr. Pitts. Emails with opposing counsel re additional depositiosn and discovery issues. |
| 10/30/2018 | NPB | 2.9 | 250 | 725.00 | Research regarding potential experts for matter, prepare for and conduct calls with experts M. Dubin, M. Gibbens, and GLG experts. |
| 10/30/2018 | CEG | 0.2 | 225 | 45.00 | Draft and send email to opposing counsel following up on meet and confer about outstanding discovery issues identified after Rutherford's deposition. |
| 10/30/2018 | AFO | 0.2 | 250 | 50.00 | Review and analysis of court scheduling orders for purposes of determining what discovery and discovery motions, if any, are needed prior to plaintiff's filing of motion for class certification. |
| 10/30/2018 | AFO | 1.1 | 250 | 275.00 | Revise and finalize objections to person most knowledge deposition notice to client. |
| 10/31/2018 | NPB | 3.6 | 250 | 900.00 | Prepare for and attend deposition of T. Mohrlock and H. Pitts, finalize and serve person most knowledgeable objections and continue to meet and confer. |
| 11/1/2018 | NPB | 1.6 | 250 | 400.00 | Continue draft of motion for protective order. |
| 11/1/2018 | NPB | 2 | 250 | 500.00 | Prepare for A. Thomas meeting. Travel to and from Bahia Hatel; attend deposition preparation of A. Thomas at Bahia Hotel; conference with client re class discovery issues. |
| 11/1/2018 | AFO | 0.4 | 250 | 100.00 | Phone conference with potential expert M. Dubin re: plaintiffs' allegations, his preliminary opinions, and his prior expert work. |
| 11/1/2018 | AFO | 0.6 | 250 | 150.00 | Phone conference with potential expert M. Dubin re: plaintiffs' allegations, his preliminary opinions, and his prior expert work. |
| 11/2/2018 | AFO | 0.2 | 250 | 50.00 | Correspondence to plaintiff's counsel re: timing of initiial expert designation and stipulation to continue exchange of initial expert reports and rebuttal expert designations and reports. |
| 11/2/2018 | AFO | 0.7 | 250 | 175.00 | Follow-up phone conference with potential expert M. Dubin re: his opinions and interpretation of federal regulations re: hotel accessibility. |
| 11/2/2018 | AFO | 0.4 | 250 | 100.00 | Strategy and analysis re: qualifications and number of experts to designate, as well as experts' preliminary opinions re: website accessibility. |
| 11/2/2018 | AFO | 0 | 250 | - | Receipt and review substantive voicemail from potential expert M. Dubin re: historical interpretation of and purpose of ADA regulation re: website accessibility (.1 at no charge). |
| 11/2/2018 | NPB | 3 | 250 | 750.00 | Attend and prepare for deposition of Andy Thomas. |
| 11/2/2018 | NPB | 2.9 | 250 | 725.00 | Draft Motion for Protective Order re 30(b)(6) defendant witness. |
| 11/5/2018 | NPB | 0.1 | 250 | 25.00 | Meet and confer email to opposing counsel re Rule 30(b)(6) deposition. |
| 11/5/2018 | AFO | 0.5 | 250 | 125.00 | Correspondence to E. Shaw re: upcoming expert designation, proposed experts, and timing for exchange of expert reports. |
| 11/6/2018 | AFO | 0.1 | 250 | 25.00 | Phone conference with M. Dubin confirming expert retention. |
| 11/6/2018 | AFO | 0.4 | 250 | 100.00 | Draft stipulation re: timing for exchange of initial expert designations, initial expert reports, and rebuttal expert designations and reports. |
| 11/6/2018 | NPB | 1.4 | 250 | 350.00 | Prepare for Rule 30(b)(6) deposition and our motion for protective order: Various calls with Judge Skomal's chambers and Judge Sammartino's clerk re discovery issues; draft detailed emails with opposing counsel re Rule 30(b)(6) deposition. Review court's order. Email update to client. |

| | | | | |
|---|---|---|---|---|
| 11/7/2018 NPB | 0.9 | 250 | 225.00 | Finalize motion for protective order for filing (.9). |
| 11/7/2018 NPB | 0.5 | 250 | 125.00 | Prepare for call with court; email with M. Loker (.1); review additional document production and produce, draft letter to opposing counsel re same. (.4). |
| 11/8/2018 NPB | 0.7 | 250 | 175.00 | ████████████████████████████████ |
| 11/8/2018 NPB | 1.2 | 250 | 300.00 | Revise Motion for protective order in light of recent procedural issues and further meet and confer with plaintiff.s counsel (.4).  Prepare for conference re discovery dispute (.8) |
| 11/8/2018 NPB | 1.3 | 250 | 325.00 | Prepare for and conduct deposition witness preparation of witnesses (1.0)   Call with A. Oxman re re depositions of Martin and Hartman (.3) |
| 11/8/2018 AFO | 0.5 | 250 | 125.00 | Phone conference with A. Puls, N. Bermudez, and P. Martin re: Mr. Hartman's deposition and preparation for same. |
| 11/8/2018 AFO | 0.5 | 250 | 125.00 | Draft expert witness designation. |
| 11/8/2018 AFO | 0.5 | 250 | 125.00 | Phone conference with A. Puls, N. Bermudez, and S. Hartman re: Mr. Hartman's deposition and preparation for same. |
| 11/8/2018 AFO | 0.5 | 250 | 125.00 | Strategy and analysis re: anticipated questions at upcoming deposition of S. Hartman and P. Martin. |
| 11/8/2018 AFO | 0.1 | 250 | 25.00 | Follow-up correspondence to plaintiff's counsel re: execution of stipulation extending deadline for exchange of initial expert reports. |
| 11/9/2018 AFO | 1.6 | 250 | 400.00 | Prepare for and attend deposition of P. Martin. |
| 11/9/2018 AFO | 0.3 | 250 | 75.00 | Multiple phone conferences with expert M. Dubin re: scope of expert testimony and whether client is in compliance with ADA regulations re: websites. |
| 11/9/2018 AFO | 0.3 | 250 | 75.00 | Phone conference with J. De Beers and A. Puls re: expert M. Dubin and whether to have Mr. Dubin testify in this matter. |
| 11/9/2018 AFO | 3.3 | 250 | 825.00 | Travel to San Diego from Los Angeles to attend and defend the depositions of S. Hartman and P. Martinez. |
| 11/9/2018 AFO | 2.1 | 250 | 525.00 | Prepare for and attend deposition of S. Hartman. |
| 11/9/2018 NPB | 0.1 | 250 | 25.00 | Review court minute order. |
| 11/11/2018 AFO | 3.3 | 250 | 825.00 | Travel fromSan Diego to Los Angeles following depositions of S. Hartman and P. Martinez. |
| 11/13/2018 NPB | 3.4 | 250 | 850.00 | Draft discovery dispute brief per Judge Berg's order. |
| 11/13/2018 PJG | 2.3 | 225 | 517.50 | Review, analyze, edit, and draft brief re: discovery dispute. |
| 11/14/2018 NPB | 1.1 | 250 | 275.00 | Review and finalize changes to court ordered brief on discovery (.8); review and analyze Plaintiff's brief (.3). |
| 11/15/2018 NPB | 1 | 250 | 250.00 | Prepare for and conduct call with J. De Beers and A. Puls re status of litigation. |
| 11/19/2018 NPB | 4.9 | 250 | 1,225.00 | Prepare for call with expert and call with expert M. Gibbens. (1.5) Prepare for call with expert and call with expert M. Dubin, review recordings. (2.5)   Research re opposing expert and other expert witness experience. (.5) Email to client re update on expert witness designation (.4). |
| 11/19/2018 LNH | 1.2 | 225 | 270.00 | Investigate and analyze related cases in preparation for motion opposing class certification. |
| 11/19/2018 LNH | 0.8 | 225 | 180.00 | Analyze second amended complaint in preparation for motion opposing class certification. |

| | | | | |
|---|---|---|---|---|
| 11/19/2018 LNH | 0.2 | 225 | 45.00 | Develop case strategy re: opposing motion for class certification. |
| 11/19/2018 LNH | 0.2 | 225 | 45.00 | Analyze draft email to client re: expert designations. |
| 11/19/2018 LNH | 0.5 | 225 | 112.50 | Evaluate information provided by M. Dubin and analyze next steps. |
| 11/19/2018 LNH | 1 | 225 | 225.00 | Analyze phone recordings of expert M. Dubin with various hotel staff discussing accessibility. |
| 11/19/2018 LNH | 1.3 | 225 | 292.50 | Telephone call with expert consultant M. Dubin re: opinion and discovery. |
| 11/19/2018 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with D. Harpaz re: further discussions of matter. |
| 11/20/2018 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with D. Harpaz re: experience as expert. |
| 11/20/2018 NPB | 3.8 | 250 | 950.00 | Prepare for and conduct call with expert Dubin; Prepare for and conduct call with another potential expert D. Harpaz re ADA issues. (1.0)  Review and prepare additional materials to be sent to Expert Gibbens and Expert Dubin. (1.3)  Review and research other potential experts for rebuttal designation (1.1).  Update client on Plaintiff's expert and research re same. (.4) |
| 11/21/2018 NPB | 1.5 | 250 | 375.00 | Finalize agreement with Dubin, prepare for and call with Dubin, emails with additional material (.6).  Review and research other potential experts for rebuttal designation (.9). |
| 11/26/2018 NPB | 1.4 | 250 | 350.00 | Prepare for (.8) and conduct call with expert Dubin (.3); email to expert Gibbens and prepare for additional materials to be sent (.4). |
| 11/27/2018 NPB | 1.9 | 250 | 475.00 | Prepare for and conduct calls with Expert Gibbens and calls with Expert Dubin (.8); prepare additional documentation and materials for expert review. (.8)  Prepare for and conduct update call to client re expert status. (.3) |
| 11/27/2018 LNH | 0.2 | 225 | 45.00 | Develop strategy for obtaining testimony and documents from Patrica Falardi. |
| 11/27/2018 LNH | 0.5 | 225 | 112.50 | Analyze options for deposition of Plaintiff's expert located in Virginia. |
| 11/28/2018 NPB | 1.7 | 250 | 425.00 | ███████████████████████████████ |
| 11/29/2018 NPB | 1.2 | 250 | 300.00 | Calls and emails with expert; prepare for call with Gibbens (.6) and analyze proposed report (.5). |
| 11/29/2018 NPB | 2.5 | 250 | 625.00 | Draft Opposition to Motion for Class Certification. |
| 11/29/2018 NPB | 1.5 | 250 | 375.00 | Review and analyze court order re 30(b)(6) deposition; email to client regarding strategy on deposition. |
| 11/29/2018 LNH | 0.3 | 225 | 67.50 | Analyze outcome of discovery dispute concerning limiting person most knowledgable deposition topics and impact on case. |
| 11/29/2018 LNH | 0.2 | 225 | 45.00 | Analyze correspondences with D. Harpaz re: expertise and background. |
| 11/30/2018 LNH | 0.3 | 225 | 67.50 | Revise strategy for obtaining documents from P. Filardi. |
| 11/30/2018 LNH | 0.2 | 225 | 45.00 | Draft correspondence to counselors concerning subpoena for P. Filardi. |
| 11/30/2018 LNH | 0.5 | 225 | 112.50 | Analyze expert report of M. Gibbens. |
| 11/30/2018 NPB | 3.2 | 250 | 800.00 | Prepare for (.8) calls with Gibbens and client re report (.8); analyze report (.8); prepare exhibits and related information for expert report (.8) |
| 12/3/2018 NPB | 0.8 | 250 | 200.00 | Correspond with Plaintiffs' counsel re change to 30(b)(6) order and lack of expert report; coordinate witness preparation;emails with client re depositions and analyze court's order. |
| 12/3/2018 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Loker re: person most knowledgable depositions and failure to provide expert report. |
| 12/3/2018 LNH | 0.2 | 225 | 45.00 | Further develop deposition strategy to obtain documents from P. Filardi. |

| | | | | |
|---|---|---|---|---|
| 12/5/2018 LNH | 0.1 | 225 | 22.50 | Correspond with all counsel re: deposition subpoena for P. Filardi deposition. |
| 12/5/2018 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Gibbens re: Plaintiff's failure to designate an expert. |
| 12/5/2018 LNH | 0.2 | 225 | 45.00 | Analyze correspondences with M. Loker re: requirements for depositions of persons most knowledgeable. |
| 12/5/2018 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Dubin re: Plaintiff's failure to designate an expert. |
| 12/5/2018 LNH | 0.2 | 225 | 45.00 | Analyze correspondences with J. De Beers re: strategy concerning class certification request of M. Loker. |
| 12/5/2018 LNH | 0.1 | 225 | 22.50 | Correspond with all counsel re: subpoena to P. Filardi. |
| 12/5/2018 LNH | 0.2 | 225 | 45.00 | Analyze correspondences with M. Loker re: opposing continuance of class certification motion. |
| 12/5/2018 NPB | 0.3 | 250 | 75.00 | Finalize letter to Accuchex regarding payroll provide inquiry. |
| 12/5/2018 NPB | 0.8 | 250 | 200.00 | Review and analyze proposed joint motion for continuance; emails regarding continuance; confer with client re same. |
| 12/5/2018 NPB | 1.5 | 250 | 375.00 | Prepare regarding 30(b)(6) Deposition of Andy Thomas and session in advance of deposition: review Thomas's deposition transcript, review and analyze topics and prepare materials for his review. |
| 12/5/2018 NPB | 0.4 | 250 | 100.00 | Emails to experts regarding lack of plaintiff expert report; review rebuttal requirements and update client. |
| 12/6/2018 NPB | 1.3 | 250 | 325.00 | Calls with court, review ex parte, begin to prepare opposition filing. |
| 12/6/2018 NPB | 0.9 | 250 | 225.00 | Prepare for meeting with D. Kozcur, review her deposition testimony. |
| 12/6/2018 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with J. De Beers and A. Puls re: ex parte motion for continuance of deadline and strategy for opposing. |
| 12/6/2018 LNH | 0.5 | 225 | 112.50 | Analyze ex parte motion for continuance of deadline for filing class certification motion and supporting papers. |
| 12/7/2018 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with all counsel re: deposition of P. Filardi. |
| 12/7/2018 LNH | 0.5 | 225 | 112.50 | Revise request for documents to P. Filardi. |
| 12/7/2018 LNH | 0.2 | 225 | 45.00 | Revise subpoena to P. Filardi requesting testimony and documents. |
| 12/7/2018 NPB | 2.8 | 250 | 700.00 | Draft opposition to Plaintiffs' ex parte motion. |
| 12/7/2018 NPB | 2 | 250 | 500.00 | Travel to and from Bahia Hotel for witness preparation of D. Koczur as Rule 30(b)(6). |
| 12/7/2018 PJG | 0.4 | 225 | 90.00 | Review, analyze, edit, and draft opposition to plaintiffs' motion to continue class certification deadline. |
| 12/10/2018 NPB | 0.7 | 250 | 175.00 | Finalize draft of opposition to ex parte. |
| 12/10/2018 NPB | 3.5 | 250 | 875.00 | Travel to and from Bahia Hotel for witness preparation of A. Thomas as 30(b)(6) witness; draft detailed summary email to A. Thomas regarding preparation and additional documents to review.  Draft letter to opposing counsel re change on topics and designated dates. |
| 12/10/2018 LNH | 0.2 | 225 | 45.00 | Revise opposition to Plaintiff's ex parte motion for continuance of deadline for filing class certification motion. |
| 12/10/2018 LNH | 0.1 | 225 | 22.50 | Revise declaration of N. Bermudez in support of opposition to ex parte motion for continuance of deadline for filing class certification motion. |
| 12/11/2018 LNH | 0.2 | 225 | 45.00 | Analyze correspondences with M. Loker objecting to subpoena of P. Filardi. |

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 12/11/2018 | LNH | 0.1 | 225 | 22.50 | Analyze minute order from the Court allowing for short class certification filing deadline continuance. |
| 12/11/2018 | LNH | 0.2 | 225 | 45.00 | Analyze Court Order granting in part and denying in part motion to continue class certification filing deadline. |
| 12/12/2018 | LNH | 0.8 | 225 | 180.00 | Evaluate merits of M. Loker objections to subpoena of P. Filardi. |
| 12/13/2018 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences re: deposition transcript of A. Thomas. |
| 12/13/2018 | LNH | 0.1 | 225 | 22.50 | Correspond with M. Loker re: subpoena of P. Filardi and discovery dispute. |
| 12/13/2018 | LNH | 0.2 | 225 | 45.00 | Analyze deposition notices for persons most knowledgable and objections thereto. |
| 12/13/2018 | NPB | 0.8 | 250 | 200.00 | Draft objection to rule 30(b)(6) depositions; draft letter to opposing counsel. |
| 12/13/2018 | PJG | 1.8 | 225 | 405.00 | Research case law and administrative guidance re: ascertainability and numerosity in class certification as they relate to the consideration of whether to provide google report of website visits. |
| 12/14/2018 | PJG | 0.6 | 225 | 135.00 | Continue research re: class certification issues related to google report. |
| 12/17/2018 | PJG | 1.4 | 225 | 315.00 | Finish researching case law re: ascertainability and numerosity with respect to whether the google report should be produced. |
| 12/17/2018 | NPB | 1.3 | 250 | 325.00 | Various preparation for Rule 30(b)(6) deposition, call with A. Thomas.  Review visitor data and analyze. |
| 12/18/2018 | NPB | 2.3 | 250 | 575.00 | Various preparation for Rule 30(b)(6) deposition, emails with opposing counsel, draft supplemental Objection to deposition.  Review visitor data and analyze. |
| 12/18/2018 | LNH | 0.3 | 225 | 67.50 | Analyze correspondences re: outcome of depositions and issues raised by M. Loker. |
| 12/19/2018 | LNH | 0.5 | 225 | 112.50 | Develop case strategy re: motion for summary judgment and opposition to class certification. |
| 12/20/2018 | NPB | 2.5 | 250 | 625.00 | Various preparation for Rule 30(b)(6) deposition of Andy Thomas; attend/defend deposition. |
| 12/20/2018 | NPB | 1.2 | 250 | 300.00 | Begin draft of motion for summary judgment outline. |
| 12/26/2018 | LNH | 2.1 | 225 | 472.50 | Outline testimony of J. Rutherford relevant to motion for summary judgment. |
| 12/27/2018 | LNH | 3.9 | 225 | 877.50 | Analyze transcript of J. Rutherford in preparation for drafting motion for summary judgment and opposition to class certification. |
| 12/27/2018 | NPB | 0.8 | 250 | 200.00 | Prepare for and call with L. Casillas re motion for summary judgment, Opposition to Class Cert and potential Rule 11 motion. |
| 12/28/2018 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Loker re: release of deposition transcript for Kozcur. |
| 1/2/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Loker re: deposition of A. Thomas. |
| 1/3/2019 | LNH | 1.6 | 225 | 360.00 | Analyze deposition testimony of R. Mahrlock for support re: our motion for summary judgment and opposition to class certification. |
| 1/3/2019 | LNH | 0.8 | 225 | 180.00 | Summarize deposition testimony of R. Mahrlock supporting our motion for summary judgment and opposition to class certification. |

| Date | | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/3/2019 | LNH | 2.2 | 225 | 495.00 | Analyze deposition testimony of person most knowledgable for the Association 4 Equal Access for testimony supporting our motion for summary judgment and opposition to class certification. |
| 1/3/2019 | LNH | 1.4 | 225 | 315.00 | Summarize deposition testimony of person most knowledgable for Association 4 Equal Access testimony supporting our motion for summary judgment and opposition to class certification. |
| 1/4/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with A. Puls re: motion for summary judgment strategy. |
| 1/7/2019 | LNH | 0.5 | 225 | 112.50 | Develop strategy for disputing late expert report as requested by N. Bermudez. |
| 1/7/2019 | LNH | 1.1 | 225 | 247.50 | Analyze deposition testimony of R. Farley for support re: our motion for summary judgment and opposition to class certification. |
| 1/7/2019 | LNH | 0.7 | 225 | 157.50 | Summarize deposition testimony of R. Farley for support re: our motion for summary judgment and opposition to class certification. |
| 1/7/2019 | LNH | 0.3 | 225 | 67.50 | Draft summary of position of M. Loker re: withdrawal of late expert report. |
| 1/7/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from M. Loker re: expert depositions. |
| 1/7/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Loker re: excluding experts due to late reports. |
| 1/7/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Loker re: late expert report. |
| 1/7/2019 | LNH | 1.1 | 225 | 247.50 | Draft summary of arguments re: late expert report issue. |
| 1/7/2019 | LNH | 0.9 | 225 | 202.50 | Analyze file and select documents supportive of position that expert report was late. |
| 1/7/2019 | LNH | 0.1 | 225 | 22.50 | Telephone call with M. Loker re: withdrawal of late expert report. |
| 1/8/2019 | LNH | 0.7 | 225 | 157.50 | Develop arguments for motion to exclude experts. |
| 1/8/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Gibbens re: deposition. |
| 1/8/2019 | LNH | 1.5 | 225 | 337.50 | Review file for evidence supporting motion to exclude experts. |
| 1/8/2019 | LNH | 1.5 | 225 | 337.50 | Analyze expert report of M. Gibbions and supporting documentation in preparation for drafting motion for summary judgment based thereon. |
| 1/8/2019 | NPB | 0.7 | 250 | 175.00 | Email to expert; emails re late report (.3).  Analyze report. (.4) |
| 1/9/2019 | LNH | 2 | 225 | 450.00 | Draft joint motion re: discovery dispute. |
| 1/9/2019 | LNH | 0.5 | 225 | 112.50 | Draft portion of outline of motion for summary judgment re: accessibility information claimed insufficient by Plaintiffs. |
| 1/9/2019 | LNH | 0.6 | 225 | 135.00 | Draft portion of outline of motion for summary judgment re: accessibility information available at Bahia website. |
| 1/9/2019 | LNH | 2.5 | 225 | 562.50 | Draft portion of outline of motion for summary judgment re: websites comply with the ADA. |
| 1/9/2019 | LNH | 0.6 | 225 | 135.00 | Draft portion of outline of motion for summary judgment re: accessibility information available on Torrey Pines website. |
| 1/9/2019 | LNH | 0.6 | 225 | 135.00 | Draft portion of outline of motion for summary judgment re: accessibility information available at Catamaran website. |
| 1/9/2019 | LNH | 2 | 225 | 450.00 | Draft portion of outline of motion for summary judgment re: ADA does not regulate website content. |
| 1/9/2019 | LNH | 0.2 | 225 | 45.00 | Draft update to client re: class certification status. |
| 1/10/2019 | LNH | 0.2 | 225 | 45.00 | Correspond with A. Puls re: joint motion re: expert dispute and Plaintiffs' expert report. |
| 1/10/2019 | LNH | 0.3 | 225 | 67.50 | Review and revise joint motion re: expert dispute. |

| | | | | |
|---|---|---|---|---|
| 1/10/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence from A. Puls re: joint motion re: expert dispute. |
| 1/10/2019 LNH | 0.2 | 225 | 45.00 | Analyze and select documents supporting joint motion re: expert dispute. |
| 1/10/2019 LNH | 0.2 | 225 | 45.00 | Revise client update to include information re: discovery dispute. |
| 1/10/2019 LNH | 0.8 | 225 | 180.00 | Revise client update to include outline of motion for summary judgment arguments. |
| 1/10/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Loker re: expert depositions. |
| 1/10/2019 LNH | 0.3 | 225 | 67.50 | Correspond with M. Loker re: joint motion for determination of discovery dispute. |
| 1/10/2019 LNH | 0.4 | 225 | 90.00 | Correspond further with A. Puls re: strategic value in seeking fees. |
| 1/10/2019 LNH | 0.7 | 225 | 157.50 | Revise joint motion to include additional arguments requested by A. Puls. |
| 1/10/2019 LNH | 0.3 | 225 | 67.50 | Analyze further correspondences from A. Puls re: expert discovery dispute. |
| 1/10/2019 NPB | 1.2 | 250 | 300.00 | Review outline on motion for summary judgment; initial review of Plaintiff's motion for class certification; review and revise Joint Motion. |
| 1/11/2019 NPB | 0.2 | 250 | 50.00 | Emails with opposing counsel re expert issues. |
| 1/11/2019 LNH | 1 | 225 | 225.00 | Summarize deposition testimony of A. Thomas for support re: our motion for summary judgment and opposition to class certification. |
| 1/11/2019 LNH | 1.2 | 225 | 270.00 | Analyze deposition testimony of D. Koczur for support re: our motion for summary judgment and opposition to class certification. |
| 1/11/2019 LNH | 1.6 | 225 | 360.00 | Analyze deposition testimony of A. Thomas for support re: our motion for summary judgment and opposition to class certification. |
| 1/11/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence from M. Loker re: proposed order for class certification. |
| 1/11/2019 LNH | 0.1 | 225 | 22.50 | Evaluate additional arguments for opposition to class certification motion suggested by N. Bermundez. |
| 1/11/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Loker re: status conference rescheduled. |
| 1/11/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence from M. Loker re: upcoming status conference. |
| 1/11/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with all counsel re: deposition of Mr. Thomas. |
| 1/11/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with A. Puls re: motion for class certification status and deadlines. |
| 1/14/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Gibbens re: deposition status. |
| 1/14/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Loker re: expert deposition issues. |
| 1/14/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Gibbens re: upcoming deposition. |
| 1/14/2019 LNH | 0.8 | 225 | 180.00 | Summarize deposition testimony of D. Koczur for support re: our motion for summary judgment and opposition to class certification. |
| 1/14/2019 LNH | 0.9 | 225 | 202.50 | Analyze deposition testimony of H. Pitts for support re: our motion for summary judgment and opposition to class certification. |
| 1/14/2019 LNH | 0.7 | 225 | 157.50 | Summarize deposition testimony of H. Pitts for support re: our motion for summary judgment and opposition to class certification. |
| 1/14/2019 LNH | 1.6 | 225 | 360.00 | Analyze deposition testimony of K. Guillermo for support re: our motion for summary judgment and opposition to class certification. |
| 1/14/2019 LNH | 0.8 | 225 | 180.00 | Summarize deposition testimony of K. Guillermo for support re: our motion for summary judgment and opposition to class certification. |
| 1/14/2019 LNH | 1 | 225 | 225.00 | Analyze deposition testimony of P. Martin for support re: our motion for summary judgment and opposition to class certification. |
| 1/15/2019 LNH | 2.8 | 225 | 630.00 | Analyze Plaintiffs' class certification motion and supporting documentation. |

| | | | | |
|---|---|---|---|---|
| 1/15/2019 | LNH | 0.6 | 225 | 135.00 | Summarize deposition testimony of P. Martin for support re: our motion for summary judgment and opposition to class certification. |
| 1/15/2019 | LNH | 0.9 | 225 | 202.50 | Analyze deposition testimony of S. Hartman for support re: our motion for summary judgment and opposition to class certification. |
| 1/15/2019 | LNH | 0.7 | 225 | 157.50 | Summarize deposition testimony of S. Hartman for support re: our motion for summary judgment and opposition to class certification. |
| 1/15/2019 | LNH | 1 | 225 | 225.00 | Evaluate arguments of Plaintiffs supporting they have standing to represent the class. |
| 1/15/2019 | LNH | 0.2 | 225 | 45.00 | Develop strategy for deposition of M. Gibbens. |
| 1/15/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Loker re: expert deposition status. |
| 1/15/2019 | NPB | 0.2 | 250 | 50.00 | Communication with Mr. Gibbens (expert) as well as Mr. Loker re deposition.  Review errata sheet from witness. |
| 1/16/2019 | LNH | 0.7 | 225 | 157.50 | Outline arguments re: Plaintiffs' do not have standing to represent the class. |
| 1/16/2019 | LNH | 0.6 | 225 | 135.00 | Draft analysis of organizational standing requirements. |
| 1/16/2019 | LNH | 1.4 | 225 | 315.00 | Draft analysis re: Plaintiffs have not meet the requirements for article III standing because they have not suffered any harm. |
| 1/16/2019 | LNH | 2.1 | 225 | 472.50 | Draft analysis re: Plaintiffs have not met the requirements for article III standing because they have not encountered any barriers. |
| 1/16/2019 | LNH | 0.4 | 225 | 90.00 | Outline argument re: Plaintiffs do not have standing because they have not been injured. |
| 1/16/2019 | LNH | 1.6 | 225 | 360.00 | Revise analysis that Plaintiffs have not met the requirements for article III standing. |
| 1/17/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from M. Loker re: expert report. |
| 1/17/2019 | LNH | 0.6 | 225 | 135.00 | Analyze M. Loker's argument and supporting exhibits opposing our motion to exclude Plaintiffs' expert. |
| 1/17/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from M. Loker re: supplemental expert report. |
| 1/17/2019 | LNH | 0.1 | 225 | 22.50 | Analyze supplemental expert report provided by M. Loker. |
| 1/17/2019 | LNH | 0.5 | 225 | 112.50 | Draft declaration of compliance with meet and confer requirements as required by local rules. |
| 1/17/2019 | LNH | 0.1 | 225 | 22.50 | Draft notice of appearance as required by Court. |
| 1/17/2019 | LNH | 0.8 | 225 | 180.00 | Evaluate arguments of Plaintiffs concerning the issues not being moot. |
| 1/17/2019 | LNH | 1.7 | 225 | 382.50 | Draft analysis re: Plaintiffs claims are moot. |
| 1/17/2019 | LNH | 0.8 | 225 | 180.00 | Begin drafting analysis re: Evans Hotels booking practices comply with the ADA. |
| 1/18/2019 | LNH | 0.2 | 225 | 45.00 | Analyze email from A. Puls re: class certification opposition support. |
| 1/18/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from A. Jacobus re: request for settlement agreement. |
| 1/18/2019 | LNH | 1.8 | 225 | 405.00 | Draft analysis re: Evans Hotels' websites comply with the ADA. |
| 1/18/2019 | LNH | 2.8 | 225 | 630.00 | Continue drafting analysis re: Evans Hotels' booking practices comply with the ADA. |
| 1/18/2019 | NPB | 2.5 | 250 | 625.00 | Review Plaintiff's deposition and draft detailed outline for motion for summary judgment/Opposition to Class Cert. |
| 1/22/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondence with A. Puls re: drafts of opposition papers and supporting papers. |
| 1/22/2019 | LNH | 0.6 | 225 | 135.00 | Evaluate arguments of Plaintiffs supporting class meets typicality requirement. |

| | | | | |
|---|---|---|---|---|
| 1/22/2019 LNH | 0.7 | 225 | 157.50 | Evaluate arguments of Plaintiffs supporting class meets numerosity requirements. |
| 1/22/2019 LNH | 2.6 | 225 | 585.00 | Draft argument re: numerosity prerequisite not met. |
| 1/22/2019 LNH | 0.8 | 225 | 180.00 | Evaluate arguments of Plaintiffs supporting class meets commonality requirements. |
| 1/22/2019 LNH | 2.3 | 225 | 517.50 | Draft argument re: commonality requirement not met. |
| 1/22/2019 LNH | 1.9 | 225 | 427.50 | Draft argument re: typicality requirements not met. |
| 1/23/2019 LNH | 0.6 | 225 | 135.00 | Evaluate Plaintiffs argument re: adequacy of class representative. |
| 1/23/2019 LNH | 1.7 | 225 | 382.50 | Draft analysis re: class representative not adequate. |
| 1/23/2019 LNH | 2.5 | 225 | 562.50 | Revise argument re: provisions of 23(a) not met. |
| 1/24/2019 LNH | 0.2 | 225 | 45.00 | Analyze correspondences with A. Puls re: strategy for opposition to class certification motion and motion for summary judgment. |
| 1/25/2019 LNH | 1.5 | 225 | 337.50 | Draft factual background re: Bahai. |
| 1/25/2019 LNH | 1.3 | 225 | 292.50 | Draft factual background re: Torrey Pines. |
| 1/25/2019 LNH | 1.4 | 225 | 315.00 | Draft factual background re: Catamaran. |
| 1/25/2019 LNH | 1.4 | 225 | 315.00 | Draft factual background re: reliability of J. Rutherford. |
| 1/28/2019 LNH | 0.3 | 225 | 67.50 | ████████████████████████████ |
| 1/28/2019 LNH | 1.5 | 225 | 337.50 | Draft factual background re: Rutherford's claims for motion for summary judgment. |
| 1/28/2019 LNH | 2.4 | 225 | 540.00 | Draft factual background section of motion for class certification. |
| 1/28/2019 LNH | 0.6 | 225 | 135.00 | Draft introduction section of motion for class certification. |
| 1/28/2019 LNH | 0.5 | 225 | 112.50 | Draft introduction section of motion for summary judgment. |
| 1/28/2019 LNH | 0.3 | 225 | 67.50 | Review and revise general factual statement in motion for summary judgment re: Evans Hotels commitment to accessibility to incorporation additional evidence. |
| 1/28/2019 LNH | 0.4 | 225 | 90.00 | Review and revise fact section re: booking practices of Bahai in motion for summary judgment to incorporate additional evidence. |
| 1/28/2019 LNH | 0.4 | 225 | 90.00 | Review and revise fact section re: booking practices of the Catamaran in motion for summary judgment to incorporate additional evidence. |
| 1/28/2019 LNH | 1.1 | 225 | 247.50 | Review and revise fact section re: James Rutherford's background information in motion for summary judgment to incorporate additional evidence. |
| 1/28/2019 NPB | 2.2 | 250 | 550.00 | Review and analyze motion for class certification; revise draft of opposition. |
| 1/28/2019 NPB | 1.2 | 250 | 300.00 | ████████████████████████████ |
| 1/29/2019 NPB | 2.9 | 250 | 725.00 | Draft section in Opposition to Motion for Summary judgment related to numerosity and analyze prior cases in Southern District of CA. |
| 1/29/2019 NPB | 0.7 | 250 | 175.00 | Plan and prepare for call with A. Pulse; conference with L. Casillas re motion for summary judgment and Oppositions Strategy. |
| 1/29/2019 NPB | 0.6 | 250 | 150.00 | Call with A. Puls regarding matter. |
| 1/29/2019 LNH | 0.4 | 225 | 90.00 | Telephone call with A. Puls re: strategy for motion for summary judgment and opposition to motion for class certification. |
| 1/29/2019 LNH | 2.7 | 225 | 607.50 | Revise motion for summary judgment argument re: compliance with ADA by Evans Hotels to incorporate additional evidence. |

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/29/2019 | LNH | 2 | 225 | 450.00 | Revise opposition for motion to class certification argument re: no concrete harm to incorporate additional case law and evidence. |
| 1/30/2019 | LNH | 1.2 | 225 | 270.00 | Review and revise opposition to class certification argument re: Plaintiffs' failure to encounter any accessibility barriers to incorporate additional case law and evidence. |
| 1/30/2019 | LNH | 0.8 | 225 | 180.00 | Review and revise opposition to class certification argument re: compliance with ADA to incorporate additional evidence. |
| 1/30/2019 | LNH | 0.9 | 225 | 202.50 | Review and revise opposition to class certification argument re: failure of Plaintiffs to meet numerosity requirement to incorporation additional authority and evidence. |
| 1/30/2019 | LNH | 0.4 | 225 | 90.00 | Review and revise opposition to class certification argument re: failure of Plaintiffs to meet commonality requirement to incorporation additional authority and evidence. |
| 1/30/2019 | LNH | 0.6 | 225 | 135.00 | Review and revise opposition to class certification argument re: failure of Plaintiffs to meet typicality requirement to incorporation additional authority and evidence. |
| 1/30/2019 | LNH | 0.9 | 225 | 202.50 | Review and revise opposition to class certification argument re: failure of Plaintiffs to meet adequacy requirement to incorporation additional authority and evidence. |
| 1/30/2019 | LNH | 0.6 | 225 | 135.00 | Begin evaluating Plaintiffs' arguments re: class predominancy requirements of Rule 23(b) met. |
| 1/30/2019 | LNH | 1.6 | 225 | 360.00 | Evaluate Plaintiffs argument re: class superiority requirements of Rule 23(b) met. |
| 1/30/2019 | LNH | 1.4 | 225 | 315.00 | Draft argument re: class superiority requirements not met. |
| 1/30/2019 | NPB | 1.5 | 250 | 375.00 | Analyze prior discovery responses for motion for summary judgement; draft factual background portion. |
| 1/31/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from M. Loker re: expert deposition of M. Gibbions. |
| 1/31/2019 | LNH | 0.9 | 225 | 202.50 | Continue evaluating Plaintiffs' arguments re: class predominancy requirements of Rule 23(b) met. |
| 1/31/2019 | LNH | 1.3 | 225 | 292.50 | Draft argument re: Plaintiffs have failed to meet class predminency requirements. |
| 1/31/2019 | LNH | 1.8 | 225 | 405.00 | Review and revise motion for summary judgment for content and flow. |
| 1/31/2019 | LNH | 3.2 | 225 | 720.00 | Review and revise opposition to class certification motion for content and flow. |
| 2/1/2019 | LNH | 0.3 | 225 | 67.50 | Analyze opportunity for additional briefing. |
| 2/1/2019 | LNH | 0.5 | 225 | 112.50 | Analyze correspondences with J. De Beers re: class certification opposition. |
| 2/1/2019 | LNH | 0.6 | 225 | 135.00 | Revise first draft of motion for summary judgment prior to sending to clients for review. |
| 2/1/2019 | LNH | 0.6 | 225 | 135.00 | Revise first draft of opposition to motion for class certification prior to sending to clients for review. |
| 2/1/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Gibbions re: deposition. |
| 2/1/2019 | NPB | 6.5 | 250 | 1,625.00 | Revise draft of motion for summary judgment (2); revise draft of opposition to class certification and analyze discovery responses and deposition transcripts of witnesses for testimony and potential reply arguments (4.5). |
| 2/3/2019 | LNH | 0.3 | 225 | 67.50 | Review correspondences with J. Da Beers re: revisions to opposition for class certification. |

| | | | | |
|---|---|---|---|---|
| 2/4/2019 LNH | 0.3 | 225 | 67.50 | Telephone call with A. Puls and J. De Beers re: revisions to opposition to class certification. |
| 2/4/2019 LNH | 0.3 | 225 | 67.50 | Develop strategy for addressing requests of A. Puls and J. De Beers in opposition to class certification. |
| 2/4/2019 LNH | 1.6 | 225 | 360.00 | Analyze revised opposition to class certification provided by A. Puls and J. De Beers. |
| 2/4/2019 LNH | 0.8 | 225 | 180.00 | Analyze authority from client requested to be included in superiority section of opposition to class certification. |
| 2/4/2019 LNH | 1.6 | 225 | 360.00 | Revise superiority section of opposition to class certification to address information and arguments requested by J. De Beers. |
| 2/4/2019 LNH | 0.4 | 225 | 90.00 | Analyze argument from N. Bermudez re: manageability of class and provide additional authority relevant to same. |
| 2/4/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Gibbens re: depositions. |
| 2/4/2019 LNH | 0.1 | 225 | 22.50 | Analyze revised outline of opposition to motion for class certification proposed by N. Bermudez in preparation for call with client regarding the same. |
| 2/4/2019 LNH | 0.5 | 225 | 112.50 | Further call with J. De Beers and A. Puls re: requested revisions to opposition to class certification motion. |
| 2/4/2019 LNH | 0.3 | 225 | 67.50 | Further develop strategy for incorporating client requests into opposition to class certification motion. |
| 2/4/2019 NPB | 5.1 | 250 | 1,275.00 | Review and analyze changes to brief, draft revisions to brief (4.3); conferences with client re same (.5); Draft NPB declaration and A. Thomas Declarations (.5) Emails with expert Gibbons re next steps. (.1) |
| 2/5/2019 NPB | 6 | 250 | 1,500.00 | Review and analyze changes to brief, draft revisions to brief (4.9); conferences with client re same (.3); Update NPB declaration, A. Thomas Declarations, begin drafts of Koczur and Guillermo (.8) |
| 2/5/2019 LNH | 0.8 | 225 | 180.00 | Revise numerousity online booking class argument. |
| 2/5/2019 LNH | 0.8 | 225 | 180.00 | Revise typicality online booking class argument. |
| 2/5/2019 LNH | 0.8 | 225 | 180.00 | Revise commonality online booking class argument. |
| 2/5/2019 LNH | 0.4 | 225 | 90.00 | Analyze revised fact section drafted by A. Puls. |
| 2/5/2019 LNH | 0.5 | 225 | 112.50 | Conference call with J. DeBeers and A. Puls re: further changes to opposition to motion for class certification. |
| 2/5/2019 LNH | 0.6 | 225 | 135.00 | Correspond multiple times with A. Puls and J. De Beers re: revised opposition to motion for class certification. |
| 2/5/2019 LNH | 0.8 | 225 | 180.00 | Revise typicality argument for online booking class. |
| 2/5/2019 LNH | 1 | 225 | 225.00 | Revise brief structure to address client changes and Court rule restrictions. |
| 2/5/2019 LNH | 0.4 | 225 | 90.00 | Revise opposition to class certification to incorporate online booking predominance argument revisions from A. Puls. |
| 2/6/2019 LNH | 0.6 | 225 | 135.00 | Revise argument re Court to should dismiss claims for lack of standing in opposition to motion for class certification to comply with Court rules. |
| 2/6/2019 LNH | 0.4 | 225 | 90.00 | Revise and restructure argument re: claims moot for website viewing class to comply with Court rules. |
| 2/6/2019 LNH | 0.4 | 225 | 90.00 | Revise and restructure argument re: plaintiffs' cannot certify a damages class to comply with Court rules. |
| 2/6/2019 LNH | 0.4 | 225 | 90.00 | Revise and restructure argument re: plaintiffs' cannot establish superiority to comply with Court rules. |

| Date | | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 2/6/2019 | LNH | 1.6 | 225 | 360.00 | Revise and restructure argument re: plaintiffs' cannot establish commonality or predominance factors to comply with Court rules. |
| 2/6/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from A. Puls re: requested revisions to numerosity section of brief. |
| 2/6/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from J. De Beers re: requested revisions to superiority section of brief. |
| 2/6/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from A. Puls re: requested revisions to declarations of Guillermo and Koczur. |
| 2/6/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from A. Puls re: further requested revisions to numerosity section of brief. |
| 2/6/2019 | LNH | 0.1 | 225 | 22.50 | Analyze Court Order re: expert dispute. |
| 2/6/2019 | LNH | 0.5 | 225 | 112.50 | Revise and restructure argument re: plaintiffs' have not met numerousity factor to comply with Court rules. |
| 2/6/2019 | LNH | 0.3 | 225 | 67.50 | Revise argument re: plaintiffs' are not adequate representative to comply with Court rules. |
| 2/6/2019 | LNH | 0.2 | 225 | 45.00 | Revise and restructure argument re: plaintiffs claims are not typical of online booking class to comply with Court rules. |
| 2/6/2019 | LNH | 0.4 | 225 | 90.00 | Revise and restructure argument re: plaintiffs claims are not typical of website viewing class to comply with Court rules. |
| 2/6/2019 | LNH | 0.6 | 225 | 135.00 | Revise and restructure argument re: plaintiffs claims are not typical of all disabled persons to comply with Court rules. |
| 2/6/2019 | LNH | 0.3 | 225 | 67.50 | Analyze correspondences with A. Puls re: additional information for opposition to motion for class certification. |
| 2/6/2019 | LNH | 0.2 | 225 | 45.00 | Revise introduction of opposition to motion for class certification to comply with Court rules. |
| 2/6/2019 | LNH | 0.4 | 225 | 90.00 | Revise description of hotel properties at issue in opposition to motion for class certification to comply with Court rules. |
| 2/6/2019 | LNH | 0.7 | 225 | 157.50 | Revise description of hotel reservation services in opposition to motion for class certification to comply with Court rules. |
| 2/6/2019 | LNH | 0.8 | 225 | 180.00 | Revise description of hotels reservation process in opposition to motion for class certification to comply with Court rules. |
| 2/6/2019 | NPB | 6.9 | 250 | 1,725.00 | Review and analyze changes to brief, draft revisions to brief (4.9); conferences with client re same (.2); Update declarations of NPB, A. Thomas, Koczur and Guillermo (1.8) |
| 2/7/2019 | NPB | 7.5 | 250 | 1,875.00 | Draft changes to Opposition for Class Certification; update declarations of NPB, A. Thomas, Koczur and Guillermo. Analyze discovery responses and deposition transcripts to confirm citations to Opposition. |
| 2/7/2019 | LNH | 0.5 | 225 | 112.50 | Analyze numerous correspondences with A. Puls re: evidence supporting opposition. |
| 2/7/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences with J. De Beers re: additional revisions to opposition. |
| 2/8/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences with J. De Beers and A. Puls re: outcome of discovery dispute re: experts. |
| 2/8/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with M. Loker re: hearing on expert discovery issue. |
| 2/8/2019 | LNH | 0.2 | 225 | 45.00 | ████████████████████ |

| Date | Atty | Rate | Amount | Description |
|---|---|---|---|---|
| 2/8/2019 | NPB | 0.8 | 250 | 200.00 | Prepare for and attend discovery conference with Judge Berg. |
| 2/11/2019 | NPB | 0.1 | 250 | 25.00 | Emails with expert re deposition. |
| 2/11/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Gibbens re: deposition issues. |
| 2/13/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences with M. Loker re: status call. |
| 2/13/2019 | NPB | 0.2 | 250 | 50.00 | Prepare for status conference with court; emails with opposing counsel. |
| 2/14/2019 | LNH | 0.1 | 225 | 22.50 | Analyze Court Order re: expert discovery dispute. |
| 2/15/2019 | LNH | 0.8 | 225 | 180.00 | Analyze reply brief to motion for class certification. |
| 2/15/2019 | NPB | 0.9 | 250 | 225.00 | Review and analyze plaintiffs' reply brief. |
| 2/18/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with A. Puls re: inquiries of K. Ruf. |
| 2/18/2019 | LNH | 0.1 | 225 | 22.50 | Analyze order from the Court re: hearing. |
| 2/18/2019 | LNH | 0.3 | 225 | 67.50 | Analyze correspondences with A. Puls re: motion for summary judgment and hearing on motion for class certification. |
| 2/18/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences from K. Ruf re: new Rutherford complaints. |
| 2/20/2019 | LNH | 0.8 | 225 | 180.00 | Analyze new decision in eleventh district involving similar issue. |
| 2/20/2019 | LNH | 0.4 | 225 | 90.00 | Telephone call with A. Puls and J. DeBeers re: motion for summary judgment strategy and status of district attorney investigation. |
| 2/20/2019 | NPB | 1.8 | 250 | 450.00 | ███████████████████ |
| 3/4/2019 | NPB | 0.4 | 250 | 100.00 | ███████████████████ |
| 3/5/2019 | NPB | 0.2 | 250 | 50.00 | Draft update to client regarding status of investigation. |
| 3/5/2019 | LNH | 0.1 | 225 | 22.50 | ███████████████████ |
| 3/13/2019 | NPB | 1.3 | 250 | 325.00 | Draft budget and next steps in litigation. |
| 3/25/2019 | NPB | 0.4 | 250 | 100.00 | ███████████████████ |
| 3/25/2019 | LNH | 0.1 | 225 | 22.50 | |
| 4/5/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from M. Loker re: case management conference. |
| 4/5/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences from Court re: case management conference. |
| 4/5/2019 | LNH | 0.1 | 225 | 22.50 | ███████████████████ |
| 4/5/2019 | NPB | 0.4 | 250 | 100.00 | ███████████████████ |
| 4/25/2019 | NPB | 0.5 | 250 | 125.00 | |
| 4/25/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with J. De Beers and A. Puls re: developments with related case against plaintiff and counsel. |
| 4/26/2019 | NPB | 1.5 | 250 | 375.00 | ███████████████████ |
| 4/29/2019 | NPB | 3 | 250 | 750.00 | Draft meet and confer email (.2); draft Ex Parte Motion (2.3); review and analyze Order re Motion to Strike and OSC (.3); email communication to client and carrier (.2). |
| 4/29/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from J. DeBeers re: Order. |
| 4/29/2019 | LNH | 0.3 | 225 | 67.50 | Analyze order on motion to strike affirmative defenses and order for Plaintiffs' to show cause why matter should not be dismissed. |
| 4/29/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences re: litigation strategy and request to provided supplemental opposition to class certification. |
| 4/29/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with S. Abrams re: case developments. |

| Date | Atty | Hrs | Rate | Amount | Description |
|---|---|---|---|---|---|
| 4/30/2019 | LNH | 0.2 | 225 | 45.00 | Review and revise ex parte application requesting supplemental briefing of class certification motion in light of new litigation. |
| 5/1/2019 | NPB | 0.5 | 250 | 125.00 | |
| 5/2/2019 | NPB | 0.3 | 250 | 75.00 | |
| 5/2/2019 | LNH | 0.5 | 225 | 112.50 | |
| 5/2/2019 | LNH | 0.3 | 225 | 67.50 | |
| 5/2/2019 | LNH | 0.5 | 225 | 112.50 | |
| 5/3/2019 | LNH | 1.7 | 225 | 382.50 | Revise supplemental brief in opposition to motion for class certification. |
| 5/3/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with J. De Beers and A. Puls re: supplemental brief and ex parties. |
| 5/3/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with M. Gibbens re: status of matter. |
| 5/3/2019 | NPB | 3.2 | 250 | 800.00 | Draft supplemental brief re Opposition to Class Certification. |
| 5/8/2019 | NPB | 4.4 | 250 | 1,100.00 | Prepare for and conduct call with client re status of case, research re client questions and emails to client (1.1); finalize drafts of ex parte and supplemental briefs; draft declaration (3.3) |
| 5/8/2019 | LNH | 0.2 | 225 | 45.00 | Analyze revised supplemental brief from A. Puls. |
| 5/8/2019 | LNH | 0.2 | 225 | 45.00 | Analyze revised ex parte application from A. Puls. |
| 5/8/2019 | LNH | 0.5 | 225 | 112.50 | Telephone call with J. De Beers and A. Puls re: status of matter. |
| 5/8/2019 | LNH | 0.6 | 225 | 135.00 | Analyze authority supporting enforcement of Rule 68 offer after remand. |
| 5/9/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with A. Puls and J. De Beers re: revised supplemental briefing. |
| 5/9/2019 | LNH | 0.1 | 225 | 22.50 | Analyze revisions from A. Puls to supplemental brief. |
| 5/9/2019 | NPB | 1.8 | 250 | 450.00 | Revise ex parte motion and supplemental brief re Riverside action against Rutherford and his counsel. |
| 5/13/2019 | NPB | 0.4 | 250 | 100.00 | Review amended answer for filing and compliance with prior order. |
| 5/13/2019 | LNH | 3.6 | 225 | 810.00 | Draft amended answer to comply with Court Order. |
| 5/14/2019 | LNH | 0.5 | 225 | 112.50 | Analyze response to order to show cause filed by Plaintiffs. |
| 5/14/2019 | NPB | 1 | 250 | 250.00 | Review and analyze Opposition to order to show cause; draft outline of response. |
| 5/15/2019 | LNH | 0.9 | 225 | 202.50 | Analyze caselaw cited to by Plaintiffs in support of position. |
| 5/15/2019 | LNH | 0.8 | 225 | 180.00 | Outline response to statement of cause filed by Plaintiffs. |
| 5/15/2019 | LNH | 0.7 | 225 | 157.50 | Further analysis of statement of cause filed by Plaintiffs. |
| 5/16/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with A. Puls and J. De Beers re:  response to statement of cause. |
| 5/16/2019 | LNH | 2.8 | 225 | 630.00 | Draft response to order to show cause re: article III standing. |
| 5/17/2019 | LNH | 3.3 | 225 | 742.50 | Continue to draft response to order to show cause re: article III standing. |
| 5/17/2019 | NPB | 3.8 | 250 | 950.00 | Continue revisions re OSC response, review transcript detail. (1.5)  Draft Objections to Request for Judicial Notie. (1.3) |
| 5/20/2019 | NPB | 1.9 | 250 | 475.00 | Outline potential basis for responses to complaint; email to client re strategy on matter; research re Plaintiff's disbarment. |

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 5/20/2019 | NPB | 1.9 | 250 | 475.00 | Update and finalize: Response to Plaintiff's statement of cause; declaration of Bermudez; objections to request for judicial notice. |
| 5/20/2019 | LNH | 0.5 | 225 | 112.50 | Analyze correspondences with J. De Beers and A. Puls re: draft responses and revisions. |
| 5/21/2019 | LNH | 0.1 | 225 | 22.50 | Analyze Court Order re: proceedings before M. Berg. |
| 5/24/2019 | LNH | 0.2 | 225 | 45.00 | Analyze Court Order re: evidentiary hearing. |
| 5/24/2019 | NPB | 0.7 | 250 | 175.00 | Review order re evidentiary hearing, and communicate to client re next steps; plan next steps in preparing witnesses. (.4)  Update carrier (.3). |
| 5/28/2019 | LNH | 0.5 | 225 | 112.50 | Analyze correspondences with client re: preparations for evidentiary hearing. |
| 6/5/2019 | LNH | 0.2 | 225 | 45.00 | Correspond with A. Puls re: evidentiary hearing witnesses. |
| 6/10/2019 | LNH | 0.4 | 225 | 90.00 | Analyze hearing brief strategy memorandum in preparation for call with clients regarding same. |
| 6/10/2019 | NPB | 4.4 | 250 | 1,100.00 | Draft strategy outline for Evidentiary Hearing on Standing. |
| 6/10/2019 | NPB | 0.5 | 250 | 125.00 | Review Rutherford's current litigations in federal court and plan for additional investigation. |
| 6/11/2019 | NPB | 1 | 250 | 250.00 | Finalize outline for Evidentiary Hearing on Standing. |
| 6/11/2019 | NPB | 0.4 | 250 | 100.00 | Review and analyze Opposition for preparation on reply. |
| 6/11/2019 | NPB | 0.5 | 250 | 125.00 | Prepare for and conduct client status call. |
| 6/11/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with client re: hearing preparations. |
| 6/11/2019 | LNH | 0.2 | 225 | 45.00 | Telephone call with A. Puls re: hearing strategy. |
| 6/12/2019 | LNH | 0.1 | 225 | 22.50 | ███████████████████████████ |
| 6/12/2019 | CBP | 0.6 | 100 | 60.00 | Begin research and investigation re: J. Rutherford including cases where he was a Plaintiff in Los Angeles, Riverside, Orange County, Imperial, and Ventura Superior Courts. |
| 6/12/2019 | NPB | 0.3 | 250 | 75.00 | ███████████████████████████ |
| 6/12/2019 | NPB | 1.8 | 250 | 450.00 | Outline Plaintiff's Evidentiary Hearing testimony. |
| 6/13/2019 | NPB | 1.9 | 250 | 475.00 | Review and analyze Plaintiff's litigation history in Orange County, LA, Ventura and Riverside; prepare for evidentiary hearing regarding "intent to return" issues. |
| 6/13/2019 | CBP | 1.8 | 100 | 180.00 | Continued research, investigation and identification of cases where J. Rutherford was a Plaintiff in civil rights/discrimination cases in Los Angeles (1), Riverside (25), Orange County (1), and Ventura counties, including selection of sample Complaints from each County noting errors on Complaints. |
| 6/13/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with J. De Beers re: evidentiary hearing exhibits to consider. |
| 6/14/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with J. De Beers re: evidentiary hearing evidence considerations. |
| 6/17/2019 | LNH | 0.6 | 225 | 135.00 | Analyze and revise joint exhibit and witness list. |
| 6/17/2019 | NPB | 2.8 | 250 | 700.00 | Prepare for evidentiary hearing: Draft witness list; draft exhibit list and review/update evidentiary summary for hearing. |
| 6/18/2019 | NPB | 1.2 | 250 | 300.00 | Draft Rutherford cross-examination. |
| 6/18/2019 | NPB | 1.8 | 250 | 450.00 | Review, select and prepare exhibits for Evidentiary Hearing. |
| 6/18/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences with all counsel re: joint exhibit list agreements. |

| | | | | |
|---|---|---|---|---|
| 6/18/2019 | CBP | 0.3 | 100 | 30.00 | Begin identification and selection of all civil rights/discrimination cases filed by J. Rutherford for inclusion onto exhibit list. |
| 6/19/2019 | CBP | 1.1 | 100 | 110.00 | Review, identification and updating of exhibit list with each case filed by J. Rutherford in California Superior and District Courts. |
| 6/19/2019 | CBP | 0.3 | 100 | 30.00 | Finalize identification and selection of 6 different Google maps identified on exhibit list to be used as exhibits at evidentiary hearing. |
| 6/19/2019 | CBP | 0.8 | 100 | 80.00 | Begin review, identification and selection of 6 different Google maps identified on exhibit list to be used as exhibits at evidentiary hearing. |
| 6/19/2019 | CBP | 0.9 | 100 | 90.00 | Begin review and identification of 300+ ADA cases from Central and Southern District filed by J. Rutherford for inclusion onto exhibit list for evidentiary hearing, including selection of sample Complaints. |
| 6/19/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with A. Puls and J. De Beers re: evidentiary brief strategy. |
| 6/19/2019 | LNH | 0.2 | 225 | 45.00 | Analyze meet and confer correspondences with T. Jankowski re: exhibit lists. |
| 6/19/2019 | LNH | 0.4 | 225 | 90.00 | ███████████████████████ |
| 6/19/2019 | LNH | 0.1 | 225 | 22.50 | Analyze meet and confer correspondences with J. Manning re: exchange of exhibit lists. |
| 6/19/2019 | LNH | 0.9 | 225 | 202.50 | Revise evidentiary brief. |
| 6/19/2019 | LNH | 1.4 | 225 | 315.00 | Draft section of evidentiary brief re: evidentiary disputes likely to be encountered. |
| 6/19/2019 | LNH | 0.2 | 225 | 45.00 | Analyze exhibit list received from Plaintiff in preparation for drafting section of brief concerning anticipated evidentiary issues. |
| 6/19/2019 | LNH | 1.8 | 225 | 405.00 | Draft applicable law and burden of proof section of evidentiary hearing brief. |
| 6/19/2019 | LNH | 1.1 | 225 | 247.50 | Draft section of evidentiary brief re: testimony to be offered demonstrating no concrete and particularized harm. |
| 6/19/2019 | LNH | 0.8 | 225 | 180.00 | Draft section of evidentiary brief re: testimony to be offered demonstrating no accessibility barriers encountered by Plaintiffs. |
| 6/19/2019 | LNH | 0.5 | 225 | 112.50 | Draft section of evidentiary brief re: litigation history undermines credibility of Plaintiffs. |
| 6/19/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with A. Puls re: Plaintiff's exhibit list and potential additional objections. |
| 6/19/2019 | NPB | 1.3 | 250 | 325.00 | Finalize exhibit list for filing . |
| 6/19/2019 | NPB | 0.3 | 250 | 75.00 | Meet and confer re exhibit list and witness list. |
| 6/19/2019 | NPB | 0.5 | 250 | 125.00 | Draft objections to Plaintiff's exhibit list. |
| 6/19/2019 | NPB | 1.5 | 250 | 375.00 | Review and revise Evidentiary Hearing Brief. |
| 6/20/2019 | NPB | 1.7 | 250 | 425.00 | Draft and finalize witness and exhibit list for filing. |
| 6/20/2019 | NPB | 2.6 | 250 | 650.00 | Draft and finalize evidentiary brief for filing and respond to plaintiff's objections to evidence. |
| 6/20/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with clients re: witness preparations for evidentiary hearing. |
| 6/20/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences with counsel re: revisions to joint list. |
| 6/20/2019 | LNH | 0.3 | 225 | 67.50 | Analyze and revise joint witness and exhibit list. |
| 6/20/2019 | LNH | 1.2 | 225 | 270.00 | Review and revise evidentiary hearing brief. |
| 6/20/2019 | LNH | 0.4 | 225 | 90.00 | Analyze evidentiary brief filed by Plaintiffs. |
| 6/20/2019 | LNH | 0.2 | 225 | 45.00 | Analyze changes from A. Puls to evidentiary brief. |

| 6/20/2019 | CBP | 0.2 | 100 | 20.00 | Review and strategize re: video clips to be prepared for J. Rutherford individually and as person most knowledgeable. |
| 6/21/2019 | NPB | 1.6 | 250 | 400.00 | Prepare for evidentiary hearing; draft outline of evidentiary showing to court with deposition testimony. |
| 6/24/2019 | LNH | 1.6 | 225 | 360.00 | Revise evidentiary objection chart. |
| 6/25/2019 | LNH | 0.1 | 225 | 22.50 | Analyze notice of lodgment filed by Plaintiffs in advance of evidentiary hearing. |
| 6/25/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with J. De Beers re: evidentiary hearing strategy. |
| 6/25/2019 | CBP | 0.5 | 100 | 50.00 | Begin review and identification of documentation and information to be included on Request for Judicial Notice for evidentiary hearing. |
| 6/25/2019 | NPB | 0.8 | 250 | 200.00 | Prepare for meeting with D. Koczur re hearing testimony. |
| 6/25/2019 | NPB | 2.3 | 250 | 575.00 | Review supplemental briefing and review and prepare exhibits. Prepare for evidentiary hearing. |
| 6/26/2019 | NPB | 1.5 | 250 | 375.00 | Prepare for evidentiary hearing. |
| 6/26/2019 | NPB | 2 | 250 | 500.00 | Travel to and from Bahia Hotel; meeting with D. Kozcur re testimony. |
| 6/26/2019 | CBP | 0.4 | 100 | 40.00 | Further review and identification of sample Complaints filed by J. Rutherford as requested in preparation for more comprehensive attorney analysis in preparation for evidentiary hearing. |
| 6/26/2019 | CBP | 0.5 | 100 | 50.00 | Continued review, identification and selection of exhibits to be lodged with Request for Judicial Notice. |
| 6/27/2019 | CBP | 0.2 | 100 | 20.00 | Review and updating of Request for Judicial Notice with corresponding trial exhibit numbers. |
| 6/27/2019 | CBP | 0.6 | 100 | 60.00 | Begin review and identification of website printouts from Lodge Torrey Pines, Catamaran Resort, and Bahia Hotel as identified on exhibit list to be included in exhibits binders for evidentiary hearing. |
| 6/27/2019 | CBP | 1.3 | 100 | 130.00 | Continued review, updating and preparation of exhibits to be lodged with Request for Judicial Notice and included in exhibits binders for evidentiary hearing. |
| 6/27/2019 | LNH | 0.9 | 225 | 202.50 | Analyze deposition testimony for A. Thomas in preparation for drafting direct examination for evidentiary hearing. |
| 6/27/2019 | LNH | 1 | 225 | 225.00 | Begin drafting direct examination for A. Thomas. |
| 6/27/2019 | LNH | 0.1 | 225 | 22.50 | Analyze draft direct examination for D. Koczur. |
| 6/27/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences with A. Puls and J. De Beers re: draft direct examination draft for D. Koczur. |
| 6/27/2019 | NPB | 0.8 | 250 | 200.00 | Prepare for client prep meeting with Thomas. |
| 6/27/2019 | NPB | 1 | 250 | 250.00 | Draft examination for Koczur. |
| 6/27/2019 | NPB | 1.5 | 250 | 375.00 | Continue to draft cross examination of Rutherford. |
| 6/27/2019 | NPB | 1.9 | 250 | 475.00 | Continue to prepare for evidentiary hearing and review and select exhibits. |
| 6/28/2019 | NPB | 1.8 | 250 | 450.00 | Prepare for client prep meeting with Thomas and conduct meeting (1.8); revise examination questions for Koczur (.8); continue to draft cross examination of Rutherford (1.0); continue to prepare for evidentiary hearing and review and review exhibits (1.9).  Review and analyze various pleadings filed by Plaintiff's counsel on this day, and analyze any written response needed. (.9) |
| 6/28/2019 | NPB | 0.8 | 250 | 200.00 | Revise examination questions for Koczur (.8) |
| 6/28/2019 | NPB | 1 | 250 | 250.00 | Continue to draft cross examination of Rutherford. |

| | | | | |
|---|---|---|---|---|
| 6/28/2019 NPB | 2.2 | 250 | 550.00 | Prepare exhibits and examination for witnesses at evidentiary hearing. |
| 6/28/2019 NPB | 1.9 | 250 | 475.00 | Continue to prepare for evidentiary hearing and review and review exhibits. |
| 6/28/2019 NPB | 0.9 | 250 | 225.00 | Review and analyze various pleadings filed by Plaintiff's counsel on this day, and analyze any written response needed. |
| 6/28/2019 LNH | 1.7 | 225 | 382.50 | Analyze deposition transcript of J. Rutherford in preparation for drafting examination of P. Filardi. |
| 6/28/2019 LNH | 1.1 | 225 | 247.50 | Analyze and further revise direct examination for A. Thomas. |
| 6/28/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with J. De Beers re: scope of evidentiary hearing. |
| 6/28/2019 LNH | 2 | 225 | 450.00 | Continue to draft direct examination for A. Thomas. |
| 6/28/2019 LNH | 0.4 | 225 | 90.00 | Analyze correspondences with J. De Beers re: evaluating evidence for use in evidentiary hearing. |
| 6/28/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with J. De Beers re: P. Filardi deposition status. |
| 6/28/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence from A. Puls re: revised direct examination for A. Thomas. |
| 6/28/2019 LNH | 0.2 | 225 | 45.00 | Analyze correspondence from T. Jankowski re: declaration of custodian of records for Page Freezer and attached declaration. |
| 6/28/2019 LNH | 0.1 | 225 | 22.50 | Analyze request for judicial notice to be filed in this matter. |
| 6/28/2019 LNH | 0.9 | 225 | 202.50 | Begin drafting cross-examination P. Filardi. |
| 6/28/2019 LNH | 0.4 | 225 | 90.00 | Analyze opposition to ex parte motion filed by Plaintiffs. |
| 6/28/2019 CBP | 0.7 | 100 | 70.00 | Review all cases identified on exhibit list noting those from Central and Southern District in order to identify potential exhibits to be used at evidentiary hearing. |
| 6/28/2019 CBP | 1.6 | 100 | 160.00 | Continued identification and selection of exhibits for evidentiary hearing and finalize exhibits to be lodged with Request for Judicial Notice. |
| 6/29/2019 LNH | 3 | 225 | 675.00 | Continue to draft cross-examination of P. Filardi |
| 6/29/2019 LNH | 0.4 | 225 | 90.00 | Review file for information concerning issues with P. Filardi deposition and dispute between counsel. |
| 6/29/2019 NPB | 0.8 | 250 | 200.00 | Prepare for evidentiary hearing on standing and prepare exhibits and video (.8); Revise examination questions for Koczur, Rutherford, Thomas and Filardi (3.8); Review and analyze various pleadings filed by Plaintiff's counsel on this day 6/29 and prepare rebuttal (.5); prepare arguments re evidentiary issues likely to be raised and prepare opening and closing statement. (2.1) |
| 6/29/2019 NPB | 3.8 | 250 | 950.00 | Revise examination questions for Koczur, Rutherford, Thomas and Filardi. |
| 6/29/2019 NPB | 0.5 | 250 | 125.00 | Review and analyze various pleadings filed by Plaintiff's counsel on this day 6/29 and prepare rebuttal. |
| 6/29/2019 NPB | 2.1 | 250 | 525.00 | Prepare arguments re evidentiary issues likely to be raised and prepare opening and closing statement. |
| 6/30/2019 LNH | 1.8 | 225 | 405.00 | Continue to draft cross-examination outline for J. Rutherford in preparation for evidentiary hearing. |
| 6/30/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with D. Koczur  re: changes to evidentiary hearing testimony. |
| 6/30/2019 LNH | 0.2 | 225 | 45.00 | Analyze motion in limine filed by J. Manning in advance of evidentiary hearing. |
| 6/30/2019 LNH | 0.2 | 225 | 45.00 | Review and revise cross-examination outline from N. Bermudez for J. Rutherford in preparation for evidentiary hearing. |

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 6/30/2019 | LNH | 0.2 | 225 | 45.00 | Review further revised cross-examination outline for P. Filardi from N. Bermudez in preparation for evidentiary hearing. |
| 6/30/2019 | LNH | 0.2 | 225 | 45.00 | Review revised direct examination for A. Thomas in preparation for evidentiary hearing. |
| 6/30/2019 | LNH | 0.2 | 225 | 45.00 | Review revised direct examination for D. Koczur in preparation for evidentiary hearing. |
| 6/30/2019 | LNH | 0.5 | 225 | 112.50 | Revise cross-examination of P. Filardi to incorporate suggestions of N. Bermudez. |
| 6/30/2019 | CBP | 0.5 | 100 | 50.00 | Finalize key documentation, information and exhibit binders requested for evidentiary hearing. |
| 6/30/2019 | CBP | 0.1 | 100 | 10.00 | Telephone call to D. Jarvis re: possible use of video clips at evidentiary hearing. |
| 6/30/2019 | CBP | 0.1 | 100 | 10.00 | Telephone call with R. Jordan re: possible use of video clips at evidentiary hearing. |
| 6/30/2019 | CBP | 0.1 | 100 | 10.00 | Email communications with representatives from AJL Video re: possible use of video clips at evidentiary hearing. |
| 6/30/2019 | CBP | 1.9 | 100 | 190.00 | Review, identification and selection of additional exhibits for evidentiary hearing. |
| 7/1/2019 | CBP | 0.3 | 100 | 30.00 | Review and identification of documentation and information requested re: receipt of video excerpts by Plaintiff's counsel. |
| 7/1/2019 | CBP | 0.9 | 100 | 90.00 | Review, identification and selection of key documentation, information and clips requested for evidentiary hearing. |
| 7/1/2019 | LNH | 3.5 | 225 | 787.50 | Travel from San Diego to Sacramento from evidentiary hearing. |
| 7/1/2019 | LNH | 5.3 | 225 | 1,192.50 | Attend evidentiary hearing. |
| 7/1/2019 | LNH | 1.5 | 225 | 337.50 | Review all evidence in preparation for San Diego evidentiary hearing. |
| 7/1/2019 | LNH | 0.6 | 225 | 135.00 | Meet with J. De Beers, A. Puls, A. Thomas and D. Koczur in preparation for evidentiary hearing. |
| 7/1/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences with clients re: motion in limine filed over the weekend. |
| 7/1/2019 | LNH | 3.5 | 225 | 787.50 | Travel from Sacramento to San Diego for evidentiary hearing. |
| 7/1/2019 | LNH | 0.2 | 225 | 45.00 | Meet with J. De Beers and A. Puls re: post hearing strategy. |
| 7/1/2019 | NPB | 3.5 | 250 | 875.00 | Prepare for evidentiary hearing with Judge Sammartino (3.5) |
| 7/1/2019 | NPB | 7 | 250 | 1,750.00 | Attend evidentiary hearing and related meetings with client. |
| 7/1/2019 | NPB | 1.5 | 250 | 375.00 | Review and organize notes from evidentiary hearing and plan next steps. |
| 7/3/2019 | NPB | 0.4 | 250 | 100.00 | Review court's minute order re witnesses and exhibits from evidentiary hearing; review and analyze evidentiary record re exhibits. |
| 7/3/2019 | LNH | 0.1 | 225 | 22.50 | Analyze order from Court re: Evidentiary Hearing Supplemental Briefing. |
| 7/8/2019 | NPB | 0.3 | 250 | 75.00 | Review and analyze court's order on motion to dismiss; email to client re same. |
| 7/8/2019 | NPB | 1 | 250 | 250.00 | Draft summary for strategy of any subsequent Evidentiary Hearing day. |
| 7/8/2019 | NPB | 1 | 250 | 250.00 | Draft summary of evidentiary hearing to D. Evans. |
| 7/9/2019 | NPB | 2 | 250 | 500.00 | Draft and finalize answer to complaint in federal court for client's review. |
| 7/9/2019 | NPB | 0.4 | 250 | 100.00 | Draft Rule 68 offer of judgment. |
| 7/11/2019 | NPB | 0.4 | 250 | 100.00 | Call with client re next steps. |
| 7/11/2019 | NPB | 0.5 | 250 | 125.00 | Finalize motion to declare a vexatious litigant. |

| | | | | |
|---|---|---|---|---|
| 7/11/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondence with D. Evans re: evidentiary hearing summary of events and further requested briefing. |
| 7/16/2019 LNH | 0.1 | 225 | 22.50 | Analyze order re: official transcript. |
| 7/16/2019 LNH | 0.2 | 225 | 45.00 | Analyze correspondences re: E. Wagner's motion to withdrawal as counsel and related order. |
| 7/18/2019 NPB | 0.2 | 250 | 50.00 | Email to client re update; call and email with counsel re other Rutherford matters. |
| 7/19/2019 NPB | 0.5 | 250 | 125.00 | Emails with counsel in related cases (.1); call with counsel on related cases (.4) |
| 7/19/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with J. De Beers and A. Puls re: related cases. |
| 7/22/2019 NPB | 1 | 250 | 250.00 | Analyze and review Evidentiary Hearing Transcript. |
| 7/31/2019 NPB | 0.7 | 250 | 175.00 | Review offer of judgement acceptance; update to carrier; update to client. |
| 8/2/2019 NPB | 0.3 | 250 | 75.00 | Review and finalize common interest agreement re Rutherford. |
| 8/5/2019 NPB | 0.5 | 250 | 125.00 | ███████████████████████ |
| 8/5/2019 NPB | 0.8 | 250 | 200.00 | Review and analyze supplemental brief and RJN filed by plaintiff; outline response brief. |
| 8/6/2019 LNH | 1.8 | 225 | 405.00 | Analyze hearing transcript for factual statement to utilize in development of arguments for post hearing brief. |
| 8/6/2019 LNH | 0.3 | 225 | 67.50 | Analyze opposition to ex parte to file supplemental brief from M. Manning. |
| 8/6/2019 LNH | 0.1 | 225 | 22.50 | ███████████████████████ |
| 8/6/2019 LNH | 0.1 | 225 | 22.50 | Analyze correspondences with J. De Beers re: supplemental brief by J. Manning. |
| 8/7/2019 LNH | 0.9 | 225 | 202.50 | Further analyze hearing transcript for factual basis to utilize in development of arguments. |
| 8/7/2019 LNH | 1.9 | 225 | 427.50 | Draft outline of responsive brief. |
| 8/7/2019 LNH | 2.5 | 225 | 562.50 | Analyze post hearing brief of J. Rutherford. |
| 8/12/2019 LNH | 1.2 | 225 | 270.00 | Evaluate Plaintiffs' argument re: actual injury under ADA regulations. |
| 8/12/2019 LNH | 1.1 | 225 | 247.50 | Evaluate strategy for defeating Plaintiffs' CREEC argument. |
| 8/12/2019 LNH | 0.9 | 225 | 202.50 | Evaluate Plaintiffs' arguments re: impacts of CREEC decision applied to current facts. |
| 8/12/2019 LNH | 1.1 | 225 | 247.50 | Develop strategy for undermining Plaintiffs' arguments re: admissibility of Page Freezer documentation. |
| 8/12/2019 LNH | 0.8 | 225 | 180.00 | Evaluate Plaintiffs' arguments re: admissibility of Page Freezer documentation. |
| 8/12/2019 LNH | 1.6 | 225 | 360.00 | Analyze Plaintiffs' supplemental brief regarding article III standing. |
| 8/13/2019 LNH | 2.5 | 225 | 562.50 | Develop strategy for opposing Plaintiff's actual injury argument under ADA regulations argument. |
| 8/13/2019 LNH | 1.8 | 225 | 405.00 | Draft argument re: deterrent effect doctrine is inapplicable. |
| 8/13/2019 LNH | 1.1 | 225 | 247.50 | Draft argument re: Plaintiffs' did not access reservation systems. |
| 8/13/2019 LNH | 0.9 | 225 | 202.50 | Draft argument re: Plaintiffs' have not been deterred from accessing websites. |
| 8/13/2019 LNH | 0.7 | 225 | 157.50 | Draft introduction section of Post Evidentiary brief. |
| 8/13/2019 LNH | 1 | 225 | 225.00 | Evaluate Plaintiffs' argument re: applicability of Robles v. Dominos decision. |
| 8/14/2019 LNH | 0.4 | 225 | 90.00 | Draft argument re: Page Freezer archives are not the best evidence. |
| 8/14/2019 LNH | 2.1 | 225 | 472.50 | Draft argument re: Page Freezer archives are not properly authenticated. |

| Date | Init | Rate | Amount | Description |
|---|---|---|---|---|
| 8/14/2019 | LNH | 1.2 | 225 | 270.00 | Draft argument re: Page Freezer archives are not relevant. |
| 8/14/2019 | LNH | 0.8 | 225 | 180.00 | Draft argument re: no standing for A4EA. |
| 8/14/2019 | LNH | 2.7 | 225 | 607.50 | Draft argument re: no other injury in fact. |
| 8/14/2019 | LNH | 0.1 | 225 | 22.50 | Analyze Court Order re: motion in limine, class certification motion status and discovery motion status. |
| 8/14/2019 | LNH | 1.1 | 225 | 247.50 | Draft argument re: no hearsay exception applies to Page Freezer archives. |
| 8/14/2019 | LNH | 1.2 | 225 | 270.00 | Review and revise entire evidentiary hearing brief. |
| 8/14/2019 | NPB | 0.3 | 250 | 75.00 | Review Court order re: case; discuss ruling with client and inform via email. |
| 8/15/2019 | NPB | 4.2 | 250 | 1,050.00 | ███████████████████ |
| 8/15/2019 | LNH | 3.4 | 225 | 765.00 | Continue to revise and restructure brief to be more persuasive. |
| 8/15/2019 | LNH | 1.6 | 225 | 360.00 | Draft argument re: no record of Page Freezer records admissible. |
| 8/16/2019 | LNH | 0.5 | 225 | 112.50 | Correspond with J. De Beers and A. Puls re: revised brief. |
| 8/16/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences from J. De Beers re: revisions to evidentiary hearing brief. |
| 8/16/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondences from A. Puls re: revisions to evidentiary hearing brief. |
| 8/16/2019 | LNH | 5.9 | 225 | 1,327.50 | Revise brief to incorporate suggestions of J. De Beers, address additional case law and add arguments addressing applicability of ADA to websites. |
| 8/16/2019 | NPB | 0.8 | 250 | 200.00 | Update evidentiary hearing brief. |
| 8/19/2019 | NPB | 1.3 | 250 | 325.00 | Review and finalize Closing Brief (1.0); review and analyze client feedback (.3) |
| 8/19/2019 | LNH | 2.8 | 225 | 630.00 | Further revise evidentiary hearing brief to incorporate additional evidence and changes from client, |
| 8/19/2019 | LNH | 0.1 | 225 | 22.50 | Correspond with J. De Beers and A. Puls re: revised post evidentiary hearing brief. |
| 8/21/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence from M. Loker re: status conference. |
| 8/26/2019 | LNH | 0.1 | 225 | 22.50 | ███████████████████ |
| 8/27/2019 | LNH | 0.2 | 225 | 45.00 | Analyze correspondences with J. De Beers re: outcome of case management conference, reply brief and case strategy. |
| 8/27/2019 | LNH | 0.4 | 225 | 90.00 | Analyze reply brief re: evidentiary hearing from Plaintiffs |
| 8/27/2019 | NPB | 0.4 | 250 | 100.00 | Review and analyze Reply brief filed by Plaintiff; update to J. De Beers re same. |
| 8/28/2019 | LNH | 0.1 | 225 | 22.50 | Analyze order from M. Berg re: further case management. |
| 8/30/2019 | LNH | 0.1 | 225 | 22.50 | Analyze correspondence with D. Evans re: case status. |
| 8/30/2019 | NPB | 0.8 | 250 | 200.00 | Call with D. Evans re settlement update (.2); draft email re update on matter to D. Evans. (.6) |
| 9/5/2019 | LNH | 0.3 | 225 | 67.50 | Analyze case law developments re: ADA applicability to websites. |
| 10/14/2019 | LNH | 0.2 | 225 | 45.00 | Analyze Plaintiff's further authority re: supplemental standing. |
| 11/20/2019 | NPB | 0.3 | 250 | 75.00 | Prepare for and appear on telephonic status call with the court, email to client with update re same. |
| 1/8/2020 | NPB | 0.8 | 250 | 200.00 | Review docket in related case (2.); email to client with update (.2) and draft reply re re-opening class discovery. (.4) |
| 1/8/2020 | LNH | 0.1 | 250 | 25.00 | ███████████████████ |

| Date | Atty | Rate | Amount | Description |
|------|------|------|--------|-------------|
| 1/10/2020 | NPB | 0.3 | 250 | 75.00 | Report to D. Evans (.3). |
| 1/10/2020 | NPB | 2 | 250 | 500.00 | Draft request for judicial notice and draft reply to opposition to ex parte re reopening class discovery (1.7) |
| 2/13/2020 | LNH | 0.7 | 250 | 175.00 | Attend case management conference. |
| 2/13/2020 | LNH | 0.3 | 250 | 75.00 | Analyze case file in preparation for case management conference. |
| 5/15/2020 | NPB | 0.3 | 250 | 75.00 | Update to Mr. D. Evans from Markel, review and analyze appellate case and history against plaintiff and his counsel. |
| 5/21/2020 | NPB | 0.5 | 250 | 125.00 | Prepare for and conduct conference call with Judge Berg re status of the case and follow up with court re pending motions. |
| 5/22/2020 | NPB | 0.4 | 250 | 100.00 | Prepare for call with court re status of motions and call to court. |
| 5/26/2020 | NPB | 0.2 | 250 | 50.00 | Emails with court, client and D. Evans regarding status of court rulings. |
| 5/26/2020 | NPB | 0.4 | 250 | 100.00 | ████████████████████████ |
| 8/24/2020 | NPB | 0.3 | 250 | 75.00 | Appear at conference call with Judge Berg re status of case. |
| 9/3/2020 | LNH | 1.5 | 250 | 375.00 | Analyze Court Order (52 pages) dismissing ADA claim and remanding Unruh claim to state court and evaluate further litigation strategy in light of same. |
| 9/3/2020 | NPB | 0.8 | 250 | 200.00 | Review and analyze 50+ page ruling from court re various motions. |
| 9/4/2020 | NPB | 0.5 | 250 | 125.00 | Analyze motion for attorney's fee and basis based on dismissal of ADA claim re standing. |
| 9/4/2020 | NPB | 0.5 | 250 | 125.00 | ████████████████████████ |
| 9/4/2020 | NPB | 0.3 | 250 | 75.00 | Call with client and next steps in filing attorney's fees motion and next steps. |
| 9/8/2020 | LNH | 0.1 | 250 | 25.00 | Analyze correspondence with D. Evans re: case strategy going forward. |
| 9/8/2020 | NPB | 0.2 | 250 | 50.00 | Draft update to D. Evans re status of case. |
| 9/14/2020 | NPB | 2.6 | 250 | 650.00 | Draft motion for attorney's fees. |
| 9/15/2020 | NPB | 5.5 | 250 | 1,375.00 | Draft points and authorities and declaration for motion for attorney's fees, gather exhibits. |
| 9/15/2020 | LNH | 0.5 | 250 | 125.00 | Review and revise draft motion for attorneys fees to further clarify arguments. |

# EXHIBIT H

| Date | Invoice | Amount | Description |
|---|---|---|---|
| 3/1/2018 | 148149 | 400.00 | Cost advanced to Courts USDC for filing fee on |
| 3/7/2018 | 148149 | 9.95 | Cost advanced to One Legal LLC for filing of |
| 3/7/2018 | 148149 | 444.95 | Cost advanced to One Legal LLC for filing of |
| 3/8/2018 | 148149 | 9.95 | Cost advanced to One Legal LLC for filing of |
| 3/22/2018 | 148149 | 30.00 | Cost Advanced to Cal Express for delivery of |
| 6/26/2018 | 150707 | 8.89 | Copy (BW) |
| 7/20/2018 | 152404 | 26.46 | Copy (BW) COPIES |
| 8/1/2018 | 152404 | 20.00 | Cost Advanced to Nationwide Legal for filing opposition to motion for leave to file |
| 8/31/2018 | 152404 | 4.62 | Copy (BW) |
| 9/17/2018 | 153151 | 4.27 | Copy (BW) - P |
| 9/17/2018 | 153151 | 4.27 | Copy (BW) - P |
| 9/17/2018 | 153151 | 6.72 | Copy (BW) - P |
| 9/17/2018 | 153151 | 6.72 | Copy (BW) - P |
| 9/17/2018 | 153151 | 28.00 | Cost Advanced to Nationwide Legal for filling courtesy copy of answer at USDC on |
| 9/18/2018 | 153151 | 0.07 | Copy (BW) - P |
| 9/18/2018 | 153151 | 12.67 | Copy (BW) - P |
| 9/18/2018 | 153151 | 19.46 | Copy (BW) - P |
| 9/18/2018 | 153151 | 27.80 | Scanning |
| 9/27/2018 | 153151 | 3.78 | Copy (BW) |
| 9/27/2018 | 153151 | 3.78 | Copy (BW) copies |
| 9/27/2018 | 153151 | 13.90 | SD - Electronic Batestamping (278 @ $0.05). |
| 10/3/2018 | 153868 | 16.59 | Copy (BW) |
| 10/5/2018 | 153868 | 1.89 | Copy (BW) |
| 10/15/2018 | 153868 | 0.21 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.21 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.21 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.21 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.21 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |

| | | | |
|---|---|---|---|
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |

| | | | |
|---|---|---|---|
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.42 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.63 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |

| | | | |
|---|---|---|---|
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 0.84 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.05 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.47 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.68 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.68 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.68 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.68 | Copy (BW) - P |
| 10/15/2018 | 153868 | 1.68 | Copy (BW) - P |
| 10/15/2018 | 153868 | 3.15 | Copy (BW) - P |
| 10/15/2018 | 153868 | 3.36 | Copy (BW) - P |

| | | | |
|---|---|---|---|
| 10/15/2018 | 153868 | 6.09 | Copy (BW) - P |
| 10/15/2018 | 153868 | 10.08 | Copy (BW) - P |
| 10/15/2018 | 153868 | 12.81 | Copy (BW) - P |
| 10/15/2018 | 153868 | 12.81 | Copy (BW) - P |
| 10/16/2018 | 154874 | 33.00 | Parking validation for A. Puls, approved by N. Bermudez validated for all day. |
| 10/18/2018 | 153868 | 7.35 | Copy (BW) - P |
| 10/19/2018 | 153868 | 0.70 | Copy (BW) |
| 10/19/2018 | 154874 | 33.00 | Parking validation for A. Puls, approved by N. Bermudez validated for all day. |
| 10/22/2018 | 154874 | 5.98 | Cost advanced to Soundpath for conference call |
| 10/22/2018 | 154874 | 6.65 | Cost advanced to Soundpath for conference call |
| 10/25/2018 | 154874 | 9.16 | Cost advanced to Soundpath for conference call |
| 10/26/2018 | 153868 | 3.78 | Copy (BW) copies |
| 10/30/2018 | 154874 | 24.01 | Cost advanced to Soundpath for conference call |
| 10/31/2018 | 154874 | 3.99 | Copy (BW) |
| 11/7/2018 | 154874 | 6.30 | Copy (BW) |
| 11/8/2018 | 154874 | 16.41 | Cost advanced to Soundpath for conference call |
| 11/9/2018 | 154874 | 6.30 | Copy (BW) |
| 11/19/2018 | 154874 | 2,500.00 | Cost Advanced to Gibbens & Associates, LLC for |
| 11/20/2018 | 154874 | 388.25 | Cost Advanced to Veritext for certified transcript |
| 11/27/2018 | 154874 | 0.07 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.35 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.35 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.35 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.42 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.42 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.42 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.49 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.49 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.49 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.56 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.56 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.70 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.70 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.77 | Copy (BW) - P |
| 11/27/2018 | 154874 | 0.91 | Copy (BW) - P |
| 11/27/2018 | 154874 | 1.05 | Copy (BW) - P |
| 11/27/2018 | 154874 | 1.19 | Copy (BW) - P |
| 11/27/2018 | 154874 | 1.47 | Copy (BW) - P |
| 11/27/2018 | 154874 | 1.47 | Copy (BW) - P |
| 11/27/2018 | 154874 | 1.61 | Copy (BW) - P |
| 11/27/2018 | 154874 | 1.89 | Copy (BW) - P |
| 11/27/2018 | 154874 | 2.03 | Copy (BW) - P |

| | | | |
|---|---|---|---|
| 11/27/2018 | 154874 | 2.59 | Copy (BW) - P |
| 11/27/2018 | 154874 | 2.87 | Copy (BW) - P |
| 11/27/2018 | 154874 | 3.36 | Copy (BW) - P |
| 11/27/2018 | 154874 | 11.41 | Copy (BW) - P |
| 11/27/2018 | 154874 | 11.62 | Copy (BW) - P |
| 11/27/2018 | 154874 | 16.87 | Copy (BW) - P |
| 11/27/2018 | 154874 | 17.01 | Copy (BW) - P |
| 11/27/2018 | 154874 | 17.85 | Copy (BW) - P |
| 11/28/2018 | 154874 | 5,000.00 | Cost Advanced to ADA Enterprise Consulting, |
| 11/28/2018 | 154874 | 0.35 | Copy (BW) |
| 11/29/2018 | 154874 | 60.47 | Cost advanced to Specialtys for lunch requested |
| 12/3/2018 | 156480 | 10.64 | Copy (BW) - P |
| 12/3/2018 | 156480 | 13.93 | Copy (BW) - P |
| 12/4/2018 | 156480 | 0.07 | Copy (BW) - P |
| 12/4/2018 | 156480 | 0.07 | Copy (BW) - P |
| 12/4/2018 | 156480 | 0.07 | Copy (BW) - P |
| 12/4/2018 | 156480 | 0.21 | Copy (BW) - P |
| 12/7/2018 | 156480 | 2.31 | Copy (BW) |
| 12/11/2018 | 156480 | 139.52 | Cost Advanced to Andrea Oxman for mileage to and from LA to SD for deposition of P. Marin and |
| 12/11/2018 | 156480 | 28.00 | Cost Advanced to Andrea Oxman for parking at deposition of P. Martin and S. Hartman on |
| 12/17/2018 | 157613 | 5.08 | Cost advanced to GlobalMeet for conference call |
| 12/18/2018 | 156480 | 1.05 | Copy (BW) |
| 12/27/2018 | 156480 | 22.32 | Cost advanced to Federal Express for delivery of package to Abbas Kazerounian, Esq., on |
| 12/27/2018 | 156480 | 22.32 | Cost advanced to Federal Express for delivery of package to Joseph R. Manning, Jr., on |
| 12/27/2018 | 156480 | 22.32 | Cost advanced to Federal Express for delivery of package to Joshua B. Swigart, Esq., on |
| 1/4/2019 | 156480 | 15.00 | Cost Advanced to Nationwide Legal for delivery of copies of opposition to ex parte at USDC on |
| 1/7/2019 | 156480 | 285.00 | Cost Advanced to Veritext for video transcript |
| 1/11/2019 | 156480 | 13.58 | In House Copies |
| 1/29/2019 | 156480 | 0.07 | Copy (BW) - P |
| 1/29/2019 | 156480 | 340.00 | Cost Advanced to Veritext for certified transcript |
| 1/29/2019 | 156480 | 385.00 | Cost Advanced to Veritext for certified transcript |
| 1/29/2019 | 157613 | 4.95 | Cost advance to American Tel. Svs for |
| 1/31/2019 | 156480 | 40.00 | SD - DVD Copy ($20.00 each) |
| 2/1/2019 | 157613 | 22.92 | Cost advanced to SDSC for filing complaints on |
| 2/4/2019 | 157613 | 5.22 | Cost advance to American Tel. Svs for |
| 2/4/2019 | 157613 | 7.73 | Cost advance to American Tel. Svs for |
| 2/5/2019 | 157613 | 6.24 | Cost advance to American Tel. Svs for |
| 2/6/2019 | 157613 | 4.62 | Cost advance to American Tel. Svs for |

| Date | Number | Amount | Description |
|---|---|---|---|
| 2/8/2019 | 157613 | 35.00 | Copy (BW) - P |
| 2/12/2019 | 157613 | 0.50 | Postage |
| 2/20/2019 | 157613 | 7.14 | Cost advanced to American Teleconferencing for |
| 3/4/2019 | 157613 | 12.00 | Cost Advanced to Nationwide Legal for filing opposition to motion for class certification at |
| 3/4/2019 | 157613 | 15.00 | Cost Advanced to Nationwide Legal for filing opposition to motion for class at USDC on |
| 5/8/2019 | 160932 | 7.14 | Cost advanced to American Teleconferencing for |
| 5/13/2019 | 159613 | 12.00 | Cost Advanced to Nadia Burmudez for complaint |
| 5/17/2019 | 160932 | 6.10 | Cost advanced to American Teleconferencing for |
| 6/5/2019 | 160932 | 30.00 | Cost Advanced to Cal Express for obtaining |
| 6/25/2019 | 160932 | 14.00 | Cost Advanced to Nadia Bermudez for obtaining |
| 6/26/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/26/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/26/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/26/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/26/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/26/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/26/2019 | 160932 | 1.89 | Copy (BW) - P |
| 6/26/2019 | 160932 | 2.94 | Copy (BW) - P |
| 6/26/2019 | 160932 | 3.15 | Copy (BW) - P |
| 6/26/2019 | 160932 | 3.99 | Copy (BW) - P |
| 6/26/2019 | 160932 | 4.62 | Copy (BW) - P |
| 6/26/2019 | 160932 | 7.35 | Copy (BW) - P |
| 6/26/2019 | 160932 | 11.13 | Copy (BW) - P |
| 6/26/2019 | 160932 | 40.53 | Copy (BW) - P |
| 6/26/2019 | 160932 | 51.24 | Copy (BW) - P |
| 6/27/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/27/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/27/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/27/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/27/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/27/2019 | 160932 | 0.21 | Copy (BW) - P |
| 6/27/2019 | 160932 | 1.89 | Copy (BW) - P |
| 6/27/2019 | 160932 | 2.94 | Copy (BW) - P |
| 6/27/2019 | 160932 | 3.15 | Copy (BW) - P |
| 6/27/2019 | 160932 | 3.99 | Copy (BW) - P |
| 6/27/2019 | 160932 | 4.62 | Copy (BW) - P |
| 6/27/2019 | 160932 | 7.35 | Copy (BW) - P |
| 6/27/2019 | 160932 | 11.13 | Copy (BW) - P |
| 6/27/2019 | 160932 | 12.32 | Copy (BW) |
| 6/27/2019 | 160932 | 40.53 | Copy (BW) - P |
| 6/27/2019 | 160932 | 51.24 | Copy (BW) - P |
| 6/28/2019 | 160932 | 0.07 | Copy (BW) - P |

| | | | |
|---|---|---|---|
| 6/28/2019 | 160932 | 0.07 | Copy (BW) - P |
| 6/28/2019 | 160932 | 0.07 | Copy (BW) - P |
| 6/28/2019 | 160932 | 0.07 | Copy (BW) - P |
| 6/28/2019 | 160932 | 0.07 | Copy (BW) - P |
| 6/28/2019 | 160932 | 0.14 | Copy (BW) - P |
| 6/28/2019 | 160932 | 0.14 | Copy (BW) - P |
| 6/28/2019 | 160932 | 4.06 | Copy (BW) |
| 6/30/2019 | 160932 | 0.07 | Copy (BW) |
| 7/1/2019 | 160932 | 7.57 | Cost Advanced to OCSC For filing complaint on |
| 7/1/2019 | 160932 | 9.50 | Cost Advanced to RCSC For filing complaint on |
| 7/1/2019 | 160932 | 37.50 | Cost Advanced to RCSC For filing complaints on |
| 7/1/2019 | 160932 | 30.00 | Cost Advanced to Cal Express for signing |
| 7/1/2019 | 160932 | 0.07 | Copy (BW) - P |
| 7/9/2019 | 160932 | 8.00 | Cost Advanced to Lindsey Casillas for wifi on |
| 7/9/2019 | 160932 | 8.43 | Cost Advanced to Lindsey Casillas for uber from |
| 7/9/2019 | 160932 | 8.58 | Cost Advanced to Lindsey Casillas for uber to |
| 7/9/2019 | 160932 | 271.96 | Cost Advanced to Lindsey Casillas for air fare to |
| | | | Cost Advanced to Lindsey Casillas for parking at |
| 7/9/2019 | 160932 | 12.00 | Sac airport for evidentiary hearing on |
| 7/10/2019 | 160932 | 18.00 | Color Copies - 36 pages on 06/27/2019. |
| 7/10/2019 | 160932 | 7.20 | SD - Slipsheets - 72 on 06/27/2019. |
| 7/10/2019 | 160932 | 275.00 | Cost Advanced to Veritext For editing services |
| 7/10/2019 | 160932 | 275.00 | Cost Advanced to Veritext For editing services |
| | | | Cost Advanced to Frank Ranjus for ½ of the cost |
| 7/12/2019 | 160932 | 368.55 | of Plaintiff's deposition transcript on |
| 7/12/2019 | 160932 | 0.07 | Copy (BW) ltr to court reporter re payment for |
| 7/12/2019 | 160932 | 0.14 | Copy (BW) |
| 7/25/2019 | 160932 | 11.34 | In House Copies - 162 pages on 07/18/2019. |